Elizabeth J. Cabraser (SBN 083151)
Lin Y. Chan (SBN 255027)
Eric B. Fastiff (SBN 182260)
Jeremy J. Pilaar (SBN 325201)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com
lchan@lchb.com
efastiff@lchb.com
jpilaar@lchb.com

*Attorneys for Plaintiff CMP Consulting
Services, Inc.*

Kalpana Srinivasan (SBN 237460)
Marc M. Seltzer (SBN 054534)
Steven Sklaver (SBN 237612)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

*Attorneys for Plaintiff Ari Brock*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
| This Document Relates to:<br><br>**ALL CASES** | **MOTION OF PLAINTIFFS CMP CONSULTING SERVICES, INC. AND ARI BROCK FOR APPOINTMENT OF LIEFF CABRASER HEIMANN & BERNSTEIN, LLP AND SUSMAN GODFREY L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL FOR THE INDIRECT PURCHASER PLAINTIFFS**<br><br>Date:  December 13, 2019<br>Time:  9 a.m.<br>Judge:  Hon. Maxine M. Chesney<br>Courtroom:  7, 19th Floor |

1

# TABLE OF CONTENTS

2

                                                                                    **Page**

3  STATEMENT OF THE ISSUE TO BE DECIDED (CIVIL L.R. 7-4(A)(3)) .............................. 1

4  MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

5  I.    Introduction ................................................................................................. 1

6  II.   The Court Should Appoint Lieff Cabraser and Susman Godfrey as Interim Co-
         Lead Class Counsel ..................................................................................... 2

7        A.    Lieff Cabraser and Susman Godfrey Have the Class Action Experience and
               Antitrust Knowledge Needed to Successfully Prosecute this Case ...................... 2

8              1.    Unmatched Experience with Component Part Antitrust Cartel Cases........ 2

9              2.    Experienced Lead Counsel Who Work Together for Efficient
                     Results ....................................................................................... 4

10             3.    Ability to Conduct Discovery in Japanese, Cantonese, and
                     Mandarin ................................................................................... 6

11             4.    Willingness and Ability to Take Cases to Trial ........................................ 7

12       B.    Both Firms Thoroughly Investigated the Alleged Misconduct............................. 8

         C.    Lieff Cabraser and Susman Godfrey Will Commit Ample Resources and
13             Prosecute this Action Efficiently ................................................................ 8

         D.    Structure of the Litigation ........................................................................ 9
14
   III.  Conclusion ............................................................................................... 10

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**STATEMENT OF THE ISSUE TO BE DECIDED (Civil L.R. 7-4(a)(3))**</u>

2

Should the Court appoint **Lieff Cabraser Heimann & Bernstein, LLP** and **Susman**

3

**Godfrey L.L.P.** Interim Co-Lead Class Counsel.

4

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

5

**I.**   <u>**Introduction**</u>

6

Pursuant to the Court's case management order (ECF No. 53), Lieff Cabraser and Susman

7

Godfrey jointly move for appointment as Interim Co-Lead Class Counsel for indirect purchasers

8

in this multidistrict class action, which alleges a conspiracy to inflate the price of hard disk drive

9

suspension assemblies ("HDDs").  Lieff Cabraser and Susman Godfrey seek to prosecute the case

10

jointly to benefit the indirect purchaser class as a whole.

11

At the same time, because indirect purchasers may be separated into two groups—those

12

who purchased products containing HDDs ("HDD products") for *resale* and those who purchased

13

HDD products for their own *consumption*—each firm can represent the interests of the two

14

groups to extent those diverge (*e.g.*, when dealing with different damages models or to the extent

15

any allocation issues arise).[1]  Lieff Cabraser, whose client CMP Consulting Services, Inc.

16

purchased HDD products for resale, seeks to represent indirect purchasers that were resellers.

17

Susman Godfrey, whose client Ari Brock purchased HDD products for his own use, seeks to

18

represent indirect purchasers who were the end users, often consumers.  With a two-firm

19

structure, led by California-based partners Lin Chan and Kalpana Srinivasan, the proposed slate

20

can efficiently manage the needs of both groups in the class.

21

The firms and their proposed lead lawyers bring unmatched experience litigating and

22

leading electronic component price-fixing cases against Chinese and Japanese companies and

23

other complex antitrust class actions: *In re TFT-LCD (Flat Panel) Antitrust Litigation* ("*LCDs*"),

24

MDL No. 1827 (N.D. Cal.) (Illston, J.); *In re Automotive Parts Antitrust Litigation* ("*Auto*

25

*Parts*"), MDL No. 2311 (E.D. Mich.) (Battani, J.); *In re Lithium Ion Batteries Antitrust*

26

*Litigation*, MDL No. 2420 (N.D. Cal.) (Gonzalez Rogers, J.); and *In re Qualcomm Antitrust*

27

---

[1] If deemed appropriate for case administration, subclasses of the two purchaser groups could be

28

established by the Court.  Doing so would still allow Co-Lead Counsel for the entire class to work
together on the many common issues which largely focus on the conduct of the defendants.

MOT. FOR APPOINTMENT OF INTERIM CO-LEAD
CLASS COUNSEL; 19-MD-02918-MMC

1    *Litigation* ("*Qualcomm*"), MDL No. 2773 (N.D. Cal.) (Koh, J.).

2           Lieff Cabraser's and Susman Godfrey's experience handling large class actions gives

3    them confidence that this matter can be litigated effectively with a streamlined structure that

4    avoids duplication and wasted effort.  Ms. Chan and Ms. Srinivasan will oversee a core group of

5    attorneys at their respective firms who will handle all aspects of the case—from developing

6    economic theories, analyzing component pricing, and conducting foreign language document

7    analysis, to working with class representatives, handling depositions in Japan and Hong Kong,

8    briefing, and trial.  Neither firm will rely on outside litigation funders.

9    **II.      The Court Should Appoint Lieff Cabraser and Susman Godfrey as Interim Co-Lead
10            Class Counsel**

11          Each criterion under Federal Rule of Civil Procedure 23(g) supports the appointment of

12   Lieff Cabraser and Susman Godfrey.  Both firms have litigated complex class action cases for

13   decades.  They have led numerous MDLs in this District and elsewhere and have led or been part

14   of nearly every component part price-fixing class action over the past fifteen years.  Both firms

15   are adept at efficiently managing all aspects of such actions, particularly when they involve

16   corporate defendants based in Asia.  As in past cases, both firms will commit ample resources to

17   prosecuting this litigation to completion.  Additionally, Ms. Chan and Ms. Srinivasan collectively

18   bring substantial experience in litigating, managing, and trying antitrust and class action cases and

19   will work to ensure the case is handled efficiently to the benefit of the class.

20          **A.      Lieff Cabraser and Susman Godfrey Have the Class Action Experience and
21                  Antitrust Knowledge Needed to Successfully Prosecute this Case**

22          No other firm or set of firms applying to lead this case has more experience litigating and

23   leading antitrust class actions against foreign defendants—including component part price-fixing

24   MDLs—than Lieff Cabraser and Susman Godfrey.  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii).  Ms.

25   Chan and Ms. Srinivasan have wide-ranging experience overseeing antitrust class actions and

26   other major complex commercial cases from day one to conclusion.

27                  **1.      Unmatched Experience with Component Part Antitrust Cartel Cases**

28   Lieff Cabraser and Susman Godfrey bring the most experience prosecuting cartel cases,

and particularly against Japanese and Chinese defendants.  Between them, the firms have also

litigated nearly every major component part antitrust class action brought in this District and

elsewhere over the past 15 years.  These actions include, but are not limited to:

- *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.) (Gonzalez Rogers, J.), where Lieff Cabraser served as Interim Co-Lead Class Counsel and Susman Godfrey served on the executive committee, recovering over $113 million for indirect purchaser class members;

- *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.) (Battani, J.), where Susman Godfrey served as Co-Lead Counsel for end-payor plaintiffs, securing over $1.2 billion in settlements;

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) (Illston, J.), where Lieff Cabraser served as Co-Lead Class Counsel representing direct purchasers, recovering over $470 million and a jury verdict against Toshiba (and Susman Godfrey represented opt out T-Mobile);

- *In re Capacitors Antitrust Litigation* ("*Capacitors*"), No. 3:14-CV-03264 (N.D. Cal.) (Donato, J.), where Lieff Cabraser and Susman Godfrey represented indirect purchasers and handled motion practice and discovery, including depositions and evidence analysis and synthesis, helping achieve $80 million in settlements;

- *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143 (N.D. Cal.) (Seeborg, J.), where Lieff Cabraser served on the Plaintiffs' Executive Committee for direct purchasers and helped achieve $37 million in settlements; and

- *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (Tigar, J.), where Lieff Cabraser represented direct purchasers, helping secure $127 million in settlements and Susman Godfrey represented opt-out Circuit City.

Both firms' experience in component part price-fixing cases will allow them to streamline

the economic analysis of Defendants' alleged misconduct.  HDDs were incorporated into the

same products at issue in prior electronic component cases.  The analysis of how inflated costs

were passed through the distribution chain to indirect purchasers is likely to be similar to the

analyses used in *Batteries*, *LCDs*, and *Auto Parts*.  Furthermore, Plaintiffs expect the same type of

data sets produced by electronic product manufacturers in previous cases will be produced here to

determine how much of the HDD overcharge was passed through to consumers.

Both firms helped analyze the data about electronic products that incorporated HDDs.

From their work in the cases listed above, and in others, both firms understand how to develop the

pass-on economic analysis working with industry and economic experts and finding and

1    analyzing the Defendants' documents discussing part prices, patents, margins, costs, supply

2    chains, distribution, erstwhile competitors, and technological improvements.

3           Through their work in these cases, both firms also have substantial experience working

4    with defendants who applied to government antitrust regulators for leniency under the Antitrust

5    Criminal Penalty Enhancement and Reform Act, 118 Stat. 661 ("ACPERA").  For instance, both

6    firms worked closely with the ACPERA applicants in *Auto Parts*, *Batteries*, and *LCDs* to obtain

7    the information needed to prosecute the other defendants.

8                        **2.        Experienced Lead Counsel Who Work Together for Efficient Results**

9           We propose Lieff Cabraser's Lin Chan and Susman Godfrey's Kalpana Srinivasan to be

10   named as lead attorneys.

11          **Lin Chan** is a partner in Lieff Cabraser's San Francisco office.  She has extensive

12   experience litigating class action and antitrust cases.  In *Batteries*, for which Lieff Cabraser was

13   appointed indirect purchaser Co-Lead Counsel, Ms. Chan managed the day to day substantive and

14   procedural work, conducting discovery, drafting briefs, participating in and supervising the

15   document analysis, working with experts, arguing in court, and securing over $113 million for the

16   class.  This work was both complicated and analogous to the work Plaintiffs expect to do here,

17   including managing analysis of millions of pages of foreign language documents, handling

18   complicated choice of law issues, taking and defending depositions, and handling motions to

19   dismiss, to compel, for class certification, and for summary judgment.  Moreover, the expert work

20   in *Batteries* was particularly challenging, involving issues of pass-through, requiring subpoenas to

21   nonparties for component part and electronic product data, and depositions of third parties as to

22   pricing and pass-through.  Ms. Chan's other work is described in the attached resume.

23          **Kalpana Srinivasan** is a partner in Susman Godfrey's Los Angeles office and a member

24   of the firm's Executive Committee.  She has substantial expertise litigating and trying class action

25   and intellectual property-related matters.  In *Qualcomm*, Ms. Srinivasan currently serves as court-

26   appointed co-lead counsel for a certified class of hundreds of millions of consumers impacted by

27   Qualcomm's anticompetitive conduct in the sale of chipsets used in mobile phones.  In making

28   the personal appointment of Ms. Srinivasan, Judge Koh stated: "[O]f all the Plaintiffs' counsel in

1  these consolidated cases, Ms. Srinivasan is the only attorney who has tried a case before this

2  Court, and Ms. Srinivasan was excellent at trial." *Id.* at Dkt. 31.  Her work has included briefing

3  and defeating the motion to dismiss, overseeing fact and economic discovery, and successfully

4  obtaining class certification.   Ms. Srinivasan's other work is described in the attached resume.

5         Lieff Cabraser's and Susman Godfrey's experience litigating complex class actions

6  extends well beyond electronic component cases, and much of this experience has come at the

7  helm of multidistrict litigation.  The **Lieff Cabraser** team that will oversee litigation and trial

8  strategy includes Elizabeth Cabraser and Eric Fastiff, among others.  Ms. Cabraser has over forty

9  years of experience handling complex class actions and MDLs, including serving as sole Lead

10  Counsel in 2016 *In re Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products*

11  *Liability Litigation*, MDL No. 2672 (N.D. Cal.) (Breyer, J.).  Within nine months, plaintiffs

12  achieved settlements totaling $14.7 billion—one of the largest settlements in history.  Ms.

13  Cabraser also served as Plaintiffs' Liaison Counsel and on the Plaintiffs Executive Committee in

14  *In re: Chase Bank USA, N.A. "Check Loan" Contract Litigation*, MDL No. 2032 (N.D. Cal.)

15  (Chesney, J.).  Representing a class of more than one million Chase Bank cardholders, Ms.

16  Cabraser, with other Plaintiffs' counsel, achieved a $100 million class settlement.  *Id.* at Dkt. 386.

17  Mr. Fastiff chairs Lieff Cabraser's antitrust practice and has over 20 years of antitrust experience,

18  including overseeing the *LCDs* discovery and expert work.  The Lieff Cabraser antitrust group

19  includes several other seasoned litigators and trial attorneys whose expertise could be brought to

20  bear as needed.  These include the attorneys who prosecuted *LCDs* to a successful jury verdict.

21         Other **Susman Godfrey** lawyers on this case have been appointed to serve as Lead or Co-

22  Lead Counsel in numerous antitrust and other class actions.  Marc Seltzer has handled major class

23  actions covering an array of claims including antitrust, securities and economic loss since the

24  1970s.  In *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and*

25  *Products Liability Litigation*, MDL No. 2151 (C.D. Cal.), Mr. Seltzer was appointed personally

26  by the Court to serve as one of the co-lead counsel for the economic loss class action

27  plaintiffs.  After three years of hard fought litigation, an historic settlement was reached valued by

28  the Court at approximately $1.6 billion.  Mr. Seltzer also served as co-lead class counsel in *In re*

1  *Korean Air Lines Co., Ltd. Antitrust Litigation,* MDL No. 07-01891 (C.D. Cal.), an MDL

2  consolidating more than eighty antitrust cases that settled for $86 million in cash and travel

3  vouchers.  Mr. Seltzer has tried class actions, including *In Re Universal Service Fund Telephone*

4  *Billing Practices Litigation*, MDL No. 02-md-1468 (D. Kan.) ($25 million jury verdict for class)

5  and *Masimo Corp. v. Tyco Healthcare Group L.P.*, No. 02-4470 (C.D. Cal.) ($45 million after

6  retrial).  Susman Godfrey also served as Co-Lead Counsel on behalf of animation workers

7  subjected to wage suppression caused by "no poach" agreements in *In re Animation Workers*

8  *Antitrust Litigation*, Case No. 5:14-cv-04062 (N.D. Cal.) (Koh, J.), where the firm recovered over

9  $168 million in settlements, and for over-the-counter direct purchasers in *In re Libor-Based*

10  *Financial Instruments Antitrust Litigation*, MDL No. 2262 (S.D.N.Y.) (Buchwald, J.), in which

11  the class was certified and settlements have reached nearly $600 million.

12      Lieff Cabraser and Susman Godfrey also have a proven history of success working

13  together efficiently to yield the best result for the class, including as Co-Lead and executive

14  committee counsel in *Toyota*, *Batteries*, and *In re General Motors LLC Ignition Switch Litigation*,

15  MDL No. 2543 (S.D.N.Y.) (Furman, J.), across which they have recovered settlements valued at

16  over $1.7 billion.  Ms. Chan and Ms. Srinivasan have worked together on matters, including

17  *Batteries*, and actively participate together in several bar organizations.

18          **3.    Ability to Conduct Discovery in Japanese, Cantonese, and Mandarin**

19      Plaintiffs anticipate that the majority of the discovery in this case will be conducted in

20  Japanese and Chinese.  The two main manufacturers, NHK Spring Co. Ltd. and TDK

21  Corporation, are located in Japan and have subsidiaries in Hong Kong.  It is likely that

22  documentary evidence of the price-fixing conspiracy will be written in Japanese, with depositions

23  being conducted in Japanese, Mandarin, or Cantonese.  Lieff Cabraser and Susman Godfrey are

24  uniquely well-situated to handle this high volume of foreign-language discovery.

25      *First*, several of the attorneys who will handle the day-to-day litigation, including

26  discovery, have specialized abilities in this arena.  Lin Chan, who will take primary responsibility

27  from Lieff Cabraser, is fluent in both Cantonese and Mandarin.  Chanler Langham, of Susman

28  Godfrey, helped run the *Auto Parts* litigation and is fluent in Japanese.  Plaintiffs anticipate that

- 6 -

1    these abilities will be particularly advantageous during depositions conducted in those

2    languages—as often translators do not understand terms and nuances—and for understanding the

3    cultural and linguistic context of the documents uncovered during discovery.

4          *Second*, the firms have in-house attorneys experienced in reviewing and analyzing

5    Japanese and Chinese language documents.  Rather than simply reading other people's summaries

6    or coding forms, our in-house attorneys have experience in analyzing documents in their native

7    languages, to piece together how the conspiracy operated and understand the economic impact.

8          For instance, in addition to Ms. Chan's Chinese language fluency, Karen Jones at Lieff

9    Cabraser is a seasoned antitrust attorney who analyzed Japanese-language documents in

10   *Batteries*, *LCDs*, *Capacitors*, and *In re Static Random Access Memory (SRAM) Antitrust*

11   *Litigation*, MDL No. 1819 (N.D. Cal.).  Susman Godfrey's in-house attorneys, Hiroyuki

12   Yagihashi and Ken Sato, who are fluent in Japanese language, also did significant work in *Auto*

13   *Parts* and *Capacitors.*  Mr. Yagihashi is also admitted to practice law in Japan.  Plaintiffs

14   anticipate that the use of in-house, foreign-language speaking attorneys with component price-

15   fixing case experience will increase the efficiency of document analysis and discovery.

16          **4.      Willingness and Ability to Take Cases to Trial**

17          Finally, Lieff Cabraser and Susman Godfrey try complex cases.[2]  For example, after the

18   *LCDs* direct purchaser plaintiffs reached settlements totaling over $400 million with all but one

19   defendant, Lieff Cabraser and its co-counsel tried the case against Toshiba.  Following a six-week

20   trial, the jury found for the plaintiffs, eventually bringing total settlements to $470 million.

21          Susman Godfrey has also taken numerous cases to trial.  Serving as co-lead counsel, Ms.

22   Srinivasan won a $706.2 million jury verdict in a misappropriation of trade secrets and breach of

23   contract action against Title Source, an affiliate of Quicken Loans.  *Title Source Inc. v.*

24   *HouseCanary Inc. fka Canary Analytics, Inc.*, No. 2016CI06300 (Bexar, Tex.).  Ms. Srinivasan

25   also has tried to verdict cases in the Northern District of California, including in intellectual

26   property matters.  *GPNE v. Apple*, No. 5:12-cv-2885-LKH (N.D. Cal.) (Koh, J.).

27

28   [2] Additional information about the firms' trial experience can be found in the attached resume.

MOT. FOR APPOINTMENT OF INTERIM CO-LEAD
CLASS COUNSEL; 19-MD-02918-MMC

**B.**     <u>Both Firms Thoroughly Investigated the Alleged Misconduct</u>

Lieff Cabraser and Susman Godfrey comprehensively researched the misconduct giving rise to Plaintiffs' claims, the nature of the HDD industry, and the injury and damages caused by Defendants' alleged misconduct. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). Lieff Cabraser began researching cartel activity in the HDD industry in 2016, when the Japan Fair Trade Commission and the U.S. Department of Justice launched investigations into Defendants' conspiracy to fix the prices of HDDs. Since then, the firm has engaged an economist to evaluate the HDD industry, the potential for collusion among HDD manufacturers, and the degree to which supra-competitive prices were passed through the global distribution chain to U.S. indirect purchasers.

Susman Godfrey has undertaken a similarly thorough inquiry. Two of the firm's in-house attorneys with Japanese-language fluency, Mr. Yagihashi and Mr. Sato, extensively reviewed original Japanese reports to uncover details about the conspiracy. Susman Godfrey learned that the investigations into Defendants arose from information provided by Panasonic in cooperation with the U.S. Department of Justice over allegations that the company conspired to fix prices for automotive parts in the *Auto Parts* case. As Co-Lead Counsel in *Auto Parts* representing end payor class plaintiffs, Susman Godfrey secured substantial cooperation from Panasonic, and believes there to be parallels between the conduct uncovered in that case and the conspiracy here.

**C.**     <u>Lieff Cabraser and Susman Godfrey Will Commit Ample Resources and Prosecute this Action Efficiently</u>

Lieff Cabraser and Susman Godfrey have the resources needed to prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Both firms are ably staffed with attorneys and support; together, they employ more than 200 lawyers in seven offices across the United States. Both firms routinely advance the costs of litigation and have never relied on outside litigation funders. They have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims, and will do so again here.

At the same time, the firms will ensure that this action is litigated in the most efficient possible manner. They will commit to the following measures to ensure cost-effective prosecution of these actions: (1) primary responsibility for specific tasks will be assigned to a

single firm, and when appropriate, a single attorney; (2) only two attorneys will attend most fact depositions; (3) no more than two lawyers from each firm will attend discovery hearings; (4) no more than two lawyers from each firm will attend significant hearings, except that the lawyer taking the lead at the hearing may also bring a more junior lawyer; (5) contract attorneys will not be used for document review; and (6) attorneys with no active involvement in the case will not load the lodestar with time reviewing the file.  Counsel will also implement any other efficiency-enhancing measures that the Court may deem appropriate.

Furthermore, the location of both firms will increase their efficiency.  Lieff Cabraser is based in San Francisco and is the only California firm representing resellers.   Susman Godfrey also maintains an office in California now staffed with 28 lawyers where Ms. Srinivasan practices.  As the Judicial Panel on Multidistrict Litigation noted in its Transfer Order, "common documents and witnesses likely will be located in [the Northern District of California]."  *HDD*, 2019 WL 4940309, at *1.  Many of the depositions of Defendants' witnesses will therefore take place in this District.  The firms' locations will reduce travel expenses, avoiding long distance travel costs for meet and confer sessions, hearings, depositions, or trial.

### D.    Structure of the Litigation

Separate Counsel for Resellers and End Users.  Lieff Cabraser and Susman Godfrey propose to manage the litigation jointly while representing the interests of resellers and end users if they diverge at a later stage.  Both resellers and end users allege the same misconduct—price fixing of HDDs—and the same harm—prices for HDD products that were higher than they otherwise would have been absent price fixing.  However, there may be differences in impact and injury as to the two groups that require different analyses, and later in the case, potentially during damages analysis or allocation of settlement funds, the interests of resellers and end-users may also diverge.[3]  Designating counsel capable of representing each subgroup at the outset will allow Co-Lead Counsel to maximize the recovery for the entire putative class of indirect purchasers, avoiding duplicative work by litigating issues common to the class, while providing the

---

[3] It is not unusual for a single class to include multiple types of purchasers.  For instance, in *LCDs* and in *Batteries*, the classes included two types of purchasers—purchasers of the products themselves and purchasers of products containing the price-fixed products, such as laptops.

"structural assurance of fair and adequate representation for the diverse groups and individuals affected" as required by *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 627 (1997).

This is a common arrangement. For example, in *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio) (Polster, J.), three Co-Lead firms representing different types of plaintiffs (*e.g.,* states, cities and counties, Taft-Hartley health funds) oversee the discovery, law and briefing, and settlement work, supported by a Plaintiffs' Executive Committee who also represent different types of plaintiffs. As necessary, specific counsel are detailed to handle matters, such as settlement, on behalf of only their clients. Similarly, in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789 (S.D.N.Y.), two Co-Lead firms supervise the entire litigation and are supported by several groups of law firms, each representing sub-classes for the purposes of settlement allocation.[4]

Liaison Counsel. Although a separate Liaison may be unnecessary, because Lieff Cabraser is located in this District and, if appointed, would be familiar with the case, designating Lieff Cabraser to serve the functions of Liaison Counsel would maximize efficiency.

Protocol for Common Benefit Work and Expenses. Lieff Cabraser and Susman Godfrey propose the adoption of guidelines for the management of staffing, timekeeping, expenses, and related common benefit issues at the outset of the litigation, similar to those Lieff Cabraser proposed and the Court approved in *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, Pretrial Order Regarding Common Benefit Protocol at 1, MDL No. 2777 (N.D. Cal. July 3, 2017), Dkt. 181 (Chen, J.) (setting out a "protocol for common benefit and expense, addressing, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; PSC meetings; and rules for attendance at Court hearings").

**III.   Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion to appoint **Lieff Cabraser** and **Susman Godfrey** as Interim Co-Lead Class Counsel.

---

[4] Similar to other MDLs and complex cases, Interim Co-Lead Counsel may be supported by a limited number of other counsel (no more than two firms) who have experience working on specific issues if necessary. Interim Co-Lead Counsel would advise the Court before doing so.

1   Dated:  November 22, 2019                    Respectfully submitted,

2

3   **LIEFF CABRASER HEIMANN &**              **SUSMAN GODFREY L.L.P.**
    **BERNSTEIN, LLP**

4   By:   /s/ *Lin Y. Chan*                     By:   /s/ *Kalpana Srinivasan*
              Lin Y. Chan                                 Kalpana Srinivasan

5

6   Elizabeth J. Cabraser (SBN 083151)         Kalpana Srinivasan (SBN 237460)
    Lin Y. Chan (SBN 255027)                   Marc M. Seltzer (SBN 054534)

7   Eric B. Fastiff (SBN 182260)               Steven Sklaver (SBN 237612)
    Jeremy J. Pilaar (SBN 325201)              SUSMAN GODFREY L.L.P.
    275 Battery Street, 29th Floor             1900 Avenue Of The Stars, 14th Floor,

8   San Francisco, CA 94111-3339               Los Angeles, CA 90067-6029
    Telephone: (415) 956-1000                  Telephone: (310) 789-3106

9   Facsimile: (415) 956-1008                  Facsimile: (310) 789-3150
    ecabraser@lchb.com                         ksrinivasan@susmangodfrey.com

10  lchan@lchb.com                             mseltzer@susmangodfrey.com
    efastiff@lchb.com                          ssklaver@susmangodfrey.com

11  jpilaar@lchb.com
                                               Chanler A. Langham (admitted *pro hac vice*)

12  *Attorneys for Plaintiff CMP Consulting*    SUSMAN GODFREY L.L.P.
    *Services, Inc.*                            1000 Louisiana, Suite 5100

13                                             Houston, TX 77002-5096
                                               Telephone: (713) 651-9366

14                                             Facsimile: (713) 654-6666
                                               clangham@susmangodfrey.com

15
                                               *Attorneys for Plaintiff Ari Brock*

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. FOR APPOINTMENT OF INTERIM CO-LEAD
                                               CLASS COUNSEL; 19-MD-02918-MMC

1

## __ATTESTATION__

2

       Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

3

in the filing of this document has been obtained from the other signatory above.

4

5

Dated:  November 22, 2019                  By:        _____*s/ Lin Y. Chan*_____

6

                                                      Lin Y. Chan

7

8

9

10

11

12

   1852745.26

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28