Victoria Sims (pro hac vice)
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Ave., NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
Email: vicky@cuneolaw.com

*Counsel for Plaintiff Now Micro, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
| This Document Relates to:<br><br>ALL CASES | **APPLICATION FOR APPOINTMENT AS INTERIM LEAD COUNSEL FOR RETAILER PLAINTIFFS**<br><br>Judge: Hon. Maxine M. Chesney<br>Date: December 13, 2019<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor |

//
//
//
//
//
//
//
//
//
//

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. I

TABLE OF AUTHORITIES ..................................................................................................... II

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I.    The Retailer Class ................................................................................................ 1

    II.    The Retailer Class Requires Separate Representation ......................................... 2

    III.    Courts And An Ethics Expert Agree That Separate Representation Is Needed For Classes Such As The Retailer And End-User Classes ...................... 2

    IV.    CGL and Larson King Have Successfully Coordinated with Co-Counsel for End-Users in this and other Cases ................................................................... 5

    V.    CGL and Larson King Meet Rule 23(g) Criteria for Leadership ......................... 6

        A.    CGL and Larson King Have Worked To Identify and Investigate Potential Claims in this Action, Have Engaged a Consulting Expert, and Have Already Coordinated the Efforts of Counsel in the other Retailer Actions ................................................................ 6

        B.    CGL and Larson King Have Significant Experience Handling Class Actions, Other Complex Litigation, and Claims of the Type Asserted in This Action ............................................................................ 7

            1.    CGL ................................................................................................ 7

            2.    Larson King ................................................................................... 8

        C.    Proposed Co-Lead Counsel Have Significant Antitrust Experience and Knowledge of Antitrust Law .................................................. 9

            1.    CGL ................................................................................................ 9

            2.    Larson King ................................................................................. 10

        D.    Proposed Interim Co-Lead Counsel Have Sufficient Resources to Advance the Litigation in a Timely Manner ........................................... 10

CONCLUSION ......................................................................................................................... 10

//

# TABLE OF AUTHORITIES

**Cases**

*DIK Drug Co. v. Altana Pharma AG*, 2008 WL 2264586 (D. N.J. 2008) ................................... 3

*In re Air Cargo Shipping*, 240 F.R.D. 56 (E.D.N.Y.2006) ............................................................ 6

*In re Automotive Parts Antitrust Litigation*, MDL 2311 ...................................................... passim

*In re Broiler Chicken Antitrust Litig.*, Case: 1:16-cv-08637 ..................................................... 4, 5

*In re Crude Oil Commodity Future Litig.*, 2012 WL 569195 (S.D. N.Y. February 14, 2012) ..................................................................................................................................... 7

*In re Enron Corp. Sec. Litig.*, S.D. Tex., No. H-01-3624 ................................................................ 8

*In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 ................................ 4, 10

*In re OSB Antitrust Litig.*, 2007 WL 2253425 (E.D. Pa. 2007) ...................................................... 3

*In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 (S.D. Cal.) ..................... 4, 7, 10

*In Re Pork Antirust Litigation*, Case 0:18-cv-01776-JRT-HB ................................................... 3, 8

*Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181 (11th Cir. 2003) ..................................... 3

**Other Authorities**

*Manual on Complex Litigation.* ....................................................................................................... 2

**Rules**

Federal Rule of Civil Procedure 23(g)(3) ....................................................................................... 5

Federal Rule of Civil Procedure 23(g)(1)(A) .................................................................................. 6

//
//
//
//
//
//
//
//

1 //
2 //
3 //
4 //
5 //
6 //
7 //
8 //
9 //
10 //
11 //
12 //
13 //
14 //

**PRELIMINARY STATEMENT**

Counsel for the Retailer Plaintiffs hereby move for appointment of Cuneo Gilbert & LaDuca, LLP ("CGL") and Larson King, LLP ("Larson King") as Interim Co-Lead Counsel for the Retailer Plaintiffs. This request is support by all Plaintiffs who have filed complaints on behalf of a putative class of Retailers, namely Now Micro, Inc., Voyager Technology, Solutions, LLC and IT Worx, Inc.[1] CGL and Larson King meet all of the criteria set forth in Federal Rule of Civil Procedure 23(g), as counsel "best able to represent the interests of" these Plaintiffs. Fed. R. Civ. P. 23(g)

As described *infra*, CGL and Larson King are working cooperatively with counsel for the other Retailer Plaintiffs, who support them as interim co-lead counsel for the Retailer class. Supporting counsel are also willing and able to serve as part of a Retailer Plaintiffs' executive committee, should the Court choose to appoint one. John Kakinuki, an experienced Japanese-speaking attorney in the Northern District of California, is willing and able to serve as Liaison Counsel, if the Court desires such a position.

**ARGUMENT**

**I.     The Retailer Class**

As explained in the Case Management Statement, two classes of plaintiffs have filed complaints in this action: Retailers and End-Users. The Retailers are stores, information technology firms, and others who purchased Hard Disk Drive Suspension Assemblies ("HDD SAs"), as well as hard drives, computers and other products containing HDD SAs as part of their business, and sold them to businesses, consumers, or governmental entities.[2]

---

[1] *Now Micro, Inc. v. Headway Technologies, Inc.*, 3:19-cv-07049-MMC; *Voyager Technology Solutions, LLC v. Headway Technologies, Inc.*, 3:19-cv-07051-MMC; *IT Worx, Inc. v. Headway Technologies, Inc.*, 3:19-cv-07052-MMC. There is one additional entity whose complaint excluded Retailer claims, as noted in fn 3, below, who seeks to represent retailers in one indirect purchaser class, with end-users.

[2] For instance, Plaintiff Now Micro is an IT consulting business that supplies computers and other IT infrastructure to governmental entities, school districts and municipalities.

1  The Retailer class is distinct from the class of End-Users, who purchased HDD SAs for use in their home and office computers, as well as in other products that they did not sell as part of their businesses. Highlighting the distinction between these classes, the End-User complaints of numerous such Plaintiffs explicitly "exclude" claims for "persons who purchased HDD suspension assemblies . . . for resale,"[3] meaning, they exclude Retailers from their complaints.

## II. The Retailer Class Requires Separate Representation

As made clear by the language of the complaints, the Retailer and End-User classes do not overlap. These are successive classes in the chain of distribution, one of which, the Retailer Class, often sells to the other, the End-User class. For example, some consumers in the End-User class purchased computers from a vendor in the Retailer Class. In such instances, there will be conflicts between these groups regarding which class is entitled to the overcharge damages and in what amount, with each class trying to maximize its own damages.

This conflict requires that each class have independent representation. Differences between the classes will necessitate certain differences in the pleadings, discovery (both party and third-party), class certification, settlement and trial. Separate counsel is necessary to take these differences into account and represent each class "without jeopardizing fairness to the parties," as required by the Manual on Complex Litigation. *Manual*, §10.221.

## III. Courts And An Ethics Expert Agree That Separate Representation Is Needed For Classes Such As The Retailer And End-User Classes

The claims of "disparate groups cannot be mixed together under Rule 23(a) where the

---

Retail resellers would include businesses who purchased HDD SAs and sold them as part of another product they fabricated or repaired, such as a computer.

[3] *See, e.g., CMP Consulting Services, Inc. v. NHK Spring Co. Ltd., et al.*, 3:19-cv-07047-MMC; *Elmazi v. TDK Corporation et al.,* 3:19-cv-07044-MMC; *Walnum v. Headway Technologies, Inc. et al.*, 3:19-cv-04738-MMC; *Katcher et al v. Headway Technologies, Inc. et al.*, 3:19-cv-06655-MMC; *Kawahara v. Headway Technologies, Inc. et al.*, 3:19-cv-04828-MMC; *Glover v. Headway Technologies, Inc. et al.,* 3:19-cv-05268-MMC; *Apex Computers, Inc. v. Headway Technologies, Inc. et al.*, 3:19-cv-05507-MMC; *Integrity Financial Services of Tampa Bay Inc. et al v. NHK Spring Co. Ltd. et al.*, 3:19-cv-07046-MMC; *St. Cyr et al v. Hutchinson Technology Inc. et al.*, 3:19-cv-07050-MMC; *Brock v. NHK Spring Co., Ltd. et al.*, 3:19-cv-06887-MMC.

economic reality of the situation leads some class members to have economic interests that are significantly different from—and potentially antagonistic to" others'. *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1195 (11th Cir. 2003). This admonition is particularly significant in antitrust class actions.

Courts have acknowledged that, in antitrust cases, conflicts or tensions exist among any class members who are differently situated as to issues of damage calculation and the potential application of the pass-on defense, which can pit one class against the other when determining the amount of damages each class has suffered. *See In re OSB Antitrust Litig.*, 2007 WL 2253425, at *5 (E.D. Pa. 2007) (re-seller cannot adequately represent consumers because it cannot be deemed to credibly address the pass-through issue on behalf of consumers); *DIK Drug Co. v. Altana Pharma AG*, 2008 WL 2264586, at *2 (D. N.J. 2008) (recognizing conflicts between classes of direct and indirect purchasers who seek different types of damages).

In the *Libor* litigation, Judge Naomi Reice Buchwald held that "separate putative classes should be maintained" when "two classes may be differently positioned at various stages of the litigation, creating a potential conflict in their joint representation," including in motion to dismiss briefing and settlement. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, Memorandum and Order, Case No. 11-2262, Doc. No. 32 (Oct. 18, 2011 S.D.N.Y.), at 5-6, attached as Ex. 1. That court held that the most "commonsense approach is to divide plaintiffs into two putative classes and appoint interim lead counsel for each class." *Id.*

Just last year, Magistrate Judge Hildy Bowbeer, in the District of Minnesota, appointed separate counsel for a group of commercial purchasers of pork (separate from counsel for the end-user/consumer group), in order to avoid "jeopardizing fairness to the parties." Order Granting Motion for Co-Lead Counsel for Commercial and Institutional Indirect Purchasers, *In Re Pork Antirust Litigation*, Case 0:18-cv-01776-JRT-HB, Doc. No. 150 (Filed 10/15/18 D. Minn.), Attached as Ex.2.

In a recent case in California District court, the *Packaged Seafood Antitrust Litigation*, lead counsel was appointed for commercial purchasers, separate from lead counsel for the end-

payer plaintiffs, to provide each group with its own representation. *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 (S.D. Cal. Mar. 24, 2016) (ECF No. 119).

Similarly, in *the Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.), the largest antitrust multidistrict litigation in recent history, Senior Judge Marianne O. Battani appointed separate counsel for automobile dealerships and consumers, avoiding conflicts between parties who purchased from one another.

In the *Generic Pharmaceuticals Pricing Antitrust Litigation*, Judge Cynthia Rufe appointed separate counsel for pharmacies, and the consumers and third-party payors below them in the chain of distribution. *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.).

In the *Broiler Chicken Antitrust Litigation*, the court originally did not appoint separate counsel. Counsel who represented end users respectfully challenged the appointment, contending that appointed counsel had a conflict in representing both persons who purchased chicken for end-use and merchants who sold the product to those persons—a similar situation that exists here, between the End-User and Retailer classes. *In re Broiler Chicken Antitrust Litig.*, Case: 1:16-cv-08637, Doc. No. 218 (Filed: 11/30/16 N.D. Ill.), at 2. As counsel explained:

> Resellers want to show they were injured by paying supra-competitive prices for broiler chickens and not passing the overcharges along to consumer end users. Consumers want to show the opposite: that the overcharges were passed through to them, and that the antitrust injury was suffered by them rather than by Resellers.

*Id.* Counsel argued that, in having to make choices about how to plead antitrust impact on each of the classes and how to divide damages among those two classes, counsel for these two levels of purchasers encountered an impermissible conflict.

Counsel's expert, Mary Robinson, a former Administrator of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, stated that a current, non-waivable conflict existed in representation of both consumers and the merchants who sold the product at issue to them. Ms. Robinson stated "it is my opinion that counsel purporting to

represent both indirect resellers and end-use consumers in this case would have a conflict of interest under ABA Model Rule 1.7/Illinois Rule of Professional Conduct 1.7 . . ." Robinson Decl., at 3, attached as Ex. 3. (internal citations omitted). Ms. Robinson stated that "it is not reasonable to believe that the firm can provide effective representation to each of the different classes on the essential element of injury." *Id.* at 4, 5. The court in that case agreed, holding that the "motion to appoint separate interim class counsel for [resellers and] end user consumers is granted." Case No. 1:16-cv-08637 Doc. No. 243 (Filed: 12/09/16 N.D. Ill.).

Considering the conflicts attendant to representing both the End-User and Retailer classes, and the authority supporting the appointment of separate counsel for these classes, counsel for the Retailer Plaintiffs believe it is necessary to appoint separate co-lead counsel for the Retailer Class—CGL and Larson King.

Given the significance of the conflicts, Retailer Plaintiffs respectfully submit that it is most prudent to have these groups represented as two separate classes by two independent groups of counsel, as has been done in other litigation, like that cited here, rather than having one group of counsel representing these claimants as one class, with a shared expert and shared discovery efforts, only to divide up the retailer and end-payor work between different attorneys, at such later time when they believe those plaintiffs' "interests diverge." Motion of CMP Consulting and Ari Brock for Appointment of Lead Counsel, at 9.

### IV. CGL and Larson King Have Successfully Coordinated with Co-Counsel for End-Users in this and Other Cases

CGL and Larson King, if appointed as Lead Counsel for the Retailer Class, intend to coordinate and work cooperatively with counsel for the End-User class, as they have done in numerous other cases, in order to promote maximum efficiency and streamline work in the case.

CGL and Larson King have already begun working with End-User Counsel on the CMC Statement, the Protective Order, and numerous other discovery and case organization tasks.

In other cases where CGL and Larson King have served as lead counsel, they have worked cooperatively with counsel for end-users and end-payors. For instance, in the *Automotive*

*Parts Antitrust Litigation*, CGL and Larson King worked closely, for many years, with counsel representing consumers and other end-payors, as well as direct purchasers. Several of these firms seek a Lead Counsel position for End-Users in this action.

### V. CGL and Larson King Meet Rule 23(g) Criteria for Leadership

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *In re Air Cargo Shipping*, 240 F.R.D. 56, 57 (E.D.N.Y.2006). Rule 23(g)(1)(A) provides that the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

CGL and Larson King specialize in representing small businesses in antitrust litigation, and have recovered hundreds of millions of dollars on behalf of such class members.

#### A. CGL and Larson King Have Worked To Identify and Investigate Potential Claims in this Action, Have Engaged a Consulting Expert, and Have Already Coordinated the Efforts of Counsel in the other Retailer Actions

Since filing the first Retailer action in this litigation, (on behalf of Now Micro), CGL and Larson King have brought together and coordinated with counsel in the other Retailer actions, as well as counsel in the End-User actions, on a variety of transfer, discovery and case management issues. CGL and Larson King are seeking co-lead counsel appointments with the support of other Retailer counsel, having successfully self-ordered.

Because of their experience leading litigation involving retailers like those here, CGL and Larson King have identified and worked with economists who specialize in analyzing and quantifying the damage that such purchasers sustain because of antitrust conspiracies. CGL and Larson King have already retained such an expert, who will aid the Retailer Class in demonstrating and investigating its specific damages, as well as obtaining class certification.

Larson King and CGL have also done extensive factual analysis and research into the

chain of distribution and the types of products involved in this litigation. They have investigated the conspiracy and its effects on members of the Retailer Class and have done significant work on stipulations with defense counsel, the CMC Statement, the draft protective order, and other case management issues.

### B. CGL and Larson King Have Significant Experience Handling Class Actions, Other Complex Litigation, and Claims of the Type Asserted in This Action

An applicant's experience and knowledge of the particular subject matter of a class action is often the determining factor in lead counsel appointments. *See In re Crude Oil Commodity Future Litig.*, 2012 WL 569195, at * 2 (S.D. N.Y. February 14, 2012). Here, both firms seeking co-leadership appointments have extensive experience representing merchant plaintiffs who suffered damages as a result of price-fixing and bid-rigging conspiracies such as this one.

#### 1. CGL

CGL is lead counsel for commercial food preparers in the *Packaged Seafood Products Antitrust Litigation*, in the Central District of California, before Judge Janis Sammartino, Case No. 15-md-02670-JLS-MDD. The case has passed multiple motions to dismiss, and CGL obtained class certification for its class of small businesses, in 27 jurisdictions, who indirectly purchased price-fixed products, like the Retailer Plaintiffs here. That litigation involves some of the same economic and legal issues that Retailers face here, including antitrust claims advanced under the state law statutes, and passed on overcharges.

CGL is interim co-lead counsel, along with Larson King, for the Dealership Class in the *Automotive Parts Antitrust Litigation*, 12-md-02311 (E.D. Mich.), a case based on the largest antitrust conspiracy in history.[4] In that MDL, the firms represent approximately 40 new car dealerships, representing a class of dealers in 30 jurisdictions, alleging a more than decade-long

---

[4] https://www.reuters.com/article/carparts-dojprobe/auto-parts-price-fixing-probe-has-expanded-doj-official-idUSL1N0BF74T20130215 (Former Deputy Attorney General Scott Hammond described it thusly: "I say (it is) the biggest with respect to the impact on U.S. business and consumers, and the number of companies and executives that are subject to the investigation.")

conspiracy, by over 70 defendant families, to fix the prices of 42 different automotive parts, found in a variety of American, Japanese and German vehicles. That case, like this one, involves a conspiracy to fix the prices of component parts—parts found inside other finished products, whose overcharges must be traced through regression analyses. In that case, like in this one, the primary defendants are Japanese companies who fixed prices and rigged bids on products that ended up in the United States. CGL and Larson King have experience with Japanese document discovery and Japanese deponents, working with translators, and briefing foreign trade issues. In the seven-plus years that CGL has represented this class of dealerships, it has recovered more than $400 million on their behalf. In its representation, CGL has led the dealerships' claims past dozens of motions to dismiss, prevailed in the majority of contested motions, and gotten the Dealership settlement class certified numerous times.

CGL is also Co-Lead Counsel for Commercial and Institutional food preparers in the *Pork Antitrust Litigation*, Case 0:18-cv-01776-JRT-HB (D. Minn.), and lead counsel for independent pharmacies in the *Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-MD-2724 (E.D. Pa.).

CGL has achieved success for clients in a wide range of class actions and complex litigation by: helping to recover billions of dollars in shareholder litigation,[5] obtaining compensation for Holocaust survivors,[6] and recovering hundreds of millions of dollars for homeowners with defective construction materials.[7] CGL's firm resume is attached, as Ex. 4.

### 2. Larson King

Larson・King represents plaintiffs and defendants, consumers and businesses, and regularly leads class action and mass tort litigation. When representing plaintiffs, Larson・King

---

[5] *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.)
[6] *Rosner v. United States*, Case No. 01-1859-CV-PAS (S.D. Fla.)
[7] *In re Certainteed Corporation Roofing Shingles Products Liability Litigation*, MDL 1817 (E.D. Pa).

has recovered approximately $3 billion for its clients. Shawn Raiter, who will represent the Retailers in this litigation, has been recognized for nearly a decade in *The Best Lawyers in America* and is one of only a few lawyers selected for his work representing *both* plaintiffs and defendants in this type of litigation. Mr. Raiter has served as the sole lead or co-lead counsel in several MDLs and has been appointed to other leadership positions in MDLs and coordinated litigations. *See* Declaration of Shawn M. Raiter, attached as Ex. 5.

### C. Proposed Co-Lead Counsel Have Significant Antitrust Experience and Knowledge of Antitrust Law

#### 1. CGL

CGL's attorneys have extensive experience in the antitrust realm and class action litigation. Mr. Cuneo, one of CGL's named partners who will work on this litigation, is well versed in the issues of indirect purchaser litigation and has worked on antitrust issues for nearly 40 years, both as a litigator and a public servant. Mr. Cuneo worked at the Federal Trade Commission and as Counsel to the House Committee with jurisdiction over the antitrust laws. He is also the co-editor of a textbook, THE INTERNATIONAL HANDBOOK OF PRIVATE ENFORCEMENT OF COMPETITION LAW (Edward Elgar Publishing Inc., 2010). In 2016, the American Antitrust Institute awarded Mr. Cuneo its Alfred Kahn Award of Lifetime Achievement. Mr. Cuneo is one of CGL's primary attorneys working on the *Automotive Parts Antitrust Litigation.*

Ms. Sims, who will also work on this Litigation, is also counsel in the *Automotive Parts Antitrust Litigation*, where she has done the day-to-day work on all aspects of the case and served as the direct interface with dealerships in making productions, defending depositions and successfully briefing and arguing a variety of dispositive and discovery motions. Ms. Sims's work in that case has been recognized by the American Antitrust Institute, which named her as a recipient of its Award for Outstanding Antitrust Litigation Achievement by a Young Lawyer.

Ms. Sims has also co-authored a chapter in the in the handbook PRIVATE ENFORCEMENT OF THE ANTITRUST LAW IN THE UNITED STATES, (Albert A. Foer and Randy M. Stutz, eds., 2012).

### 2. Larson King

Larson King serves as co-lead counsel with CGL for the Commercial Food Preparer Class in the *Pork Antitrust Litigation*, Case 0:18-cv-01776-JRT-HB and for the Dealership Class, in the *Automotive Parts Antitrust Litigation*, 12-md-02311. Larson King also works closely with CGL in the leadership of other antitrust cases, representing small business indirect purchasers, in matters such as *Packaged Seafood Products*, and *Generic Pharmaceuticals.*

Mr. Raiter has first-chair experience trying cases to verdict in various courts and is a Fellow of the Litigation Counsel of America (LCA). He has also argued numerous times in state and federal appellate courts.

### D. Proposed Interim Co-Lead Counsel Have Sufficient Resources to Advance the Litigation in a Timely Manner

CGL and Larson King can commit the resources needed for this litigation during the entirety of its duration. Their firms have approximately 50 lawyers along with highly capable paraprofessional staff. The other Retailer counsel, who have co-signed this petition, are also very experienced antitrust and complex litigation lawyers at firms that are ready to contribute the resources needed to represent the Retailers. The firm resumes of the supporting Retailer counsel are attached here as Exs. 6-10. This litigation will be staffed with capably experienced attorneys and other legal professionals. Cuneo Gilbert & LaDuca and Larson · King are well-established firms with the financial wherewithal to support the litigation.

### **CONCLUSION**

For all of the reasons set forth above, CGL and Larson King request that this Court appoint them Co-Lead Counsel for the proposed Retailer class.

1 | Dated: November 22, 2019

2 | By: /s/ *Victoria Sims*               By: /s/ *Shawn Raiter*

Jonathan W. Cuneo (pro hac vice)      Shawn M. Raiter (pro hac vice)
Victoria Sims (pro hac vice)           **LARSON • KING, LLP**
Joel Davidow                              2800 Wells Fargo Place
Daniel Cohen                              30 East Seventh St.
**CUNEO GILBERT & LaDUCA, LLP**    St. Paul, MN 55101
4725 Wisconsin Ave., NW, Suite 200    Telephone: (651) 312-6500
Washington, DC 20016              Facsimile: (651) 312-8816
Telephone: (202) 789-3960          sraiter@larsonking.com
Facsimile: (202) 789-1813
jonc@cuneolaw.com                 *Counsel for Plaintiff Now Micro, Inc.*
joel@cuneolaw.com
vicky@cuneolaw.com
danielc@cuneolaw.com

*Counsel for Plaintiff Now Micro, Inc.*

By:*/s/ Mindee Reuben*              By: *Kathryn R. Eisenstein*

Mindee J. Reuben (pro hac vice)       Kathryn R. Eisenstein (pro hac vice)
Steven Greenfogel (pro hac vice)      Gerard V. Mantese
**LITE DEPALMA GREENBERG, LLC**   **MANTESE HONIGMAN, P.C.**
1835 Market St. - Suite 2700            1361 E. Big Beaver Rd.
Philadelphia, PA 19103                Troy, Michigan 48083
Telephone: (267) 519-8306           Telephone: (248) 457-9200
Facsimile: (973) 623-0858            Facsimile: (248) 457-9201
mreuben@litedepalma.com           keisenstein@manteselaw.com
sgreenfogel@litedepalma.com         gmantese@manteselaw.com

*Counsel for Plaintiff IT Worx, Inc.*     *Counsel for Plaintiff Voyager Technology Solutions, LLC*

//

//

//

//

//

//

1

2  By: *David M. Cialkowski* _____  By: */s/ John C Kakinuki* _____
   David M. Cialkowski (pro hac vice)      John C Kakinuki (SBN 118741)
3  Brian C. Gudmundson                     **KAKINUKI LAW OFFICE, PC**
   Alia M. Abdi (pro hac vice)             1050 Northgate Drive, Ste 270
4  **ZIMMERMAN REED LLP**                  San Rafael, CA 94903
   1100 IDS Center                         Telephone: (415) -492-2011
5  80 South 8th St.                        Fax: (415)-492-2014
   Minneapolis, MN 55402                   john@kakinukilaw.com
6  Telephone: (612) 341-0400
   Facsimile: (612) 341-0844
7  david.cialkowski@zimmreed.com           *Counsel for Plaintiff Now Micro, Inc.*
   brian.gudmundson@zimmreed.com
8  alia.abdi@zimmreed.com

9  *Counsel for Plaintiff IT Worx, Inc.*

10 //

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 22, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

By: /s/ *Victoria Sims*

Jonathan W. Cuneo (pro hac vice)
Victoria Sims (pro hac vice)
Joel Davidow
Daniel Cohen
**CUNEO GILBERT & LaDUCA, LLP**
4725 Wisconsin Ave., NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
vicky@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com

***Counsel for Plaintiff Now Micro, Inc.***

//
//
//
//
//
//
//
//
//
//
//
//
//