

1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC |
| 15 | MDL No. 2918 |
| 16 This Document Relates to: | ~~[PROPOSED]~~ ORDER GRANTING APPLICATION FOR APPOINTMENT |
| 17 ALL CASES | AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR |
| 18 | COMMON BENEFIT WORK AND EXPENSES |

19

20

21

22

23

24

25

26

27

28

Case No. 19-md-02918-MMC

[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD
COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES

## I.      INTERIM CO-LEAD COUNSEL APPOINTMENTS

After careful consideration of the applications for appointment of interim lead counsel, the requirements of Federal Rule of Civil Procedure 23(g), the comments and proposals of the parties, and having had the opportunity for oral argument, the Court concludes that Interim Co-Lead Counsel for the Reseller Plaintiffs and Interim Co-Lead Counsel for the End-User Plaintiffs should be appointed in order to achieve efficiency and economy in what is likely to be an expensive and complicated litigation, while not jeopardizing fairness to the parties.

After consideration of the requirements of Federal Rule of Civil Procedure 23(g), the Court concludes that the law firms of Cuneo Gilbert & LaDuca, LLP ("CGL") and Larson • King, LLP ("Larson King") are "best able to represent the interests of" the Reseller Class and that the law firms of Robins Kaplan LLP ("Robins Kaplan") and Zelle LLP ("Zelle") are "best able to represent the interests of" the End-User Class. Fed. R. Civ. P. 23(g)(2).

After review of the applications, the Court has determined that CGL, Larson King, Robins Kaplan and Zelle meet all of the standards set forth in Rule 23(g)(1). The Court has considered the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of antitrust claims asserted in this action, on behalf of plaintiffs such as the Reseller Plaintiffs and End-User Plaintiffs; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.

The Court hereby ORDERS that:

1.      Victoria Sims and Cuneo Gilbert & LaDuca, LLP and Shawn Raiter and Larson • King, LLP will serve as Interim Co-Lead Class Counsel for the Reseller Plaintiffs, namely Plaintiffs who indirectly purchased Hard Disk Drive Suspension Assemblies for resale.

2.      Aaron M. Sheanin and Robins Kaplan LLP and Christopher Micheletti and Zelle LLP will serve as Interim Co-Lead Class Counsel for the End-User Plaintiffs.

3.      Interim Co-Lead Class Counsel will be responsible for directing, coordinating, and supervising the prosecution of the Reseller Plaintiffs' and End-User Plaintiffs' respective

**[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**

claims.  The duties of Interim Co-Lead Counsel will include:

a.   To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Reseller Plaintiffs and End-User Plaintiffs, respectively, on all matters arising from pretrial, trial, and post-trial proceedings;

b.   To coordinate the initiation and conduct of discovery on behalf of the Reseller Plaintiffs and End-User Plaintiffs, respectively, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c.   To retain experts for the Reseller Plaintiffs and End-User Plaintiffs, respectively;

d.   To conduct settlement negotiations on behalf of the Reseller Plaintiffs and End-User Plaintiffs, respectively, and any proposed classes, and to enter into agreements, as authorized by law;

e.   To delegate specific tasks to other counsel in a manner to ensure that pretrial and trial preparation is conducted efficiently and effectively;

f.   To negotiate and enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

g.   To maintain adequate contemporaneous time and cost records covering services as interim co-lead counsel and collect such information from the respective Reseller Plaintiffs' co-counsel and End-User Plaintiffs' co-counsel on at least a monthly basis, as described in Section II below;

h.   To monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

i.   To coordinate activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, papers, and discovery practice, and generally in the litigation; and

[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES

j.    To perform such other duties as may be incidental to the proper coordination of activities or authorized by further order of the Court.

4.    In no event shall any document be filed, or any discovery be served, on behalf of the Reseller Plaintiffs or End-User Plaintiffs without the approval of their respective Interim Co-Lead Counsel or leave of Court.

5.    To the extent consistent with their duties to their clients and the proposed classes, Reseller Plaintiff Interim Co-Lead Counsel and End-User Plaintiffs' Interim Co-Lead Class Counsel shall also coordinate with each other and with counsel for other plaintiffs as appropriate, and shall coordinate the activities of their respective plaintiff groups during pretrial proceedings.

6.    Interim Co-Lead Class Counsel are hereby designated as the counsel for Reseller Plaintiffs and End-User Plaintiffs, respectively, in the above action upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the above actions shall be served.   Defendants shall serve papers on the Reseller Plaintiffs and End-User Plaintiffs, respectively, in the above actions by serving each of the Interim Co-Lead Class Counsel above. An agreement reached between Defendant(s) and Interim Co-Lead Class Counsel or their designee(s) shall be binding on all the other plaintiffs' counsel in the respective Reseller Plaintiff and End-User Plaintiff actions.

7.    The Court declines to appoint a Steering Committee for either the Reseller Plaintiffs or End-User Plaintiffs at this time but reserves the right to do so, should the Court determine that such appointment will serve the interests of the proposed classes while facilitating the efficient conduct of this Litigation.

## II.    PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.  The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as Interim Co-Lead Class Counsel and any other counsel authorized by Interim Co-Lead Class Counsel to perform work that may be considered

**[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**

1  for common benefit compensation.

2      Eligibility does not pre-determine payment.  If and to the extent that this litigation is

3  certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any

4  award of fees and costs for common benefit work will be governed by the standards and

5  procedures of Rule 23, including Rule 23(h), and shall be subject to the Court's approval.

6      Participating Counsel shall be eligible to receive common benefit attorneys' fees and

7  reimbursement of costs and expenses only if the time expended, costs incurred, and activity in

8  question were (a) for the benefit of Reseller Plaintiffs or putative class members and/or End-User

9  Plaintiffs or putative class members; (b) timely submitted; and (c) reasonable.  The Court retains

10  its authority to evaluate any time, costs, or expenses submitted by counsel for reasonableness.

11      Interim Co-Lead Class Counsel will be responsible for collecting and reviewing monthly

12  common benefit time and expense submissions from Participating Counsel, and informing

13  Participating Counsel when their submissions do not comply with the directives set forth in this

14  Order.

15      In the event that Participating Counsel are unsure if the action they are about to undertake

16  is considered Common Benefit Work (defined below), they shall ask Interim Co-Lead Class

17  Counsel in advance as to whether such time may be compensable.

18      **A.    Compensable Common Benefit Work**

19      "Common Benefit Work" includes all work done and expenses incurred at the direction

20  of Interim Co-Lead Class Counsel that inure to the benefit of Reseller Plaintiffs or putative class

21  members and/or End-User Plaintiffs or putative class members in this MDL.  It is anticipated that

22  certain Common Benefit Work performed by either set of plaintiffs will inure to the common

23  benefit of both.

24      Examples of compensable work include, but are not limited to: investigations and factual

25  research; case management and litigation strategy; discovery (other than document review);

26  document review; pleadings, briefs and legal research; court appearances and preparation;

27  identification and work-up of experts and consultants; class certification; trial and trial

28

4    Case No. 19-md-02918-MMC

preparation; post-trial proceedings; and appellate work.

**B.    Travel Limitations**

Only reasonable expenses will be reimbursed.  Except in unusual circumstances approved by Interim Co-Lead Class Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare:**  For routine domestic flights, only the price of a convenient coach fare seat or its equivalent, reasonable for the date and location, will be reimbursed.  For international flights, business class may be reimbursed at Co-Lead Counsel's discretion.

- **Hotel:**  Hotel room charges for the average available room rate of a reasonable business hotel, for the date and location, will be reimbursed.

- **Meals:**  Meal expenses must be reasonable.  If the meal expense covers meals for more than one person, all persons must be identified.

- **Cash Expenses:**  Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental:**  Automobile rentals must be reasonable for the date and location of the rental.

- **Mileage:**  Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

Unusually high airfare, hotel, meal and automobile rental expenses may be reviewed by Interim Co-Lead Class Counsel and disallowed.

**C.    Non-Travel Limitations**

Except in unusual circumstances approved by Interim Co-Lead Class Counsel, all non-travel reimbursements are subject to the following limitations:

- **Telephone Charges, Shipping and Courier Charges, and Postage:** Common benefit telephone charges (long distance, conference call, and cellular), shipping and courier charges, and postage are to be reported at actual cost.

5

**[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**

- **Fax Charges:**  Common benefit fax charges shall not exceed $0.50 per page.

- **In-House Photocopying:**  The maximum charge for common benefit in-house copies is $0.15 per page.

- **Computerized Research – Lexis, Westlaw, or Bloomberg:**  Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it.

Similarly, when practical, no listed expense entry should include expenses incurred by more than one person.  If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.  Every expense entry should be as detailed and specific as reasonably practical.  Expense entries without sufficient detail may be rejected at Interim Co-Lead Class Counsel's discretion.  Attorneys shall maintain receipts for all expenses and provide such receipts to Interim Co-Lead Class Counsel as requested.

### D.   Common Benefit Timekeeping Protocols

#### 1.   Recording Requirements

All time must be accurately and contemporaneously maintained.  Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenths-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe").  Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work.  Block billing is prohibited.

Each time entry must be categorized using one of the categories in Exhibit A.  In general, when possible, a more specific category should be used in place of a more general category.  Under no circumstances should a submitting firm make up new categories for use in its

**[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**

submission.

Submitting firms shall direct all questions regarding particular timekeeping categories to Interim Co-Lead Class Counsel.

### 2.   Hourly Rates

Participating Counsel shall record their then-present hourly rates for all attorneys and staff.  Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Co-Lead Counsel.  Participating Counsel shall not bill a rate other than their standard rates at the time the work is performed.  Use of these rates does not guarantee their payment.  Interim Co-Lead Class Counsel have the authority to impose rate caps for certain categories of work, as appropriate.

### E.   Common Benefit Expenses Protocol

#### 1.   Shared Costs

"Shared Costs" are costs incurred for the common benefit of Reseller Plaintiffs or putative class members and/or End-User Plaintiffs or putative class members in this MDL as a whole.  Shared Costs will be paid out of separate Litigation Funds administered by Interim Co-Lead Class Counsel for each proposed class and must be approved by Interim Co-Lead Class Counsel prior to payment.

#### 2.   Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Interim Co-Lead Class Counsel determines to do so.  Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of Reseller Plaintiffs or putative class members and/or End-User Plaintiffs or putative class members in this MDL.  Client-specific costs that will not benefit the class may not be considered Held

---

[1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

**[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**

Costs. Common Benefit costs relating to class representatives may be reimbursed at the discretion of Interim Co-Lead Class Counsel. Held Costs shall be recorded in accordance with the guidelines set forth herein and on the form provided as Exhibit B hereto. Held Costs shall be subject to the travel and administrative limitations set forth in this Order.

### F.   Protocols for Submission of Time and Expenses

Time submissions shall be made to Interim Co-Lead Class Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on February 15, 2020 and should include all time and expense from inception of work on Hard Disk Drive Suspension Assemblies-related litigation through January 31, 2020. After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., the submission due March 15, 2020, should contain all common benefit time and expenses incurred from February 1, 2020, through February 29, 2020).

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline.

**IT IS SO ORDERED**.

Dated:   December 23, 2019

Maxine M. Chesney
United States District Judge

**[PROPOSED] ORDER GRANTING APPLICATION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL AND ESTABLISHING PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**

# EXHIBIT A

# In Re: Hard Disk Drive Suspension Assemblies Litigation
## Case No. 3:19-md-02918-MMC

Firm Name: _____

Date: _____

**Categories:** 1. Investigations and Factual Research; 2. Case Management and Litigation Strategy; 3. Discovery (other than document review); 4. Document Review; 5. Pleadings, Briefs and Legal Research; 6. Court Appearances and Preparation; 7. Experts/Consultants; 8. Class Certification; 9. Trial & Preparation; 10. Post-trial proceedings; 11. Appeal; 12. Settlement; 13. Miscellaneous (describe)

| Last Name, First Name | Professional level: Partner (PT), Associate (A), Contract (C), or Paralegal (PR) | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Billing Rate: | Time spent (by 0.10 increments) | Fees Total: |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

# EXHIBIT B

**IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION**
**Case No. 3:19-md-02918-MMC**
**EXPENSE REPORT**

**Firm Name:**
**Reporting Period: Inception - January 31, 2020**

| Disbursement | Current Amount | Prior Amount | Cumulative Amount |
|---|---|---|---|
| Assessment Fees | | | |
| Federal Express/Local Courier, etc. | | | |
| Postage Charges | | | |
| Facsimile Charges | | | |
| Long Distance | | | |
| In-House Photocopying | | | |
| Outside Photocopying | | | |
| Hotels | | | |
| Meals | | | |
| Mileage | | | |
| Air Travel | | | |
| Deposition Costs | | | |
| Lexis/Westlaw | | | |
| Court Fees | | | |
| Witness/Expert Fees | | | |
| Investigation Fees/Service Fees | | | |
| Transcripts | | | |
| Ground Transportation (i.e., Rental, Taxis, etc.) | | | |
| Miscellaneous (Describe) | | | |
| | | | |
| **TOTAL** | $           - | | $           - |