1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES 14 ANTITRUST LITIGATION | Case No. 19-md-02918-MMC MDL No. 2918 |
| | **[PROPOSED] STIPULATED** |
| 15 This Document Relates to: | **PROTECTIVE ORDER** |
| 16 ALL CASES | |

18
19
20
21
22
23
24
25
26
27
28

1.   <u>**PURPOSES AND LIMITATIONS**</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. This Order shall not apply to the use of Protected Material at trial. The parties agree to meet and confer prior to trial to (1) consider appropriate modifications of this Order and (2) seek Court approval in advance of trial to address appropriate limitations on the use of such material at trial.

2.   <u>**DEFINITIONS**</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information the disclosure of which could adversely affect a party's or non-party's commercial interests, or (c) information subject to privacy protection under federal, state, local, or any applicable foreign law.

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record, foreign Outside Counsel,

and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or that others produce or disclose in responses to or in the context of discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee, nor has been an employee within four years of the date of entry of this Order, of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "Confidential Information or Items," that the disclosing party or non-party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor and/or a Party to this action could result in competitive or commercial disadvantage to the designating party.

2.8     House Counsel: employees of a party to this action engaged in the legal function of the company and involved in supervising the litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel: attorneys, including foreign counsel, who are not employees of

a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      SCOPE**

The parties acknowledge and agree that Disclosure or Discovery Material, as that term is defined herein, shall be used solely for the prosecution or defense of this action, and not for any other purpose.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Consistent with Section 6.2, Parties and Non-Parties are obligated to meet and confer before seeking relief under Section 6.3, and the Designating Party shall have a reasonable opportunity to cure any claimed over designation.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

1  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

2  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

3  designated before the material is disclosed or produced.

4         Designation in conformity with this Order requires:

5         (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but

6  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

7  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8  EYES ONLY" to each page that contains protected material.   A Party or Non-Party that makes

9  original documents or materials available for inspection need not designate them for protection

10  until after the inspecting Party has indicated which material it would like copied and produced.

11  During the inspection and before the designation, all of the material made available for

12  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13  After the inspecting Party has identified the documents it wants copied and produced, the

14  Producing Party must determine which documents,  qualify for protection under this Order.

15  Then, before producing the specified documents, the Producing Party must affix the appropriate

16  legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY")

17  to each page that contains Protected Material.

18         (b)    for all testimony given in deposition or in other pretrial or trial proceedings, the

19  Designating Party, within thirty (30) days of receipt of a transcript or recording of a deposition or

20  other pretrial or trial proceeding, shall identify the specific portions of testimony as to which

21  protection is sought and specify the level of protection being asserted.  Only those portions of the

22  testimony that are appropriately designated for protection within the 30 days shall be covered by

23  the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

24  specify, at the deposition or up to 30 days after receipt of the transcript of the deposition or other

25  proceeding, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27

28

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals (including those who must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript shall be treated during the 30-day period for designation (as defined above) as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3      Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. A party will correct an inadvertent failure to designate as soon as it learns of such a failure.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by notifying the Designating Party in writing to identify the challenged material including a list of the designations it is challenging and describing the basis of its challenge. The parties shall attempt to resolve each challenge in good faith and the Challenging Party must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The parties must confer directly (in voice to voice dialogue; other forms of communication are not sufficient) during which each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designation. The Parties shall have twenty-one (21) days from the initial notification of a challenge to complete this meet and confer process.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties shall file and serve simultaneous Letter Briefs (in compliance with Civil Local Rule 79-5, if applicable), not to exceed 10-pages each, within 28 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such Letter Brief must include a statement affirming that the parties have complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. During the challenge process (discussed in this Section), all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

If the Court determines that the challenged material is not confidential or that its designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

1    Agreement to Be Bound" (Exhibit A);

2        (c)    House Counsel;

3        (d)    Experts and/or Consultants of the Receiving Party to whom disclosure is

4    reasonably necessary for this litigation and who have signed the "Acknowledgment and

5    Agreement to Be Bound" (Exhibit A);

6        (e)    the court and its personnel and court reporters and their staff;

7        (f)    private mediators, professional jury or trial consultants, and Professional

8    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

9    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10       (g)    during their depositions, witnesses, other than those enumerated in 7.2(h),

11   in the action to whom disclosure is reasonably necessary and who have signed the

12   "Acknowledgment and Agreement to Be Bound" (Exhibit A), which signature shall not be

13   unreasonably withheld, unless otherwise agreed by the Designating Party or ordered by the court.

14   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

15   Material must be separately bound by the court reporter and may not be disclosed to anyone

16   except as permitted under this Stipulated Protective Order;

17       (h)    the author or recipient of a document containing the information or a

18   custodian or other person who would have likely reviewed such document during his or her

19   employment as a result of the substantive nature of his or her employment position, or a person

20   who is specifically identified in the document, or a person whose conduct is purported to be

21   specifically identified in the document, or who would reasonably have been expected to have

22   knowledge of the information in the document based on the specific context, and if he/she is a

23   third-party, has been requested to sign the "Acknowledgment and Agreement to Be Bound"

24   (Exhibit A), under penalty of violating the order;

25       (i)    participants in a focus group or mock jury who have agreed in writing, and

26   who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A), to keep the

27

28

1  information confidential and not to use it for any purpose other than the focus group, mock jury,

2  or similar exercise, provided that such participants shall not be permitted to retain any copies of

3  any Protected Material or to retain any notes of any Protected Material; and

4  (j)  any other person to whom the Designating Party agrees in writing or on

5  the record and any other person to whom the Court compels access to the Protected Material.

6  7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

8  Designating Party, a Receiving Party may disclose any information or item designated

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

10  (a)  the Receiving Party's Outside Counsel in this action, as well as employees

11  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

12  for this litigation;

13  (b)  Experts and/or Consultants of the Receiving Party to whom disclosure is

14  reasonably necessary for this litigation, and who have signed the "Acknowledgment and

15  Agreement to Be Bound" (Exhibit A);

16  (c)  the court and its personnel and court reporters and their staff;

17  (d)  private mediators, professional jury or trial consultants, and Professional

18  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20  (e)  the author, addressees, or recipients of a document, or any other natural

21  person who is specifically identified in the document, whose conduct relevant to the claims or

22  defenses in this litigation is purported to be specifically identified in the document, or who

23  possessed the information as a custodian or otherwise and if he/she is a third-party, has been

24  requested to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), under penalty

25  of violating the order.

26  (f)  the deponent, other than persons listed in 7.3(e), in any deposition of a

27

28

person who possessed the information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if such deponent has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which signature shall not be unreasonably withheld.

(g)     participants in a focus group or mock jury who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material.

(h)     any other person to whom the Designating Party agrees in writing or on the record and any other person to whom the Court compels access to the Protected Material.

7.4     EXECUTING EXHIBIT A AND NOTIFICATION OF THIS ORDER

(a) Each witness in a deposition shall be provided with a copy of this Order at the start of the examination and shall be advised on the record that he or she is bound by the terms of this Order and applicable remedies under law for violating the terms of this Order.

(b) Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Protected Information is or is to be disclosed, including anticipated witnesses at noticed depositions (but not including Court personnel, outside counsel for a party and their respective direct staff) to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Exhibit A. If a party witness has refused to execute Exhibit A as required by this Order, the admonition in paragraph 7.4(a), made on the record shall serve as a substitute for the execution of Exhibit A and shall permit examination of the witness on documents or other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY information.

//

//

## 8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)      notify in writing the Designating Party within three (3) business days after receiving the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

//

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid agreed-upon discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order or lodges an objection to production, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality

1   contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of

2   its Protected Material.

3   **10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

4        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5   Material to any person or in any circumstance not authorized under this Stipulated Protective

6   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9   made of all the terms of this Order, and (d) request such person or persons to execute the

10  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11  **11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

12        **<u>PROTECTED MATERIAL</u>**

13       (a)    A Producing Party that inadvertently produces any Discovery Material that the

14  Producing Party has a good faith reason to believe is privileged under the attorney-client or other

15  privilege, or protected from discovery as work product, may, upon discovery of such inadvertent

16  production, request the return of such document or information. Upon receipt of a written request

17  for return by the inadvertently Producing Party, the Receiving Party shall either: (1) immediately

18  cease all review or use of the documents and return the original and all copies of the documents

19  (and/or acknowledge that all electronic copies of the documents have been deleted from the

20  Receiving Party's electronic systems and any hard copies have been destroyed) and shall not use

21  the information for any purpose except upon further order of the Court, or (2) immediately cease

22  all review or use of the documents and object to the request as described below.

23       (b)    In the event the Receiving Party objects to the return of the Discovery Material,

24  the Producing Party shall move the Court for an order that the production was inadvertent and

25

26  _____

interests in this court.

27

28  15<br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br>Case No. 19-md-02918-MMC

that the Discovery Material is privileged or protected from discovery. The parties agree they will engage in a meet and confer prior to Producing Party filing such a motion. In the event such a motion becomes necessary, while such motion is pending, all materials related to the inadvertently produced Discovery Material, and the motion regarding same, shall be treated as "Highly Confidential – Outside Attorneys' Eyes Only" pursuant to this Order, unless otherwise ordered by the Court. The Receiving Party may retain the produced Discovery Material until the Court resolves the motion. However, while the motion is pending, the Receiving Party shall not use the Discovery Material for any purpose other than responding to the motion except upon further order of the Court.

(c)     If a Producing Party claws back an exhibit during a deposition, and the clawback is rejected or withdrawn, the witness must be reproduced at the expense of the Producing Party for a follow-up deposition limited to questioning about information subject to the rejected or withdrawn clawback assertion. The parties reserve all rights with respect to the length of any subsequent deposition.

(d)     If the Receiving Party disclosed the Discovery Material to another Party or person before being notified of its privileged status, and if the Receiving Party does not object to the return of the Discovery Material or if a motion for such return is successful, the Receiving Party must request that all Discovery Materials in the hands of other Parties or persons be destroyed or returned to the Producing Party and will confirm to the Producing Party that it has made appropriate requests.

## 12.    **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

1  no Party waives any right to object on any ground to use in evidence of any of the material

2  covered by this Protective Order.

3        12.3  <u>Filing Protected Material</u>. Without written permission from the Designating Party

4  or a court order secured after appropriate notice to all interested persons, a Party may not file in

5  the public record in this action any Protected Material. A Party that seeks to file under seal any

6  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

7  filed under seal pursuant to a court order authorizing the sealing of the specific Protected

8  Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

9  request establishing that the Protected Material at issue is privileged, protectable as a trade

10  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

11  Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then

12  the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

13  Rule 79-5(e)(2) unless otherwise instructed by the court.

14  **13.**    **<u>FINAL DISPOSITION</u>**

15        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

16  Receiving Party must return all Protected Material to the Producing Party or destroy such

17  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

18  compilations, summaries, and any other format reproducing or capturing any of the Protected

19  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

20  submit a written certification to the Producing Party (and, if not the same person or entity, to the

21  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

22  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

23  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

24  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

25  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

26  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

27

28

1    product, and consultant and expert work product, even if such materials contain Protected

2    Material. Any such archival copies that contain or constitute Protected Material remain subject to

3    this Protective Order as set forth in Section 4 (DURATION).

4    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5    DATED: January 27, 2020

6

7    By: */s/ Mark H. Hamer*              By: */s/ J. Clayton Everett, Jr.*
        Mark H. Hamer                       J. Clayton Everett, Jr

8    **BAKER MCKENZIE LLP**           **MORGAN, LEWIS & BOCKIUS LLP**
        815 Connecticut Ave., NW         1111 Pennsylvania Ave., NW

9    Washington, DC 20006            Washington, DC 20004
        Telephone:    (202) 452-7077       Telephone: (202) 739-5860

10   mark.hamer@bakermckenzie.com      Clay.everett@morganlewis.com

11   *Counsel for Defendants NHK Spring Co.,*   *Counsel for Defendants TDK Corporation,*
      *Ltd., NHK International Corporation, NHK*   *Hutchinson Technology Inc., Headway*

12   *Spring (Thailand) Co., Ltd., NAT Peripheral*  *Technologies, Inc., Magnecomp Precision*
      *(Dong Guan) Co., Ltd., NAT Peripheral*    *Technology Public Co., Ltd., and SAE*

13   *(H.K.) Co., Ltd. and NHK Spring Precision*   *Magnetics (H.K.) Ltd.*
      *(Guangzhou) Co, Ltd.*

14

15   By: */s/ Victoria Sims*               By: */s/ Shawn M. Raiter*
      Victoria Sims                      Shawn M. Raiter

16   Jonathan Cuneo                **LARSON • KING, LLP**
      Joel Davidow                   2800 Wells Fargo Place

17   **CUNEO GILBERT & LaDUCA, LLP**    30 East Seventh St.
      4725 Wisconsin Ave., NW, Suite 200    St. Paul, MN 55101

18   Washington, DC 20016           Telephone: (651) 312-6500
      Telephone:  (202) 789-3960      sraiter@larsonking.com

19   jonc@cuneolaw.com
      joel@cuneolaw.com              *Interim Co-Lead Counsel for Reseller*

20   vicky@cuneolaw.com             *Plaintiffs*

21   *Interim Co-Lead Counsel for Reseller*
      *Plaintiffs*

22   //

23   //

24   //

25   //

26   //

27   //

28

1

2  By: /s/ Aaron M. Sheanin                          By: /s/ Christopher T. Micheletti

3  Aaron M. Sheanin                                  Christopher T. Micheletti
   **ROBINS KAPLAN**                                 Judith A. Zahid
4  2440 W El Camino Real, Suite 100                  Qianwei Fu
   Mountain View, CA 94040                           **ZELLE LLP**
5  Telephone:     (650) 784-4040                     44 Montgomery St., Suite 3400
   Facsimile: (650)784-4041                          San Francisco, CA 94104
6  asheanin@robinskaplan.com                         Telephone: (415) 693-0700
                                                      Facsimile:  (415) 693-0770
7  ***Interim Co-Lead Counsel for End-User***        cmicheletti@zelle.com
   ***Plaintiffs***                                  jzahid@zelle.com
8                                                     qfu@zelle.com

9                                                     ***Interim Co-Lead Counsel for End-User***
                                                      ***Plaintiffs***
10

11  PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13  DATED: _____        _____

14                                        Hon. Maxine M. Chesney
                                          United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, employed by _____, declare under penalty of perjury that I have received and read a copy of the Protective Order that that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, No. 19-md-02918-MMC.   I understand the provisions of this Order, and I agree to comply with, and to be bound by, its provisions.  I also consent to the jurisdiction of this Court with respect to enforcement of this Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.


Date: _____

City and State where sworn and signed: _____

Signature: _____

**ATTORNEY ATTESTATION**

I, Victoria Sims, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each attorney signatory hereto.

/s/ Victoria Sims
Victoria Sims
*Interim Co-Lead Counsel for Reseller Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Victoria Sims, hereby certify that on January 27, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

*/s/ Victoria Sims*
Victoria Sims