MORGAN, LEWIS & BOCKIUS LLP
J. Clayton Everett, Jr. (pro hac vice)
clay.everett@morganlewis.com
Scott A. Stempel (pro hac vice)
scott.stempel@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
C. Cecilia Wang, SBN 314125
cecilia.wang@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

*Attorneys for Defendant SAE Magnetics (H.K.) Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation<br><br>THIS DOCUMENT RELATES TO<br><br>RESELLER AND END-USER ACTIONS | Case Nos.   19 MD 2918(MMC)<br><br>20 Civ. 1217(MMC)<br><br>**DEFENDANT SAE MAGNETICS (H.K.) LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINTS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:    July 17, 2020<br>Time:    9:00 a.m.<br>Crtm:    7, 19th Floor<br>Before:  Hon. Maxine M. Chesney |
| SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY (THAILAND) LTD., SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD., and SEAGATE TECHNOLOGY INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>HEADWAY TECHNOLOGIES, INC., HUTCHINSON TECHNOLOGY INC., MAGNECOMP PRECISION TECHNOLOGY PUBLIC CO. LTD., NAT PERIPHERAL (DONG GUAN) CO., LTD., NAT PERIPHERAL (H.K.) CO., LTD., NHK SPRING CO. LTD., NHK INTERNATIONAL CORPORATION, NHK SPRING (THAILAND) CO., LTD., NHK SPRING PRECISION (GUANGZHOU) CO., LTD., SAE MAGNETICS (H.K.) LTD., and TDK CORPORATION,<br><br>Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 19 MD 2918, 20 Civ. 1217
SAE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 17, 2020 at 9:00 a.m. in Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, before the Hon. Maxine M. Chesney, Defendant SAE Magnetics (H.K.) Ltd ("SAE") will and hereby does move the Court to dismiss Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International's (collectively, "Seagate") Complaint, Case No. 20 Civ. 1217, Dkt. No. 1 (the "Seagate Complaint"), End-User's Consolidated Complaint, Case No. 19 MD 2918, Dkt. No. 167 ("End-User Complaint") and Reseller Plaintiffs' Corrected Consolidated Amended Complaint, Case No. 19 MD 2918, Dkt. No. 190 ("Reseller Complaint" and, collectively with the End-User Complaint, the "Class Action Complaints") with prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion seeks dismissal of all claims asserted against SAE in the Seagate Complaint, End-User Complaint and Class Action Complaint because the Court lacks personal jurisdiction over SAE.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Katherine Fung Lim and [Proposed] Order filed herewith, the pleadings and papers on file herein, and such other matters that may be presented to the Court at the hearing.

## STATEMENT OF ISSUE TO BE DECIDED

Whether this Court may exercise personal jurisdiction over non-resident, foreign defendant SAE consistent with constitutional due process.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 19 MD 2918, 20 Civ. 1217
SAE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

LEGAL STANDARD .................................................................................................................... 3

ARGUMENT .................................................................................................................................. 3

    I.    The Court May Not Exercise General Jurisdiction Over SAE Because It Is Not "At Home" in the United States. ...................................................................... 4

    II.    The Court Lacks Specific Personal Jurisdiction Over SAE. ................................... 5

        A.    SAE Did Not "Purposefully Direct" Jurisdictionally Relevant Activities at the United States. .................................................................. 5

            1.    SAE Did Not Engage in Relevant Forum-Related Conduct. .......... 6

            2.    Plaintiffs' Conspiracy Allegations Fail To Justify Jurisdiction. .................................................................................... 7

            3.    Seagate's Allegations Concerning Sales Outside the United States Are Insufficient To Establish Personal Jurisdiction. ............ 9

        B.    Plaintiffs' Claims Do Not Arise Out of SAE'S Forum-Related Activities. ................................................................................................. 10

        C.    An Exercise Of Jurisdiction By This Court Over SAE Would Be Unreasonable. ........................................................................................... 11

        D.    The "Mandatory Venue" Provisions in NDAs With Seagate Do Not Provide a Basis for the Exercise of Personal Jurisdiction. ........................ 12

CONCLUSION ............................................................................................................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i   Case Nos. 19 MD 2918, 20 Civ. 1217
SAE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004) ............................................................................................... 12

*Asahi Metal Indus. Co. v. Superior Court*,
  480 U.S. 102 (1987) ....................................................................................................... 10, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ............................................................................................... 10

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ................................................................................................. 3

*Calder v. Jones*,
  465 U.S. 783 (1984) ........................................................................................................... 5, 7

*Charles Schwab Corp. v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018) ...................................................................................................... 8

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ........................................................................................... 11, 12

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................................ 4

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
  711 F. Supp. 2d 1074 (C.D. Cal. 2010) ................................................................................... 8

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
  No. 19 Civ. 5611, 2020 WL 1244918 (N.D. Cal. Mar. 16, 2020) ................................... 3, 4, 5

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
  284 F.3d 1114 (9th Cir. 2002) ..................................................................................... 5, 11, 12

*Gofron v. Picsel Technologies, Inc.*,
  804 F. Supp. 2d 1030 (N.D. Cal. 2011) ................................................................................... 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ................................................................................................................ 9

*Holland Am. Line Inc v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ............................................................................................... 6, 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii   Case Nos. 19 MD 2918, 20 Civ. 1217
SAE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In re Boon, Glob. Ltd.*,
  923 F.3d 643 (9th Cir. 2019)...............................................................................................7

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
  No. 02 Civ. 1486, 2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) .................................8

*In re Platinum & Palladium Antitrust Litig.*,
  No. 14 Civ. 9391, 2017 WL 1169626 (S.D.N.Y. Mar. 28, 2017)..................................8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  586 F. Supp. 2d 1109 (N.D. Cal. 2008) .......................................................................7

*In re Vitamins Antitrust Litig.*,
  120 F. Supp. 2d 45 (D.D.C. 2000) ...............................................................................9

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
  715 F.3d 716 (9th Cir. 2013).........................................................................................4

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ......................................................................................................4

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
  628 F.2d 1175 (9th Cir. 1980).......................................................................................5

*Krypt, Inc. v. Ropaar LLC*,
  No. 19 Civ. 3226, 2020 WL 32334 (N.D. Cal. Jan. 2, 2020)..............................3, 7, 8

*Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*,
  No. 19 Civ. 1389, 2019 WL 6771784 (N.D. Cal. Dec. 12, 2019) ..............................4

*Marvix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011).......................................................................................3

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007).....................................................................................11

*Morrill v. Scott Fin. Corp.*,
  873 F.3d 1136 (9th Cir. 2017).....................................................................................10

*NuCal Foods, Inc. v. Quality Egg LLC*,
  887 F. Supp. 2d 977 (E.D. Cal. 2012)...........................................................................3

*Nw. Aluminum Co. v. Hydro Aluminum Deutschland GmbH*,
  No. 02 Civ. 398, 2003 WL 23571744 (D. Or. Sept. 23, 2003) ...................................6

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
  52 F.3d 267 (9th Cir. 1995) ..........................................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015)..................................................................................................4

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)............................................................................................passim

*Walden v. Fiore*,
   571 U.S. 277 (2014).......................................................................................................9, 10

**STATUTES**

15 U.S.C. § 22.................................................................................................................................4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv    Case Nos. 19 MD 2918, 20 Civ. 1217
SAE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## PRELIMINARY STATEMENT

SAE Magnetics (H.K.) Ltd. ("SAE") is a Hong Kong corporation with no corporate presence, employees, or physical assets in the United States. It is neither "at home" in the United States, nor is it engaged in the business that is at issue in this case. SAE does not make or sell hard disk drive suspension assemblies ("HDD Suspensions"), the only product that Plaintiffs allege was the subject of anticompetitive conduct, in the United States or elsewhere.

Plaintiffs offer no well-founded, non-conclusory allegations that SAE purposefully directed any jurisdictionally relevant conduct at the United States from abroad, or that would otherwise satisfy Plaintiffs' burden to establish a basis for personal jurisdiction.

All claims against SAE should be dismissed.

## BACKGROUND

The gravamen of all three Complaints is that Defendants engaged in a conspiracy to "fix prices of, and allocate market shares for, hard disk drive ("HDD") suspension assemblies." (End-User Compl. ¶ 1; Reseller Compl. ¶ 1; *see* Seagate Compl. ¶ 6.) Plaintiffs allege that Defendants sold foreign-manufactured HDD Suspensions outside the United States for incorporation into HDDs, which were then, in turn, incorporated—in some cases through several additional steps in the distribution chain—into finished products such as computers, DVRs, and photocopy machines. (End-User Compl. ¶¶ 1, 83, 149; Resellers Compl. ¶¶ 20, 45; Seagate Compl. ¶ 107.) Plaintiffs allege that Defendants sold HDD Suspensions at inflated prices to HDD manufacturers, such as Seagate, and that Reseller Plaintiffs and End-User Plaintiffs purchased products in the United States containing those HDDs. (Reseller Compl. ¶ 20; End-User Compl. ¶¶ 149-53; Seagate Compl. ¶ 107.) Plaintiffs assert violations of both federal and state antitrust laws, state consumer protection laws, and unjust enrichment claims. Seagate also asserts a breach of contract claim.

Across the three Complaints, the only specific allegations potentially relating to SAE's contacts with the United States are that it: (1) "directly and/or through its affiliates . . . manufactured, marketed and/or sold HDD suspension assemblies that were sold and purchased throughout the United States," (Reseller Compl. ¶ 30; End-User Compl. ¶ 68; *see* Seagate Compl.

¶ 42); (2) "engaged in an illegal price-fixing conspiracy that was directed at . . . the United States" (Reseller Compl. ¶ 15; End-User Compl. ¶ 14); (3) is subject to the Court's jurisdiction because "TDK has entered into an antitrust leniency agreement with the DOJ on behalf of itself and its subsidiaries" (End-User Compl. ¶ 17; *see* Reseller Compl. ¶ 52); and (4) was party to a Nondisclosure Agreement ("NDA") with Seagate that includes a clause mandating venue in the United States for disputes arising from the NDA (Seagate Compl. ¶ 26).  There are no other specific allegations concerning SAE's contacts with the United States.

Plaintiffs allege that "Defendants engaged in discussions and attended meetings with each other," wherein they "reached agreements to refrain from competing on prices for, fix the prices of, and allocate their respective market shares for, HDD suspension assemblies." (End-User Compl. ¶ 106; Reseller Compl. ¶ 49; *see* Seagate Compl. ¶ 74.)  Yet Plaintiffs do not allege that SAE, which is a purchaser, not seller, of HDD Suspensions, participated in, or even attended, any of those meetings, much less that it participated in conduct "expressly aimed" at the United States.  (*See, e.g.*, End-User Compl. ¶ 104 (listing twenty-one specific meetings, none involving SAE).)  The remainder of the conspiracy allegations in the Complaints are generic and alleged indiscriminately against "TDK," which Seagate defines to include TDK Corporation, Magnecomp Precision Technology Public Co. Ltd, Hutchinson Technology Inc., Headway Technologies Inc., and SAE, (Seagate Compl. ¶ 45), or all "Defendants," which Plaintiffs define to include various entities affiliated with each of TDK and NHK, in the collective. (Reseller Compl. ¶ 15; End-User Compl. ¶ 14.)

As Plaintiffs acknowledge, SAE is a Hong Kong corporation with its principal place of business in Hong Kong.  (Declaration of Katherine Fung Lim in Support of SAE's Motion To Dismiss For Lack of Personal Jurisdiction, dated April 17, 2020 ("Lim Decl.") ¶¶ 3-4; *see also* Reseller Compl. ¶ 30; End-User Compl. ¶ 68; Seagate Compl. ¶ 42.)  It does not directly own any real or personal property, any offices, equipment, or factories in the United States (Lim Decl. ¶ 5), nor does it have any employees in the United States.  (*Id.* ¶ 6.)  SAE is not registered to do business anywhere in the United States.  (*Id.* ¶ 7.)  SAE has not appointed an agent to accept service of process in the United States.  (*Id.*)

SAE does not sell HDD Suspensions; it purchases HDD Suspensions, which it incorporates into head gimbal assemblies (HGAs), a separate component of HDDs. (*Id.* ¶ 8). SAE manufactures and sells HGAs primarily to manufacturers outside the United States. (*Id.*) It does not, and has never, sold, supplied, or marketed HDD Suspensions as stand-alone products in the United States or elsewhere. (*Id.* ¶ 9.)

## LEGAL STANDARD

When, as here, personal jurisdiction is challenged by a motion to dismiss under Rule 12(b)(2), the plaintiff bears "the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). To do so, the plaintiff must make a *prima facie* showing of jurisdictional facts, either through specific jurisdictionally relevant factual allegations or through competent evidence. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The Court "need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012); *see also Krypt, Inc. v. Ropaar LLC*, No. 19 Civ. 3226, 2020 WL 32334, at *2 (N.D. Cal. Jan. 2, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Moreover, the Court must reject even otherwise plausible factual allegations about jurisdiction if they are contradicted by declaration. *See Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19 Civ. 5611, 2020 WL 1244918, at *2 (N.D. Cal. Mar. 16, 2020) (relying on declarations contradicting plaintiff's allegations to find no personal jurisdiction).

## ARGUMENT

The Court can exercise jurisdiction over a non-resident defendant only when doing so is consistent with the Due Process Clause, which requires that the defendant have such "minimum contacts" with the forum that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Gofron v. Picsel Technologies, Inc.*, 804 F. Supp. 2d 1030, 1035 (N.D. Cal. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To satisfy the Due Process Clause, Plaintiffs must demonstrate either (i) that SAE's contacts with the

United States[1] are so substantial and continuous that SAE is effectively "at home" in the United States (known as general jurisdiction), or (ii) that SAE has sufficient "minimum contacts" with the forum through acts in, or purposefully directed at, the United States that are part of the alleged misconduct (known as specific jurisdiction). *See Five Star Gourmet Foods*, 2020 WL 1244918, at *2-3 (citing *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) and *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)). Plaintiffs fail to establish either general or specific personal jurisdiction over SAE.

I.  **THE COURT MAY NOT EXERCISE GENERAL JURISDICTION OVER SAE BECAUSE IT IS NOT "AT HOME" IN THE UNITED STATES.**

General jurisdiction exists over a foreign corporation only when its affiliations with the forum are "so continuous and systematic as to render [it] essentially at home in the forum State, . . . i.e., comparable to a domestic enterprise in that State." *Five Star Gourmet Foods*, 2020 WL 1244918, at *2 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014)). "This is an exacting standard." *Schwarzenegger*, 374 F.3d at 801. As a general matter, a corporation is subject to general jurisdiction only in its place of incorporation and its principal place of business, and only in an "exceptional case" will general jurisdiction be available elsewhere. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015).

SAE is not "at home" in the United States. SAE is a Hong Kong incorporated company with its principal place of business in Hong Kong. (Lim Decl. ¶ 3.) It has no property, physical assets, or employees in the United States. (*Id.* ¶¶ 5-6.) It is not registered to do business anywhere in the United States, nor has it appointed an agent for service of process in the United States. (*Id.* ¶ 7.) SAE manufactures and sells HGAs and other products, but not HDD Suspensions, to HDD manufacturers primarily outside the United States. (*Id.* ¶ 8.)

Plaintiffs do not allege anything to the contrary. Plaintiffs cannot, therefore, meet the "exacting standard" to establish that SAE is subject to general personal jurisdiction in the United

---

[1] Because Section 12 of the Clayton Act, 15 U.S.C. § 22, permits nationwide service of process, "minimum contacts" are measured with the United States as a whole. *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19 Civ. 1389, 2019 WL 6771784, at *5 (N.D. Cal. Dec. 12, 2019).

States.  *Cf. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (no general jurisdiction where there was no evidence that the defendant owned property, held bank accounts, had employees, solicited business or had designated an agent in the forum).

## II.   THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER SAE.

Plaintiffs cannot establish specific personal jurisdiction over SAE because it did not engage in conduct in, or purposefully directed at, the United States in connection with the asserted claims.  Specific personal jurisdiction exists when "the cause of action arises out of or has a substantial connection to" the defendant's contacts with the forum.  *Five Star Gourmet Foods*, 2020 WL 1244918, at *2.  The Ninth Circuit applies a three-part test to determine whether a defendant's activities are sufficiently related to the forum to meet the requirements of constitutional due process:  (1) the non-resident defendant has purposefully directed his activities at the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction would comport with fair play and substantial justice.  *See Schwarzenegger*, 374 F.3d at 802.  The plaintiff "bears the burden of satisfying the first two prongs of the test."  *Id.*  Plaintiffs cannot satisfy any of the three prongs.

### A.   SAE Did Not "Purposefully Direct" Jurisdictionally Relevant Activities at the United States.

Plaintiffs cannot establish that SAE purposefully directed any conduct that is the basis of their claims to the United States.  Purposeful direction is evaluated under the three-part "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984), which requires Plaintiffs to establish that SAE "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that [they knew was] likely to be suffered in the forum state."  *Schwarzenegger*, 374 F.3d at 803.  The Ninth Circuit has warned that "the foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context."  *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1178 (9th Cir. 1980) (internal citation omitted).

### 1. **SAE Did Not Engage in Relevant Forum-Related Conduct.**

"A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendan's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803. Here, SAE did not sell the product that is at issue in these cases—HDD Suspensions—to Seagate, Class Action Plaintiffs, or any other customer in the United States. (Lim Decl. ¶¶ 9-10.) In fact, SAE did not sell HDD Suspensions as stand-alone products *anywhere*. (*Id.* ¶ 9.) SAE was a substantial *purchaser* of HDD Suspensions, which it incorporated into HGAs that it manufactured and sold to HDD manufacturers primarily outside the United States. (*Id.* at ¶ 8.) As such, the Lim Declaration directly rebuts Plaintiffs' conclusory allegations that SAE "sold or marketed substantial quantities of HDD suspension assemblies . . . throughout the United States."[2] (Reseller Compl. ¶ 15; End-User Compl. ¶ 14; *see* Seagate Compl. ¶ 42.)

Plaintiffs likewise cannot show that SAE purposefully directed activities at the United States based on allegations that it *indirectly* supplied HDD Suspensions to customers in the United States through "affiliates." (Reseller Compl. ¶ 30; End-User Compl. ¶ 68; *see* Seagate Compl. ¶ 42.) "It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other." *Holland Am. Line Inc v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007); *see also Nw. Aluminum Co. et al. v. Hydro Aluminum Deutschland GmbH*, No. 02 Civ. 398, 2003 WL 23571744, at *5 (D. Or. Sept. 23, 2003) (holding that the effects test is not satisfied with respect to the parent corporation based upon harm which could only have been caused as a result of prices set by forum-based subsidiary). Plaintiffs have not provided any allegations that would justify deviation from this general rule. Plaintiffs identify no subsidiaries of SAE with jurisdictionally relevant contacts, and offer no allegations that would justify treating the contacts of any of the SAE affiliates that are Defendants in the cases (the other Defendants

---

[2] Indeed, the allegations are irreconcilable with Class Action Plaintiffs' concession that "Defendants similarly sold suspension assemblies almost *entirely* overseas." (End-User Compl. ¶ 150 (emphasis added)).

that Plaintiffs group under the generic term, "TDK") as relevant jurisdictional contacts *of SAE*. Plaintiffs have not, for instance, alleged that SAE "dominated and controlled" any affiliate that may have sold HDD Suspensions. Any alleged sales, activities, or conduct of other TDK Defendants cannot be imputed to SAE.

### 2. **Plaintiffs' Conspiracy Allegations Fail To Justify Jurisdiction.**

"[E]ach party's 'contacts with the forum State must be assessed individually.'" *See In re Boon, Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)). Plaintiffs cannot satisfy their burden to establish a basis for jurisdiction over SAE through general allegations about purportedly conspiratorial conduct by "Defendants" or "TDK." Plaintiffs allege generally that "Defendants engaged in discussions and attended meetings with each other," wherein they "reached agreements to refrain from competing on prices for, fix the prices of, and allocate their respective market shares for, HDD suspension assemblies to be sold in the United States and elsewhere," but Plaintiffs do not allege that SAE took any affirmative action with respect to the alleged conspiracy. (End-User Compl. ¶ 106; Reseller Compl. ¶ 49; *see* Seagate Compl. ¶ 74.) Plaintiffs' general allegations that "Defendants" collectively conspired are insufficient as a matter of law to justify the exercise of personal jurisdiction over SAE. *Cf. In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1116-17 (N.D. Cal. 2008) (holding "general allegations as to all defendants," to "Japanese defendants," or to a single corporate entity were insufficient to state a claim).

Moreover, Plaintiffs fail to allege any facts to show that SAE itself took actions in furtherance of the alleged conspiracy purposefully directed at the United States, which they must do to carry their burden of establishing specific personal jurisdiction over SAE. In *Krypt, Inc. v. Ropaar LLC*, the Court refused to assert specific personal jurisdiction over a defendant whose alleged co-conspirator misappropriated the plaintiff's confidential information in the forum. 2020 WL 32334 at *4, *9 (N.D. Cal. Jan. 2, 2020). The Court found the plaintiff's conspiratorial allegations insufficient to establish that the defendant, as opposed to its co-defendant, actively participated in the alleged forum-related conduct. *Id.* at *5. Here, as in *Krypt*, even if SAE were sufficiently alleged to be part of the alleged conspiracy—in spite of the fact that it does not make

or sell HDD Suspensions—and co-conspirators undertook action in the United States, Plaintiffs do not allege that *SAE* undertook any action in furtherance of the alleged conspiracy that was expressly aimed at the United States, as opposed to another forum, or global markets generally. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02 Civ. 1486, 2005 WL 2988715, at *6 (N.D. Cal. Nov. 7, 2005) (no express aiming where defendant did not knowingly target consumers resident in the U.S., had never manufactured or sold DRAM in the U.S., and did not maintain business or corporate formalities in the U.S.); *see also EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1092-93 (C.D. Cal. 2010) (finding no "express aiming" where meetings allegedly "giv[ing] rise to the current suit . . . have [nothing] to do with the United States").

In fact, Plaintiffs concede that their claims "arise out of a global conspiracy" and offer only the conclusory allegation that Defendants targeted markets in the "United States *and elsewhere*." (Reseller Compl. ¶¶ 1, 48; End-User Compl. ¶¶ 1, 3; *see* Seagate Compl. ¶ 74 (emphasis added).) It is not sufficient for Plaintiffs to allege the conspiracy targeted the United States *and* other jurisdictions to assert jurisdiction over SAE; they must show that the conspiracy expressly aimed conduct *at* the United States. *See, e.g.*, *In re Platinum & Palladium Antitrust Litig.*, No. 14 Civ. 9391, 2017 WL 1169626, at *44 (S.D.N.Y. Mar. 28, 2017) ("Even if the harm [to U.S. exchanges] was foreseeable . . . the allegations must make a *prima facie* showing that the defendant expressly aimed its conduct at the U.S."); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018) ("That the effects of LIBOR manipulation were likely to reach an economy as large as California's does not mean that Defendants' conduct in London was 'expressly aimed' at that state.").

To the extent Class Action Plaintiffs suggest that SAE purposefully directed conduct at the forum because "TDK [] entered into an antitrust leniency agreement with the DOJ on behalf of itself and its subsidiaries," that is incorrect. (End-User Compl. ¶ 17; *see* Reseller Compl. ¶ 52.) Applying for leniency is insufficient to establish that the applicant purposefully directed conduct towards the United States, and does not show that SAE did so here. Indeed, federal courts recognize that "[leniency] agreements *do not* confer civil jurisdiction on this Court." *In re*

*Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 53 (D.D.C. 2000) (emphasis added). That "TDK Defendants . . . are applicants in the DOJ's Leniency Program" (Reseller Compl. ¶ 52), without more, fails to establish that SAE specifically directed conduct towards the United States.

Plaintiffs' failure to offer any facts showing that SAE, or the alleged conspiracy, targeted the United States is fatal to their claims.

### 3. Seagate's Allegations Concerning Sales Outside the United States Are Insufficient To Establish Personal Jurisdiction.

Nor can Plaintiffs establish that SAE engaged in conduct purposefully directed at the United Sates based on allegations that "HDD manufacturers purchased suspension assemblies outside the United States through their foreign subsidiaries/affiliates and incorporated suspension assemblies into HDDs for import into the United States." (End-User Compl. ¶ 152; *see* Reseller Compl. ¶ 45; Seagate Compl. ¶ 107.) A defendant cannot be haled into court based on the "'unilateral activity of another party or a third person.'" *Walden v. Fiore*, 571 U.S. 277, 285-86 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). In *Walden*, the Supreme Court rejected an interpretation of the "expressly aim" requirement predicated on the defendants' knowledge that its intentional acts would impact the plaintiff in the forum state. *Id.* at 289 (recognizing that "knowledge of [the plaintiffs'] strong forum connections," combined with the plaintiffs' "foreseeable harm" suffered in the forum State is not sufficient to warrant the exercise of personal jurisdiction).

Thus, under *Walden*, even if SAE sold HDD Suspensions to HDD manufacturers outside the United States for incorporation into HDDs—and as explained above, it did not—and knew that those HDDs (or finished products, via original equipment manufacturers) would be sold to consumers in the United States (either directly or in other products with HDDs), that still fails to establish that SAE engaged in conduct purposefully directed at the United States.[3] *See Holland Am. Line Inc.*, 485 F.3d at 459 ("Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product

---

[3] For the same reason, any allegations about SAE selling HGAs outside the United States, even if they were pleaded in a complaint—and they are not—would not support the exercise of personal jurisdiction because the sales were not purposefully directed at the United States.

into the stream of commerce into an act purposefully directed toward the forum state." (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987))).

That Plaintiff Seagate Technology, LLC is a U.S.-based company does not change this outcome with respect to Seagate's claims, and it is completely irrelevant with respect to claims by Class Action Plaintiffs. The Supreme Court held that "[t]he proper question is . . . whether the defendant's conduct connects him to the forum in a meaningful way," not merely to a forum resident. *Walden*, 571 U.S. 277. at 290; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1148 (9th Cir. 2017) ("Plaintiffs were required to make a prima facie showing that Defendants' alleged actions were directed at [the forum state], not just at individuals who reside there."). Seagate does not allege that its U.S.-based parent purchased HDD Suspensions from SAE, let alone that it did so inside the United States. Nor do Class Action Plaintiffs allege that SAE sold HDD Suspensions directly to consumers inside the United States. To the contrary, Plaintiffs concede that the HDD Suspensions passed through several entities and steps in a lengthy chain of distribution—all of which occurred outside the United States—before reaching Plaintiffs in the United States. (End-User Compl. ¶¶ 149-53; Seagate Compl. ¶ 107.) As such, even if SAE directly or indirectly manufactured and supplied HDD Suspensions to Seagate or any other HDD manufacturer outside the United States, the fact that some HDDs may ultimately be sold in the United States would not be sufficient to establish specific personal jurisdiction over SAE.

Plaintiffs cannot, therefore, establish that SAE purposefully directed its activities towards the United States. Accordingly, the Court lacks specific jurisdiction over SAE.

### B. Plaintiffs' Claims Do Not Arise Out of SAE's Forum-Related Activities.

Plaintiffs' failure to prove that SAE purposefully directed its conduct towards the United States is fatal to their claims of personal jurisdiction. The Court need not proceed with the remaining elements of its specific jurisdiction inquiry. *See Schwarzenegger*, 374 F.3d at 807 n.1 (finding no need to reach the remaining elements of the specific jurisdiction inquiry where plaintiff failed to plead that defendant purposefully directed activities towards the U.S.); *see also Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1071 n.6 (9th Cir. 2017) (same). Nevertheless, under the second prong, Plaintiffs must establish that their claims would

not have arisen "but for" SAE's forum-related activities. *Glencore Grain Rotterdam B. V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002). Plaintiffs allege that they suffered harm by "having paid higher prices for HDD suspension assemblies than [they] would have paid in the absence of Defendants' unlawful conduct." (Seagate Compl. ¶ 129; *see* End-User Compl. ¶ 177; Reseller Compl. ¶ 123.) Plaintiffs' allegation, at least as to SAE, is rebutted by the Lim Declaration. SAE did not engage in the sale, marketing, or supply of HDD Suspensions to Plaintiffs. (Lim Decl. ¶¶ 9-10.) Rather, SAE is a substantial purchaser of HDD Suspensions, which SAE incorporates into HGAs for sale, to HDD manufacturers primarily outside the United States. (*Id.* ¶ 8.) Plaintiffs plead nothing to the contrary. Plaintiffs cannot, therefore, establish that their claims would not have arisen "but for" SAE's forum-related activities. For this additional reason, Plaintiffs claims against SAE should be dismissed.

### C. An Exercise Of Jurisdiction By This Court Over SAE Would Be Unreasonable.

Because Plaintiffs have failed to meet their burden to establish the requisite purposeful direction and direct nexus between SAE's forum-related activities and the causes of action herein, the Court need not wade into the reasonableness inquiry. *See Schwarzenegger*, 374 F.3d at 807 n.1. However, the exercise of jurisdiction over SAE would be unreasonable under the Ninth Circuit's seven-factor test used to evaluate reasonableness:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*See Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). Here, Plaintiffs seek to force SAE to defend itself before this Court, located some 5,000 miles from its principal places of business, despite the lack of any sales of HDD Suspensions in the United States. (Lim Decl. ¶ 9.) The Ninth Circuit has long recognized: "defending a lawsuit in a foreign country can impose a substantial burden on a nonresident alien." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993). This is especially true here because the witnesses and evidence necessary

to resolve Plaintiffs' claims against SAE are likely located outside the United States in places like Hong Kong, where SAE is incorporated (not to mention, documents would likely be in foreign languages and would need to be translated for litigation in this forum). *See CoreVent*, 11 F.3d at 1489.

Under these circumstances, it is not reasonable to exercise personal jurisdiction over SAE and, thus, all claims against SAE should be dismissed for lack of personal jurisdiction. *See Asahi*, 480 U.S. at 113-14; *see also Glencore Grain*, 284 F.3d at 1126.

### D. The "Mandatory Venue" Provisions in NDAs With Seagate Do Not Provide a Basis for the Exercise of Personal Jurisdiction.

Seagate cannot satisfy its burden to establish personal jurisdiction over SAE based on "mandatory venue clauses" alleged to be included in NDAs.[4] (Seagate Compl. ¶ 26.) As explained in Defendants' motion to dismiss Seagate's breach of contract claim, filed contemporaneously herewith, Seagate's breach of contract claim is insufficiently pleaded and should be dismissed. Thus, because the breach of contract claim cannot proceed, any arguments based on any venue provisions contained therein are irrelevant.[5]

Moreover, the venue clause in the NDA does not and cannot provide a basis for the exercise of jurisdiction in relation to the "price-fixing and market allocation" conspiracy claims under federal and state antitrust laws. The venue provision addresses only claims for violation of the NDA, but Ninth Circuit precedent requires that plaintiffs establish specific personal jurisdiction "for each claim asserted." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (holding that venue and personal jurisdiction analyses are distinct and "the existence of personal jurisdiction over an antitrust defendant does not depend upon there being proper venue in that court"). Accordingly, even if the venue provision were relevant to the

---

[4] Class Action Plaintiffs, who were not parties to any agreements with SAE, cannot rely on venue clauses in any contracts with Seagate as a basis for asserting personal jurisdiction.

[5] Even if Seagate could assert a breach of contract claim against a defendant—and for the reasons set forth in the accompanying motion to dismiss it has not—it would need to assert a breach of contract claim against SAE to invoke the venue provision as a basis for personal jurisdiction. Seagate fails to do so because, as it relates to SAE, there is no allegation that *SAE* disclosed any information in violation of any NDA with Seagate.

personal jurisdiction inquiry—and it is not—it cannot provide a basis for asserting personal jurisdiction over SAE for the non-contract claims Seagate alleges.

## CONCLUSION

Because Plaintiffs fail to show that SAE is subject to personal jurisdiction in this Court, all claims against SAE in the Seagate Complaint, End-User Complaint, and Reseller Complaint should be dismissed with prejudice.

Dated: April 17, 2020

Respectfully submitted,

J. Clayton Everett, Jr.
Scott A. Stempel
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 739-3000
clay.everett@morganlewis.com
scott.stempel@morganlewis.com

C. Cecilia Wang
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
cecilia.wang@morganlewis.com

*Counsel for Defendant SAE Magnetics (H.K.) Ltd.*