Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

*Interim Co-Lead Class Counsel for End-User Plaintiffs*

Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:  (202) 789-3960
Facsimile:   (202) 789-1813
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Telephone:  (651) 312-6518
Facsimile:   (651) 789-4818
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for the Reseller Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Hard Disk Drives Suspension Assemblies Antitrust Litigation*<br><br>————————————————<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 3:19-md-2918-MMC<br><br>**END-USER AND RESELLER CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT THE DISCOVERY STAY**<br><br>Date: May 29, 2020<br>Time: 9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that on May 29, 2020 at 9:00 a.m., in the courtroom of the Honorable Judge Maxine M. Chesney of the United States District Court for the Northern District of California, located at Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, End-User Plaintiffs and Reseller Plaintiffs (collectively, "Plaintiffs") will move the Court pursuant to Fed. R. Civ. P. 26 and the Court's inherent authority for an order lifting the stay of discovery in these cases.

The motion is based on this notice, the accompanying memorandum of points and authorities in support of the motion, the [Proposed] Order lodged herewith, the Declaration of Aaron M. Sheanin in Support of End-User and Reseller Class Plaintiffs' Notice of Motion and Motion to Lift the Discovery Stay ("Sheanin Decl."), and all other pleadings and papers filed in this action.

DATED: April 24, 2020

Respectfully submitted,

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

***Interim Co-Lead Class Counsel for End-User Plaintiffs***

*/s/ Victoria Sims*
Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:  (202) 789-3960
Facsimile:   (202) 789-1813
vicky@cuneolaw.com

i

1

/s/ Shawn M. Raiter
Shawn M. Raiter
2      **LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
3      Saint Paul, MN 55101
Telephone:  (651) 312-6518
4      Facsimile:   (651) 789-4818
sraiter@larsonking.com

5

***Interim Co-Lead Class Counsel for the Reseller***
6      ***Plaintiffs***

7

8                      **ATTORNEY ATTESTATION**

9

10          I hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California,

11   that concurrence to the filing of this document has been obtained for each signatory hereto.

12                                        */s/ Christopher T. Micheletti*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**STATEMENT OF ISSUES TO BE DECIDED**

2      Should the Court lift the stay of written and document discovery in these cases arising out of

3 an admitted global price-fixing conspiracy, where the parties have held their Rule 26(f) conference,

4 Plaintiffs have filed consolidated amended complaints setting forth Defendants' conspiracy in

5 detail, and Defendants' motions to dismiss do not challenge Plaintiffs' conspiracy allegations?

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       End-User and Reseller Plaintiffs (collectively, "Plaintiffs") move to lift the stay of written

4   and document discovery in this litigation arising out of an admitted global conspiracy among the

5   TDK and NHK Spring Defendants to fix prices of, and allocate market shares for, hard disk drive

6   ("HDD") suspension assemblies.[1]    Although the Court stayed discovery at the outset of the

7   litigation, there is no basis to continue to hold discovery in abeyance.    The parties have held their

8   Rule 26(f) conference, and Plaintiffs have filed consolidated amended complaints setting forth

9   Defendants' price-fixing conspiracy in detail.    Defendants are fully aware of the parties involved

10  and the scope and nature of Plaintiffs' claims.    Nothing in the Federal Rules of Civil Procedure

11  contemplates a continued stay of discovery under these circumstances.

12      Moreover, the conspiracy is not in doubt.    On July 29, 2019, the U.S. Department of Justice

13  ("DOJ") announced that Defendant NHK Spring Co., Ltd. ("NHK Spring") agreed to plead guilty

14  and pay a $28.5 million fine for its role in the conspiracy.[2]    Defendant TDK Corporation,

15  meanwhile, entered into an antitrust leniency agreement with the DOJ on behalf of itself and its

16  subsidiaries pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004

17  ("ACPERA"), Public Law 108-237.[3]    Defendants have chosen not to challenge Plaintiffs'

18  conspiracy allegations.    Nor could they do so in good faith.    Despite Defendants' motion to dismiss

19  on standing grounds, numerous courts in this District have upheld the same type of standard federal

20  and state antitrust and consumer protection claims that Plaintiffs allege here.    Now is the time for

21  Plaintiffs to have the opportunity to seek discovery to prove their case.

22

23  [1] Plaintiffs are willing to defer deposition discovery until after resolution of motions to dismiss,

24  except to the extent that such depositions may be pertinent to Defendant SAE Magnetics (H.K.) Ltd.'s motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 191.

25  [2] *See* Information at 2-3, *United States v. NHK Spring Co., Ltd.*, No. 2:19-cr-20503 (E.D. Mich.

26  Sept. 23, 2019); Rule 11 Plea Agreement, *United States v. NHK Spring Co., Ltd.*, No. 2:19-cr-20503 (E.D. Mich. Sept. 23, 2019); Notification of Criminal Monetary Imposition, *United States*

27  *v. NHK Spring Co., Ltd.*, No. 2:19-cr-20503 (E.D. Mich. Dec. 18, 2019).

28  [3] *See* Dkt. No. 166 ¶ 52; Dkt. No. 167 ¶ 17.

1

## II.    PROCEDURAL HISTORY

On October 29, 2019, and prior to the appointment of lead counsel, filing of consolidated complaints, or the Rule 26(f) conference, the Court ordered that "[p]ending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed." *See* Sheanin Decl. ¶ 5 (quoting Dkt. No. 3 at 3, ¶5).

Since then, much has occurred in this litigation, though discovery so far has been limited. First, the parties held a Rule 26(f) conference on January 23 and 30, 2020.  During that conference, Plaintiffs requested that Defendants informally produce documents and data provided to, or collected for, antitrust regulators ("Regulator Documents") and provided Defendants with a provisional request for production of such documents.  Plaintiffs also asked Defendants to allow written and document discovery related to structured data (*e.g.*, spreadsheets and databases of transactional sales and costs data), non-structured data and documents (*e.g.*, custodial and non-custodial emails, word processing documents, spreadsheets, presentations, and other records), and third party discovery during the pendency of any motions to dismiss.  Because the production of structured data is often a time-consuming task that requires significant back-and-forth between the parties on the interpretation, completeness and supplementation of datasets, Plaintiffs expressed a desire to commence this process promptly to facilitate the timely progress of the litigation.  Sheanin Decl. ¶ 6.

Defendants agreed to respond to Plaintiffs' request for production and produce the Regulator Documents, but resisted the initiation of any other discovery until after the Court rules on motions to dismiss.  *See* Dkt. No. 150 (Jt. Case Mgmt. Stmt. dated Feb. 14, 2020) at 10 ("Defendants therefore oppose fully opening discovery prior to resolution of any Rule 12 motions as Plaintiffs suggest, and believe it is premature to undertake the high cost and burden of discovery, including any third-party discovery.").  Despite Plaintiffs' request for the Regulator Documents at the January 23, 2020 Rule 26(f) conference, it took nearly three months—until April 15 and 17, 2020—before Defendants produced responsive documents.  *See* Sheanin Decl. ¶¶ 7 - 8.

On February 19 and 20, 2020, Plaintiffs filed their consolidated class action complaints ("Complaints").  *See* Dkt. Nos. 153 & 154.  On April 17, 2020, Defendants filed an omnibus motion

2

1    to dismiss both Complaints in which they challenged Plaintiffs' standing to bring antitrust claims,

2    but did not contest the plausibility of Plaintiffs' conspiracy allegations.    *See* Dkt. No. 192.

3    Defendant SAE Magnetics (H.K.) Ltd. ("SAE") also filed a motion to dismiss for lack of personal

4    jurisdiction, *see* Dkt. No. 191, and in doing so, purported to place facts beyond those alleged in the

5    Complaints into the record.[4]    Sheanin Decl. ¶¶ 9 -10.    The parties' efforts to resolve this dispute

6    informally to date have been unsuccessful.    Sheanin Decl. ¶¶ 11 - 12.

### III.    ARGUMENT

#### A.    Discovery Should Proceed Under the Federal Rules

Rule 26(d) of the Federal Rules of Civil Procedure sets out the sequence and timing of discovery.    In general, it only limits discovery until after the parties have held a Rule 26(f) conference.    *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").    While the Court retains great discretion over its docket including the timing and nature of discovery, the Federal Rules do not otherwise establish an automatic stay of discovery for most litigation including the actions before the Court.    *See Skellerup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.") (citation and quotation marks omitted).

The parties have now held a Rule 26(f) conference, and Plaintiffs have filed their operative Complaints.    Defendants are on notice of the parties, allegations, and causes of action, making the proper scope of discovery clear.    The considerations that may have warranted a discovery stay at the outset of litigation have been obviated.    The Court should lift the stay.

---

[4] To the extent SAE argues that there is an insufficient factual basis for the Court to assert personal jurisdiction over it, Plaintiffs are entitled to jurisdictional discovery into such assertions.

3

**B.    The Pendency of Motions to Dismiss Does Not Warrant a Discovery Stay**

Courts routinely reject the notion that a blanket stay of discovery is appropriate during the pendency of motions to dismiss.  *See, e.g., Ehret v. Uber Techs., Inc.*, No. C-14-0113 EMC, 2014 U.S. Dist. LEXIS 103128 (N.D. Cal. Jul. 28, 2014) (rejecting defendant's request to stay discovery because of a pending motion to dismiss, even absent a court-ordered discovery schedule); *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-JST, 2013 U.S. Dist. LEXIS 61848, at *7 (N.D. Cal. Apr. 29, 2013) ("'[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.'") (quoting *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)).  "[T]he Federal Rules of Civil Procedure do[] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  Indeed, district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-2630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (*citing Seven Springs L.P. v. Fox Capital Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007); *In re Valence Tech. Sec. Litig.*, No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994)).

Nor does the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "erect an automatic, blanket prohibition on any and all discovery before an antitrust plaintiff's complaint survives a motion to dismiss." *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008).  "While the *Twombly* Court was certainly concerned with the expense of discovery in antitrust cases, its resolution of this concern was to require plaintiffs to plead non-conclusory, factual allegations giving rise to a plausible claim or claims for relief. . . .  The Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge." *Id.* (citation omitted).

Here, there can be no suggestion that the Plaintiffs' Complaints fail to plead plausible claims.  Defendants' motions to dismiss do not even mention *Twombly*.  Nor could they.  In light of NHK Spring's guilty plea and TDK Corporation's leniency application, the plausibility of Defendants' conspiracy is not in doubt.  Although Defendants challenge Plaintiffs' standing, the Complaints

4

assert standard federal and state law claims of the kind that have survived motions to dismiss in numerous antitrust cases involving price-fixed component parts.  *See, e.g.*, *In re Automotive Parts Antitrust Litigation (Bearings)*, 50 F. Supp. 3d 836, 851, 855 (E.D. Mich. 2014) (finding Article III and antitrust standing at pleading stage where, *inter alia*, plaintiffs allege "they can trace overcharges through the distribution chain" and defendants argued "that the price-fixed product does not make up a substantial portion of the finished good's costs"); *In re: Automotive Parts Antitrust Litigation (Fuel Senders)*, 29 F. Supp. 3d 982, 998-99, 1002-03 (E.D. Mich. 2014) (finding Article III and antitrust standing at pleading stage notwithstanding defendants' assertion that the fuel sender part at issue was one of thousands in a vehicle); *see also In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420 YGR, 2014 WL 4955377, at *11 (N.D. Cal. Oct. 2, 2014) ("conclud[ing], as have numerous other rulings addressing similar allegations, that the [indirect purchaser plaintiffs] have adequately alleged facts that satisfy [*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519 (1983)] for pleading purposes"); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1156 (N.D. Cal. 2009) ("conclud[ing] that [indirect purchaser plaintiffs'] allegations are sufficient to establish standing at [the motion to dismiss] stage of the pleadings").

The Court should allow discovery to proceed.

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and lift the stay of written and document discovery, enabling this litigation to proceed at a reasonable pace.

DATED: April 24, 2020

Respectfully submitted,

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**

5

44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

***Interim Co-Lead Class Counsel for End-User Plaintiffs***

*/s/ Victoria Sims*
Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:  (202) 789-3960
Facsimile:   (202) 789-1813
vicky@cuneolaw.com

*/s/ Shawn M. Raiter*
Shawn M. Raiter
**LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Telephone:  (651) 312-6518
Facsimile:   (651) 789-4818
sraiter@larsonking.com

***Interim Co-Lead Class Counsel for the Reseller Plaintiffs***

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that concurrence to the filing of this document has been obtained for each signatory hereto.

*/s/ Christopher T. Micheletti*

6