Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

*Interim Co-Lead Class Counsel for End-User Plaintiffs*

Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
vicky@cuneolaw.com

Shawn M. Raiter
**LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Telephone: (651) 312-6518
Facsimile: (651) 789-4818
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for the Reseller Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Hard Disk Drives Suspension Assemblies Antitrust Litigation* <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 3:19-md-2918-MMC <br><br> **DECLARATION OF AARON M. SHEANIN IN SUPPORT OF END-USER AND RESELLER CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT THE DISCOVERY STAY** <br><br> Date: May 29, 2020 <br> Time: 9:00 a.m. <br> Location: Courtroom 7, 19th Floor <br> The Honorable Maxine M. Chesney |

I, Aaron M. Sheanin, declare as follows:

1. I am partner of the firm Robins Kaplan LLP and serve as Interim Co-Lead Class Counsel for End-User Plaintiffs. I make this declaration in support of End-User and Reseller Class Plaintiffs' Motion to Lift the Discovery Stay filed herewith. I have personal knowledge of the facts stated herein and, if called upon to do so, I could and would testify competently thereto.

2. This litigation arises out of a global conspiracy among the TDK and NHK Spring Defendants to fix prices of, and allocate market shares for, hard disk drive ("HDD") suspension assemblies.

3. On July 29, 2019, the U.S. Department of Justice ("DOJ") announced that Defendant NHK Spring Co., Ltd., ("NHK Spring") agreed to plead guilty and pay a $28.5 million fine for its role in the conspiracy. *See* Information at 2-3, *United States v. NHK Spring Co., Ltd.*, No. 2:19-cr-20503 (E.D. Mich. Sept. 23, 2019); Rule 11 Plea Agreement, *United States v. NHK Spring Co., Ltd.*, No. 2:19-cr-20503 (E.D. Mich. Sept. 23, 2019); Notice of Criminal Monetary Imposition, *United States v. NHK Spring Co., Ltd.*, No. 2:19-cr-20503 (E.D. Mich. Dec. 18, 2019).

4. Defendant TDK Corporation entered into an antitrust leniency agreement with the DOJ on behalf of itself and its subsidiaries pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA"), Public Law 108-237. *See* Dkt. No. 166 ¶ 52; Dkt. No. 167 ¶ 17.

5. On October 29, 2019, and prior to the appointment of lead counsel, filing of consolidated complaints, or the Rule 26(f) conference, the Court ordered that "[p]ending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed." Dkt. No. 3 at 3, ¶ 5.

6. End-User Plaintiffs and Reseller Plaintiffs (collectively, "Plaintiffs") and Defendants held a Rule 26(f) conference on January 23, 2020 in-person and January 30, 2020 telephonically. I attended both of those sessions. During the Rule 26(f) conference, Plaintiffs requested that Defendants informally produce documents and data provided to, or collected for, antitrust regulators ("Regulator Documents") and provided Defendants with a provisional request for production of such documents. Plaintiffs also asked Defendants to allow written and document

1

1. discovery related to structured data (e.g., spreadsheets and databases of transactional sales and costs data), non-structured data and documents (e.g., custodial and non-custodial emails, word processing documents, spreadsheets, presentations, and other records), and third party discovery during the pendency of any motions to dismiss. Because the production of structured data is often a time-consuming task that requires significant back-and-forth between the parties on the interpretation, completeness and supplementation of datasets, Plaintiffs expressed a desire to commence this process promptly to facilitate the timely progress of the litigation.

7. Defendants agreed to respond to Plaintiffs' request for production and produce the Regulator Documents, but resisted the initiation of any other discovery until after the Court rules on motions to dismiss. *See* Dkt. No. 150 (Jt. Case Mgmt. Stmt. dated Feb. 14, 2020) at 10 ("Defendants therefore oppose fully opening discovery prior to resolution of any Rule 12 motions as Plaintiffs suggest, and believe it is premature to undertake the high cost and burden of discovery, including any third-party discovery.").

8. On April 15 and 17, 2020, Defendants produced documents responsive to Plaintiffs' request for the Regulator Documents.

9. On February 19 and 20, 2020, Plaintiffs filed their consolidated class action complaints ("Complaints"). *See* Dkt. Nos. 153 & 154.

10. On April 17, 2020, Defendants filed an omnibus motion to dismiss both Complaints in which they challenged Plaintiffs' standing to bring antitrust claims, but did not contest the plausibility of Plaintiffs' conspiracy allegations. *See* Dkt. No. 192. Defendant SAE Magnetics (H.K.) Ltd. ("SAE") also filed a motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 191.

11. On April 21, 2020, two business days after Defendants filed their motions to dismiss, I wrote to Defendants that Plaintiffs intended to ask the Court to lift the stay of written and document discovery. Although I asked for Defendants' position on Plaintiffs' request, Defendants did not provide their positions by the time of the filing of this Motion.

12. On April 24, 2020, counsel for the TDK Defendants advised Plaintiffs that Defendants expect to have a position of the discovery stay to discuss on April 27, 2020. Plaintiffs

2

DECLARATION OF AARON M. SHEANIN IN SUPPORT OF END-USER AND RESELLER CLASS PLAINTIFFS'
MOTION AND MOTION TO LIFT THE DISCOVERY STAY, Case No. 3:19-md-2918

are filing this Motion now to satisfy the 35-day briefing schedule under Local Rule 7-2(a), so this Motion may be heard in connection with the next case management conference scheduled for May 29, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of April, 2020 at Oakland, California.

By: /s/ *Aaron M. Sheanin*
Aaron M. Sheanin

3

DECLARATION OF AARON M. SHEANIN IN SUPPORT OF END-USER AND RESELLER CLASS PLAINTIFFS' MOTION AND MOTION TO LIFT THE DISCOVERY STAY, Case No. 3:19-md-2918