UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 3:19-md-02918-MMC<br><br>MDL No. 2918<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING NON-DISCOVERABILITY OF CERTAIN EXPERT MATERIALS AND COMMUNICATIONS** |

The parties agree as follows regarding the timing and scope of any expert discovery in this case, and hereby agree and submit this stipulation and proposed order:

1. For purposes of these Actions, Rule 26(a)(2)(B)(ii) is modified to read: "the facts, data or other information relied on by the witness in forming them."

2. For purposes of these Actions, Rule 26(b)(4)(C)(ii) is modified to read: "the facts, data or other information that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

3. Within three business days of any party serving any expert reports and/or expert declarations in this case, the party or parties proffering the expert witness shall produce all documents and/or information required by Rule 26(a)(2)(B), as modified above, that have not already been produced including, but not limited to, underlying data, spreadsheets, computerized regression analyses and/or other underlying reports and schedules sufficient to reconstruct the expert witness's work, calculations, and/or analyses. The party or parties proffering the expert witness also shall produce all final data—whether previously produced as part of the discovery in this case or derived from such discovery—used by the expert witness and/or his or her computer code to generate the empirical results.

4. Information shall be produced electronically where appropriate, including but not limited to where production in non-electronic form would result in any loss of data or other information relied on or a significant reduction in accessibility. Where documents have previously been produced as part of the discovery in this case, the expert's report shall include the Bates numbers of such documents and separately identify the Bates numbers of the underlying data. As to other documents relied on by the expert that are widely-available publicly without undue expense (such as on the internet, or in major university libraries), and which have not previously been produced, those documents need only be produced upon request.

5. In addition to any materials referenced in Rule 26(b)(4) as well as any other materials subject to privilege or work product protection, the following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel[1] and an expert; (b) counsel and experts' staff and/or supporting firms; (c) experts and other experts or consultants and/or their staffs; and/or (d) experts and their respective staff, (2) drafts of any expert report or declaration, and (3) summaries, notes, drafts, or other types of preliminary work materials created by, or for, experts, or staff, employees, consultants, or contractors working at the direction of those experts. The foregoing exclusions from discovery do *not* apply to: (i) any communications, documents, data, or other materials upon which any expert relies as a basis for his or her opinions or reports (excluding preliminary work or drafts created by or for the expert); or (ii) any notes or summary made by any expert or consultant, or member of their staff, of any conversation between an expert and any percipient witness in which the expert learns facts on which he or she relies in arriving at an opinion, regardless of the manner in which such notes or summaries are prepared. For the avoidance of doubt, if any expert or consultant, or member of their staff, make notes or a summary of a conversation within the scope of subsection (ii), above, in a draft report, and those notes or summary exist only in a draft report, then only the notes or summary in that draft report will be subject to discovery, and the remainder of the draft report will be redacted. The parties shall not be obligated to include any information excluded from discovery under this paragraph on any privilege log.

6. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information subject to discovery, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

---

[1] The term "counsel" encompasses attorneys and in-house counsel acting in legal capacity for any parties that share a common interest.

**PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

DATED:

_____
HONORABLE MAXINE M. CHESNEY
United States District Judge

Dated: May 1, 2020

*/s/ Victoria Sims*
Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
vicky@cuneolaw.com


*/s/ Shawn M. Raiter*
Shawn M. Raiter
**LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Telephone: (651) 312-6518
Facsimile: (651) 789-4818
sraiter@larsonking.com

***Interim Co-Lead Class Counsel for the Reseller Plaintiffs***


*/s/ Christopher T. Micheletti*
Christopher T. Micheletti
**ZELLE LLP**
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com


*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

Dated: May 1, 2020

*/s/ Mark H. Hamer*
Mark H. Hamer
**BAKER MCKENZIE LLP**
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 452-7077
Facsimile: (202) 416-7177
mark.hamer@bakermckenzie.com

*/s/ Craig Y. Lee*
Craig Y. Lee
**HUNTON ANDREWS KURTH**
2200 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
craiglee@hunton.com

***Counsel for Defendants NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd., and NAT Peripheral (H.K.) Co., Ltd.***


*/s/ J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 739-5860
Facsimile: (202) 739-3001
clay.everett@morganlewis.com

***Counsel for Defendants TDK Corporation, Hutchinson Technology Inc., Headway Technologies, Inc., Magnecomp Precision Technology Public Co., Ltd., and SAE Magnetics (H.K.) Ltd.***

*Interim Co-Lead Class Counsel for the End-User Plaintiffs*

*/s/ Kenneth R. O'Rourke*
Kenneth R. O'Rourke
**WILSON SONSINI GOODRICH & ROSATI**
Kenneth R. O'Rourke, SBN 120144
Jeff VanHooreweghe, SBN 313371
One Market Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
korourke@wsgr.com

*Counsel for Seagate Plaintiffs*

## ATTORNEY ATTESTATION

I, Aaron M. Sheanin, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin

*Interim Co-Lead Class Counsel for the End-User Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 1, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin

*Interim Co-Lead Class Counsel for the End-User Plaintiffs*