**BAKER & McKENZIE LLP**
Mark. H. Hamer (State Bar No. 156997)
mark.hamer@bakermckenzie.com
Mark G. Weiss (*Pro Hac Vice*)
mark.weiss@bakermckenzie.com
815 Connecticut Avenue, NW
Washington, D.C. 20006
Tel: (202) 452-7000
Fax: (202) 416-7177

**BAKER & McKENZIE LLP**
Christina M. Wong (State Bar No. 288171)
christina.wong@bakermckenzie.com
Two Embarcadero Center, Suite 1100
San Francisco, California 94111
Telephone: (415) 576-3000
Fax: (415) 576-3099

*Attorneys for Defendants
NHK Spring Co., Ltd., NHK International
Corporation, NHK Spring (Thailand) Co., Ltd.,
NAT Peripheral (Dong Guan) Co., Ltd. and
NAT Peripheral (H.K.) Co., Ltd.*

**MORGAN, LEWIS & BOCKIUS LLP**
J. Clayton Everett, Jr. (*pro hac vice*)
clay.everett@morganlewis.com
Scott A. Stempel (*pro hac vice*)
scott.stempel@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

**MORGAN, LEWIS & BOCKIUS LLP**
C. Cecilia Wang, SBN 314125
cecilia.wang@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

*Attorneys for Defendants TDK Corporation,
Magnecomp Precision Technology Public
Co. Ltd., Magnecomp Corporation, SAE
Magnetics (H.K.) Ltd., and Hutchinson
Technology Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation<br><br>———————————————————<br><br>THIS DOCUMENT RELATES TO<br><br>RESELLER AND END-USER ACTIONS | Case No. 3:19-md-02918-MMC<br><br>MDL No. 2918<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (1) END-USERS' CONSOLIDATED CLASS ACTION COMPLAINT AND (2) RESELLER PLAINTIFFS' CORRECTED CONSOLIDATED AMENDED COMPLAINT**<br><br>Date: July 17, 2020<br>Time: 9:00 a.m.<br>Crtrm: 7, 19th Floor<br>Before: The Hon. Maxine M. Chesney |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

# **TABLE OF CONTENTS**

Page No.

INTRODUCTION ........................................................................................................ 1

I.    THE CLAYTON CLAIMS FAIL UNDER *ILLINOIS BRICK*'S BRIGHT-LINE
      RULE. ................................................................................................................. 1

II.   IPPS CANNOT SEEK INJUNCTIVE RELIEF UNDER THE CLAYTON ACT. ................ 2

III.  IPPS LACK ARTICLE III STANDING. ...................................................................... 3

      A.    The Ratio of Component Cost to Finished Product Price Defeats Standing. .............. 3

      B.    IPPs' Alleged Injuries Fail the Traceability Requirement. ........................................ 4

      C.    IPPs Admit that Neither Class Properly Identifies the Downstream Market ............... 4

IV.   NON-RESIDENT RESELLERS LACK STANDING UNDER 24 STATE LAWS. .............. 5

V.    THE *AGC* FACTORS SHOW THAT IPPS LACK ANTITRUST STANDING. .................. 6

      A.    *AGC*'s Antitrust Standing Requirements Apply to the State Claims. ........................ 6

      B.    The Complaints Should Be Dismissed for Lack of Antitrust Standing. ...................... 9

            1.    Factor 1: The Alleged Markets Are Not Inextricably Intertwined. ................ 9

            2.    Factors 2 & 3: The Alleged Injury Is Indirect and Speculative. .................. 10

            3.    Factors 4 & 5: IPPs' Damages Are Duplicative and Cannot Be
                  Adequately Apportioned. ............................................................................... 10

VI.   IPPS' NEW HAMPSHIRE AND RHODE ISLAND ANTITRUST CLAIMS FAIL. .......... 11

VII.  IPPS' CONSUMER PROTECTION CLAIMS FAIL UNDER STATE LAW. ................... 11

      A.    IPPs Allege Nothing Unconscionable Under Arkansas or New Mexico Law .......... 11

      B.    The Arkansas, Colorado, Montana, South Carolina, and Virginia Prohibitions
            of Consumer-Protection Class Actions are Substantive State Statutes. ................... 12

      C.    IPPs Lack Statutory Standing as "Consumers" in Six Jurisdictions. ...................... 14

      D.    Failure to Meet Rule 9(b) Pleading Requirements Requires Dismissal. .................. 15

      E.    IPPs Fail to Allege Intrastate Conduct By Defendants. ............................................ 15

      F.    Price-Fixing is Not an Enumerated Violation in Nine States. ................................. 16

      G.    No "Reliance" on Deceptive Conduct. ..................................................................... 17

VIII. THE UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED. ........................... 17

CONCLUSION .......................................................................................................... 17

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

# TABLE OF AUTHORITIES

**Page No.**

## Cases

*Acacia Communs., Inc. v. ViaSat, Inc.*,
35 Mass. .............................................................................................................16

*In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*,
No. 09 MDL 2007-GW(PJWx), 2009 U.S. Dist. LEXIS 133088
(C.D. Cal. July 6, 2009) ........................................................................................8

*In re Aftermarket Filters Antitrust Litig.*,
No. 08 C 4883, 2009 U.S. Dist. LEXIS 104114 (N.D. Ill. Nov. 5, 2009 .....................11

*Princeton Ins. Agency v. Erie Ins. Co.*,
No. 04-C-784-F, 2008 ............................................................................................8

*In re Aluminum Warehousing Antitrust Litig.*,
No. 13-md-2481 (KBF), 2014 U.S. Dist. LEXIS 121435
(S.D.N.Y. Aug. 29, 2014) .....................................................................................10

*In re Auto. Parts Antitrust Litig.*,
29 F. Supp. 3d 982 (E.D. Mich. 2014) ...............................................................4, 11

*In re Auto Parts Antitrust Litig.*,
50 F. Supp. 3d 869 (E.D. Mich. 2014) ..................................................................11

*In re Auto. Parts Antitrust Litig.*,
No. 12-md-02311, 2014 U.S. Dist. LEXIS 61635 (E.D. Mich. Apr. 30, 2014) ............4

*In re Auto. Parts Antitrust Litig.*,
No. 12-MD-02311, 2015 U.S. Dist. LEXIS 189606 (E.D. Mich. May 1, 2015)...........14

*In re Automotive Parts Antitrust Litig.* (*Bearings*)
50 F. Supp. 3d 836 (E.D. Mich. 2014) ..................................................................11

*In re Automotive Parts Antitrust Litig.* (*Ceramic Substrates*),
No. 12-md-02311, 2017 U.S. Dist. LEXIS 221151 (E. D. Mich. May 5, 2017) ..........11

*In re Capacitors Antitrust Litig.*,
106 F. Supp. 3d 1051 (N.D. Cal. 2015) .............................................................5, 17

*Carpenter v. Petsmart, Inc.*,
No. 19-CV-1731-CAB-LL, 2020 U.S. Dist. LEXIS 35459
(S.D. Cal. Mar. 2, 2020)........................................................................................5

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 07-CV-5944 SC, 2010 U.S. Dist. LEXIS 145797 (N.D. Cal. Sept. 30, 2010) .................9, 11

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. M-07-5944 SC,
2010 U.S. Dist. LEXIS 145796 (N.D. Cal. Oct. 27, 2010)....................................9, 11

*In re Chrysler-Dodge-Jeep Ecodiesel Litig.*,
295 F. Supp. 3d 927 (N.D. Cal. 2018) .........................................................6

*Crayton v. Concord EFS, Inc. (In re ATM Fee Antitrust Litig.)*,
686 F.3d 741 (9th Cir. 2012) ..................................................................1

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*,
No. 9-CV-3690, 2015 U.S. Dist. LEXIS 84152 (N.D. Ill. June 29, 2015) ...................12

*In re De Laurentiis Entm't Grp., Inc.*,
963 F.2d 1269 (9th Cir. 1992) ...............................................................17

*In re Dealer Mgmt. Sys. Antitrust Litig*,
362 F. Supp. 3d 510 (N.D. Ill. 2019) ........................................................16

*Del. Valley Surgical Supply, Inc. v. Johnson & Johnson*,
523 F.3d 1116 (9th Cir. 2008) ...............................................................2

*Donna v. Countrywide Mortg.*,
No. 14-CV-03515-CBS, 2015 U.S. Dist. LEXIS 172059 (D. Colo. Dec. 28, 2015)...................15

*Duran v. Clover Foods Co.*,
616 F. Supp. 790 (D. Colo. 1985)............................................................15

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (Cal. Ct. App. 2010) ...............................................17

*In re Dynamic Random Access Memory Antitrust Litig.*,
516 F. Supp. 2d 1072 (N.D. Cal. 2007) ...............................................9, 10, 16

*Eldridge v. Eldridge*,
136 N.H. 611 (N.H. 1993) ...................................................................11

*Fla. Dig. Network, Inc. v. N. Telecom, Inc*,
No. 6:06-CV-889-Orl-31JGG, 2006 U.S. Dist. LEXIS 61983
(M.D. Fla. Aug. 30, 2006) ..................................................................15

*In re Flash Memory Antitrust Litig.*,
643 F. Supp. 2d 1133 (N.D. Cal. 2009) .......................................................8

*Freeman Indus. LLC v. Eastman Chem. Co.*,
172 S.W.3d 512 (Tenn. 2005).................................................................7

*Friedman v. Dollar Thrifty Automotive Group*,
12-cv-02432-WYD-KMT, 2015 U.S. Dist. LEXIS 85698 (D. Col. July 1, 2015)...................13

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000).................................................................................................2, 3

*Geico Corp. v. Autoliv, Inc.*,
    345 F. Supp. 3d 799 (E.D. Mich. 2018)...................................................................11

*In re Glumetza Antitrust Litig.*,
    No. C 19-05822 WHA, 2020 U.S. Dist. LEXIS 39649 (N.D. Cal. Mar. 5, 2020) .........5

*Goldstein v. GM LLC*,
    No. 3:19-CV-01778-H-AHG, 2020 U.S. Dist. LEXIS 64851
    (S.D. Cal. Apr. 13, 2020) .........................................................................................5

*Goodrich v. E.F. Hutton Group, Inc.*,
    542 A.2d 1200 (Del. Ch. 1988)................................................................................15

*In re Graphics Processing Units Antitrust Litig.*,
    527 F. Supp. 2d 1011 (N.D. Cal. 2007)...................................................................12

*In re Graphics Processing Units Antitrust Litig.*,
    540 F. Supp. 2d 1085 (N.D. Cal. 2007)..................................................................7, 8

*Ill. Brick Co. v. Illinois*,
    431 U.S. 720 (1977).................................................................................................8

*Jones v. Micron Tech., Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) ............................................................ *passim*

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
    232 F.3d 979 (9th Cir. 2000) (California).................................................................7

*KPS & Assocs., Inc. v. Designs By FMC, Inc.*,
    318 F.3d 1 (1st Cir. 2003).......................................................................................15

*In re Lidoderm Antitrust Litig.*,
    103 F. Supp. 3d 1155 (N.D. Cal. 2015) ..............................................................12, 16

*In re Lithium Ion Batteries Antitrust Litig.*,
    No. 13-MD-2420 YGR, 2014 U.S. Dist. LEXIS 141358 (N.D. Cal. Oct. 2, 2014) ............. *passim*

*Loeb Indus. v. Sumitomo Corp.*,
    306 F.3d 469 (7th Cir. 2002) ...................................................................................2

*Lorenzo v. Qualcomm Inc.*,
    603 F. Supp. 2d 1291 (S.D. Cal. 2009)...................................................................17

*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*,
    No. 13-cv-01180-BLF, 2015 U.S. Dist. LEXIS 106292 (N.D. Cal. Aug. 11, 2015)..................4, 5

iv

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

*In re Magnesium Oxide Antitrust Litig.*,
  2011 U.S. Dist. LEXIS 121373 (D.N.J. Oct. 20, 2011)............................................4

*Marolda v. Symantec Corp.*,
  672 F. Supp. 992 (N.D. Cal. 2009) .......................................................................17

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015) ................................................................................5

*Mothershed v. Justices of the Supreme Court*,
  410 F.3d 602 (9th Cir. 2005) (Arizona)..................................................................7

*Motorola Mobility LLC v. AU Optronics Corp.*,
  775 F.3d 816 (7th Cir. 2014) ..................................................................................2

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  241 F.R.D. 77 (D. Me. 2007)................................................................................14

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  350 F. Supp. 2d 160 (D. Me. 2004) (dismissing Colorado, Delaware, Michigan,
  South Dakota, and Virginia claims)......................................................................16

*Oregon Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris, Inc.*,
  185 F.3d 957 (9th Cir. 1999) .................................................................................7

*In re Packaged Seafood Prods. Antitrust Litig.*,
  242 F. Supp. 3d 1033 (S.D. Cal. 2017).................................................................15

*Patterson Dental Co. v. McGaughey*,
  85-cv-469, 1985 WL 25732 (D. Or. Dec. 9, 1985)................................................7

*In re Processed Egg Prods. Antitrust Litig.*,
  851 F. Supp. 2d 867 (E.D. Pa. 2012) ..................................................................4, 6

*In re Qualcomm Antitrust Litig.*,
  292 F. Supp. 3d 948 (N.D. Cal. 2017) .................................................................3, 4

*In re: Refrigerant Compressors Antitrust Litig.*,
  2013 U.S. Dist. LEXIS 50737 (E.D. Mich. April 9, 2013)...............................14, 16

*Robey v. Parnell*,
  392 P.3d 642 (N.M. Ct. App. 2017) .....................................................................12

*Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis*,
  15-cv-6549, 2018 U.S. Dist. LEXIS 220574 (S.D.N.Y. Dec. 26, 2018)................15

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
  737 F. Supp. 2d 380 (E.D. Pa. 2010) ...................................................................16

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

*Soto v. Bushmaster Firearms Int'l, LLC*,
  202 A.3d 262 (2019) ......................................................................................................8

*Southard v. Visa U.S.A. Inc.*,
  734 N.W.2d 192 (Iowa 2007) .......................................................................................7, 8

*Staley v. Gilead Scis., Inc.*,
  No. 19-cv-02573-EMC, 2020 U.S. Dist. LEXIS 36747 (N.D. Cal. March 3, 2020)...................14

*Standard Oil Co. of Ky. v. State ex rel. Attorney Gen.*,
  107 Miss. 377 (Miss. 1914) ..............................................................................................7

*In re Static Random Access Memory Antitrust Litig. (SRAM)*,
  No. 07-MD-0819 CW, 2010 U.S. Dist. LEXIS 131002 (N.D. Cal. Dec. 8, 2010)..................3, 12

*Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*,
  902 F.3d 735 (7th Cir. 2018) ............................................................................................9

*In re TFT-LCD Antitrust Litig.*,
  586 F. Supp. 2d 1109 (N.D. Cal. 2008) .............................................................................3

*In re TFT-LCD Antitrust Litig.*,
  787 F. Supp. 2d 1036 (N.D. Cal. 2011) ...........................................................................12

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. M 07-1827 SI, 2012 U.S. Dist. LEXIS 9449 (N.D. Cal. Jan. 26, 2012)................................4

*United States v. Concentrated Phosphate Exp. Ass'n*,
  393 U.S. 199 (1968)......................................................................................................2, 3

*United States v. Or. State Med. Soc'y*,
  343 U.S. 326 (1952).......................................................................................................2, 3

*Vacco v. Microsoft Corp.*,
  793 A.2d 1048 (2002)........................................................................................................8

*In re Wellbutrin XL Antitrust Litig.*,
  756 F. Supp. 2d 670 (E.D. Pa. 2010) ..............................................................................13

## Statutes and Rules

Fed. R. Civ. P. 9(b) ............................................................................................................15

Fed. R. Civ. P. 23 ..............................................................................................................13

Ark. Code Ann. § 4-88-113................................................................................................13

Colo. Rev. Stat. § 6-1-113 .................................................................................................13

Conn. Pub. Act 18-22.........................................................................................................8

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Mont. Code Ann. § 30-14-133(1) ............................................................................................13, 14

N.H. Rev. Stat. Ann. § 356:11 .......................................................................................................11

N.M. Stat. Ann. § 57-12-2(E) ........................................................................................................12

Or. Rev. Stat. § 646.715(2) ..............................................................................................................7

Or. Rev. Stat. § 646.780 ................................................................................................................11

R.I. Gen. Laws § 6-36-12 .................................................................................................................6

S.C. Code Ann. § 39-5-140(a) .......................................................................................................14

Va. Code Ann. § 59.1-204 .............................................................................................................14

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Indirect Purchaser Plaintiffs' (IPPs') Opposition (D.E. 226, "Opp.") confirms that Defendants' Motion to Dismiss (D.E. 192, "Motion") should be granted. First, IPPs invite this Court to ignore the bright-line *Illinois Brick* rule barring Clayton Act damages claims for indirect purchasers. IPPs similarly seek injunctive relief from conduct they themselves have alleged is not likely to recur. IPPs' federal claims must be dismissed.

Second, IPPs lack Article III and antitrust standing. IPPs allege the most complex and attenuated supply chain of any indirect purchaser antitrust case cited in the briefing. They are distant downstream purchasers of widely diverse products that contain tiny components-within-components allegedly price-fixed. They cannot deny that others higher up the supply chain are better positioned to assert claims. They have not alleged facts sufficient to suggest traceable injury, a plausible correlation between component and end-product prices, or even clearly defined end-product markets. Additionally, Resellers seek to bring claims under the laws of 24 states where no named plaintiff even resides or was injured. Resellers' attempt to defer this deficiency until class certification has been rejected by numerous Ninth Circuit decisions. IPPs' claims must be dismissed for lack of standing.

Third, IPPs' state-law claims suffer numerous fatal state-specific defects. Indeed, in response to Defendant's Motion, IPPs' Opposition abandons two state-law claims (and Resellers abandon a third), requiring that the Motion be granted as to those claims. For others, IPPs' arguments cannot withstand the weight of federal and state authorities requiring dismissal.

Finally, IPPs recast their unjust enrichment claims as quasi-contractual claims, but have failed to plead any quasi-contractual relationship or explain what benefit Defendants received from IPPs. All claims should be dismissed.

## I. THE CLAYTON CLAIMS FAIL UNDER *ILLINOIS BRICK*'S BRIGHT-LINE RULE.

IPPs ask this court to disregard *Illinois Brick*'s "bright-line rule": "only direct purchasers have standing under § 4 of the Clayton Act to seek damages for antitrust violations." *Crayton v. Concord EFS, Inc. (In re ATM Fee Antitrust Litig.)*, 686 F.3d 741, 748 (9th Cir. 2012) (emphasis added). IPPs' tenuous policy arguments—unsupported by any case—cannot override this straightforward directive.[1]

---

[1] Even IPPs' claims to be the first U.S. purchasers are undermined by their own allegations suggesting

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

*Del. Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1122-24 (9th Cir. 2008) ("The Supreme Court intended to make a bright line rule for identifying the proper plaintiff" and "*Illinois Brick* is not a policy holding, but rather a case of statutory construction.") (internal citation omitted). The out-of-circuit decisions IPPs cite do not even support their position. *See Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816, 821 (7th Cir. 2014) ("[T]he indirect-purchaser doctrine cuts off analysis at the first level."); *Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 482 (7th Cir. 2002) (explaining that plaintiffs are direct purchasers "not indirect purchasers along a supply chain").[2] Indeed, in *Motorola Mobility LLC*, the Seventh Circuit *rejected* IPPs' proposed policy argument to allow U.S.-based indirect purchasers to pursue antitrust actions involving foreign component manufacturers. 775 F.3d at 821. As held in *Apple v. Pepper* just last year, there is "no reason to ask whether the rationales of *Illinois Brick* 'apply with equal force' in every individual case. We should not engage in 'an unwarranted and counterproductive exercise to litigate a series of exceptions.'" 139 S. Ct. 1514, 1524 (2019) (quoting *Kansas v. UtiliCorp United Inc.*, 497 U. S. 199, 216-17 (1990)). The Court should decline IPPs' invitation "to gut the longstanding [*Illinois Brick*] bright-line rule." *Id.* at 1522.

## II.     IPPS CANNOT SEEK INJUNCTIVE RELIEF UNDER THE CLAYTON ACT.

The injunctive relief claim should be dismissed because IPPs fail to allege facts suggesting a threat of future violations. In fact they affirmatively plead facts to the contrary. IPPs do not dispute that the "sole function" of injunctive relief is to "forestall future violations" and that such claims require a "real threat of future violation." *See United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333-34 (1952).[3] Yet, IPPs fail to allege any facts suggesting such a threat. Instead, IPPs rely solely

---

this is not always the case, *see* EUC ¶ 153 ("most US-based OEMs" purchase abroad "in whole or in part") and logically End-Users and Resellers cannot both be the first U.S. purchasers.

[2] IPPs cannot even find a supportive *amicus* brief. *See Motorola Mobility LLC*, 775 F.3d at 818-20 (observing the DOJ *amicus* "brief is less than sanguine on whether Motorola can obtain damages" and "disclaims taking any position on the applicability of the doctrine to this case."); *see also id.* ("[T]he Department does not suggest that the defendants' conduct gave rise to an antitrust damages remedy for Motorola."). To the extent the *amicus* took a position, the Seventh Circuit rejected it.

[3] In fact, IPPs' own cases acknowledge injunctive relief is not available in cases like this where "the likelihood of further violations is sufficiently remote to make injunctive relief unnecessary." *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (same).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

on conduct that occurred years ago. Worse for IPPs, their complaint affirmatively pleads the sort of "overt and visible reversal of policy" and "extensive operations" that prevent injunctive claims. *Or. Id.* at 334; *see also* EUC ¶¶ 109, 111-12.

IPPs' attempt to liken NHK's overhaul to the "voluntary" changes in *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199 (1968) fails. The *Phosphate* defendants claimed continued misconduct was "uneconomical" based solely on defendants' "own statements." *Id.* at 203. In contrast, IPPs do not plead minor changes of convenience but substantial, lasting commitments. *See* EUC ¶¶ 109, 111-12.[4]

## III. IPPS LACK ARTICLE III STANDING.

### A. The Ratio of Component Cost to Finished Product Price Defeats Standing.

Contrary to IPPs' argument, the standing cases on which IPPs rely universally considered plaintiffs' allegations regarding the relationship between the price of the component and the end product. Unlike here, the relationship in the cases cited by IPPs was strong: "the retail price of the product is determined in substantial part by the cost of the [battery] it contains" in *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 U.S. Dist. LEXIS 141358, at *91 (N.D. Cal. Oct. 2, 2014) ("*LIB*"), a "substantial part" of the handset cost in *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 968 (N.D. Cal. 2017) ("*Qualcomm*"), and 60% to 70% of the cost in *In re TFT-LCD Antitrust Litig.*, 586 F. Supp. 2d 1109, 1124 (N.D. Cal. 2008). By contrast, IPPs have alleged tiny component costs here, RSC ¶ 98, and admitted that suspensions may be "inexpensive relative to the price of Finished Products[.]" Opp. at 9.

IPPs do not refute the cases cited by Defendants finding no standing where the component cost was minimal. *See, e.g.*, *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 908 n.2 (N.D. Cal. 2019) (plaintiffs failed to explain "how much a DRAM component [made] up of the final cost of each type of DRAM Product," which would be necessary to "illustrate[] the degree to which a DRAM Product's

---

[4] In *SRAM*, unlike here, the complaint alleged a "continuing conspiracy" and stands only for the limited proposition that a definite class period does not necessarily bar injunctive relief, a point not advanced here. 264 F.R.D. 603, 611 (N.D. Cal. 2009). In *TFT-LCD*, the complaint similarly alleged a "[c]ontinuing agreement." 267 F.R.D. 583, 596 (N.D. Cal. 2010). And both cases involved a "multi-company cartel" with a number of competitors, *see id.*, whereas here there are only two Defendants, both alleged to have ceased any infringing conduct and cooperated with government regulators.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

cost is dependent upon or tied to DRAM cost."); *In re Magnesium Oxide Antitrust Litig.*, 2011 U.S. Dist. LEXIS 121373, at *22 (D.N.J. Oct. 20, 2011) (dismissing for lack of standing a class of purchasers of products containing a mineral because it will "have a minimal foreseeable effect on the price of products containing trace amounts"). IPPs' allegations and concessions in their Opposition defeat standing. RSC ¶ 98; Opp. at 9.

**B.    IPPs' Alleged Injuries Fail the Traceability Requirement.**

IPPs stand farther from the alleged price-fixed transaction than any indirect purchaser in any prior standing decision. All involved transactions are two to three levels removed from the defendants. Mot. at 9. IPPs allege a supply chain of up to seven levels. *Id.* at 3-4. IPPs' effort now to characterize the supply chain as shorter is contradicted by their own allegations. Indeed, IPPs ignore the first link in the chain that they pleaded (head gimbal assemblers), as well as the alleged role of intermediate distributors. *See* RSC ¶¶ 45, 55, 78; EUC ¶ 139, 149.[5]

None of the cases on which IPPs rely involved a comparably long chain of commerce. *See, e.g.*, *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 990, 998 (E.D. Mich. 2014) ("*Fuel Senders*") (involving just four *total* levels, including the defendants, with only OEMs between the defendants and the first group of plaintiffs); *LIB*, 2014 U.S. Dist. LEXIS 141358, at *55-*56, *97 (involving only four total levels, including defendants, because the "first and second" levels were both actions by defendants *before* the first sale).[6] IPPs' supply chain is incontrovertibly more complex.

**C.    IPPs Admit that Neither Class Properly Identifies the Downstream Market.**

End-Users and Resellers allege different finished products, Opp. at 9, and allege that these lists

---

[5] IPPs criticize Defendants' citations to antitrust standing analysis when discussing Article III standing, Opp. at 7, n.3, but that is misplaced: *AGC* Factors 2 and 3 "largely overlap[] with the Article III analysis." *Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, No. 13-cv-01180-BLF, 2015 U.S. Dist. LEXIS 106292, at *59 (N.D. Cal. Aug. 11, 2015) ("*Los Gatos*").

[6] The other *Fuel Senders* case is distinguishable because the plaintiff "purchased Fuel Senders directly from Defendants" and is the "direct victim of the alleged conspiracy." *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2014 U.S. Dist. LEXIS 61635, at *107, *126 (E.D. Mich. Apr. 30, 2014). IPPs' other citations are also far afield, as none addressed Article III traceability. *Processed Egg*, 851 F. Supp. 2d at 885-87 addressed a failure to allege intrastate effects under four state statutes. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 U.S. Dist. LEXIS 9449, at *35 (N.D. Cal. Jan. 26, 2012) addressed ascertainability in class certification where there were no detailed product records. *Qualcomm*, 292 F. Supp. 3d at 968 was an opinion on market participation, where (unlike here) the cost of the chipsets "substantially influence[d] the retail price" of the end products.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

are not even exhaustive. EUC ¶ 87; RSC ¶ 2. This admission establishes they have not identified the end-product markets. And, as in *Jones*, this failure is fatal. *See Jones*, 400 F. Supp. 3d at 908.

IPPs never even attempt to allege makes, models, or brands, which also dooms their standing argument. *See id.* at 907. IPPs do not identify which specific products the named plaintiffs purchased and from whom. *Id.* at 907-08; *Los Gatos*, 2015 U.S. Dist. LEXIS 106292, at *48-*51 (requiring the same). This case presents a prime example of the type of "sprawling indefinite markets [that] are readily dismissed by the courts for lack of Article III and antitrust standing." *Los Gatos*, 2015 U.S. Dist. LEXIS 106292, at *48; *see also In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1059-60 (N.D. Cal. 2015) ("*Capacitors*") (directing end-user class to be removed from any amended complaint because of multi-product downstream market). All of IPPs' claims should be dismissed for lack of Article III standing.

## IV.    NON-RESIDENT RESELLERS LACK STANDING UNDER 24 STATE LAWS.

Resellers do not deny that they lack resident plaintiffs for 24 of the 29 asserted state laws. Nor do they deny that Article III standing "must be measured claim-by-claim," and they lack standing "to bring claims under the laws of states where they have alleged no injury, residence, or other pertinent connection." *Jones,* 400 F. Supp. 3d at 909 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). Instead, Resellers argue that the Court should not decide standing until class certification, relying on *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015). Courts across the Ninth Circuit have expressly rejected this exact argument. *See e.g.*, *Jones*, 400 F. Supp. 3d at 908-11 (dismissing non-resident state claims in an antitrust class action for lack of standing and clarifying that "*Melendres* does not . . . stand for the proposition that this Court must delay its consideration of standing"); *Goldstein v. GM LLC*, No. 3:19-CV-01778-H-AHG, 2020 U.S. Dist. LEXIS 64851, at *38 (S.D. Cal. Apr. 13, 2020) (same); *Carpenter v. Petsmart, Inc*., No. 19-CV-1731-CAB-LL, 2020 U.S. Dist. LEXIS 35459, at *24-27 (S.D. Cal. Mar. 2, 2020) (same). Resellers have no answers for these cases.

Indeed, this year, Judge Alsup rejected the very argument that Resellers advance here. *In re Glumetza Antitrust Litig*., No. C 19-05822 WHA, 2020 U.S. Dist. LEXIS 39649, at *37-40 (N.D. Cal. Mar. 5, 2020) ("Plaintiffs respond that this reasoning "conflates standing and class certification" and contravenes *Melendres*. Not so. . . . The short distinction is that <u>*Melendres* did not address the</u>

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

circumstance here, where plaintiffs raise claims under several jurisdictions where they were not harmed.") (emphasis added). In short, "a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones*, 400 F. Supp. 3d at 908.[7]

This fatal standing defect "does not arise as a result of, or invoke, issues relating to class certification or implicate the standing of proposed class members." *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 882 n.11 (E.D. Pa. 2012) ("*Processed Egg*"). While the analyses for Article III standing and class certification may overlap, they serve separate purposes. *Id.* Resellers' claims under the laws of 24 states where they do not reside must be dismissed.

## V. THE *AGC* FACTORS SHOW THAT IPPS LACK ANTITRUST STANDING.

### A. *AGC*'s Antitrust Standing Requirements Apply to the State Claims.

Whether the AGC antitrust standing test applies requires a state-by-state analysis. *Jones*, 400 F. Supp. 3d 914. Twelve of IPPs' state-law claims can be dismissed without analyzing the application of the *AGC* factors to the applicable statute. First, four of these states lack an *Illinois Brick* repealer statute.[8] Second, IPPs withdrew claims under Alabama and Alaska law, Opp. at 20, and Resellers have withdrawn their claims under Vermont law, *see* Opp. at 27. Third, IPPs fail to demonstrate that Maryland or Rhode Island confer anyone other than the State Attorneys General standing to sue on behalf of indirect purchasers. *See Motion* at 21, 35; Opp. at 20, 35. IPPs' claim that Md. Com. Law Code Ann. § 11-209(b)(2)(i) affords individual standing to sue for an indirect purchase relies on the wrong version of the statute, which went into effect in 2017. The statute at the time of the alleged conspiracy permits only the "United States, the State, or any political subdivision" to bring actions for "indirect[]" harm. MD. COM. LAW CODE ANN. § 11-209(b)(2)(ii) (amended by 2017 Md. HB 1415). IPPs rely on a version of the Rhode Island statute that was not enacted until 2013. *See* R.I. GEN. LAWS

---

[7] Resellers also rely on *In re Chrysler-Dodge-Jeep Ecodiesel Litig.*, 295 F. Supp. 3d 927, 953-56 (N.D. Cal. 2018), which *Jones* declined to follow as an "outlier" given the "multiple opinions issuing from district courts in the Ninth Circuit." 400 F. Supp. 3d at 910. This Court should also so decline.

[8] Courts have dismissed claims under the Delaware, Missouri, New Jersey, and Virginia state consumer protection statutes because of this deficiency. *See* Motion, App. C(8).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

§ 6-36-12 (amended by 2013 R.I. SB 840).[9] Fourth, Mississippi, Tennessee, and North Carolina law claims must likewise be dismissed because IPPs have not alleged anticompetitive conduct within that state's borders. IPPs' own case confirms Mississippi requires the "majority of an antitrust conspiracy occur within the state."[10] Nor does *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512 (Tenn. 2005) demand a different result for Tennessee, as that case considered "the *effects* of the conduct on Tennessee commerce" and affirmed dismissal where the only intrastate conduct alleged was that the defendant took orders and implemented sales in Tennessee. *Id.* at 523. The IPPs' allegation of a global conspiracy also precludes their North Carolina claim, which addresses "primarily local concerns." *See ITCO Corp. v. Michelin Tire Corp.*, Commercial Div., 722 F.2d 42, 48 n.9 (4th Cir. 1983).

IPPs' remaining state-law claims should be dismissed. IPPs cite a string of lower court decisions to argue that Arizona, California, and Oregon would not apply the *AGC* factors, but the Ninth Circuit has already rejected those arguments. *See Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 609-10 (9th Cir. 2005) (Arizona); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 987 (9th Cir. 2000) (California); *Oregon Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris, Inc.*, 185 F.3d 957, 963-66 n.4 (9th Cir. 1999) (Oregon).[11]

IPPs' attempts to distinguish the remaining rulings are meritless, because none of their proposed distinctions impact the legal question of whether the *AGC* factors apply. For instance, IPPs attempt to distinguish the line of *Visa* cases[12] on the grounds that the plaintiffs were not indirect

---

[9] The cited provision merely limits the scope of *suits parens patriae*; it creates no private right.

[10] *See In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1099 (N.D. Cal. 2007) ("*GPU II*"), 540 F. Supp. 2d at 1099 ("Mississippi law requires that the majority of an antitrust conspiracy occur within the state.") (citing *Standard Oil Co. of Ky. v. State ex rel. Attorney Gen.*, 107 Miss. 377 (Miss. 1914)). And their remaining cases simply ignore the Mississippi Supreme Court's holding in *Standard Oil Co.*

[11] Contrary to IPPs' argument that *Patterson Dental Co. v. McGaughey* did not analyze whether Oregon applies *AGC*, the decision expressly states that its "discussion of federal law also applies to defendant's state antitrust counterclaim" because ORS 646.715(2) provides that the decisions of federal courts construing federal antitrust laws are persuasive authority in interpreting Oregon's antitrust laws." *Patterson Dental Co. v. McGaughey*, 85-cv-469, 1985 WL 25732, at *2 (D. Or. Dec. 9, 1985).

[12] The *Visa* cases demonstrate dismissal is appropriate for at least the following jurisdictions: Arizona, D.C., Iowa, Maine, Michigan, Nebraska, New Mexico, New York, North Dakota, South Dakota,

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

purchasers. But *Illinois Brick's* indirect-purchaser distinction has no bearing on whether the *AGC* standing test applies. *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 728 n.7 (1977) (the two issues are "analytically distinct"); *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198 (Iowa 2007). Indeed, IPPs' *Visa* quote, Opp. at 14, comes *after* the court had already decided that *AGC* applied to the state law claim. *Id. See also In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1151 (N.D. Cal. 2009) (holding that *Visa* cases "compelled [court] to find that *AGC* applies").

IPPs' own West Virginia cases confirm the application of *AGC*. *Princeton Ins. Agency v. Erie Ins. Co.*, No. 04-C-784-F, 2008 W.V. Cir. LEXIS 24, at *6 (Jan. 9, 2008) is a West Virginia intermediate court opinion that expressly applies "antitrust standing" principles, and the language immediately after IPPs' quote instructs that the West Virginia Antitrust Act should be construed "in harmony with decisions regarding the federal Antitrust Act." *Id.* at *9.[13]

IPPs' attempt to distinguish the Connecticut high court's decisions in *Soto v. Bushmaster Firearms Int'l, LLC*, 202 A.3d 262 (2019) on the grounds that the case involved "gun violence" and does not directly cite *AGC*—Opp. at 34—ignores the court's holding that any CUTPA claim requires both direct and proximate causation, and its express reaffirmation of *Vacco v. Microsoft Corp.*, 793 A.2d 1048 (2002), which applied a three-part remoteness test comparable to *AGC* to dismiss indirect purchaser claims. Further, even if *Bushmaster's* and *Vacco's* remoteness analysis did not apply, IPPs' claims would fail because Connecticut did not pass an "*Illinois Brick*" repealer until 2018. 2018, Conn. Pub. Act 18-22.

In the interests of efficiency and economy, Defendants refer the Court to their positions on the remaining state law antitrust claims found in their Appendix B accompanying their Motion (D.E. 192). Nothing cited by IPPs warrants additional discussion.[14]

---

Vermont, and Wisconsin.

[13] IPPs' attempt to distinguish *Aikens v. Debow* on the grounds that it is not an antitrust case fails. The court cited approvingly the antitrust standing test from *AGC* in a clear indication that the same Court would apply that test. *See* 208 W. Va. 486, 492, 541 S.E.2d 576, 582 (W. Va. 2000).

[14] Defendants acknowledge certain errors in Appendix B identified by IPPs. The opinion that "found that 21 states would apply *AGC*," Opp. at 15, should have been cited as *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, No. 09 MDL 2007-GW(PJWx), 2009 U.S. Dist. LEXIS 133088, at *6-*16 (C.D. Cal. July 6, 2009), which so holds. *GPU II* applied *AGC* to only Nebraska and Iowa and

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**B.** **The Complaints Should Be Dismissed for Lack of Antitrust Standing.**

**1.** **Factor 1: The Alleged Markets Are Not Inextricably Intertwined.**

First, IPPs failed to distinguish the multiple cases cited in the Motion at 15-16 establishing that the markets for components are not "inextricably intertwined" with the markets for the products they are ultimately incorporated into. *See In re Dynamic Random Access Memory Antitrust Litig.*, 516 F. Supp. 2d 1072, 1091 (N.D. Cal. 2007) ("*DRAM*") ("[T]he general market for DRAM, [is] a market that is distinct from the market for electronic products that include DRAM."); *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 744 (7th Cir. 2018) (finding injury not fairly traceable where steel "was one among many components of other more complex products, all of which have gone through numerous manufacturing alterations and lines of distribution"). Simply being a component part is not enough. *See Jones*, 400 F. Supp. 3d at 912.

*In re Cathode Ray Tube (CRT) Antitrust Litig.* found the markets for CRT and "CRT products" inextricably intertwined, but even so concluded only that "this factor <u>slightly</u> favors standing." No. C-07-5944-SC, 2013 U.S. Dist. LEXIS 119598, *101 (N.D. Cal. Aug. 21, 2013) ("*CRT II*") (emphasis added). Importantly, unlike here, the CRT components were directly incorporated into the "CRT products" purchased by plaintiffs. *Id.* at *100-01. The products here are components of head gimbals, which are components of HDDs, which are components of various finished consumer products. Mot. at 3-4. These extra steps matter, because they are each distinct markets. *CRT II's* simpler supply chain makes the case distinguishable. IPPs reliance on *LIB*, 2014 U.S. Dist. LEXIS 141358, at *88-89, is similarly misplaced. That case involved components and finished products with "inherent cross-elasticity of demand" and "prices directly correlated." Cross-elasticity of demand is found where the quantity demanded of one product moves together with the price of another. IPPs do not—and cannot—allege cross elasticity of demand between finished products (*e.g.*, computers and photocopiers) and suspension assemblies or any correlation between the prices. IPPs' claims fall short.

---

*Broiler Chicken* did not apply *AGC* to repealer states. But this does not change the conclusion: Appendix B includes 14 other federal opinions which apply *AGC* to nearly every state claim advanced by IPPs. Further, Defendants note that App. C(2) should be read to include *Owens-Corning,* which supports Mississippi's *AGC* application and which was inadvertently placed in App. C(10).

9

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

## 2. Factors 2 & 3: The Alleged Injury Is Indirect and Speculative.

IPPs argue that the failings caused by the complicated supply chain cannot be addressed on a motion to dismiss. IPPs are mistaken. Standing—a threshold requirement for this Court to exercise jurisdiction—is properly addressed on a motion to dismiss as it was in *DRAM* and *Jones*. Suspension assemblies, like the components at issue in those cases, are "fairly ubiquitous, [and] incorporated into a wide variety of consumer electronics," any injuries from alleged price fixing are too remote and indirect to establish standing. *Jones*, 400 F. Supp. 3d at 913; *see also DRAM*, 516 F. Supp. 2d at 1091 (no standing where consumers do not consider DRAM or DRAM manufacturers in purchasing decisions).

IPPs have also failed to allege facts to establish the "significance of the [component] relative to the overall end product." *Jones*, 400 F. Supp. 3d at 913. In fact, IPPs concede that suspension assemblies are "inexpensive relative to the price of Finished Products." Opp. at 9. They also concede that they are not separately invoiced or priced, and cannot be separated from the end product. As in *Jones*, it thus "requires no leap of logic to conclude that each product in which [suspension assemblies] [are] a component, contains numerous other components, all of which *collectively* determine the final price [which] . . . reflect[s] . . . much more than just the component price for [suspension assemblies]." *Id.* As in *Jones*, there is no antitrust standing.

## 3. Factors 4 & 5: IPPs' Damages Are Duplicative and Cannot Be Adequately Apportioned.

IPPs fail factors four and five because there are "numerous other plaintiffs further up the supply/distribution chain . . . who would be better positioned to enforce the antitrust laws." *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481 (KBF), 2014 U.S. Dist. LEXIS 121435, at *88-*89 (S.D.N.Y. Aug. 29, 2014). To wit, upstream purchaser Seagate has in fact filed suit.

Damages cannot be apportioned where the chain is too complicated and the component too inexpensive. *See Jones*, 400 F. Supp. 3d at 913; *DRAM*, 516 F. Supp. 2d at 1092-93.[15] This is the case here, where the suspension assemblies are one small piece in a complicated supply chain that is

---

[15] The fact that IPPs bring claims under *Illinois Brick* repealer statutes does not render the recovery they seek non-duplicative. Nor is it dispositive, even if considered—*Jones* noted that it was at worst, a "neutral fact," 400 F. Supp. 3d at 913, and *DRAM* denied antitrust standing even after concluding that the policy of the repealer statutes caused this factor to favor plaintiffs. 516 F. Supp. 2d at 1093.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

not known to consumers and accounts for a negligible portion of the price of the finished products.[16]

## VI. IPPS' NEW HAMPSHIRE AND RHODE ISLAND ANTITRUST CLAIMS FAIL.

IPPs fail to cite any case or legislative material supporting their argument that New Hampshire's indirect purchaser statute, enacted January 1, 2008, was intended to apply retroactively, and have no answer for *Fuel Senders*, 29 F. Supp. 3d at 1004, which held that N.H. Rev. Stat. Ann. § 356:11 applies only prospectively, not retroactively.[17] *See also In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 U.S. Dist. LEXIS 104114 (N.D. Ill. Nov. 5, 2009) (granting motion to dismiss claims under N.H. Rev. Stat. Ann. § 356:11 with respect to any conduct occurring prior to January 1, 2008, on the basis that indirect purchaser plaintiffs had failed to demonstrate any indication otherwise from the New Hampshire legislature); *In re Auto Parts Antitrust Litig.*, 50 F. Supp. 3d 869, 888 (E.D. Mich. 2014) (same); *Geico Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799, 842 (E.D. Mich. 2018) (same). IPPs also agree that Rhode Island's Antitrust Act is not applied retroactively.[18]

## VII. IPPS' CONSUMER PROTECTION CLAIMS FAIL UNDER STATE LAW.

### A. IPPs Allege Nothing Unconscionable Under Arkansas or New Mexico Law.

Federal courts have refused to extend claims under the Arkansas Deceptive Trade Practices Act ("ADTPA") to price-fixing absent guidance from state court decisions. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-CV-5944 SC, 2010 U.S. Dist. LEXIS 145797, at *86-87 (N.D. Cal. Sept. 30, 2010) (dismissal proper where "no Arkansas court has applied [ADTPA] to an alleged antitrust violation" and that "[t]here is simply no Arkansas statute or decision, or decision of this

---

[16] IPPs' reliance on *Auto Parts* is misplaced. To begin, bearings and fuel senders have only one downstream product—automobiles. Further, these components are severable and traceable because they each can be ordered as replacement parts—suspension assemblies cannot. *See In re Automotive Parts Antitrust Litig.* (*Bearings*) 50 F. Supp. 3d 836, 855 (E.D. Mich. 2014); *Fuel Senders*, 29 F. Supp. 3d 982, 1002-03 (E.D. Mich. 2014); *In re Automotive Parts Antitrust Litig.* (*Ceramic Substrates*), No. 12-md-02311, 2017 U.S. Dist. LEXIS 221151, at *42 (E. D. Mich. May 5, 2017).

[17] IPPs' focus solely on the broad categorization of whether N.H. Rev. Stat. Ann. § 356:11 is "remedial" in *Eldridge v. Eldridge*, 136 N.H. 611 (N.H. 1993) is subordinate to the explicit holding in *Fuel Senders*, 29 F. Supp.3d at 1004 that N.H. Rev. Stat. Ann. § 356:11 "was intended to operate prospectively."

[18] Defendants agree that the amendments to ORS 646.780 (Oregon) that became effective January 1, 2010 apply to actions commenced on or after January 1, 2010. Further, based on IPPs' new representations that they gave notice to the Attorneys General of Arizona, Hawaii, and Nevada, the Attorney General notice requirements do not require dismissal of those three claims.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

forum, holding that the ADTPA applies to alleged antitrust violations.") (adopted in relevant part by *ATI, Indirect v. ATI, Indirect Purchaser Actions (In re Cathode Ray Tube (CRT) Antitrust Litig.)*, No. M-07-5944 SC, 2010 U.S. Dist. LEXIS 145796, at *3 (N.D. Cal. Oct. 27, 2010)). And IPPs point to no Arkansas case law to support their argument that Defendants' conduct "constituted 'unconscionable' and 'deceptive' acts or practices violation of the" ADTPA, EUC ¶ 263, and the weight of federal cases say otherwise. *See In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-CV-3690, 2015 U.S. Dist. LEXIS 84152 at *118 (N.D. Ill. June 29, 2015) ("allegations of price fixing * * * are not the kind of conduct prohibited under the[] statute[]"); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2007) ("*GPU I*") (same).[19]

IPPs' claim under New Mexico's Unfair Practices Act ("NMUPA") fails to satisfy the statute's requirement that the alleged practice involve either "gross disparity" in amount paid and value received or a practice that "takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree." N.M. STAT. ANN. §57-12-2(E); *see Robey v. Parnell*, 392 P.3d 642, 658 (N.M. Ct. App. 2017) (requiring that defendant "economically exploited the plaintiff[s].").  IPPs did not "bargain[]" with Defendants at all, much less, as alleged, under a "gross disparity of bargaining power" "between the parties." RSC. ¶ 204(b); EUC ¶ 277(c) (emphasis added).  Thus, the NMUPA claim should be dismissed. *See also GPU I*, 527 F. Supp. 2d at 1029-30 (dismissing claims that defendants engaged in "unconscionable conduct").

### B. The Arkansas, Colorado, Montana, South Carolina, and Virginia Prohibitions of Consumer-Protection Class Actions are Substantive State Statutes.

IPPs recognize that the consumer protection statutes of Arkansas, Colorado, Montana, South Carolina and Virginia prohibit class actions, but argue based on *Shady Grove* that they may proceed in federal court.  They overstate their case, as *Shady Grove* addressed a single state statute in New York.  As Judge White stated in *Jones*, where the "Court confronts an entirely different state statute,"

---

[19] *See also In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1166-167 (N.D. Cal. 2015) ("even in light of the broad definition of unconscionability adopted by the Arkansas Supreme Court, in the absence of authority from Arkansas courts that the ADTPA extends to price fixing claims, those claims should be dismissed"); *In re TFT-LCD Antitrust Litig.*, 787 F. Supp. 2d 1036, 1041-42 (N.D. Cal. 2011); *In re Static Random Access Memory Antitrust Litig. (SRAM)*, No. 07-MD-0819 CW, 2010 U.S. Dist. LEXIS 131002, at *51 (N.D. Cal. Dec. 8, 2010) ("the Court declines to extend the [ADTPA] to permit indirect purchasers to sue . . . for a conspiracy to fix prices").

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

it must conduct its own analysis of whether the prohibition on "indirect purchaser class actions [is] intertwined with state substantive rights and remedies." 400 F. Supp. 3d at 926 (emphasis added); *see also In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 673-77 (E.D. Pa. 2010) (applying same test). In *Jones*, the court found that Rule 23 could not supersede an Illinois statute because the "restriction: (i) only applied to the [state claim], (ii) was incorporated in the same statutory provision as the underlying right (and not set out as a separate procedural rule), and (iii) appeared to 'reflect a policy judgment about managing the danger of duplicative recoveries.'" 400 F. Supp. 3d at 926-27 ("[a]pplying Rule 23 and superseding the IAA would . . . . exceed the scope of the Rules Enabling Act by 'abridg[ing], enlarg[ing], or modify[ing]' Illinois-created substantive rights").

The statutes in Arkansas, Colorado, Montana, South Carolina, and Virginia meet all three *Jones* factors and are, therefore, substantive:

| | **(i) Class Prohibition Only Applied to Statute** | **(ii) Incorporated into same statute as the underlying right** | **(iii) appeared to reflect a policy judgment or other analysis** |
|---|---|---|---|
| ARK. CODE ANN. § 4-88-113 | Yes. The prohibition on private class actions requires "the use of a practice declared unlawful under this chapter." *Id.* § (f)(2). | Yes. ARK. CODE ANN. § 4-88-113 is embedded in the Arkansas Deceptive Trade Practices Act. | Yes, the prohibition on private class actions textually appears motivated at concerns for standing and remoteness as "a claimant must prove individually that he or she suffered an actual financial loss proximately caused by [the prohibited conduct]" *Id.* § (f)(2). |
| COLO. REV. STAT. § 6-1-113 | Yes. The prohibition on damages for class actions only applies to "deceptive trade practice[s] *listed in this article*. § (1). | Yes, Colo. Rev. Stat. § 6-1-113 is embedded in the Colorado Consumer Protection Act. | Yes. *Friedman v. Dollar Thrifty Automotive Group*, 12-cv-02432-WYD-KMT, 2015 U.S. Dist. LEXIS 85698, at *13 (D. Col. July 1, 2015) ("[T]he Colorado Assembly intended that the interests of plaintiff classes would be protected by the attorney general or district attorney, rather than through private action."). The statute also defines the substantive recovery available to an injured consumer making its application substantive. |
| MONT. CODE ANN. § | Yes, consumers "may bring an individual but not a class action" | Yes, MONT. CODE ANN. § 30-14-133(1) is embedded in | Yes. See *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 241 F.R.D. 77, 83 (D. Me. 2007) (concluding that Montana goes "beyond |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

| | | | |
|---|---|---|---|
| 30-14-133(1) | only when a "practice [is] declared unlawful by 30-14-103"–the Unfair methods of competition and unfair or deceptive acts or practices. | Montana Unfair Trade Practices and Consumer Protection. | merely procedural rules and ha[s] defined the substantive recovery available to an injured consumer"). |
| S.C. CODE ANN. § 39-5-140(a) | Yes, the prohibition on actions brought in a "representative capacity" applies only to "an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20." | Yes, S.C. CODE ANN. § 39-5-140(a) is embedded in the South Carolina Unfair Trade Practices Act. | Yes. *See In re Auto. Parts Antitrust Litig.,* No. 12-MD-02311, 2015 U.S. Dist. LEXIS 189606, at *696 (E.D. Mich. May 1, 2015) (rejecting *LIB* because "[s]imply put, the highest court in South Carolina had rejected class action suits for antitrust claims, and the state court believed *Shady Grove* would not alter the prohibition on class actions") *(citing Dema v. Tenet Physician Servs.-Hilton Head, Inc.,* 678 S.E.2d 430, 434 (S.C. 2009)). |
| VA. CODE ANN. § 59.1-204 | Yes, only individual actions are authorized for "a violation of this chapter." | Yes, VA. CODE ANN. § 59.1-204 is embedded in the Virginia Consumer Protection Act of 1977. | The statute defines the substantive recovery available to an injured consumer making its application substantive. |

IPPs' Arkansas, Colorado, Montana, South Carolina, and Virginia claims should be dismissed.

## C. IPPs Lack Statutory Standing as "Consumers" in Six Jurisdictions.[20]

Under the D.C., Hawaii, Missouri, Montana, Rhode Island, and Vermont statutes, End-Users concede that they have to allege facts showing the products at issue were for personal, family, or household purposes, yet they fail to identify a single paragraph in the complaint making such an allegation. *See, e.g.*, *In re: Refrigerant Compressors Antitrust Litig.*, 2013 U.S. Dist. LEXIS 50737, at *71-73 (E.D. Mich. April 9, 2013) ("*Compressors*") (dismissing claims under D.C. consumer protection statute where complaint failed to allege the D.C. plaintiff purchased the product primarily for personal, household, or family use).[21]

---

[20] Resellers have abandoned their claim under the Vermont consumer protection statute (Opp. at 27), and thus the motion to dismiss must be granted as to that claim.

[21] Additionally, IPPs' silence regarding Hawaii's definitional requirement that a "consumer" be "a natural person," concedes that claims asserted by any End-Users that are not natural persons must be dismissed. *See Staley v. Gilead Scis., Inc.,* No. 19-cv-02573-EMC, 2020 U.S. Dist. LEXIS 36747, at

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**D.    Failure to Meet Rule 9(b) Pleading Requirements Requires Dismissal.**

Colorado, Florida, Michigan, and Minnesota require that claims for unfair or deceptive trade practices must satisfy Rule 9(b). *See, e.g.*, **Colorado:** *Donna v. Countrywide Mortg.*, No. 14-CV-03515-CBS, 2015 U.S. Dist. LEXIS 172059, at *9 (D. Colo. Dec. 28, 2015); *Duran v. Clover Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985); **Florida:** *Fla. Dig. Network, Inc. v. N. Telecom, Inc,* No. 6:06-CV-889-Orl-31JGG, 2006 U.S. Dist. LEXIS 61983, at *14 (M.D. Fla. Aug. 30, 2006); **Michigan and Minnesota:** *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1076, 1078 (S.D. Cal. 2017).  IPPs identify no such particularized allegations, dooming these claims.

**E.    IPPs Fail to Allege Intrastate Conduct By Defendants.**

The consumer protection statutes of Delaware, Massachusetts, New Hampshire, and North Carolina require allegations of anticompetitive <u>conduct by defendants</u> within those states—IPPs' mere purchases are not enough.  IPPs fail to allege any conduct by defendants in those states.  IPPs' reliance on *Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200 (Del. Ch. 1988) is misplaced.  The *Goodrich* court, in fact, *dismissed* plaintiff's Delaware Consumer Fraud Act claim expressly because "the plaintiff [] failed to allege any facts which, if true, could infer any unfair or deceptive practice occurring in part or wholly within this State." *Id.* at 1202-03.  New Hampshire's Consumer Protection Act "proscribes only conspiratorial conduct occurring within the territorial limits of New Hampshire." *LIB*, 2014 U.S. Dist. LEXIS 141358, at *120-121 ("[M]erely selling a good in New Hampshire is <u>not enough</u> when the proscribed conduct occurs elsewhere.") (emphasis added) (internal citations omitted).[22]  IPPs' reliance on *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003) is likewise unavailing, as the "receiving end" and loss "situs" factors IPPs rely on only applied when trying to determine "whether actionable misconduct occurred primarily and substantially in Massachusetts." *Id.* at 24.  Here there is no question that the "center of gravity of the offending

---

*148-49 (N.D. Cal. March 3, 2020); *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis*, 15-cv-6549, 2018 U.S. Dist. LEXIS 220574, at *109-10 (S.D.N.Y. Dec. 26, 2018).

[22] Notably, the *LIB* court rejects as inapposite and unpersuasive the cases cited by IPPs. *See id.* at 121-23 (explaining that *LaChance* dealt with a separate issue of whether consumers were required to bring "antitrust-type actions" under New Hampshire's antitrust statute rather than under the CPA and describing *In re Chocolate Confectionary Antitrust Litig*. as nothing more than "a single outlying decision set against a backdrop of otherwise uniform authority" as well as being "unpersuasive.").

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

conduct"—*i.e.*, price-fixing—occurred outside Massachusetts and outside the U.S. *Acacia Communs., Inc. v. ViaSat, Inc.*, 35 Mass. L. Rep. 16, 17-19 (Mass. Sup. Ct. 2018) (emphasis added).

Likewise, courts have expressly rejected IPPs' argument that the payment of inflated prices suffices to establish a "substantial," as opposed to a merely incidental, in-state injury under the North Carolina's Unfair and Deceptive Trade Practices Act ("NCUDTPA"). *In re Dealer Mgmt. Sys. Antitrust Litig*, 362 F. Supp. 3d 510, 549 (N.D. Ill. 2019) ("When plaintiffs do not allege that any wrongful conduct occurred in North Carolina, allegations that indirect purchasers payed inflated prices are not sufficient to establish a substantial, in-state injury" under the NCUDTPA.); *Compressors*, 2013 U.S. Dist. LEXIS 50737, at *62-63 (dismissing NCUDTPA claims where components were incorporated into finished products that were purchased in North Carolina, purchases were merely "incidental," not "substantial," in-state injuries).

### F. Price-Fixing is Not an Enumerated Violation in Nine States.

IPPs do not dispute that the consumer protection statutes for Arkansas, Colorado, Delaware, Michigan, Nevada, Oregon, Rhode Island, South Dakota, Utah, and Virginia provide relief only for specific enumerated conduct, none of which includes price fixing. Instead, they argue that price fixing should be read into the state statutes' prohibitions on fraudulent, deceptive, unconscionable or unfair conduct. However, courts have routinely rejected similar invitations. *Lidoderm*, 103 F. Supp. 3d at 1166-73 (dismissing with prejudice consumer protection claims based on deceptive, unconscionable or unfair conduct under the laws of several jurisdictions—including Arkansas, Michigan, Oregon, and South Dakota—where the claims were based on the defendants' purported antitrust conspiracy and failure to inform consumers of such conspiracy); *DRAM*, 516 F. Supp. 2d at 1115-17 (granting defendants' motion for judgment on the pleadings for Oregon, Rhode Island, and Utah claims and declining to read price-fixing into those states' consumer protection statutes); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 179-80, 181-82, 189, 202-03, 206-07 (D. Me. 2004) (dismissing Colorado, Delaware, Michigan, South Dakota, and Virginia claims); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp 2d 380, 413 (E.D. Pa. 2010) (dismissing Michigan claim). These claims should be dismissed.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

### G.     No "Reliance" on Deceptive Conduct.

Because IPPs advance a theory of fraud under California law, RSC ¶199(d), (h), (j); EUC ¶264 (a), (d), (g), their claims must be dismissed for failing to plead actual reliance. *See Marolda v. Symantec Corp.*, 672 F. Supp. 992, 1004 (N.D. Cal. 2009)("[W]hen UCL claims involve fraud,…a plaintiff must plead actual reliance on defendant's alleged misrepresentation.").

Relatedly, effective August 1, 2017, the Arkansas Deceptive Trade Practices Act was amended to require a plaintiff to "prove individually that he or she suffered an actual financial loss proximately caused by his or her reliance on the use of a practice declared unlawful under this chapter." *Id.* at *58-59 (internal quotations and citations omitted).  Accordingly, this Court should dismiss the Arkansas consumer protection claim to the extent it includes purchases that occurred after August 1, 2017.[23]

## VIII.   THE UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED.

IPPs now seek to recast their unjust enrichment claims as quasi-contract claims.  The Ninth Circuit has held that quasi-contract "is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entm't Grp., Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (Cal. Ct. App. 2010) (quasi-contract appropriate where "defendant obtained a benefit from the plaintiff").  Here IPPs do not identify any quasi-contractual relationship that they could possibly be seeking to remedy.  The Complaints are devoid of any allegations that IPPs rendered any services for Defendants or conferred any benefit on Defendants.  *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009) (dismissing unjust enrichment claim on the basis that California does not recognize unjust enrichment as a stand-alone cause of action and the plaintiff failed to allege any "contractual or quasi-contractual relationship" between the parties); *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015) ("To the extent the complaint can be read to allege a stand-alone claim for unjust enrichment, that claim is dismissed with prejudice.").

### CONCLUSION

Defendants respectfully request dismissal with prejudice.

---

[23] Defendants agree that reliance is not required under North Carolina's consumer protection statute.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Dated: June 22, 2020                    Respectfully submitted,

                                        **BAKER & McKENZIE LLP**
                                        Mark H. Hamer
                                        Christina M. Wong
                                        Mark G. Weiss

                                        By: _/s/ Mark H. Hamer_
                                             Mark H. Hamer
                                        *Attorneys for Defendants NHK Spring Co.,*
                                        *Ltd., NHK International Corporation, NHK*
                                        *Spring (Thailand) Co., Ltd., NAT Peripheral*
                                        *(Dong Guan) Co., Ltd. and NAT Peripheral*
                                        *(H.K.) Co., Ltd.*

                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                        J. Clayton Everett, Jr.
                                        Scott A. Stempel
                                        C. Cecilia Wang

                                        By: _/s/ J. Clayton Everett, Jr._
                                             J. Clayton Everett, Jr.
                                        *Attorneys for Defendants TDK Corporation,*
                                        *Magnecomp Precision Technology Public*
                                        *Co. Ltd., Magnecomp Corporation, SAE*
                                        *Magnetics (H.K.) Ltd., and Hutchinson*
                                        *Technology Inc.*

## ATTESTATION

I hereby attest that all other signatories on this document provided me with their concurrence in the filing of the document.

Dated: June 22, 2020            By: _/s/ Mark H. Hamer_
                                     Mark H. Hamer

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

## Updated Appendix E: Applicability of Each of Defendants' Arguments to State Claims

| | (§ IV) No Art. III Standing | (§ V) No Repres. Plfs. (Resellers) | (§ VI) No Antitrust Standing | (§ VI.B.3) No *Ill. Brick* Repealer | (§ VI.B.4) Only AG Ass. Claims | (§ VI.B.5) Only Intrastate Sales | (§VII.A) *Ill. Brick* not Retroactive | (§VII.B) Failure to Notify AG | (§ VII.A) Unconscionability | (§ VIII.B) Class Actions Barred | (§ VIII.C) No Stand. as Consumers | (§ VIII.D) 9(b) Deficiency | (§ VIII.E) Interstate Sales not Reach. | (§ VIII.F) No Enumerated Violation | (§ VIII.G) No Reliance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama AT | IPPs Withdraw (*see* Opp. at 20) | | | | | | | | | | | | | | |
| Alaska CP | IPPs Withdraw (*see* Opp. at 20) | | | | | | | | | | | | | | |
| Arizona AT | X | X | X | | | | | | | | | | | | |
| Arkansas CP | X | X | X | | X | | | Defendants Withdraw (see Reply at 11 n. 18) | X | X | | | | X | X |
| California AT | X | | X | | | | | | | | | | | | |
| California CP | X | | X | | | | | | | | | | | | X |
| Colorado CP | X | X | X | | X | | | | | | X | | X | X | |
| Connecticut AT | X | X | X | | | | | | | | | | | | |
| Delaware CP | X | X | X | X | | | | | | | | | X | X | |
| DC AT | X | X | X | | | | | | | | | | | | |
| DC CP | X | | | | | | | | | | X | | | | |
| Florida CP | X | X | X | | | | | | | | | | X | | |
| Hawaii AT | X | X | X | | | | | | | | | | | | |
| Hawaii CP | X | | | | | | | | | | X | | | | |
| Iowa AT | X | X | X | | | | | | | | | | | | |
| Kansas AT | X | X | X | | | | | | | | | | | | |
| Maine AT | X | X | X | | | | | | | | | | | | |
| Maryland AT | X | X | X | | X | | | | | | | | | | |
| Massachusetts CP | X | | | | | | | | | | | | | X | |
| Michigan AT | X | | X | | | | | | | | | | | | |
| Michigan CP | X | | | | | | | | | | | | X | X | |
| Minnesota AT | X | | X | | | | | | | | | | | | |
| Minnesota CP | X | | | | | | | | | | | | X | | |
| Mississippi AT | X | X | X | | | X | | | | | | | | | |
| Missouri CP | X | | X | X | | | | | | | | X | | | |
| Montana CP | X | | | | | | | | | | X | X | | | |
| Nebraska AT | X | X | X | | | | | | | | | | | | |
| Nebraska CP | X | | X | | | | | | | | | | | | |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

| | (§ IV) No Art. III Standing | (§ V) No Repres. Plfs. (Resellers) | (§ VI) No Antitrust Standing | (§ VI.B.3) No *Ill. Brick* Repealer | (§ VI.B.4) Only AG Ass. Claims | (§ VI.B.5) Only Intrastate Sales | (§VII.A) *Ill. Brick* not Retro. | (§VII.B) Failure to Notify AG | (§ VIII.A) Unconscionability | (§ VIII.B) Class Actions Barred | (§ VIII.C) No Stand. as Consums. | (§ VIII.D) 9(b) Deficiency | (§ VIII.E) Interstate Sales | (§ VIII.F) No Enumerated Viol. | (§ VIII.G) No Reliance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nevada AT | X | X | X | | | | | | | | | | | | |
| Nevada CP | X | | | | | | | | | | | | | X | |
| New Hampshire AT | X | X | X | | | | X | | | | | | | | |
| New Hampshire CP | X | | | | | | | | | | | | X | | |
| New Jersey CP | X | X | X | X | | | | | | | | | | | |
| New Mexico AT | X | X | X | | | | | | | | | | | | |
| New Mexico CP | X | X | | | | | | | X | | | | | | |
| New York AT | X | | X | | | | | | | | | | | | |
| New York CP | X | | X | | | | | | | | | | | | |
| North Carolina AT | X | | X | | | X | | | | | | | | | |
| North Carolina CP | X | | X | | | | | | | | | | X | | X[1] |
| North Dakota AT | X | X | X | | | | | | | | | | | | |
| North Dakota CP | X | | | | | | | | | | | | | | |
| Oregon AT | X | X | X | | | | X[2] | | | | | | | | |
| Oregon CP | X | | | | | | | | | | | | | X | |
| Rhode Island AT | X | X | X | | X | | X[3] | | | | | | | | |
| Rhode Island CP | X | | | | | | | | | X | | | | X | |
| South Carolina CP | X | X | | | | | | | | X | | | | | |
| South Dakota AT | X | X | X | | | | | | | | | | | | |
| South Dakota CP | X | | | | | | | | | | | | | X | |
| Tennessee AT | X | X | X | | | X | | | | | | | | | |
| Utah AT | X | X | X | | | | | | | | | | | | |
| Utah CP | X | | | | | | | | | | | | | X | |
| Vermont AT | X | X | X | | | | | | | | | | | | |
| Vermont CP | X | | X | | | | | | | | | | X | | |
| **Resellers Withdraw (Opp. at 27)** | | | | | | | | | | | | | | | |
| Virginia CP | X | | X | X | | | | | | X | | | | X | |
| W. Va. AT | X | X | X | | | | | | | | | | | | |
| Wisconsin AT | X | X | X | | | X | | | | | | | | | |

¹ Defendants agree that North Carolina does not require reliance. Reply at 17 n.23.
² Defendants agree that Oregon's antitrust statute is applied retroactively. Reply at 11 n.18.
³ IPPs agree that the Rhode Island antitrust statute only applies as of July 15, 2013. Opp. at 25.

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS

| Cross-Reference Table: Location of Arguments in Motion, Opposition and Reply | | | |
|---|---|---|---|
| **Argument** | **Motion to Dismiss** | **Opp. Response** | **Reply** |
| **<u>Clayton Act Damages</u>** | § II, pp. 5-6 | § VI, pp. 20-23 | § I, pp. 1-2 |
| **<u>Injunctive Relief</u>** | § III, pp. 7-8 | § VII, pp. 23-24 | § II, pp. 2-3 |
| **<u>Article III Standing</u>** | § IV, pp. 8-13 | § III, pp. 5-10 | § III, pp. 3-5 |
| **<u>Article III Standing: Lack of Representative Plaintiff</u>** | § V, pp. 13 | § IV, pp. 10-12 | § IV, pp. 5-6 |
| **<u>Antitrust Standing: *AGC* Applicability</u>** | § IV.B, pp. 19-22; Apps. A-D, pp. 31-38 | § V.A, pp. 12-15; App. A, pp. 33-40 | § V.A, pp. 6-8 |
| **<u>Antitrust Standing: *AGC* Factors Analysis</u>** | § IV.A, pp. 14-19 | § V.B, pp. 15-20 | § V.B, pp. 9-10 |
| ***States with a High Court that Expressly Applied the AGC Factors*** | | | |
| Iowa | App. C(1), p. 33 | App. A p. 35 | § V.A, pp. 7-8 |
| Nebraska | App. C(1), p. 33 | App. A p. 37 | § V.A, pp. 7-8 |
| Nevada | App. C(1), p. 33 | App. A p. 38 | § V.A, p. 8 |
| ***States with High Court Opinions Suggesting AGC Factors Would Likely Be Applied*** | | | |
| Arizona | App. C(2), p. 33 | App. A, p. 33 | § V.A, p. 7 |
| California | App. C(2), p. 33 | App. A, p. 33-34 | § V.A, p. 7 |
| Connecticut | App. C(2), p. 33 | App. A, p. 34 | § V.A, p. 8 |
| Hawaii | App. C(2), p. 34 | App. A, p. 35 | § V.A, p. 8 |
| Mississippi | App. C(10), p. 36 | App. A, p. 36 | § V.A, pp. 8-9 n.14 |
| West Virginia | App. C(2), p. 34 | App. A, p. 40 | § V.A, p. 8 |
| ***States with Intermediate Courts that Expressly Applied the AGC Factors*** | | | |
| New York | App. C(3), p. 34 | App. A, p. 38 | § V.A, pp. 7-8 |
| New Mexico | App. C(3), p. 34 | App. A, p. 37-38 | § V.A, pp. 7-8 |
| ***States with Lower Courts that Apply the AGC Factors*** | | | |
| D.C. | App. C(4), p. 34 | App. A, p. 34 | § V.A, pp. 7-8 |
| Kansas | App. C(4), p. 34 | App. A, p. 35 | § V.A, p. 8 |
| Maine | App. C(4), p. 34 | App. A, p. 36 | § V.A, pp. 7-8 |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

| Argument | Motion to Dismiss | Opp. Response | Reply |
|---|---|---|---|
| Michigan | App. C(4), p. 35 | App. A, p. 36 | § V.A, pp. 7-8 |
| North Carolina | App. C(4), p. 35 | App. A, p. 36-37 | § V.A, pp. 6-7 |
| North Dakota | App. C(4), p. 35 | App. A, p. 37 | § V.A, pp. 7-8 |
| South Dakota | App. C(4), p. 35 | App. A, p. 38-39 | § V.A, pp. 7-8 |
| Vermont | App. C(4), p. 35 | App. A, p. 39 | § V.A, pp. 6-8 |
| Wisconsin | App. C(4), p. 35 | App. A, p. 39-40 | § V.A, pp. 7-8 |

***District Courts in States that Apply the AGC Factors to Antitrust Claims brought Under Those States' Laws***

| | | | |
|---|---|---|---|
| Oregon | App. C(5), p. 35 | App. A, p. 38 | § V.A, p. 8 |
| Utah | App. C(5), p. 35 | App. A, p. 39 | § V.A, p. 8 |

***State that Applies a Modified AGC Standing Test***

| | | | |
|---|---|---|---|
| Minnesota | App. C(6), p. 35 | App. A, p. 36 | § V.A, p. 8 |

***State Without Harmonization Provisions that Considers Factors Similar to AGC***

| | | | |
|---|---|---|---|
| Tennessee | App. C(7), p. 36 | App. A, p. 39 | § V.A, p. 8 |

***States in which the Lack of an Illinois Brick Repealer Bars Suit***

| | | | |
|---|---|---|---|
| Delaware | App. C(8), p. 36 | App. A, p. 34-35 | § V.A, p. 6 |
| Missouri | App. C(8), p. 36 | App. A, p. 36 | § V.A, p. 6 |
| New Jersey | App. C(8), p. 36 | App. A, p. 37 | § V.A, p. 6 |
| Virginia | App. C(8), p. 36 | App. A, p. 39 | § V.A, p. 6 |

***States in which only the State AG has standing to sue on behalf of indirect purchasers***

| | | | |
|---|---|---|---|
| Alaska | App. C(9), p. 36 | IPPs Withdraw (Opp. at 20) | § V.A, p. 6 |
| Arkansas | App. C(9), p. 36 | App. A, p. 33 | § V.A, p. 8 |
| Colorado | App. C(9), p. 36 | App. A, p. 34 | § V.A, p. 8 |
| Maryland | App. C(9), p. 36 | App. A, p. 35-36 | § V.A, p. 6 |
| Rhode Island | App. C(9), p. 36 | App. A, p. 38 | § V.A, p. 6 |

***States in which State Antitrust Law does not reach Interstate Sales to Indirect Purchasers***

| | | | |
|---|---|---|---|
| Alabama | App. C(10), p. 36 | IPPs Withdraw (Opp. at 20) | § V.A, p. 6 |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

| Argument | Motion to Dismiss | Opp. Response | Reply |
|---|---|---|---|
| Mississippi | App. C(10), p. 36 | App. A, p. 36 | § V.A, p. 7 |
| North Carolina | App. C(10), p. 36 | App. A, p. 36-37 | § V.A, p. 7 |
| Tennessee | App. C(10), p. 36-37 | App. A, p. 39 | § V.A, p. 7 |
| Wisconsin | App. C(10), p. 37 | App. A, p. 39-40 | § V.A, pp. 7-8 |

***States with Consumer Protection Statutes Requiring Dismissal for Standing Deficiencies***

| | | | |
|---|---|---|---|
| Alaska | App. C(11), p. 37 | IPPs Withdraw (Opp. at 20) | § V.A, p. 6 |
| Arkansas | App. C(11), p. 37 | App. A, p. 33 | § V.A, p. 8 |
| California | App. C(11), p. 37 | App. A, p. 33-34 | § V.A, p. 8 |
| Colorado | App. C(11), p. 37 | App. A, p. 34 | § V.A, p. 8 |
| Delaware | App. C(11), p. 37 | App. A, p. 34-35 | § V.A, p. 8 |
| Florida | App. C(11), p. 37 | App. A, p. 35 | § V.A, p. 8 |
| Nebraska | App. C(11), p. 37 | App. A, p. 37 | § V.A, pp. 7-8 |
| New York | App. C(11), p. 37 | App. A, p. 38 | § V.A, pp. 7-8 |
| North Carolina | App. C(11), p. 37 | App. A, p. 36-37 | § V.A, p. 8 |
| Vermont | App. C(11), p. 37 | App. A, p. 39 | § V.A, pp. 6-8 |

| **State Law Antitrust Deficiencies** | §VII, pp. 22-23 | VIII, pp. 24-25 | § VI, p. 11 |
|---|---|---|---|

***State-Law Antitrust Deficiencies: Repealers not Retroactive***

| | | | |
|---|---|---|---|
| Oregon | § VII.A, pp. 22-23 | § VIII.A, p. 24-25 | Defs. Agree (§ VI, p. 11 n.18.) |
| New Hampshire | § VII.A, pp. 22-23 | § VIII.A, p. 24-25 | § VI, p. 11 |
| Rhode Island | § VII.A, pp. 22-23 | IPPs agree (§ VIII.A, pp. 25) | § VI, p. 11 |

***State-Law Antitrust Deficiencies: Failure to Provide Notice***

| | | | |
|---|---|---|---|
| Arizona | § VII.B, p. 23 | § VIII.B, p. 25 | Defs. Withdraw (§ VI, p. 11 n.18) |
| Hawaii | § VII.B, p. 23 | § VIII.B, p. 25 | Defs. Withdraw (§ VI, p. 11 n.18) |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

| Argument | Motion to Dismiss | Opp. Response | Reply |
|---|---|---|---|
| Nevada | § VII.B, p. 23 | § VIII.B, p. 25 | Defs. Withdraw (§ VI, p. 11 n.18) |

| **State Law Consumer Protection Deficiencies** | § VIII, pp. 24-29 | § XI, pp. 25-32 | § VII, pp. 11-17 |
|---|---|---|---|

*State-Law Consumer Protection ("CP") Deficiencies: Failure to Allege Unconscionable Conduct*

| | | | |
|---|---|---|---|
| Arkansas | § VIII.A, p. 24 | § IX.A, pp. 25-26 | § VII.A, pp. 11-12 |
| New Mexico | § VIII.A, p. 24 | § IX.A, pp. 25-26 | § VII.A, pp. 11-12 |

*State-Law CP Deficiencies: Class-Action Claims Barred*

| | | | |
|---|---|---|---|
| Alaska | § VIII.B, pp. 24-25 | IPPs withdraw (§ IX.C, p. 20) | § V.A, p. 6 |
| Arkansas | § VIII.B, pp. 24-25 | § IX.B, pp. 26-27 | § VII.B, pp. 12-14 |
| Colorado | § VIII.B, pp. 24-25 | § IX.B, pp. 26-27 | § VII.B, pp. 12-14 |
| Montana | § VIII.B, pp. 24-25 | § IX.B, pp. 26-27 | § VII.B, pp. 12-14 |
| South Carolina | § VIII.B, pp. 24-25 | § IX.B, pp. 26-27 | § VII.B, pp. 12-14 |
| Virginia | § VIII.B, pp. 24-25 | § IX.B, pp. 26-27 | § VII.B, pp. 12-14 |

*State-Law CP Deficiencies: IPPs Lack Standing as "Consumers"*

| | | | |
|---|---|---|---|
| D.C. | § VIII.C, pp. 25-27 | § IX.C, p. 27 | § VII.C, p. 14 |
| Hawaii | § VIII.C, pp. 25-27 | § IX.C, p. 27 | § VII.C, p. 14 |
| Missouri | § VIII.C, pp. 25-27 | § IX.C, p. 27 | § VII.C, p. 14 |
| Montana | § VIII.C, pp. 25-27 | § IX.C, p. 27 | § VII.C, p. 14 |
| Rhode Island | § VIII.C, pp. 25-27 | § IX.C, p. 27 | § VII.C, p. 14 |
| Vermont | § VIII.C, pp. 25-27 | § IX.C, p. 27 | § VII.C, p. 14 |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

| Argument | Motion to Dismiss | Opp. Response | Reply |
|---|---|---|---|
| **State-Law CP Deficiencies: Failure to Comply with Rule 9(b)** | | | |
| Colorado | § VIII.D, pp. 27-28 | § IX.D, pp. 27-28 | § VII.D, p. 15 |
| Florida | § VIII.D, pp. 27-28 | § IX.D, pp. 27-28 | § VII.D, p. 15 |
| Michigan | § VIII.D, pp. 27-28 | § IX.D, pp. 27-28 | § VII.D, p. 15 |
| Minnesota | § VIII.D, pp. 27-28 | § IX.D, pp. 27-28 | § VII.D, p. 15 |
| **State-Law CP Deficiencies: No Intrastate Conduct by Defendants** | | | |
| Delaware | § VIII.E, p. 28 | § IX.E, pp. 28-29 | § VII.E, pp. 15-16 |
| North Carolina | § VIII.E, p. 28 | § IX.E, pp. 28-29 | § VII.E, pp. 15-16 |
| New Hampshire | § VIII.E, p. 28 | § IX.E, pp. 28-29 | § VII.E, pp. 15-16 |
| Massachusetts | § VIII.E, p. 28 | § IX.E, pp. 28-29 | § VII.E, pp. 15-16 |
| **State-Law CP Deficiencies: Price-Fixing not Enumerated in Statute** | | | |
| Arkansas | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Colorado | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Delaware | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Michigan | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Nevada | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Oregon | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Rhode Island | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| South Dakota | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Utah | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| Virginia | § VIII.F, pp. 28-29 | § IX.F, pp. 29-30 | § VII.F, p. 16 |
| **State-Law CP Deficiencies: Failure to Allege Reliance** | | | |
| Arkansas | § VIII.G, p. 29 | § IX.G, pp. 31-32 | § VII.G, p. 17 |
| California | § VIII.G, p. 29 | § IX.G, pp. 31-32 | § VII.G, p. 17 |
| North Carolina | § VIII.G, p. 29 | § IX.G, pp. 31-32 | Defs. Withdraw (§ VII.G, p. 17 n.23) |
| **Unjust Enrichment** | § IX, p. 30 | § X, p. 32 | § VIII, p. 17 |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
REPLY MEMO IN SUPPORT OF MOTION TO DISMISS END-USERS' & RESELLER COMPLAINTS