UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. No. 252 |

On August 12, 2020, the parties filed a joint discovery letter regarding the proposed deposition protocol. (Discovery Letter, Dkt. No. 252.) The parties dispute: (1) the presumptive deposition location of foreign-based witnesses, and (2) the length of foreign language depositions translated into English. (*Id.* at 1.)

**A.   Deposition Location**

Plaintiffs request that foreign-based witness depositions presumptively take place in this district unless the foreign witness shows that it is more appropriate to have the deposition take place outside of the United States. (Discovery Letter at 1.) The presumption would apply to foreign-based witnesses who (1) recently or frequently travel to the United States, (2) had managerial responsibility, or (3) are Rule 30(b)(6) designees. (*Id.* at 3.) Defendants, in turn, argue that the depositions should generally take place in Asia (specifically Taiwan, Hong Kong, or Thailand), where the witnesses are located. (*Id.* at 4.)

In considering whether to require foreign witnesses to travel to the United States, the courts generally consider the following factors:

> (1) the burden to the parties of holding the depositions in the United States relative to the burden of holding the depositions abroad[;] (2) the court's ability to supervise depositions in the contested location;

> (3) whether depositions would be impeded by any legal or procedural barriers in another nation; and (4) the potential affront to the sovereignty of a foreign nation if a deposition pursuant to the Federal Rules of Civil Procedure is held within its borders.

*In re Vitamin Antitrust Litig.*, No. MISC.No.99-197 TFH, 2001 WL 35814436, at *4 (D.D.C. Sept. 11, 2001).

### i. Burden

The parties' primary dispute concerns burden. Plaintiffs argue that due to the number of parties in this case, each deposition would require that six or more attorneys travel to Asia for deposition. (Discovery Letter at 2.) Plaintiffs contend this burden is greater than having one witness travel to California. (*Id.*)

The problem with Plaintiffs' argument is that the protocol does not apply to one witness. Rather, there are potentially 29 foreign-based witnesses at issue, which may not include 30(b)(6) deponents. (Supp. Briefing at 3, 4, Dkt. No. 263.) While the burden of having one witness travel to California is certainly lower than having six attorneys travel to Asia, the calculus changes when up to 29 witnesses are required to travel. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (considering the number of foreign witnesses to be deposed). Further, multiple depositions can be conducted during a visit to Asia, reducing the number of total trips between Asia and the United States. Thus, the burden of presumptively having all foreign-based witnesses travel to California is greater than requiring such depositions to occur in Asia.

Plaintiffs argue that the burden is lower because they would only require certain categories of foreign-based witnesses to come to California, including those who frequently travel to the United States. (Discovery Letter at 3.) While the burden on such individuals may be less, Plaintiffs would also require depositions take place in California for many witnesses who have not traveled frequently or recently to the United States. (*See* Supp. Briefing, Exhs. 1-3 (Yew Ah-Ming (one visit in 2015 and 2016), Akihiko Negishi (no known visits), Akihiro Honda (one visit in 2010), Kazumi Tamamura (one visit in 2011), Kenichiro Arimura (one visit in 2014), Isamu Ninomiya (one visit in 2016 and 2017), Kenichiro Arimura (one visit in 2014), Atsuo Kobayashi (one visit in 2013 and 2019), Giichi Nagata (one visit in 2013 and 2019), Toshimi Hamada (no known visits), Tetsuya Ueda (no known visits).) Moreover, even if some witnesses travelled

extensively, the burden of bringing up to 29 witnesses to California is still significant.

Plaintiffs also argue that witnesses with managerial responsibility can be required to travel to the United States. (*See* Discovery Letter at 3 (citing *Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535 (D. Md. 1996) for the proposition that "foreign nationals who are managing agents of a corporate defendant may be required to travel to the U.S. for deposition".) This does not mean that the Court must require such individuals to travel to the United States.

The Court finds that this factor favors presumptively conducting depositions of foreign-based witnesses in Asia.

###    ii.   Court's Ability to Supervise

The parties do not dispute that the Court is better able to supervise depositions in California, given the time zone difference. Thus, this factor favors holding the deposition in the United States. This factor does not outweigh the burden consideration, particularly when there is no suggestion that the depositions are likely to require judicial intervention. *C.f. In re Vitamin Antitrust Litig.*, 2001 WL 35814436, at *5 (finding this factor favored ordering depositions in the United States where it was "not unlikely that disputes requiring judicial intervention will arise during the conduct or these depositions" and discovery deadlines were fast approaching).

###    iii.   Legal or Procedural Barriers

The parties do not identify any legal or procedural barriers, except that Japan requires that depositions be taken at a U.S. embassy or consulate. (Discovery Letter at 4.) Defendants, however, agree that depositions of Japan-based witness shall take place in Taiwan, Hong Kong, or Thailand, where other witnesses are located. (*Id.*) Thus, this factor favors depositions in Asia.

###    iv.   Affront to Sovereignty

The parties do not identify any potential that depositions would be an affront to the sovereignty of the other countries at issue. Thus, this factor favors depositions in Asia.

###    v.   Conclusion

The Court finds that the factors, particularly burden, favor depositions of foreign-based witnesses presumptively taking place in Asia. The Court, of course, expects the parties to cooperate in scheduling depositions. For example, if a foreign-based witness is in the United

3

States for other purposes, the parties should attempt to depose the witness then. The parties should also coordinate depositions so that multiple depositions can be done at once.

Most importantly, until the COVID-19 public health emergency is over, the parties are expected to conduct depositions of foreign witnesses by videoconference.[1] If, following the pandemic, the number of outstanding depositions is significantly lower such that the burden of holding depositions in Asia is greater than in California, the Court will reconsider this ruling.

### B. Time Limit

The parties dispute whether deposition time limits should be extended by a multiplier of two (*i.e.*, fourteen hours for every seven hours) or 1.71 (*i.e.*, twelve hours for every seven hours) when an interpreter is used for all or nearly all of a percipient witness or Rule 30(b)(6) deposition. (Discovery Letter at 5.) The Court finds a multiplier of two is warranted. Courts have recognized "that the use of an interpreter doubles the deposition time." *Procaps S.A. v. Pantheon, Inc.*, Case No. 12-24356-CIV-GOODMAN, 2015 U.S. Dist. LEXIS 59267, at *19 (S.D. Fla. May 5, 2015). As Plaintiffs point out, each question and answer must be stated twice. (Discovery Letter at 5.) Additionally, questions may need to be restated to address translation issues, particularly given the technical terms used within the industry. (*Id.*)

Defendants' cases do not require otherwise. *In re Takata Airbag Production Liability Litigation* provided no explanation for not using a multiplier of two. No. 15-2599, 2016 U.S. Dist. LEXIS 133736, at *119-20 (S.D. Fla. Sept. 8, 2016). The court in *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, rescinded an order permitting two days for depositions requiring interpreters due to concerns about discovery abuses. Case No. 13-cv-5038-NC, 2014 U.S. Dist. LEXIS 199947, at *8-9 (N.D. Cal. June 9, 2014).

///
///
///
///

---

[1] Plaintiffs state that the disputed provision will only apply "to in-person depositions after the present health crisis has passed and travel restrictions are lifted." (Discovery Letter at 1.)

In allowing a multiplier of two, the Court emphasizes the need of all parties to be mindful of the burden placed on witnesses and to be judicious in their use of time.  Simply because a deposition could go a certain amount of time does not require counsel to use all of that time.

IT IS SO ORDERED.

Dated: October 13, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge