MORGAN, LEWIS & BOCKIUS LLP
J. Clayton Everett, Jr. (*pro hac vice*)
clay.everett@morganlewis.com
Scott A. Stempel (*pro hac vice*)
scott.stempel@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Alexander J. Scolnik (*pro hac vice*)
alexander.scolnik@morganlewis.com
101 Park Avenue
Tel: (212) 309-6000
Fax: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
C. Cecilia Wang, SBN 314125
cecilia.wang@morganlewis.com
Jordan Mundell, SBN 324110
jordan.mundell@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

*Attorneys for Defendants TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Headway Technologies, Inc., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd., and Hutchinson Technology Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No.   19 MD 2918 (MMC)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR A SCHEDULING ORDER** |

Pending before the Court is Defendants TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Headway Technologies, Inc., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd., and Hutchinson Technology Inc. (collectively, "TDK") and NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.'s (collectively, "NHK," and together with TDK, "Defendants") Motion for a Scheduling Order.

After full consideration of the moving and opposing papers of each party, the arguments of counsel, and all other matters presented to the Court, **IT IS HEREBY ORDERED** that Defendants' Motion for a Scheduling Order is **GRANTED**. The consolidated cases present a threshold issue of whether the Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6a and other laws limiting the extraterritorial reach of U.S. antitrust laws foreclose End-User Plaintiffs, Reseller Plaintiffs, and the Seagate Plaintiffs (collectively, "Plaintiffs") from pursuing the asserted claims based on hard disk drive suspension assemblies ("HDD Suspensions") that were sold outside the United States. The Court, pursuant to its power to manage discovery to ensure the most efficient, timely, and cost-effective resolution of matters on its docket, *see* Fed. R. Civ. P. 16; *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), believes it appropriate to address that issue in an early motion for partial summary judgment and to phase discovery so that the parties can develop the record necessary for such a motion. This Order does not preclude Defendants from filing a further motion for summary judgment following the close of discovery.

Accordingly, IT IS HEREBY ORDERED THAT, except as otherwise set forth below, all discovery in this matter is stayed and the following schedule shall apply:

| Event | Date |
|---|---|
| Parties to submit agreed stipulation identifying the discovery necessary to address extraterritoriality summary judgment motion or to submit disputes on the scope of such discovery to the Court. | 30 days after entry of this Order |
| Defendants to file a Joint Motion for Summary Judgment based on the applicability of the FTAIA and other | 120 days after entry of the stipulation or Order concerning |

| Event | Date |
|---|---|
| provisions limiting the extraterritorial reach of U.S. law | the scope of discovery concerning extraterritoriality issues. |
| Plaintiffs to file a Joint Opposition to the Motion for Summary Judgment | 45 days after summary judgment motion is filed. |
| Defendants to file a Joint Reply in support of the Motion for Summary Judgment | 30 days after Joint Opposition is filed. |

So **ORDERED** this _____ day of _____, 2020.

_____
Hon. Maxine M. Chesney
United States District Judge