1 | Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2 | 46 Shattuck Square, Suite 22
Berkeley, CA 94704
3 | Telephone: (650) 784-4040
Facsimile: (650) 784-4041
4 | asheanin@robinskaplan.com

5 | Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
6 | 555 12th Street, Suite 1230
Oakland, CA 94607
7 | Telephone: (415) 693-0700
Facsimile: (415) 693-0770
8 | cmicheletti@zelle.com

9 | *Interim Co-Lead Class Counsel for End-User Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
|---|---|
| This Document Relates to:<br>ALL END-USER ACTIONS | **END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE FILING DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

Pursuant to Civil Local Rules 7-11 and 79-5(d), End-User Plaintiffs ("EUPs") hereby move for administrative relief regarding EUPs' Second Amended Consolidated Class Action Complaint ("Complaint"), filed herewith. EUPs are required to file the Complaint under seal pursuant to the Stipulated Protective Order (ECF No. 136), because materials contained therein are derived from documents and other information designated "Confidential" or "Highly Confidential" by Defendants. However, EUPs contend that none of these materials should be entitled to confidential treatment and request that the Court deny this sealing motion.

This motion is supported by the Declaration Aaron M. Sheanin in Support of EUPs' Administrative Motion to File Document Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) ("Sheanin Declaration"), dated November 20, 2020. *See* Civ. L. R. 79- 5(d)(1)(A) (stating that an administrative motion to seal must be accompanied by a declaration "establishing that the document sought to be filed under seal . . . [is] sealable").

As set forth in the Sheanin Declaration, the gray highlighted portions of the Complaint detail the existence and nature of the alleged antitrust conspiracy. These portions contain either (a) material designated by certain Defendants to this litigation pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential" or (b) analysis of, references to, or information taken directly from material designated by certain Defendants pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential." *See* Sheanin Decl. ¶¶ 7-8.

To satisfy the standard for confidential treatment, the designated materials must be "(a) trade secrets, (b) proprietary business information the disclosure of which could adversely affect a party's or non-party's commercial interests, or (c) information subject to privacy protection under federal, state, local, or any applicable foreign law." Stipulated Protective Order, § 2.2. To satisfy the standard for highly confidential treatment, the designated materials must be "so highly sensitive that [their] disclosure to a competitor and/or a Party to the action could result in competitive or commercial disadvantage to the designating party." *Id.*, § 2.7.

The entities that have designated the materials referred to in the gray highlighted portions of the Complaint as confidential or highly confidential are: TDK Corporation, Magnecomp

1  Precision Technology Public Co. Ltd., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd.,
2  Hutchinson Technology, Inc., NHK Spring Co. Ltd., NHK International Corporation, NAT
3  Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd., and NHK Spring (Thailand)
4  Co., Ltd. *Id.* ¶ 8.

5  Although EUPs' request is narrowly tailored to include only the information that have been
6  designated as Confidential or Highly Confidential, it is the designating parties' burden to show
7  good cause for sealing the designated portions by submitting a declaration within four days of the
8  lodging of the designated document. *See* Civil Local Rule 79-5(e).

9  Because Civil Local Rule 79-5(b) prohibits the sealing of a document by agreement of the
10 parties, the parties are unable to enter into such a stipulation. *See* Civ. L. R. 7-11(a) (requiring
11 explanation of lack of stipulation).

13 Dated: December 3, 2020

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
46 Shattuck Square, Suite 22
Berkeley, CA 94704
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

*Interim Co-Lead Counsel for End-User Plaintiffs*

**ATTORNEY ATTESTATION**

I, Christopher T. Micheletti, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

                                        */s/ Christopher T. Micheletti*
                                        Christopher T. Micheletti

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2020, I electronically filed the foregoing document entitled **END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE FILING DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti