MORGAN, LEWIS & BOCKIUS LLP
J. Clayton Everett, Jr. (*pro hac vice*)
clay.everett@morganlewis.com
Scott A. Stempel (*pro hac vice*)
scott.stempel@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Alexander J. Scolnik (*pro hac vice*)
alexander.scolnik@morganlewis.com
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
C. Cecilia Wang, SBN 314125
cecilia.wang@morganlewis.com
Jordan Mundell, SBN 324110
jordan.mundell@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

*Attorneys for Defendants TDK Corporation,*
*Magnecomp Precision Technology Public Co.*
*Ltd., Magnecomp Corporation, SAE Magnetics*
*(H.K.) Ltd., and Hutchinson Technology Inc.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re:  Hard Disk Drive Suspension Assemblies<br><br>Antitrust Litigation<br><br>THIS DOCUMENT RELATES TO<br><br>END-USER ACTIONS | Case No.    19 MD 2918 (MMC)<br><br>**DEFENDANTS' OPPOSITION TO END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE: FILING DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)** |

1    End-User Plaintiffs ("EUPs") have moved for administrative relief requesting the Court

2    deny its administrative motion to seal portions of its Second Amended Consolidated Class Action

3    Complaint ("SACCAC") that contains information designated "Confidential" or "Highly

4    Confidential" by Defendants pursuant to the Stipulated Protective Order (ECF No. 136).

5    Defendants oppose EUPs' motion to the extent EUPs seek to unseal all references to any officer,

6    director, or employee of Defendants named in the SACCAC, except where the reference to the

7    individual has already been made public.  The portions of the SACCAC that Defendants request

8    the Court maintain under seal are set out in the accompanying Declaration of J. Clayton Everett,

9    Jr. and Declaration of Mark H. Hamer.

10    Disclosure of information pertaining to the identity, role, and purported involvement of

11    certain officers, directors, and employees of Defendants purportedly involved, but not charged, in

12    the alleged unlawful conduct would invade their privacy.  *See Asuragen, Inc. v. Accuragen, Inc*.,

13    No. 16-CV-05440-RS, 2018 WL 4855435, at *1 (N.D. Cal. Jan. 30, 2018) (granting motion to

14    seal "personally identifying information . . . [b]ecause disclosure of this information may cause an

15    invasion of the [person's] privacy").  It will also cause those individuals reputational harm.  *See*

16    *United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir. 1985) (finding the trial court properly sealed

17    a court filing in order to protect the identities of third party individuals and "the reputational and

18    privacy interests" of those third parties inasmuch as disclosure would "almost certainly result in

19    extremely serious, irreparable, and unfair prejudice to those [individuals]").  The reputational and

20    privacy interests of Defendants' officers, directors, and employees warrants the Court's protection

21    because these individuals are not defendants and have not been charged with any crime.  As a

22    result, these would-be named "law violators" will suffer prejudice without being offered any

23    formal opportunity to clear their names.  *United States v. Shepard*, No. 4:08 MJ 1195 TIA, 2010

24    WL 4962876, at *3 (E.D. Mo. Dec. 1, 2010) (finding that if the names of unindicted individuals

25    involved in the unlawful scheme were not sealed, "those unindicted individuals would be named

26    as law violators but never be allowed a proper forum to deny their culpability"); *see also United*

27    *States v. Kwok Cheung Chow*, No. 14CR00196CRBJCS, 2015 WL 5094744, at *4 (N.D. Cal.

28    Aug. 28, 2015) (ordering parties to seal all references to individuals involved in the unlawful

DEFENDANTS' OPPOSITION TO END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE: FILING
UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

1    conduct but not charged because "the release of certain information may have a disparaging effect
2    on people who, having not been charged with any crime, have no formal opportunity clear their
3    names"). The result remains the same even though EUPs previously used the names of a few of
4    these individuals in publicly available court filings. *See Kwok Cheung Chow*, 2015 WL 5094744,
5    at *4 ("The fact that some degree of alleged 'involvement' by some individuals may be 'already a
6    matter of public knowledge,' does not negate those individuals' privacy interests in further
7    disclosures." (internal citation omitted)).

8        EUPs' allegations identifying certain officers, directors, and employees, which EUPs
9    added to the SACCAC after the Court dismissed its Consolidated Class Action Complaint (*see*
10   ECF No. 282), are not necessary to further EUPs' legal arguments in this litigation. The Court, in
11   its prior order dismissing Class Plaintiffs' complaints, granted leave to plead facts: (1) identifying
12   "each participant in the chain of distribution," including "the type(s) of product(s) any named
13   plaintiff purchased and from whom in the chain of distribution any named plaintiff made such
14   purchase(s)," ECF 282 at 5; (2) showing that "each participant in the chain necessarily passed on
15   the asserted overcharge to the next participant," *id.*; and (3) demonstrating that "any defendant
16   has, after May 2016, sold HDD suspension assemblies at fixed prices or otherwise engaged in a
17   violation of antitrust laws," *id.* at 8. None of EUPs' newly added allegations identifying certain
18   officers, directors, and employees address any of the issues for which the Court granted leave to
19   replead. Without any legitimate need to identify these individuals, all identifying information
20   should be sealed. *Cf. Kwok Cheung Chow*, 2015 WL 5094744, at *4 ("The fact that the identities
21   of the unindicted third parties have no bearing on the parties' legal arguments or the Court's
22   analysis of the motions further supports redacting identifying information.").

23       For these reasons, Defendants respectfully request the Court deny EUPs' request for
24   administrative relief and grant Defendants' proposed order filed herewith.

25
26
27
28

DEFENDANTS' OPPOSITION TO END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE: FILING
UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

1

2

Dated:  December 7, 2020

Respectfully submitted,

3

*/s/ J. Clayton Everett, Jr.*

J. Clayton Everett, Jr.
MORGAN, LEWIS & BOCKIUS LLP

4

1111 Pennsylvania Ave., NW
Washington, DC 20004

5

Tel: (202) 739-5860
clay.everett@morganlewis.com

6

7

*Attorneys for Defendants TDK Corporation,
Magnecomp Precision Technology Public Co.
Ltd., Magnecomp Corporation, SAE*

8

*Magnetics (H.K.) Ltd., and Hutchinson
Technology Inc.*

9

10

*/s/ Mark H. Hamer*

Mark H. Hamer
BAKER & McKENZIE LLP

11

815 Connecticut Ave., NW
Washington, DC 20006

12

Tel: (202) 452-7077
mark.hamer@bakermckenzie.com

13

14

*Attorneys for Defendants NHK Spring Co.,
Ltd., NHK International Corporation, NHK
Spring (Thailand) Co., Ltd., NAT Peripheral*

15

*(Dong Guan) Co., Ltd. and NAT Peripheral
(H.K.) Co., Ltd.*

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE: FILING
UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

1

## **ATTORNEY ATTESTATION**

2   Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the

3   filing is submitted, concur in the filing's content and have authorized the filing.

4

5   Dated:  December 7, 2020                                    By:  */s/ J. Clayton Everett, Jr.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE: FILING
UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

1

### **CERTIFICATE OF SERVICE**

2        I hereby certify that on this 7th day of December, 2020, I caused to be electronically filed

3 the foregoing document with the Clerk of the Court of the United States District Court for the

4 Northern District of California by using the Court's CM/ECF system.

5        Participants in the case who are registered CM/ECF users will be served by the Court's

6 CM/ECF system.

7

8
*/s/ J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO END-USER PLAINTIFFS' ADMINISTRATIVE MOTION RE: FILING
UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)