# EXHIBIT A

Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
46 Shattuck Square, Suite 22
Berkeley, CA 94704
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

*Interim Co-Lead Class Counsel for End-User Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
| This Document Relates to:<br>ALL END-USER ACTIONS | **REPLY IN SUPPORT OF END-USER PLAINTIFFS' CORRECTED ADMINISTRATIVE MOTION RE FILING DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

The Court should deny Defendants' request to seal portions of End-User Plaintiffs' ("EUPs") Second Amended Consolidated Class Action Complaint ("SCAC") that identify the names and job titles of individuals alleged to have participated in the conspiracy to fix prices of HDD suspension assemblies. There is "a strong presumption in favor of [public] access when deciding whether to seal records." *Apple Inc. v. Pystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). A party seeking to file documents under seal "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2004) (internal alteration and citation omitted). Defendants cannot meet this standard because many of the names of individuals alleged to have participated in the conspiracy already have been made public in this litigation, without objection from Defendants, and elsewhere.

EUPs' Consolidated Class Action Complaint ("CAC"), initially filed under seal, identified several of Defendants' present and former employees as participants in the conspiracy. ECF No. 167 at ¶¶ 97, 98, 100, 101, 104, 117. Defendants failed to file responsive declarations pursuant to Civil L.R. 79-5(e)(1), thus conceding that the identities of those individuals were not entitled to protection under the law. The Court directed EUPs to publicly file the CAC. ECF No. 162. EUPs did so, thus disclosing the individuals identified in the SCAC at 34:9, 34:12-13, 34:15, and 35:8.

Plaintiffs' Opposition to Defendant SAE Magnetics (H.K.) Ltd.'s Motion to Dismiss Complaints for Lack of Personal Jurisdiction revealed even more of the names Defendants now wish to keep confidential. ECF No. 227. Plaintiffs' opposition brief and accompanying exhibits identified and included emails from these individuals without any objection from the TDK Defendants. ECF No. 233. The Court recognized that that the TDK Defendants "no longer assert[ed] that such exhibits are confidential," ECF No. 235, and directed Plaintiffs' to publicly file these exhibits without redactions, *see* ECF No. 242. Defendants' personnel who were identified in those documents appear in the SCAC at 33:6-14, 33:17-20, 34:7, 34:21-23, 35:10-11.

While many of the names were obtained through discovery and the TDK Defendants' proffers pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA"),

1  others were already in the public realm.  In a publicly-available Technical Report, Brazil's
2  Administrative Council for Economic Defense ("CADE") identified at least 38 employees of
3  Defendants' who were involved in anticompetitive practices.  EUPs not only cited this document
4  in the CAC, ECF No. 167 at ¶¶ 116-117, but also filed it as Exhibit L to their opposition to SAE's
5  motion to dismiss, *see* ECF No. 228-2.  Again, Defendants had no objection.  Nor do they seek to
6  seal Paragraph 184 of the SCAC, which lists by name those 38 individuals implicated in CADE's
7  investigation.  That Defendants seek to seal other paragraphs of the SCAC identifying many of the
8  same directors, senior executives, and managers makes little sense.[1]

9      Defendants' authorities are inapt.  Most of these cases involve criminal proceedings and
10 government filings identifying unindicted third parties. *See United States v. Smith*, 776 F.2d 1104
11 (3d Cir. 1985) (allowing the government to maintain information relating to unindicted third parties
12 under seal); *United States v. Kwok Cheung Chow*, No. 14-cr-0196, 2015 WL 5094744 (N.D. Cal.
13 Aug. 28, 2015) (same); *United States v. Shepard*, No. 4:08 MJ 1195 TIA, 2010 WL 4962876 (E.D.
14 Mo. Dec. 2010) (same).  In *Asuragen, Inc. v. Accuragen, Inc.*, the court sealed personal identifying
15 information of a third-party job applicant, not the names and titles of Defendants' present and
16 former employees who have been previously identified in the public record without objections and,
17 in many cases, publicly linked to the price-fixing conspiracy. No. 16-cv-5440, 2018 WL 4855435
18 (N.D. Cal. Jan. 30, 2018).  As such, there is no compelling reason to withhold these names from
19 the public record. *See Sandoval v. Cty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 163544, at
20 *2 (N.D. Cal. Jan. 12, 2015) (finding "no compelling reasons[] to withhold [names] from public
21 view").

22     EUPs' administrative motion to file the SCAC under seal should be denied.

---

[1] The SCAC includes allegations to satisfy the Court's standing concerns and provides greater detail about the conduct of the conspiracy.  Contrary to Defendants' argument, nothing in the Court's order granting leave to amend precluded EUPs from identifying additional witnesses and participants in the conspiracy.

REPLY IN SUPPORT OF END-USER PLAINTIFFS' CORRECTED ADMINISTRATIVE MOTION RE FILING
DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

Dated: December 11, 2020

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
46 Shattuck Square, Suite 22
Berkeley, CA 94704
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti (SBN 136446)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zelle.com

*Interim Co-Lead Counsel for End-User Plaintiffs*

**ATTORNEY ATTESTATION**

I, Aaron M. Sheanin, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, I electronically filed the foregoing document entitled **REPLY IN SUPPORT OF END-USER PLAINTIFFS' CORRECTED ADMINISTRATIVE MOTION RE FILING DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin