UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC   (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 314 |

On January 20, 2021, the parties filed a joint discovery letter regarding Defendant TDK's refusal to produce disciplinary records. (Discovery Letter at 1, Dkt. No. 314.)  The Court grants Plaintiffs' request to compel disciplinary records, but only those related to the alleged conspiracy.

The instant case concerns "a global conspiracy among Defendants and their co-conspirators to fix prices of, and allocate market shares for, hard disk drive ('HDD') suspension assemblies." (Second Amend. Compl. ("SAC") ¶ 1, Dkt. No. 311.)  Defendant TDK later admitted that it had participated in the conspiracy, entering into an antitrust leniency agreement with the Department of Justice.  (SAC ¶¶ 11, 23.)  Plaintiffs propounded requests for production seeking the personnel files and disciplinary records of any employees who had non-clerical responsibilities for recommending, reviewing, setting, communicating, or approving prices and production of HDD suspension assemblies.  (*See* Discovery Letter at 3.)  Plaintiffs now seek disciplinary records for "employees who were punished, reprimanded, or put on notice by TDK in connection with the alleged conspiracy." (*Id.*)  Defendant TDK objects on privacy grounds, specifically the California Constitution and Japanese privacy law.  (*Id.* at 5.)

"The California Constitution bestows a broad right of privacy." *Liberty Mut. Ins. Co. v. Cal. Auto. Assigned Risk Plan*, Case No. 11-cv-1419-MMC (JSC), 2012 WL 892188, at *3 (N.D.

Cal. Mar. 14, 2012). This constitutional right to privacy, however, "is not absolute and may be abridged to accommodate a compelling public interest. 'One such interest, evidenced by California's broad discovery statutes, is the historically important state interest in facilitating the ascertainment of truth in connection with legal proceedings.'" *Id.* (quoting *Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 316 (1980)). In the context of personnel files, the Court must balance "the compelling need for discovery against the fundamental right of privacy [to] determine[ whether] disclosure is appropriate." *El Dorado Sav. & Loan Ass'n v. Superior Court*, 190 Cal. App. 3d 342, 346 (1987).

Here, the requested disciplinary records are clearly relevant, as they will likely include information about key participants in the alleged conspiracy, statements and admissions of wrongdoing, the impact of the conspiracy on Defendant TDK's business, the results of any internal investigation by Defendant TDK, and potential witness bias. (*See* Discovery Letter at 3-4.) Moreover, while Plaintiffs originally sought the entirety of personnel files for certain employees, Plaintiffs have narrowed the discovery sought to disciplinary records of Defendant TDK's employees who were punished, reprimanded, or put on notice in connection with the alleged conspiracy. Weighing the highly relevant nature of the requested disciplinary records against the employees' privacy interests in this narrow set of records, the Court finds that production of the disciplinary records is warranted. This is particularly the case where privacy concerns can be addressed by the protective order entered into by the parties. *See Nakagawa v. Regents of Univ. of Cal.*, Case No. 06-cv-2066-SI, 2008 WL 1808902, at *3 (N.D. Cal. Apr. 22, 2008) ("Any other privacy concerns defendant may have should be addressed by a protective order."); *Grinzi v. Barnes*, Case No. 04-cv-1655-PVT, 2004 WL 2370639, at *1 (N.D. Cal. Oct. 20, 2004) ("The proper mechanism for an employer to use to protect an employee's privacy interest in his personnel file is to obtain, either by stipulation or motion, a properly crafted protective order under Rule 26(c).").

In so finding, the Court is relying on Plaintiffs' assertion that they *only* seek disciplinary records, rather than the entirety of the personnel files for these individuals. (*See* Discovery Letter at 3.) Further, the Court finds that only disciplinary records related to the alleged conspiracy are

discoverable; Plaintiffs provide no explanation for why other disciplinary records would be relevant or be likely to lead to admissible evidence in this case.

Defendant TDK argues that Plaintiffs must demonstrate a "compelling need" for the personnel files at issue, including that the information cannot be obtained through depositions or nonconfidential sources. (Discovery Letter at 6.) The Court, however, agrees with Plaintiffs that such information cannot be obtained through another means. For example, deposition testimony about wrongful acts committed by witnesses may "not prove as relevant or reliable as objective evaluations conducted outside this lawsuit." *Liberty Mut. Ins. Co.*, 2012 WL 892188, at *7. Further, the disciplinary records may contain evidence of witness bias, particularly if there is an absence of disciplinary action taken against employees who participated in the conspiracy. (Discovery Letter at 4; *see also Uschold v. Carriage Servs., Inc.*, Case No. 17-cv-4424-JSW (EDL), 2019 WL 3289261, at *6-7 (N.D. Cal. Jan. 17, 2019) (allowing discovery of private information that could be relevant to credibility).)

Accordingly, the Court ORDERS Defendant TDK to produce disciplinary records related to the alleged conspiracy within **two weeks** of the date of this order.

IT IS SO ORDERED.

Dated: March 1, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge