IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br>Case No. 20-cv-1217-MMC<br><br>**ORDER GRANTING SEAGATE PLAINTIFFS' MOTION FOR LEAVE TO AMEND; VACATING HEARING** |
| This Document Relates to:<br><br>SEAGATE TECHNOLOGY LLC, et al.,<br>        Plaintiffs,<br>    v.<br>HEADWAY TECHNOLOGIES, INC.<br>        Defendants. | |

Before the Court is Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International's (collectively, "Seagate Plaintiffs") Motion, filed February 22, 2021, "for Leave to Amend the Complaint." Defendants NHK Spring Co., Ltd., NAT Peripheral (Dong Guan) Co, Ltd., NAT Peripheral (H.K.) Co., Ltd., NHK Spring (Thailand) Co., Ltd., NHK International Corporation, TDK Corporation, Magnecomp Precision Technology Public Co, Ltd., SAE Magnetics (H.K.) Ltd., Hutchinson Technology Inc., and Headway Technologies, Inc. have filed opposition, to which Seagate Plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties'

1  respective written submissions, VACATES the hearing scheduled for April 9, 2021, and

2  hereby rules as follows.

3      In their initial complaint, Seagate Plaintiffs asserted against defendants five

4  Counts, including Count IV, by which Seagate Plaintiffs alleged violations of the

5  Minnesota Antitrust Law of 1971, based on a theory that Seagate Plaintiffs were

6  damaged by defendants' alleged conspiracy to fix the price of suspension assemblies.

7      By order filed August 26, 2020, the Court dismissed Count IV as asserted in the

8  initial complaint, for the reason that Seagate Plaintiffs had not alleged facts to support a

9  claim under Minnesota law.  Specifically, the Court found Seagate Plaintiffs had not

10  alleged facts to support a finding that the asserted conspiracy (1) was "created, formed,

11  or entered" in Minnesota, see Minn. Stat. § 325D.54(a), or (2) "affect[ed] the trade or

12  commerce" of Minnesota, see Minn. Stat. § 325D.54(b), i.e., that Seagate Plaintiffs

13  purchased suspension assemblies in Minnesota, see City of St. Paul v. FMC Corp., 1990

14  WL 265171, at 7 (D. Minn. February 27, 1990) (finding § 325D.54(b) applies only to

15  "purchases made" in Minnesota).  Seagate Plaintiffs were afforded leave to amend and

16  subsequently filed an Amended Complaint ("AC").

17      By order filed February 2, 2021, the Court dismissed Count IV as asserted in the

18  AC, for the reason that the allegations added in support thereof failed to plead the

19  purchase of suspension assemblies in Minnesota.  (See Order, filed February 2, 2021, at

20  3:18-2) (finding persuasive authority holding a plaintiff has "Article III standing to bring a

21  price-fixing claim under a state law" only where the plaintiff "purchased the price-fixed

22  product in that state").)

23      In the instant motion, Seagate Plaintiffs seek leave to file a Second Amended

24  Complaint ("SAC") for purposes of adding factual allegations that they purchased

25  suspension assemblies in Minnesota.  (See Proposed Second Amended Complaint

26  ¶¶ 158-59, 284.)

27      Under Rule 15(a) of the Federal Rules of Civil Procedure, a "court should freely

28  give leave [to amend] when justice so requires."  See Fed. R. Civ. P. 15(a)(2); see also

United States District Court
Northern District of California

1  DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (holding policy of "favoring

2  amendments to pleadings should be applied with extreme liberality") (internal quotation

3  and citation omitted).

4  "Four factors are commonly used to determine the propriety of a motion for leave

5  to amend," specifically, "bad faith, undue delay, prejudice to the opposing party, and

6  futility of amendment."  See id.  An additional factor for consideration is "whether the

7  plaintiff has previously amended [its] complaint."  See id. at 186 n.3.

8  Here, as defendants point out, Seagate Plaintiffs previously amended Count IV

9  and, as noted, did not allege in the AC they had purchased suspension assemblies from

10  defendants in Minnesota.  In addition, Seagate Plaintiffs do not deny they were, at all

11  relevant times, aware of the locations where they purchased suspension assemblies, and

12  have not explained why they did not earlier allege the location of the purchases.

13  Nonetheless, there is no suggestion Seagate Plaintiffs, by seeking to add the

14  location at this time, are acting in bad faith.  Further, contrary to defendants' argument

15  that they would be "prejudiced because discovery is occurring with little basis or notice

16  upon which to explore various defenses and with uncertainty about what claims are at

17  issue" (see Defs.' Opp. at 8:1-3), each suspension assembly purchase that would be at

18  issue in Count IV is already at issue in Count I, by which Seagate Plaintiffs seek relief

19  under the Sherman Act, based on all suspension assembly purchases, wherever made.[1]

20  Lastly, the proposed amendment of Count IV would not be futile, as, by alleging Seagate

21  Plaintiffs have purchased suspension assemblies from defendants in Minnesota, Seagate

22  Plaintiffs have cured the deficiencies identified in the Court's prior orders.

23  In sum, having considered the relevant factors, the Court finds it appropriate to

24  afford Seagate Plaintiffs leave to file the proposed SAC, provided that, prior to such filing,

25  said pleading is amended to identify which of the four Seagate Plaintiffs made a purchase

27  [1] To the extent defendants argue they are unable to determine from the proposed SAC whether all or only some of the Seagate Plaintiffs are alleged to have purchased suspension assemblies in Minnesota, the Court will require such clarification to be made.

United States District Court
Northern District of California

in Minnesota.

According, the motion for leave to amend is hereby GRANTED, and Seagate Plaintiffs shall file, no later than April 15, 2021, its proposed SAC.

**IT IS SO ORDERED.**

Dated: April 5, 2021

MAXINE M. CHESNEY
United States District Judge