# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Case Nos. 3:19-md-02918-MMC<br><br>MDL No. 2918<br><br>[PROPOSED] ORDER DENYING SEAGATE'S MOTION FOR A SCHEDULING ORDER SETTING TRIAL [ECF No. 350] AND GRANTING DEFENDANTS' CROSS-MOTION FOR A SCHEDULING ORDER |

Before the Court is a motion for scheduling order to set a trial by Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International (collectively, "Seagate") [ECF No. 350] and a cross-motion for a scheduling order by Defendants TDK Corporation, Magnecomp Precision Technology Public Co., Ltd., SAE Magnetics (H.K.) Ltd., Hutchison Technology Inc., Headway Technologies, Inc., NHK Spring Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd., NHK Spring (Thailand) Co., Ltd., and NHK International Corp. (collectively, "Defendants"). The Court, having considered the parties' written submissions ~~and arguments~~, hereby DENIES Seagate's motion ~~and GRANTS Defendants' cross-motion~~ for the following reasons:[1]

- A pretrial schedule requires consideration of the entirety of the multidistrict litigation, and, based on the facts presented and the current status of the litigation, effective case management warrants a pretrial schedule that applies to all parties (i.e., Seagate, End-User and Reseller Class Plaintiffs, and Defendants).
- The Court already has ordered that all parties complete fact discovery by May 20, 2022. Similarly, the parties should proceed with a coordinated schedule setting forth consistent deadlines for the remaining pretrial phases of this litigation (including expert discovery, summary judgment and dispositive motions, and Daubert motions) because this will avoid the duplication, inefficiency, and wasted resources of the Court and the prejudice to Defendants that would result if there is not a coordinated schedule.
- A unified pretrial schedule does not prejudice any of the Plaintiffs, and it does not result in undue delay, particularly in light of the countervailing efficiencies that would result from a coordinated pretrial schedule.
- It is premature to consider the trial structure at this time, and the Court will reserve determination for how trial should be structured for a later and more appropriate time.

---

[1] By separate order filed concurrently herewith, the Court has ruled on Defendants' cross-motion.

Accordingly, it is hereby ORDERED that Seagate's Motion for a Scheduling Order Setting Trial [ECF No. 350] is DENIED. ~~and Defendants' Cross-Motion for a Scheduling Order is GRANTED and the Court hereby enters a Pretrial Scheduling Order with the deadlines in Exhibit 1 to Defendants' Cross-Motion.~~

Dated: June 2, 2021

_/s/ Maxine M. Chesney_
The Hon. Maxine M. Chesney
United States District Court

2

CASE NO. 3:19-MD-02918-MMC
[PROPOSED] ORDER DENYING SEAGATE'S MOTION FOR A SCHEDULING ORDER
AND GRANTING DEFENDANTS' CROSS MOTION FOR A SCHEDULING ORDER