IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>   ALL END-USER ACTIONS | Case No.  19-md-02918-MMC<br><br>**ORDER DENYING OTHER WORLD COMPUTING, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; DENYING MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE** |

Before the Court are two motions filed by non-party Other World Computing, Inc. ("OWC"):  (1) "Motion for Relief from Nondispositive Pretrial Order of Magistrate and Objections Thereto" ("Motion for Relief"), filed October 19, 2021, whereby OWC challenges Magistrate Judge Kandis A. Westmore's Order, filed October 5, 2021 ("October 5 Order"), granting in part End-User Plaintiffs' motion to compel OWC's compliance with a subpoena, and (2) "Motion for Leave to File Additional Evidence in Support of Motion for Relief from Nondispositive Pretrial Order of Magistrate" ("Motion for Leave"), filed October 22, 2021, whereby OWC seeks to supplement its showing in support of its Motion for Relief.  End-User Plaintiffs have filed opposition to the second of the two above-described motions.[1]

The Court having read and considered the parties' respective written submissions

---

[1] Under the Local Rules of this District, a response to a motion for relief from a nondispositive order of a magistrate judge need not be filed unless "ordered by the assigned District Judge."  See Civil L.R. 72-2.  In this instance, no such response has been ordered.

and the record relevant thereto, both motions are, for the reasons set forth below, hereby DENIED.

First, as to the Motion for Relief, the Court finds the Magistrate Judge's determination – that the challenged discovery, namely, responses to Requests 1 and 11 of the subject subpoena, is both relevant and not unduly burdensome – was neither clearly erroneous nor contrary to law.  In particular, as the Magistrate Judge noted, OWC misread the nature of the Requests, which sought discovery that a number of courts have found relevant in determining whether an alleged overcharge has been passed on to indirect purchasers.  Further, to the extent OWC faults the Magistrate Judge for not requiring End-User Plaintiffs to reimburse OWC for expenses it anticipates it will incur in responding to Requests 1 and 11, although OWC requested the attorneys' fees and expenses it had incurred then to date, it did so solely as a sanction for "abuse of the subpoena process" (see OWC's Opp. to End-Use Plaintiffs' Mot. [Doc. No. 387] at 2:28-3:3), not as a condition of compliance; moreover, as the Magistrate Judge found, OWC's projected expenses were overstated in light of OWC's misunderstanding of the nature of the Requests.

Next, as to the Motion for Leave, as OWC acknowledges, a district court, when reviewing an order of a magistrate judge, ordinarily may consider new evidence only where the order is dispositive.  See Fed. R. Civ. P. 72(b)(3).  The October 5 Order is not dispositive in nature.  See Fed. R. Civ. P. 72(a) (describing nondispositive matter as "pretrial matter not dispositive of a party's claim or defense").  Although OWC seeks what is, in essence, an exception to the general rule, the Court finds OWC's showing in that regard does not suffice to warrant such relief.

**IT IS SO ORDERED.**

Dated: October 29, 2021

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California