IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>_____<br><br>This Document Relates to:<br>  ALL RESELLER ACTIONS | Case No. 19-md-02918-MMC<br><br>**ORDER GRANTING RESELLER PLAINTIFFS' MOTION TO SUBSTITUTE; DIRECTIONS TO RESELLER PLAINTIFFS** |

     Before the Court is Reseller Plaintiffs' Motion to Substitute, filed October 22, 2021, wherein Reseller Plaintiffs seek leave to file a Third Consolidated Amended Complaint for the purpose of (1) substituting putative class member Business Integrated Technical Systems, Inc., d/b/a Network One ("Network One") in place of named plaintiff Voyager Technology Solutions, LLC ("Voyager"), and (2) substituting putative class member Stephen Arvay ("Arvay") in place of named plaintiff Willow Bay Computer Solutions LLC ("Willow Bay").  Defendants have filed opposition, to which Reseller Plaintiffs have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

     Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a district court "should freely give leave [to amend] when justice so requires."  See Fed. R. Civ. P. 15(a)(2).[2]  "[F]our factors are commonly used" in determining whether leave to amend

---

[1] By order filed December 7, 2021, the Court took the matter under submission.

[2] Although Reseller Plaintiffs bring the instant motion under Rule 21, Reseller Plaintiffs acknowledge that "[m]otions under Rule 21 are evaluated under the framework of Rule 15(a)."  (See Pls.' Mot. at 7:9.)

under Rule 15(a)(2) is appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Reseller Plaintiffs seek to amend for the stated reason that "Voyager and Willow Bay can no longer fulfill their obligations as class representatives, including discovery obligations, because of the burdens imposed by [d]efendants' discovery demands."  (See Pls.' Reply at 7:6-9.)

In opposing the instant motion, defendants first contend "pre-certification requests to substitute class representatives are disfavored in the Ninth Circuit" (see Defs.' Opp. at 2:8-9) and that, "[o]rdinarily, substitution of class representatives is permitted only after a class has already been certified" (see id. at 2:10-11 (internal quotation and citation omitted)).  The district court cases on which defendants rely for such proposition, however, are distinguishable, in that each involves a named plaintiff whose claims had been "settled, withdrawn, or . . . dismissed"; stated otherwise, "[t]he case or controversy in [those] cases ended when the [named] plaintiffs resolved their claim."  See Aguilar v. Boulder Brands, Inc., 2014 WL 4352169, at *8-9 (S.D. Cal. September 2, 2014) (citing cases).  Here, by contrast, the claims of each of the named plaintiffs remain pending and viable, and, under such circumstances, "substitution for the named plaintiffs is allowed."  See Phillips v. Ford Motor Co., 435 F.3d 785, 787 (7th Cir. 2006) (holding, where named plaintiff's claims remained pending at time substitution was sought, no "jurisdictional void" existed; describing case as "very much alive"); Aguilar, 2014 WL 4352169, at *9 (granting pre-certification motion to substitute putative class member for named plaintiff, where named plaintiff had "not settled her claims or had her claims dismissed").[3]

---

[3] Moreover, even where a named plaintiff's claim is subject to dismissal prior to class certification, the Ninth Circuit allows district courts to consider whether to allow a putative class member to intervene and continue the case.  See Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir. 1983) (remanding putative class action to district court "for consideration of possible intervention by other members of the putative class," where named plaintiff's claim was moot); see also Degamo v. Bank of America, NA, 849 Fed. Appx. 620, 623 (9th Cir. 2021) (holding district court erred when, after determining named plaintiffs "were not the real parties in interest and lacked prudential standing," it

2

The Court next considers whether, under Rule 15(a)(2), the proposed amendment should be allowed. In that regard, defendants do not argue the amendment is sought in bad faith or that the claims to be asserted on behalf of Network One or Arvay are futile.

Although defendants argue they would be prejudiced because the addition of Network One and Arvay "may further delay the case and raise costs" (see Defs.' Opp. at 5:15), as well as add an additional "burden" with respect to discovery (see id. at 6:3-6), defendants acknowledge that Network One and Arvay have already submitted written discovery to defendants, that defendants have yet to take the deposition of any named plaintiff, and that defendants' opposition to Reseller Plaintiffs' anticipated motion for class certification is not due until July 26, 2022. Under such circumstances, defendants have not shown the proposed substitution is likely to require changes to the existing schedule or adversely affect defendants' ability to obtain or produce discovery.

Lastly, defendants also argue Reseller Plaintiffs unduly delayed in bringing the instant motion. As defendants point out, the case has been pending for close to two years and Reseller Plaintiffs did not initially provide a reason for the requested substitutions. Although Reseller Plaintiffs, in their reply, do provide a reason, they have not stated when either Voyager or Willow Bay first determined it had difficulty meeting the obligations of a named plaintiff nor have they stated when Reseller Plaintiffs learned Network One and Arvay were able to serve in that role. (See Sims Decl. ¶ 2.) Even assuming the instant motion could have been filed significantly earlier than October 22, 2021, however, "delay, by itself, is insufficient to justify denial of leave to amend," see DCD Programs, 833 F.2d at 186, and, as noted, none of the other factors weighs in favor of denial.

Accordingly, the motion to substitute will be granted.

---

"failed to consider the merits of five putative class members' motion to intervene"; citing Kennerly for "rule" that "courts retain jurisdiction to grant intervention" where named plaintiffs' claim is subject to dismissal and "even when a class has not yet been certified").

**CONCLUSION**

For the reasons stated above, Reseller Plaintiffs' motion to substitute is hereby GRANTED. Plaintiffs are DIRECTED to file the proposed Third Consolidated Amended Complaint no later than seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: December 9, 2021

MAXINE M. CHESNEY
United States District Judge