**BAKER & McKENZIE LLP**
Mark H. Hamer (State Bar No. 156997)
mark.hamer@bakermckenzie.com
Mark G. Weiss (*pro hac vice*)
mark.weiss@bakermckenzie.com
815 Connecticut Avenue, NW
Washington, D.C. 20006
Tel: (202) 452-7000
Fax: (202) 416-7177

*Attorneys for NHK Defendants*
*NHK Spring Co., Ltd., NHK International*
*Corporation, NHK Spring (Thailand) Co., Ltd.,*
*NAT Peripheral (Dong Guan) Co., Ltd. and*
*NAT Peripheral (H.K.) Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 3:19-md-02918-MMC |
| | MDL No. 2918 |
| THIS DOCUMENT RELATES TO: THE END-USER ACTION | **NHK DEFENDANTS' ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Pursuant to Federal Rule of Civil Procedure 15 and the Court's Order Approving Joint Stipulation And Order Regarding Time To Respond To Reseller Plaintiffs' and End-User Plaintiffs' Amended Complaints [ECF No. 395], Defendants NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd. (collectively "NHK Defendants") hereby answer and submit affirmative defenses to the allegations set forth in the Third Consolidated Amended Complaint ("Complaint") [ECF No. 418] brought by Reseller Plaintiffs.

NHK Defendants deny all allegations in the Complaint (including titles, headings, sub-headings, captions, and footnotes) not specifically admitted in this answer. Section headings used herein are included only for purpose of clarity and organization. To the extent that the Complaint's allegations concern person and/or entities other than NHK Defendants—including to the extent that it defines and uses the terms "Defendants" to refer collectively to NHK Defendants, TDK Defendants, and HTI Technology, Inc. ("HTI")—NHK Defendants respond solely on their own behalf and lack knowledge or information to form a belief as to the truth of allegations directed toward other Defendants and, on that basis, deny all such allegations.

## **NATURE OF THE ACTION**

1.     The allegations in Paragraph 1 include conclusions of law and/or a statement of the case to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 1 also purports to quote a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the remaining allegations in Paragraph 1.

2.     The allegations in Paragraph 2 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants admit that hard disk drives ("HDDs") use magnetic recording heads to read data from and write data onto spinning disks, and that suspension assemblies ("SAs") secure the magnetic recording head in position over the disk. NHK Defendants further admit that HDDs are sold both as standalone devices and incorporated into electronics. NHK Defendants lack knowledge or

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis deny them.

3.     NHK Defendants admit that certain of the NHK Defendants are engaged in the sale of SAs in, or for delivery to, the United States and elsewhere. NHK Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis deny them.

4.     The allegations in Paragraph 4 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 4.

5.     The allegations in Paragraph 5 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 5, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

6.     The allegations in Paragraph 6 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 6 purports to describe certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that NHK Spring has pleaded guilty to participating in a conspiracy to fix the prices of SAs in violation of Section One of the Sherman Act and agreed to pay a $28.5 million fine, as described in a Department of Justice ("DOJ") announcement dated July 29, 2019. NHK Defendants further admit that DOJ filed an indictment on February 13, 2020 charging Hiroyuki Tamura and Hitoshi Hashimoto with participating in a price-fixing conspiracy in violation of Section One of the Sherman Act, but deny Reseller Plaintiffs' characterization of the contents of the indictment in Paragraph 4. NHK Defendants deny the remaining allegations in Paragraph 6.

7.     The allegations in Paragraph 7 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 7 purports to characterize and paraphrase documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

that the JFTC in July 2016 issued a cease and desist order to and imposed a fine on NHK Spring and NAT Peripheral (H.K.) on February 19, 2018, but lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis deny them.

8. NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny them.

9. The allegations in Paragraph 9 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny them.

10. The allegations in Paragraph 10 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 10.

11. NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny them.

12. The allegations in Paragraph 12 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. The allegations in Paragraph 13 include a statement of the case and/or conclusions of law to which no responsive pleading is required.

14. The allegations in Paragraph 14 include conclusions of law to which no responsive pleading is required. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 include conclusions of law to which no responsive pleading is required. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 15.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

16.    The allegations in Paragraph 16 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 16.

17.    The allegations in Paragraph 17 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 17.

18.    The allegations in Paragraph 18 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 18.

19.    The allegations in Paragraph 19 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 20.

21.    Paragraph 21 purports to quote and describe a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that NHK Spring has pleaded guilty to participating in a conspiracy to fix the prices of SAs, as described in a plea agreement between NHK Spring and the United States of America filed on September 23, 2019, but deny that NHK Defendants participated in a conspiracy as alleged in the Complaint.

22.    The allegations in Paragraph 22 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 22.

## THE PARTIES

23.    NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny them.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

24.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny them.

25.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them.

26.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them.

28.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

29.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30.     Paragraph 30 purports to quote and describe a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny them.

31.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny them.

32.     NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis deny them.

33.     NHK Defendants admit NHK Spring is a corporation organized and existing under the laws of Japan with its principal place of business located in Yokohama, Japan. NHK Defendants deny the remaining allegations in Paragraph 33.

34.     NHK Defendants admit that NHK International Corporation ("NHK International") is a corporation organized and existing under the laws of Michigan and a subsidiary of NHK Spring, with its principal place of business located in Novi, Michigan. NHK Defendants deny the remaining allegations in Paragraph 34.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

35.     NHK Defendants admit that NHK Spring (Thailand) Co., Ltd. ("NHK Thailand") is a corporation organized and existing under the laws of Thailand and a subsidiary of NHK Spring, with its principal place of business located in Samutprakarn, Thailand. NHK Defendants deny the remaining allegations in Paragraph 35.

36.     NHK Defendants admit that NAT Peripheral (Dong Guan) Co., Ltd. ("NAT Dong Guan") is a corporation organized and existing under the laws of China and a subsidiary of NHK Spring, with its principal place of business located in Guangdong, China. NHK Defendants further admit that NAT Dong Guan manufactured SAs. NHK Defendants deny the remaining allegations in Paragraph 36.

37.     The allegations in Paragraph 37 include conclusions of law and a statement of the case to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants admit that NAT H.K. was formed as a joint venture between NHK Spring and SAE Magnetics (H.K.) Ltd. ("SAE") in or around 2004 and operated as such until 2015. NHK Defendants further admit that NAT H.K. is now wholly owned by NHK Spring after SAE transferred 100% of its ownership to NAT H.K. in or around April 2015, and has its principal place of business in Hong Kong, China. NHK Defendants deny the remaining allegations in Paragraph 37.

## AGENTS AND CO-CONSPIRATORS

38.     The allegations in Paragraph 38 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 include conclusions of law and a statement of the case to which no responsive pleading is required. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are a statement of the case to which no responsive pleading is required.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
NHK DEFENDANTS' ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

41. The allegations in Paragraph 41 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 41.

42. The allegations in Paragraph 42 include a statement of the case and/or conclusions of law to which no responsive pleading is required. Paragraph 42 also purports to quote a publically available documents, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations relating to customers and alleged individual participants in Paragraph 42, and on that basis deny them. NHK Defendants deny the remaining allegations in Paragraph 42.

## INTERSTATE TRADE AND COMMERCE

43. The allegations in Paragraph 43 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants admit that certain of the NHK Defendants are engaged in the sale of SAs in, or for delivery to, the United States and elsewhere. Except as admitted herein, NHK Defendants deny the remaining allegations in Paragraph 43, including for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

## FACTUAL ALLEGATIONS

44. The allegations in Paragraph 44 include conclusions of law or descriptive characterizations to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 44 also purports to quote or characterize documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis deny them.

45. NHK Defendants admit that HDDs use magnetism to write, retrieve and store information electronically, and admit that HDDs can be installed into some desktop and laptop computers and some storage servers. Except as admitted herein, NHK Defendants lack information

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis deny them.

46. The allegations in Paragraph 46 include a statement of the case to which no responsive pleading is required. To the extent a response is required, NHK Defendants admit that HDDs can be installed into some personal HDD storage devices and some enterprise HDD storage systems. Except as admitted herein, NHK Defendants lack information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis deny them.

47. The allegations in Paragraph 47 include a statement of the case, descriptive characterizations, and conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis deny them.

48. The allegations in Paragraph 48 include a statement of the case, descriptive characterizations, and conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 48, and on that basis deny them.

49. The allegations in Paragraph 49 include descriptive characterizations and conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 49 also purports to quote and characterize documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent a response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis deny them.

50. The allegations in Paragraph 50 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 50 also purports to quote and characterize publically available documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that HDDs use magnetic recording heads to

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

read data from and write data onto spinning disks, and further admit that SAs secure the magnetic recording head in position over the disk. NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis deny them.

51.     NHK Defendants admit that certain of the NHK Defendants are engaged in the sale of SAs in, or for delivery to, the United States and elsewhere, and further admit that certain of the NHK Defendants sold SAs to customers including Seagate, Western Digital, and Toshiba. Except as admitted herein, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51, and on that basis deny them.

52.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny them.

53.     The allegations in Paragraph 53 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 53 also purports to quote and characterize a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

54.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 54, and on that basis deny them.

55.     The allegations in Paragraph 55 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 55 also purports to quote and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 55, and on that basis deny them.

56.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

57. The allegations in Paragraph 57 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 57 also purport to describe or paraphrase documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the allegations in Paragraph 57, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations given their lack of specificity as to what circumstances they supposedly reference.

58. The allegations in Paragraph 58 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 58 also purports to characterize and describe documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the allegations in Paragraph 58, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

59. Paragraph 59 purports to quote, paraphrase, and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that NHK Spring has pleaded guilty to participating in a conspiracy to fix the prices of SAs in violation of Section One of the Sherman Act and agreed to pay a $28.5 million fine, but deny that NHK Defendants participated in a conspiracy as alleged in the Complaint.

60. The allegations in Paragraph 60 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 60 also purports to paraphrase and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that DOJ filed an Information against NHK Spring on July 29, 2019, but deny Reseller Plaintiffs' characterization of the document's contents in Paragraph 60.

61. Paragraph 61 purports to quote and describe a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

speak for themselves. To the extent an additional response is required, NHK Defendants admit that NHK Spring has pleaded guilty to participating in a conspiracy to fix the prices of SAs, but deny that NHK Defendants participated in a conspiracy as alleged in the Complaint.

62. Paragraph 62 purports to quote and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that NHK Spring and the United States of America entered into a plea agreement that contains cooperation provisions, but deny that NHK Defendants participated in a conspiracy as alleged in the Complaint.

63. The allegations in Paragraph 63 include conclusions of law to which no responsive pleading is required. Paragraph 63 also purports to describe and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and on that basis deny them.

64. The allegations in Paragraph 64 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 64 also purports to quote and describe a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that DOJ filed an indictment on February 13, 2020 against Hitoshi Hashimoto and Hiroyuki Tamura, but deny Reseller Plaintiffs' characterization of the contents of the indictment in Paragraph 64.

65. The allegations in Paragraph 65 include conclusions of law to which no responsive pleading is required. Paragraph 65 also purports to describe and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that the JFTC conducted a raid on an NHK Company in July 2016 and issued a cease and desist order to an NHK Company on February 19, 2018. NHK Defendants otherwise lack information or

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and on that basis deny them.

66.    The allegations in Paragraph 66 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 66 also purports to describe and characterize certain documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis deny them.

67.    Paragraph 67 purports to describe and paraphrase certain documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and on that basis deny them.

68.    The allegations in Paragraph 68 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 68 also purports to describe and characterize at least one document, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and on that basis deny them.

69.    The allegations in Paragraph 69 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 69 also purports to quote and paraphrase a document, and NHK Defendants refer Reseller Plaintiffs to that documents for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that DOJ filed an indictment against Hitoshi Hashimoto and Hiroyuki Tamura, but otherwise lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and on that basis deny them.

70.    The allegations in Paragraph 70 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 70 also purports to quote

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

a document, and NHK Defendants refer Reseller Plaintiffs to that documents for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the remaining allegations in Paragraph 70.

71. The allegations in Paragraph 71 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 71 also purports to quote a document, and NHK Defendants refer Reseller Plaintiffs to that documents for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the remaining allegations in Paragraph 71.

72. The allegations in Paragraph 72 include conclusions of law and/or a statement of the case to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis deny them.

73. The allegations in Paragraph 73 include conclusions of law and/or a statement of the case to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny them.

74. The allegations in Paragraph 74 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 74 also purports to quote and describe a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and on that basis deny them.

75. The allegations in Paragraph 75 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny them.

76. The allegations in Paragraph 76 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 76 also purports to describe

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

and paraphrase a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and on that basis deny them.

77.     The allegations in Paragraph 77 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent Paragraph 77 also purports to describe or paraphrase a document, NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis deny them.

78.     The allegations in Paragraph 78 include conclusions of law and a statement of the case to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78, and on that basis deny them.

79.     The allegations in Paragraph 79 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent Paragraph 79 also purports to describe or characterize a document, NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny them.

80.     The allegations in Paragraph 80 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis deny them.

81.     The allegations in Paragraph 81 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis deny them.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

82.     The allegations in Paragraph 82 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 82 also purports to quote and describe a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and on that basis deny them.

83.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 83, and on that basis deny them.

84.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 84, and on that basis deny them.

85.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 85, and on that basis deny them.

86.     NHK Defendants lack information or knowledge to form a belief as to the truth of the allegations in Paragraph 86, and on that basis deny them.

87.     Paragraph 87 purports to describe a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and on that basis deny them.

88.     The allegations in Paragraph 88 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and on that basis deny them.

89.     The allegations in Paragraph 89 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. Paragraph 89 also purports to describe and characterize certain documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the remaining allegations in Paragraph 89, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
NHK DEFENDANTS' ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

90. The allegations in Paragraph 90 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the remaining allegations in Paragraph 90, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

91. The allegations in Paragraph 91 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, and on that basis deny them.

92. The allegations in Paragraph 92 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and on that basis deny them.

93. The allegations in Paragraph 93 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and on that basis deny them.

94. The allegations in Paragraph 94 include conclusions of law and a statement of the case to which no responsive pleading is required. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 94, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

95. NHK Defendants admit that NHK Spring and SAE were involved in a joint venture, NAT H.K. from 2004 until 2015.

96. NHK Defendants admit that at times certain of the NHK Defendants discussed and negotiated cross-licenses with certain of the other Defendants. Except as admitted herein, NHK Defendants deny the remaining allegations in Paragraph 96, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

97. The allegations in Paragraph 97 include conclusions of law to which no responsive pleading is required. To the extent a response is required, NHK Defendants admit that employees of

16

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

certain NHK Defendants attended certain International Disk Drive Equipment & Materials Association ("IDEMA") events. Except as admitted herein, NHK Defendants deny the remaining allegations in Paragraph 97, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

98. The allegations in Paragraph 98 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 98, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

99. The allegations in Paragraph 99 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 99, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

100. The allegations in Paragraph 100 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 100 also purports to quote and characterize a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100, and on that basis deny them.

101. The allegations in Paragraph 101 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 101 also purports to quote and paraphrase publically available documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and on that basis deny them.

102. The allegations in Paragraph 102 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 102 also purports to paraphrase and characterize publically available documents, and NHK Defendants refer Reseller

17

Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102, and on that basis deny them.

103. The allegations in Paragraph 103 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 103 also purports to quote and characterize publically available documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the remaining allegations in Paragraph 103, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

104. The allegations in Paragraph 104 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 104 also purports to paraphrase and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the remaining allegations in Paragraph 104, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

105. The allegations in Paragraph 105 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 105 also purports to paraphrase and characterize certain documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and on that basis deny them.

106. The allegations in Paragraph 106 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis deny them.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

107.   The allegations in Paragraph 107 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 107 also purports to quote a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis deny them.

108.   The allegations in Paragraph 108 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 108 also purports to quote a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis deny them.

109.   The allegations in Paragraph 109 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 109 also purports to quote a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis deny them.

110.   The allegations in Paragraph 110 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 110 also purports to quote a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis deny them.

111.   The allegations in Paragraph 111 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 111 also purports to quote and characterize certain publically available documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and on that basis deny them.

112. The allegations in Paragraph 112 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis deny them.

113. The allegations in Paragraph 113 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. Paragraph 113 also purports to quote a publically available document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis deny them.

114. The allegations in Paragraph 114 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 114, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

115. The allegations in Paragraph 115 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 115, and on that basis deny them.

116. The allegations in Paragraph 116 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis deny them.

117. The allegations in Paragraph 117 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 117, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

118.  The allegations in Paragraph 118 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants admit that certain of the NHK Defendants manufacture SAs and that certain of these SAs are marked with an "N." Except as admitted herein, NHK Defendants deny the remaining allegations in Paragraph 118, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

119.  The allegations in Paragraph 119 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis deny them.

120.  The allegations in Paragraph 120 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 120, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

121.  The allegations in Paragraph 121 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 121, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

122.  The allegations in Paragraph 122 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 122, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations.

## DEFENDANTS' CONSPIRATORIAL CONDUCT

123.  To the extent Paragraph 123 purports to characterize or quote certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of its contents, which speak for themselves. NHK Defendants admit that at least one employee of certain NHK Defendants communicated with MPT. NHK Defendants further admit that DOJ filed an indictment against Hiroyuki Tamura. Except as admitted herein, NHK Defendants deny the allegations in Paragraph

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

123, including for lack information or knowledge sufficient to form a belief as to the truth of the allegations given their lack of specificity as to what circumstances they supposedly reference.

124.  The allegations in Paragraph 124 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 124 purports to describe or paraphrase certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that NHK has offices in Santa Clara, California; Japan; and Thailand. NHK Defendants further admit that Richard "Skipp" Harvey ("Skipp Harvey"), Hiroyuki Tamura, and other employees of certain NHK Defendants communicated periodically with MPT about the HDD SA market and that some of these communications involved pricing information, bids, shipments, or capacity. Except as admitted herein, NHK Defendants deny the remaining allegations in Paragraph 124, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in light of their lack of specificity as to what circumstances they supposedly reference.

125.  To the extent Paragraph 125 purports to describe or characterize certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that employees of certain NHK Defendants met with employees of MPT. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis deny them.

126.  The allegations in Paragraph 126 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 126 purports to describe or paraphrase certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that employees of certain NHK Defendants met with employees of MPT and sometimes discussed forecasting, capacity, and shipments. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and on that basis deny them.

22

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

127. The allegations in Paragraph 127 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 127 purports to describe or paraphrase certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that employees of certain NHK Defendants communicated with employees of SAE about the HDD suspension market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127, and on that basis deny them.

128. Paragraph 128 purports to quote and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants deny the allegations, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in light of the lack of specificity as to what circumstances they supposedly reference.

129. The allegations in Paragraph 129 include conclusions of law to which no responsive pleading is required. To the extent an additional response is required, NHK Defendants deny the allegations, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in light of the lack of specificity as to what circumstances they supposedly reference.

130. Paragraph 130 purports to paraphrase and characterize a document, and NHK Defendants refer Reseller Plaintiffs to that document for a description of its contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and on that basis deny them.

131. To the extent Paragraph 131 purports to describe or characterize certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that Skipp Harvey periodically communicated with employees of MPT. Except as admitted herein,

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131, and on that basis deny them.

132. The allegations in Paragraph 132 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 132 purports to describe or characterize certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that Skipp Harvey periodically communicated with MPT employees about the HDD SA market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and on that basis deny them.

133. The allegations in Paragraph 133 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 133 purports to describe or characterize certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that Skipp Harvey periodically communicated with HTI employees about the HDD SA market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and on that basis deny them.

134. To the extent Paragraph 134 purports to describe or characterize certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and on that basis deny them.

135. The allegations in Paragraph 135 include conclusions of law to which no responsive pleading is required. To the extent Paragraph 135 also purports to describe or characterize certain documents, NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that Skipp Harvey went on hunting trips for several years before 2012, that an

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

employee from HTI was also sometimes on these hunting trips, and that they had a discussion about HDD SAs. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and on that basis deny them.

136. The allegations in Paragraph 136 include conclusions of law to which no responsive pleading is required. Paragraph 136 also purports to describe one or more documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that executives from certain NHK Defendants met with executives from certain TDK Defendants and discussed the NAT H.K. business relationship and the HDD SA market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, and on that basis deny them.

137. The allegations in Paragraph 137 include conclusions of law to which no responsive pleading is required. Paragraph 137 also purports to describe one or more documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that executives from certain NHK Defendants met with executives from certain TDK Defendants and discussed the HDD SA market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and on that basis deny them.

138. Paragraph 138 purports to describe one or more documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that executives from certain NHK Defendants met with executives from certain TDK Defendants and discussed the HDD SA market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and on that basis deny them.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

139.  The allegations in Paragraph 139 include conclusions of law to which no responsive pleading is required. Paragraph 139 also purports to describe one or more documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that Skipp Harvey communicated and met periodically with Rick McHone about the HDD SA market and that some of these communications involved pricing, bids, and capacity. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, and on that basis deny them.

140.  The allegations in Paragraph 140 include conclusions of law to which no responsive pleading is required. Paragraph 140 also purports to describe one or more documents, and NHK Defendants refer Reseller Plaintiffs to those documents for a description of their contents, which speak for themselves. To the extent an additional response is required, NHK Defendants admit that Skipp Harvey communicated periodically with Rick McHone about the HDD SA market. Except as admitted herein, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 in light of the lack of specificity as to what circumstances they supposedly reference, and on that basis deny them.

## CLASS ACTION ALLEGATIONS

141.  The allegations in Paragraph 141 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 141 and deny that any class of indirect purchasers spanning any period can be certified.

142.  The allegations in Paragraph 142 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 142 and deny that any class of indirect purchasers spanning any period can be certified.

143.  The allegations in Paragraph 143 consist of a statement of the case and legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 143.

144. The allegations in Paragraph 144 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 144.

145. The allegations in Paragraph 145 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 145.

146. The allegations in Paragraph 146 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 146.

147. The allegations in Paragraph 147 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 147.

148. The allegations in Paragraph 148 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 148.

149. The allegations in Paragraph 149 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 149.

150. The allegations in Paragraph 150 consist of legal arguments and conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 150.

**PLAINTIFFS' CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS**

151. The allegations in Paragraph 151 include a statement of the case and conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 151.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

152.  The allegations in Paragraph 152 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 152.

153.  NHK Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 152 with the same force and effect as if fully set forth herein.

154.  The allegations in Paragraph 154 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 154, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

155.  The allegations in Paragraph 155 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and on that basis deny them.

156.  The allegations in Paragraph 156 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants admit that NHK Spring has pleaded guilty to participating in a conspiracy to fix the prices of SAs in violation of Section One of the Sherman Act, as described in a DOJ announcement dated July 29, 2019, but deny that NHK Defendants participated in a conspiracy as alleged in the Complaint. Except as admitted herein, NHK Defendants deny the remaining allegations in Paragraph 156, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

157.  The allegations in Paragraph 157 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and on that basis deny them.

158.  The allegations in Paragraph 158 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required,

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NHK Defendants deny the allegations in Paragraph 158, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

159. The allegations in Paragraph 159 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 159, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

160. The allegations in Paragraph 160 include conclusions of law to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 160.

## <u>VIOLATIONS ALLEGED</u>

### FIRST CLAIM FOR RELIEF
**Violation of State Antitrust Statutes**
**(on behalf of Plaintiffs and the Classes)**

161. NHK Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 160 with the same force and effect as if fully set forth herein.

162. The allegations in Paragraph 162 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 162.

163. The allegations in Paragraph 163 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 163.

164. The allegations in Paragraph 164 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 164.

165. The allegations in Paragraph 165 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 165.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

166. The allegations in Paragraph 166 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 166.

167. The allegations in Paragraph 167 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 167, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

168. The allegations in Paragraph 168 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 168, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

169. The allegations in Paragraph 169 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 169, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

170. The allegations in Paragraph 170 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 170, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

171. The allegations in Paragraph 171 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 171, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

## **SECOND CLAIM FOR RELIEF**
### **Violation of State Consumer Protection Statutes**
### **on behalf of Plaintiffs and the Classes**

172.  NHK Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 171 with the same force and effect as if fully set forth herein.

173.  The allegations in Paragraph 173 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 173.

174.  The allegations in Paragraph 174 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 174, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

175.  The allegations in Paragraph 175 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 175, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

176.  The allegations in Paragraph 176 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, NHK Defendants deny the allegations in Paragraph 176, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

## **THIRD CLAIM FOR RELIEF**
### **Unjust Enrichment on behalf of Plaintiffs and the Classes**

177.  NHK Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 176 with the same force and effect as if fully set forth herein.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

178.   Paragraph 178 constitutes a statement of the case to which no responsive pleading is required.

179.   The allegations in Paragraph 179 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 179.

180.   The allegations in Paragraph 180 include conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 180.

181.   The allegations in Paragraph 181 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 181, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

182.   The allegations in Paragraph 182 include a statement of the case and conclusions of law to which no responsive pleading is require and/or that are a subject of expert opinion. To the extent a response is required, NHK Defendants deny the allegations in Paragraph 182, including for lack of information or knowledge sufficient to form a belief as to the truth of the allegations.

## PRAYER FOR RELIEF

183.   NHK Defendants deny that any class of indirect purchasers spanning any period may be certified.

184.   NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

185.   NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

186. NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

187. NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

188. NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

189. NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

190. NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

191. NHK Defendants deny that Reseller Plaintiffs suffered any injury or incurred any damages by any act or omission of NHK Defendants as alleged in the Complaint, and further deny that Reseller Plaintiffs are entitled to any relief from NHK Defendants under any theory of harm by means of the allegations set forth in the Complaint.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), NHK Defendants demand a trial by jury of all issues triable asserted in the Complaint and in this Answer.

## AFFIRMATIVE DEFENSES

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

As stated in its Answer above, NHK Defendants do not admit any liability to Resellers, that Reseller Plaintiffs have been injured or damaged in any way, or that Reseller Plaintiffs are entitled to any relief whatsoever. Further, NHK Defendants assert in the alternative the following affirmative defenses to Reseller Plaintiffs' Third Consolidated Amended Complaint. NHK Defendants incorporate by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein. NHK Defendants further reserve the right to amend this Answer and assert any defendants that may become available or apparent during pre-trial proceedings in this case.

### FIRST AFFIRMATIVE DEFENSE
**Statute of Limitations**

Reseller Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations to actions under the various state antitrust and consumer protection claims asserted in the Third Amended Complaint. Reseller Plaintiffs' Complaint seeks to recover damages and equitable relief for alleged unlawful acts and injuries dating from "2003 through such time as the anticompetitive effects of Defendants' conduct ceased[.]" Third Am. Complaint ¶¶ 141-42. Their claims began to accrue from the date of injury (which is alleged to have been as early as 2003), yet Reseller Plaintiffs did not file suit until February 2020. The applicable limitations periods do not allow for such recovery.

### SECOND AFFIRMATIVE DEFENSE
**Dormant Foreign Commerce Clause**

The Foreign Commerce Clause of the United States Constitution, U.S. Const. art. 1, § 8, reserves to Congress and the federal government the exclusive right to regulate foreign commerce, and application of state law to claims of extraterritorial purchases would violate the Foreign Commerce Clause. Reseller Plaintiffs' claims are barred, in whole or in part, to the extent that application of the various state antitrust and consumer protection claims asserted in the Third Amended Complaint to foreign manufacturing, marketing, and sales by and between primarily foreign entities discriminates against and/or excessively burden interstate commerce, and because the relief sought therein could invade authority reserved to Congress pursuant to the foreign commerce clause.

### THIRD AFFIRMATIVE DEFENSE
**Forum Non Conveniens**

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
NHK DEFENDANTS' ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

Without admitting that venue is proper or that jurisdiction exists in this District, Reseller Plaintiffs' claims are barred under the doctrine of forum non conveniens because this Court should decline to exercise its jurisdiction where the parties' and the court's own convenience, as well as the relevant public and private interests, indicate that this action should be tried in a different forum. Upon information and belief, most NHK Defendants and TDK Defendants are headquartered and/or have their principal places of business and operational and manufacturing facilities in Japan, Thailand, China, Hong Kong, or Singapore; the vast majority of witnesses and physical evidence is likely to be located in those countries; and Reseller Plaintiffs' claims are primarily based on sales in those countries. This forum does not have as strong a nexus to the claims at issue and results in oppressiveness and inconvenience out of proportion to Reseller Plaintiffs' convenience, if any.

## FOURTH AFFIRMATIVE DEFENSE
### Laches

Reseller Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches. Upon information and belief, Reseller Plaintiffs were aware or should have been aware of the facts concerning NHK Defendants' alleged conduct in 2016. Reseller Plaintiffs allege a conspiracy spanning thirteen or more years and seek to recover damages for their claims dating back to 2003. Reseller Plaintiffs state no facts that explain or justify their delay and failure to exercise reasonable diligence in waiting until February 2020 to assert their claims.

## FIFTH AFFIRMATIVE DEFENSE
### Contribution

Reseller Plaintiffs' claims are barred, in whole or in part, by virtue of the rights to contribution that NHK Defendants have against other persons and/or entities. If and to the extent permitted under each state law claim alleged, NHK Defendants' liability should be capped by its percentage of fault of the alleged wrongdoing, and other alleged wrongdoers are responsible for the majority of the alleged fault. Further, should another Defendant or non-party settle or otherwise offer consideration for release of legal claims and that amount represents a discharge of a judgment or pro-rata payment of the total liability alleged in this litigation, then such payment provides an offset in the amount of the settlement to subsequent liability of non-settlors including NHK Defendants, and NHK Defendants are entitled

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

to such contribution to satisfy claims of Reseller Plaintiffs if and to the extent permitted under each state law claim alleged.

## SIXTH AFFIRMATIVE DEFENSE
### Intervening or Superseding Acts of Third Parties or Other Causes

Reseller Plaintiffs' claims are barred to the extent their damages, if any, resulted from acts or omissions of third parties, or resulted from causes other than the acts and occurrences alleged in the Complaint, and over which NHK Defendants had no control or responsibility. The acts of such third parties or other causes constitute intervening or superseding causes of harm that were independently suffered by Reseller Plaintiffs. For example, prices that were paid by Reseller Plaintiffs were determined by economic conditions that were driven by actions of third parties, including HDD suspension assembly suppliers, HDD head gimbal manufacturers, HDD manufacturers, OEM manufacturers, and other distributors or resellers of end-use products containing SAs. In addition, the transfer and delivery of SAs and products incorporating SAs to third parties prior to delivery of end-use products to Reseller Plaintiffs represents several intervening steps that occurred under contract and pricing terms and could represent the source or cause of some or all of the damages alleged by Reseller Plaintiffs. The acts of such third parties represent unknown, unforeseeable, and supervening acts that break the chain of causation for claims that Reseller Plaintiffs are asserting.

## SEVENTH AFFIRMATIVE DEFENSE
### Remedies Unconstitutional, Unauthorized, or Contrary to Public Policy

Reseller Plaintiffs' claims are barred, in whole or in part, because the remedies sought are duplicative and/or punitive, and thus are unconstitutional, contrary to public policy, or otherwise unauthorized. In addition, to the extent Reseller Plaintiffs have asserted claims for which they are seeking treble damages, and as to which Reseller Plaintiffs have passed on the alleged overcharge, then the recovery by Reseller Plaintiffs of treble damages without a reduction would lead to disproportionate punitive damages that are unconstitutional and contrary to public policy.

## EIGHTH AFFIRMATIVE DEFENSE
### Unjust Enrichment

Reseller Plaintiffs' claims are barred, in whole or in part, because Reseller Plaintiffs would be unjustly enriched if they are allowed to recover the damages alleged in the Complaint and to the extent

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

that Reseller Plaintiffs seek damages for any overcharges that they passed on to other entities or individuals. Upon information and belief, Reseller Plaintiffs were aware or should have been aware of the conduct alleged in the Complaint as of 2016 and they passed on any overcharges to their customers and/or others in the distribution chain, including end-users of products incorporating hard disk drive suspension assemblies.

**NINTH AFFIRMATIVE DEFENSE**
**Injury or Damages Offset by Benefits Received**

Reseller Plaintiffs' claims are barred, in whole or in part, because any claimed injury or damages have been offset by benefits Reseller Plaintiffs' and/or certain members of the putative class received with respect to the alleged conduct.

**TENTH AFFIRMATIVE DEFENSE**
**Failure to Mitigate**

Reseller Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or certain members of the putative class failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**
**Waiver and Estoppel**

Reseller Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, by the doctrines of waiver and estoppel. Upon information and belief, Reseller Plaintiffs were aware or should have been aware of the facts concerning NHK Defendants' alleged conduct prior to 2016, took no action in relation to such alleged conduct, and have waived through inaction any claims they might assert based on such alleged conduct.

**TWELFTH AFFIRMATIVE DEFENSE**
**Other Defenses Incorporated By Reference**

NHK Defendants adopt and incorporate by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendants in this proceeding to the extent that NHK Defendants may share in such affirmative defenses.

**RESERVATION OF RIGHTS**

NHK Defendants have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to move to amend under Federal Rule of Civil Procedure 15 to assert and

37

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

rely on such other applicable defenses as may become available or apparent during this litigation. NHK Defendants further reserve the right to move to amend their Answer and/or their defenses accordingly and/or to delete defenses that they determine are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, NHK Defendants request entry of judgment in their favor, as follows:

1.      Dismissal of the Complaint with prejudice;

2.      For interest and costs pursuant to statute, contract, and based upon equitable principles; and

3.      For such other and further relief as the Court deems just and equitable.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Dated: January 13, 2022

Respectfully submitted,

**BAKER & McKENZIE LLP**
Mark H. Hamer
Mark G. Weiss

By: _/s/ Mark H. Hamer_
        Mark H. Hamer

Attorneys for NHK Defendants
_NHK Spring Co., Ltd., NHK International
Corporation, NHK Spring (Thailand) Co.,
Ltd., NAT Peripheral (Dong Guan) Co., Ltd.
and NAT Peripheral (H.K.) Co., Ltd._

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

## PROOF OF SERVICE

I, Mark G Weiss, declare under penalty of perjury:

I am a citizen of the United States and employed by Baker McKenzie LLP. I am over the age of eighteen years and not a party to the within entitled action. My business address is 815 Connecticut Avenue NW, Washington, DC 20006.

On January 13, 2022, I served the following document in the manner indicated below:

- **NHK DEFENDANTS' ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT.**

**ELECTRONIC MAIL:** by causing said document to be served electronically to the email addresses set forth below.

Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
sraiter@larsonking.com

Victoria Sims
**CUNEO GILBERT & LaDUCA, LLP**
4725 Wisconsin Ave., NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
vicky@cuneolaw.com

Dated: January 13, 2022

*/s/ Mark G. Weiss*

Mark G. Weiss