1   MORGAN, LEWIS & BOCKIUS LLP
    J. Clayton Everett, Jr., (*pro hac vice*)
2   clay.everett@morganlewis.com
    Scott A. Stempel, (*pro hac vice*)
3   scott.stempel@morganlewis.com
    1111 Pennsylvania Ave., NW
4   Washington, DC 20004
    Telephone: (202) 739-3000
5   Facsimile: (202) 739-3001

6   MORGAN, LEWIS & BOCKIUS LLP
    Michelle Park Chiu (State Bar No. 248421)
7   michelle.chiu@morganlewis.com
    One Market, Spear Street Tower
8   San Francisco, CA 94105
    Telephone: (415) 442-1000
9   Facsimile: (415) 442-1001

10  Attorneys for Defendants TDK Corporation,
    Magnecomp Precision Technology Public Co. Ltd.,
11  Magnecomp Corporation, Hutchinson Technology
    Inc., and SAE Magnetics (H.K.) Ltd.

12

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | CASE NO.: 3:19-MD-02918-MMC |
| | MDL NO. 2918 |
| THIS DOCUMENT RELATES TO: | **TDK DEFENDANTS' ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT** |
| ALL ACTIONS | |

21

22

23

24

25

26

27

28

TDK'S ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

DB1/ 126832416.1

Pursuant to Federal Rule of Civil Procedure 15 and the Court's Order Court's Order Approving Joint Stipulation And Order Regarding Time To Respond To Reseller Plaintiffs' and End-User Plaintiffs' Amended Complaints (ECF No. 395), Defendants TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Magnecomp Corporation, Hutchinson Technology Inc., and SAE Magnetics (H.K.) Ltd. (collectively, "TDK") hereby answer or otherwise respond to Reseller Plaintiffs' Third Consolidated Amended Complaint ("Complaint," ECF No. 418). TDK denies all allegations in the Complaint (including headings, captions, and footnotes) not specifically admitted in this answer.

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 1. Certain of the allegations in Paragraph 1 purport to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 1.

2. TDK denies the allegations in Paragraph 2 except as to matters specifically admitted herein. TDK admits that HDDs use magnetism to write, retrieve and store information electronically and are installed in a variety of electronic products. TDK admits that suspension assemblies secure magnetic heads in position over recording media, maintain the magnetic heads at a constant height relative to the recording media, and contain circuitry that link magnetic heads to other portions of the HDD.

3. To the extent the allegations of Paragraph 3 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations of Paragraph 3 relate to TDK, TDK denies them.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 5. To the extent the allegations of Paragraph 5 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the

1 | allegations of Paragraph 5 relate to TDK, TDK denies them.

2 |       6.       The allegations in Paragraph 6 relate to entities other than TDK, thus TDK lacks

3 | knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

4 | them.

5 |       7.       To the extent the allegations of Paragraph 7 relate to entities other than TDK, TDK

6 | lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

7 | denies them.  Certain of the remaining allegations in Paragraph 7 purport to characterize,

8 | summarize, or quote from selected portions of one or more documents.  TDK refers to those

9 | documents for a true and complete statement of their contents.

10 |       8.       To the extent the allegations of Paragraph 8 relate to entities other than TDK, TDK

11 | lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

12 | denies them.  Certain of the remaining allegations in Paragraph 8 purport to characterize,

13 | summarize, or quote from selected portions of one or more documents.  TDK refers to those

14 | documents for a true and complete statement of their contents.

15 |       9.       TDK denies the allegations in Paragraph 9 except as to matters specifically

16 | admitted herein.  TDK admits that certain antitrust enforcement authorities identified in

17 | Paragraph 9 conducted investigations of competition in markets for HDD suspension assemblies.

18 |       10.     Paragraph 10 states legal conclusions to which no response is required.  To the

19 | extent a response is required, TDK denies the allegations in Paragraph 10.

20 |       11.     The allegations in Paragraph 11 relate to entities other than TDK, thus TDK lacks

21 | knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

22 | them.

23 |       12.     Paragraph 12 states legal conclusions to which no response is required.  To the

24 | extent a response is required, TDK denies the allegations in Paragraph 12.

25 |       13.     Paragraph 13 states legal conclusions to which no response is required.  To the

26 | extent a response is required, TDK denies the allegations in Paragraph 13.

27 |       14.     Paragraph 14 states legal conclusions to which no response is required.  To the

28 | extent a response is required, TDK denies the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 16.

17.     Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 17.

18.     Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required and the allegations of Paragraph 18 relate to TDK, TDK denies them. To the extent the allegations of Paragraph 18 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

19.     Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required and the allegations of Paragraph 19 relate to TDK, TDK denies them. To the extent the allegations of Paragraph 19 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

20.     Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required and the allegations of Paragraph 20 relate to TDK, TDK denies them. To the extent the allegations of Paragraph 20 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

21.     The allegations in Paragraph 21 relate to entities other than TDK, thus TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

22.     Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required and the allegations of Paragraph 22 relate to TDK, TDK denies them. To the extent the allegations of Paragraph 22 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.

23.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 23 and, on that basis, denies them.

24.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 24 and, on that basis, denies them.

25.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 25 and, on that basis, denies them.

26.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 26 and, on that basis, denies them.

27.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 27 and, on that basis, denies them.

28.     TDK denies the allegations contained in Paragraph 28 except as to the matters specifically admitted herein.  TDK admits that TDK Corporation ("TDK Corp.") is a Japanese corporation with its principal place of business located in Tokyo, Japan.

29.     TDK denies the allegations contained in Paragraph 29 except as to the matters specifically admitted herein.  TDK admits that Magnecomp Precision Technology Public Co. Ltd. ("MPT") is a Thailand-based subsidiary of TDK Corp., with its principal place of business located in Ayutthaya, Thailand.  TDK further admits that MPT manufactured, marketed, and/or sold suspension assemblies.

30.     TDK denies the remaining allegations in Paragraph 30, except as to the matters specifically admitted herein.  TDK admits that Magnecomp Corporation is a U.S. corporation with its principal place of business in Murrieta, California and an affiliate of TDK Corporation.  Certain of the remaining allegations in Paragraph 30 purport to characterize, summarize, or quote from selected portions of one or more documents.  TDK refers to those documents for a true and complete statement of their contents.

31.     To the extent the allegations of Paragraph 31 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations of Paragraph 31 relate to TDK, TDK denies them,

except as to the matters specifically admitted herein.  TDK admits that SAE Magnetics (H.K.) Ltd. ("SAE") is wholly-owned by TDK Corporation.  TDK further admits that SAE manufactured HDD head gimbal assemblies containing suspension assemblies in China and sold those head gimbal assemblies to HDD manufacturers.

32.     TDK denies the allegations contained in Paragraph 32 except as to the matters specifically admitted herein.  TDK admits that Hutchinson Technology Inc. ("HTI") is a Minnesota corporation that was acquired by TDK in 2016 and became at that time a direct subsidiary of Headway and an indirect subsidiary of TDK Corp., with its principal place of business located in Hutchinson, Minnesota.  TDK further admits that HTI manufactured, marketed, and sold suspension assemblies.

33.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies them.

34.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 34 and, on that basis, denies them.

35.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 35 and, on that basis, denies them.

36.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 36 and, on that basis, denies them.

37.     Certain of the allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations of Paragraph 37.  To the extent the allegations of Paragraph 37 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them except as to the matters specifically admitted herein.  TDK admits that SAE Magnetics owned part of NAT Peripheral (H.K.) Co., Ltd. ("NAT H.K."), an entity that manufactured and sold suspension assemblies, until its interest in NAT H.K. was divested in 2015.  TDK further admits that NHK bought out SAE Magnetics' share of NAT H.K. and subsumed NAT H.K. as a wholly-owned subsidiary in April 2015.

38.     Paragraph 38 states legal conclusions to which no response is required.  To the

extent a response is required, TDK denies the allegations of Paragraph 38.

39.     To the extent the allegations of Paragraph 39 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations of Paragraph 39 relate to TDK, TDK denies them.

40.     Paragraph 40 does not contain any allegations of fact to which a response is required.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required and the allegations of Paragraph 41 relate to TDK, TDK denies them.  To the extent the allegations of Paragraph 41 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

42.     Certain of the allegations in Paragraph 42 purport to characterize, summarize, or quote from selected portions of one or more documents.  TDK refers to those documents for a true and complete statement of their contents.  TDK denies the remaining allegations in Paragraph 42.  To the extent the allegations of Paragraph 42 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

43.     Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is required and the allegations of Paragraph 43 relate to TDK, TDK denies them.  To the extent the allegations of Paragraph 43 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

44.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, on that basis, denies them.  Certain of the allegations in Paragraph 44 purport to characterize, summarize, or quote from selected portions of one or more documents.  TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 44.

45.     TDK admits the allegations in Paragraph 45.

46.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 46 and, on that basis, denies them.

47.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 47 and, on that basis, denies them.

48.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 48 and, on that basis, denies them.

49.     Certain of the allegations in Paragraph 49 purport to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents. TDK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and, on that basis, denies them.

50.     Certain of the allegations in Paragraph 50 purport to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations contained in Paragraph 50 except as to matters specifically admitted herein. TDK admits that HDDs comprise, among other things, magnetic disks as well as heads that read and write the information contained on the disks. TDK further admits suspension assemblies secure magnetic heads in position over recording media.

51.     To the extent the allegations of Paragraph 51 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations of Paragraph 51 relate to TDK, TDK denies them except as to the matters specifically admitted herein. TDK admits that certain entities included in the definition of TDK manufacture, market, and/or sell suspension assemblies.

52.     TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 52 and, on that basis, denies them.

53.     Paragraph 53 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents. TDK lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in Paragraph 53 and, on that basis, denies them.

54. TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 54 and, on that basis, denies them.

55. Paragraph 55 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations contained in Paragraph 55.

56. TDK lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 56 and, on that basis, denies them.

57. To the extent the allegations of Paragraph 57 relate to other entities, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the remaining allegations in Paragraph 57 purport to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents and otherwise denies the allegations in Paragraph 58.

58. To the extent the allegations of Paragraph 58 relate to other entities, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the remaining allegations in Paragraph 58 purport to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents and otherwise denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 relate to entities other than TDK, thus TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

60. The allegations in Paragraph 60 relate to entities other than TDK, thus TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

61. The allegations in Paragraph 61 relate to entities other than TDK, thus TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.

62.     The allegations in Paragraph 62 relate to entities other than TDK, thus TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

63.     Paragraph 63 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 63, except as to matters specifically admitted herein. TDK admits that certain entities affiliated with TDK applied for leniency from certain antitrust enforcement authorities.

64.     The allegations in Paragraph 64 relate to entities other than TDK, thus TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

65.     Paragraph 65 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents. TDK denies the remaining allegations in Paragraph 65.

66.     Paragraph 66 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents. TDK denies the remaining allegations in Paragraph 66.

67.     To the extent the allegations of Paragraph 67 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. Certain of the remaining allegations in Paragraph 67 purport to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents. TDK denies the remaining allegations in Paragraph 176, except as to those matters specifically admitted herein. TDK admits that its acquisition of HTI was reviewed by the U.S. Federal Trade Commission.

68.     Paragraph 68 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 68, except as to the

matters specifically admitted herein. TDK admits that certain antitrust enforcement authorities identified in Paragraph 68 conducted investigations of competition in markets for HDD suspension assemblies.

69.     Paragraph 69 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 69, except as to the matters specifically admitted herein. TDK admits that Brazilian antitrust authorities published a report.

70.     Paragraph 70 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 70.

71.     Paragraph 71 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 71.

72.     TDK denies the allegations contained in Paragraph 72.

73.     TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 and on that basis denies them.

74.     Paragraph 74 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 74.

75.     TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 and on that basis denies them.

76.     To the extent Paragraph 76 purports to characterize, summarize, or quote from selected portions of one or more document, TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 76.

77.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies them.

78. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81. To the extent the allegations of Paragraph 81 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations of Paragraph 81 relate to TDK, TDK denies them.

82. To the extent Paragraph 82 purports to characterize, summarize, or quote from selected portions of one or more document, TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 82.

83. To the extent Paragraph 83 purports to characterize, summarize, or quote from selected portions of one or more document, TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 83.

84. To the extent the allegations of Paragraph 84 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations of Paragraph 84 relate to TDK, TDK denies them.

85. TDK denies the allegations in Paragraph 85, except as to matters specifically admitted herein. TDK admits that TDK publicly disclosed its acquisition of a majority share of MPT in 2007.

86. To the extent the allegations of Paragraph 86 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations of Paragraph 86 relate to TDK, TDK denies them.

87. TDK denies the allegations in Paragraph 87 except as to matters specifically admitted herein. TDK admits that HTI was acquired by TDK in 2016, and that prior to this

1    acquisition HTI manufactured and sold suspension assemblies to various entities.

2          88.    To the extent the allegations of Paragraph 88 relate to entities other than TDK,

3    TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

4    denies them.  To the extent the allegations of Paragraph 88 relate to TDK, TDK denies them.

5          89.    To the extent Paragraph 89 purports to characterize, summarize, or quote from

6    selected portions of one or more documents, TDK refers to those documents for a true and

7    complete statement of their contents, and otherwise denies the remaining allegations in Paragraph

8    89.

9          90.    Paragraph 90 contains assertions of Plaintiffs' belief to which no response is

10   required.  To the extent a response is required, TDK denies them.

11         91.    Paragraph 91 contains assertions of Plaintiffs' belief to which no response is

12   required.  To the extent a response is required, TDK denies them.

13         92.    Paragraph 92 contains assertions of Plaintiffs' belief to which no response is

14   required.  To the extent a response is required, TDK denies them.

15         93.    Paragraph 93 contains assertions of Plaintiffs' belief to which no response is

16   required.  To the extent a response is required, TDK denies them.

17         94.    Paragraph 94 contains assertions of Plaintiffs' belief to which no response is

18   required.  To the extent a response is required, TDK denies them.

19         95.    TDK admits the allegations in Paragraph 95.

20         96.    TDK denies the allegations in Paragraph 96.

21         97.    To the extent the allegations of Paragraph 97 relate to entities other than TDK,

22   TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

23   denies them.  To the extent the allegations of Paragraph 97 relate to TDK, TDK denies them,

24   except as to those matters specifically admitted herein.  TDK admits that certain individuals

25   affiliated with TDK attended conferences sponsored by IDEMA on occasion.

26         98.    Paragraph 98 states legal conclusions to which no response is required.  To the

27   extent a response is required, TDK denies the allegations in Paragraph 98.

28         99.    To the extent the allegations in Paragraph 99 relate to entities other than TDK,

TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 99 relate to TDK, TDK denies them.

100. Paragraph 100 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 100.

101. Paragraph 101 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 101.

102. Paragraph 102 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 102.

103. Paragraph 103 purports to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 103.

104. Paragraph 104 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 104.

105. Paragraph 105 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 105.

106. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies them. To the extent Paragraph 106 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 106.

107. Paragraph 107 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 107.

108.     Paragraph 108 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 108.

109.     Paragraph 109 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 109.

110.     Paragraph 110 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 110.

111.     Paragraph 111 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 111.

112.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies them.

113.     Paragraph 113 purports to characterize, summarize, or quote from selected portions of one or more documents. TDK refers to those documents for a true and complete statement of their contents, and otherwise denies the remaining allegations in Paragraph 113.

114.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, denies them.

115.     Paragraph 115 contains assertions of Plaintiffs' belief to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 115, except as specifically admitted herein.  TDK admits HDDs use suspension assemblies to read and write data.

116.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, on that basis, denies them.

117.     To the extent the allegations in Paragraph 117 relate to entities other than TDK, TDK lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 117 relate to TDK, TDK denies them.

118.     TDK lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 118 and on that basis denies them, except as to matters specifically admitted herein.  TDK admits that MPT and HTI marked suspension assemblies that they manufactured.

119.     TDK lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 119 and on that basis denies them.

120.     Paragraph 120 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 120.

121.     TDK denies the allegations in Paragraph 121.

122.     Paragraph 122 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 122.

123.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, on that basis, denies them.

124.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, denies them except as to matters specifically admitted herein.  TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.  To the extent Paragraph 124 purports to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents.

125.     TDK denies the individuals were conspirators.  TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, denies them except as to matters specifically admitted herein.  TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

126.     TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, denies them except as to matters specifically admitted herein.  TDK admits that certain individuals affiliated with TDK communicated with

certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

127. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies. To the extent Paragraph 127 purports to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents.

128. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies. Paragraph 128 purports to characterize, summarize, or quote from selected portions of one or more documents, and TDK refers to those documents for a true and complete statement of their contents.

129. Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 129.

130. TDK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies. Paragraph 130 purports to characterize, summarize, or quote from selected portions of one or more documents, and TDK refers to those documents for a true and complete statement of their contents.

131. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 131 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with

certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

132. TDK denies the allegations in Paragraph 132 except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies. To the extent Paragraph 132 purports to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents.

133. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 133 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies. To the extent Paragraph 133 purports to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents.

134. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 134 and on that basis denies them except as to matters specifically admitted herein. TDK admits that Mr. Drahos was an employee of HTI. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies. To the extent Paragraph 134 purports to characterize, summarize, or quote from selected portions of one or more documents, TDK refers to those documents for a true and complete statement of their contents.

135. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

3:19-MD-02918-MMC

TDK'S ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

136. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

137. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 137 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

138. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 138 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

139. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

140. TDK lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 140 and on that basis denies them except as to matters specifically admitted herein. TDK admits that certain individuals affiliated with TDK communicated with certain individuals affiliated with NHK on occasion and in certain instances exchanged information regarding suspension assemblies.

141. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 141.

142. Paragraph 142 states legal conclusions to which no response is required. To the

extent a response is required, TDK denies the allegations in Paragraph 142.

143. TDK denies that any certifiable classes exist. To the extent any class members exist, TDK admits that "Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, the Court and persons who purchased HDD suspension assemblies directly or not for resale" are excluded from Plaintiffs' defined Classes.

144. Paragraph 144 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 144.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 145.

146. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 146.

147. Paragraph 147 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 147.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 148.

149. Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 149.

150. Paragraph 150149 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 150.

151. Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 151.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 152.

153. TDK incorporates its responses to Paragraphs 1 through 152 set forth above.

154. Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 154.

155. Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 155.

156. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 156.

157. Paragraph 157 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 157.

158. Paragraph 158 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 158.

159. Paragraph 159 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 159.

160. Paragraph 160 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 160.

161. TDK incorporates by reference its responses to Paragraphs 1 through 160 set forth above.

162. Paragraph 162 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 162.

163. Paragraph 163 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 163.

164. Paragraph 164 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 164.

165. Paragraph 165 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 165.

166. Paragraph 166 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 166.

167. Paragraph 167 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 167.

168. Paragraph 168 states legal conclusions to which no response is required. To the extent a response is required, TDK denies the allegations in Paragraph 168.

169.	Paragraph 169 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 169.

170.	Paragraph 170 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 170.

171.	Paragraph 171 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 171.

172.	TDK incorporates by reference its response to Paragraphs 1 through 171 set forth above.

173.	Paragraph 173 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 173.

174.	Paragraph 174 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 174.

175.	Paragraph 175 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 175.

176.	Paragraph 176 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 176.

177.	TDK incorporates by reference its responses to Paragraphs 1 through 176 set forth above.

178.	Paragraph 178 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 178.

179.	Paragraph 179 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 179.

180.	Paragraph 180 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 180.

181.	Paragraph 181 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 181.

182.	Paragraph 182 states legal conclusions to which no response is required.  To the extent a response is required, TDK denies the allegations in Paragraph 182.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof it would not otherwise bear, TDK asserts the following separate and additional affirmative defenses, all of which are plead in the alternative:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Waiver)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel. On information and belief, Plaintiffs were aware or should have been aware of the facts concerning the TDK Defendants' alleged conduct of which it complains; they took no action in relation to such alleged conduct; and they have waived through inaction any claims they might assert based on such alleged conduct.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Laches)**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches. Plaintiffs are alleging conduct and seeking to recover damages that date back to 2003 through May 2016. On information and belief, Plaintiffs were aware or should have been aware of the facts concerning the TDK Defendants' alleged conduct of which they complain prior to 2016. Despite having ample opportunity, Plaintiffs failed to file suit until February 2020, and failed to exercise reasonable diligence in asserting the Plaintiffs' claims.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations. Plaintiffs have brought antitrust claims under Section 1 of the Sherman Act, 15 U.S.C. § 1 and various state unfair competition and consumer laws. The Plaintiffs' antitrust claims began to accrue from the date of injury, which, according to the Plaintiffs, would have been in 2003, and Plaintiffs did not file suit until 2020. Their claims are therefore barred, in whole or in part, by the applicable statutes of limitation.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)**

Plaintiffs' claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized. To the extent Plaintiffs

have asserted claims for which Plaintiffs are seeking treble damages then the recovery by

Plaintiffs of treble damages without a reduction would lead to disproportionate punitive damages.

These disproportionate punitive damages would be unconstitutional and contrary to public policy.

### FIFTH AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs would be unjustly

enriched if they are allowed to recover any part of the damages alleged in the Complaint.

Plaintiffs were aware or should have been aware of the conduct alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take all

necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.  Plaintiffs

should have been aware of or were aware of the conduct that Plaintiffs now allege was

anticompetitive.  Plaintiffs' failure to address this knowledge is a failure to mitigate damages.

Further, Plaintiffs failed to mitigate their damages to the extent that they (a) selected and

purchased products containing HDD suspension assemblies at prices higher than were being

offered for similar products containing lower priced HDD suspension assemblies; or (b) they

decided to pay higher prices for products containing HDD suspension assemblies than available

alternatives.

### SEVENTH AFFIRMATIVE DEFENSE
**(Contribution)**

Plaintiffs' claims against TDK are barred, in whole or in part, because of rights to

contribution that TDK has against other persons and entities.  In this litigation there are multiple

Defendants.  TDK's liability should be capped by its percentage of fault of the alleged

wrongdoing and other alleged wrongdoers are responsible for the majority of the alleged fault.

Further, should another Defendant settle or otherwise offer compensation for release of legal

claims and that amount represents a discharge of a judgment or pro-rata payment of the total

liability alleged in this litigation, then such payment provides an offset in the amount of the

settlement to subsequent liability of non-settlors, including TDK, and TDK is entitled to such contribution to satisfy claims of the Plaintiffs.

<h3 style="text-align:center">EIGHTH AFFIRMATIVE DEFENSE</h3>
(<em>Forum Non Conveniens</em>)

Plaintiffs' claims should be dismissed on the grounds of forum non conveniens. Plaintiffs' claims derive almost entirely from purchases of HDD suspension assemblies outside the United States. All of the manufacturing facilities for HGAs and HDDs were located outside the United States during the Relevant Period. MPT, NHK, and SAE's manufacturing facilities were all located outside the United States. MPT, NHK Spring, TDK Corporation and SAE are all non-US companies, with headquarters and operational facilities all located outside the United States. The witnesses and documents in this case are largely located outside the United States. The claims at issue are heavily weighted toward transactions that took place completely outside the United States, and in that context, the forum in the United States that has been selected by the Plaintiffs is oppressive and inconvenient.

<h3 style="text-align:center">NINTH AFFIRMATIVE DEFENSE</h3>
(Dormant Foreign Commerce Clause)

Plaintiffs' claims are barred, in whole or in part, because the relief sought therein would invade authority reserved to Congress pursuant to the Foreign Commerce Clause. Plaintiffs' claims under state unfair competition and consumer laws derive almost entirely from purchases of HDD suspension assemblies outside the United States and seek to regulate foreign commerce. The Foreign Commerce Clause of the United States Constitution, U.S. Const. art. 1, § 8, reserves to Congress and the federal government the exclusive right to regulate foreign commerce, and application of state law to claims deriving from extraterritorial purchases would violate the Foreign Commerce Clause, including, in particular, Plaintiffs' claims under the various state unfair competition and consumer protection laws.

<h3 style="text-align:center">TENTH AFFIRMATIVE DEFENSE</h3>
(Intervening or Superseding Acts of Third Parties)

Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom TDK had no control or responsibility. The acts of such third parties constitute intervening or

superseding causes of harm, if any, suffered by Plaintiffs. Prices that were paid by Plaintiffs were determined by supply and demand conditions that were driven by actions of third parties, including third-party customers and HDD Suspension Assemblies suppliers. The acts of those third parties break the chain of causation for any claims that Plaintiffs are asserting.

## RESERVATION OF RIGHTS

TDK has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. TDK further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, TDK prays for judgment as follows:

1. That the Court enter judgment in favor of TDK with respect to all causes of action;

2. That the Court award TDK its costs, including attorneys' fees; and

3. That TDK be granted such other and further relief as the Court deems just and proper.

Dated: January 13, 2022

**MORGAN, LEWIS & BOCKIUS LLP**

By: _____*/s/ J. Clayton Everett, Jr.*_____
J. Clayton Everett, Jr.

Counsel for Defendants
TDK Corporation, Magnecomp
Precision Technology Public Co. Ltd.,
Magnecomp Corporation, Hutchinson
Technology Inc., and SAE Magnetics
(H.K.) Ltd.

TDK'S ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

# **ATTORNEY ATTESTATION**

I, Louis Y. Lee, hereby attest, pursuant to Civil Local Rule 5-1(h)(3) of the United States District Court for the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ Louis Y. Lee*

# **CERTIFICATE OF SERVICE**

I, Louis Y. Lee, hereby certify that on this 13th day of January 2022, I caused to be electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Northern District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

*/s/ Louis Y. Lee*

TDK'S ANSWER TO RESELLER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT

DB1/ 126832416.1