1 | Jean Fundakowski (CA Bar #328796)
  | DAVIS WRIGHT TREMAINE LLP
2 | 505 Montgomery Street, Suite 800
  | San Francisco, CA 94111
3 | Telephone: (415) 276-6582
  | Facsimile: (415) 276-6599
4 | Email: jeanfundakowski@dwt.com

5 | Attorney for Microsoft Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: HARD DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC |
|---|---|
| | **[CORRECTED] EXHIBIT A [DKT 453-3]TO THE DECLARATION OF JIM HOWARD IN SUPPORT OF MICROSOFT CORPORATION'S RESPONSE TO END-USER PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |
| This Document Relates to: ALL END-USER Actions | Date: March 3, 2022
Time: 1:30 p.m.
Judge: Hon. Kandis A. Westmore |

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| End-User and Reseller Plaintiffs<br>*Plaintiff*<br>v.<br>NHK Spring Co., Ltd., et al.<br>*Defendant* | )<br>)<br>) Civil Action No. 19-md-02918-MMC<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Microsoft Corporation, c/o Corporation Service Company Which Will Do Business in California as CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 | Date and Time:<br>06/02/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | /s/ Christopher Micheletti<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* End-User Plaintiffs
_____, who issues or requests this subpoena, are:
Christopher Micheletti, Zelle LLP, 555 12th St., Suite 1230, Oakland, CA 94607, cmicheletti@zelle.com, (415) 633-1912

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-md-02918-MMC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## I. BACKGROUND

This Subpoena pertains to class action lawsuits brought by indirect purchasers of hard disk drive ("HDD") suspension assemblies against NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd., TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd., and Hutchinson Technology, Inc. The litigation is pending in the United States District Court for the Northern District of California. Suspension assemblies are essential components of HDDs which hold the recording heads in close proximity to the disks and provide the electrical connection from the recording heads to the HDD's circuitry. Defendants have allegedly engaged in a more-than-decade-long conspiracy to fix prices and allocate market share for the worldwide market of HDD suspension assemblies, resulting in higher prices in finished products containing suspension assemblies.

## II. DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1. The following rules of construction shall apply to all discovery requests:

   (a) The terms "All" and "Each" shall be construed as all and each;

   (b) The connectives "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   (c) "Including" shall be construed to mean "without limitation";

   (d) "Concerning," "Relating to," "regarding," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part; and

   (e) The use of the singular form of any word includes the plural and vice versa.

  2. "Computers" means portable and desktop computers.

  3. "Customer" means individuals and/or entities that purchase Standalone Storage Devices or Computers from You.

  4. "Document(s)" shall mean and include all recorded information of any kind, including "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy Documents as well as electronically stored data files including email, instant messaging, shared network files and databases. With respect to electronically stored data, "Documents" also includes, without limitation, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

  5. "Persons" means natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

  6. "Standalone Storage Devices" means bare HDDs, external/portable HDDs, network attached storage (NAS) drives, and enterprise storage servers and arrays that contain Suspension Assemblies.

  7. "Studies" and/or "Analyses" mean all reports, memoranda, statistical compilations, slide presentations, reviews, audits, and other types of written, printed, or electronic submissions of information.

  8. "You" or "Your" mean the responding party, its predecessors (including acquired entities, such as Hitachi Global Storage Technologies), successors, subsidiaries, departments, divisions, units, joint ventures and/or affiliates, including, without limitation, any organization or entity which the responding party manages or controls, together with all present and former

directors, officers, employees, agents, representatives or any Persons acting or purporting to act on behalf of the responding party.

### III.   RELEVANT TIME PERIOD

Unless otherwise noted, the term "Relevant Time Period" means January 1, 2003 through December 31, 2016. Unless otherwise noted, the term "Structured Data Time Period" means January 1, 2000 through December 31, 2019. If a Document prepared outside the Relevant Time Period is necessary for a correct or complete understanding of any Document within the scope of any Request, You shall produce the earlier or subsequent Document as well. If any Document is undated and its date of preparation or modification cannot be determined, You shall produce the Document if otherwise responsive to any Request.

### IV.   INSTRUCTIONS

1. These requests call for production of all responsive Documents that are within the possession, custody or control of You.

2. If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld Document: date, author, recipients, general subject matter sufficient to make a *prima facie* determination whether the asserted privilege has been properly invoked, and the legal basis upon which the Document has been withheld.

3. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

4. Please produce All Documents maintained or stored electronically in native, electronic format with All relevant metadata intact. Encrypted or password-protected Documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored

electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

5. Please organize electronic Documents produced for inspection in the same manner You store them (e.g., if maintained by a custodian, such as email residing on an email server, please organize Documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize Documents for production by custodian with path information preserved, etc.).

6. At Your election, Documents maintained or stored in paper, hard-copy form can be produced as searchable .PDFs (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

7. These requests require production of paper Documents in the same form and the same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the Documents are to be produced in boxes, file folders, binders, and other containers in which the Documents are found. The titles, labels, or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

8. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

9. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

10. Each document request, and Each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsible, followed by Your response.

11. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

12. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be deemed waived.

13. If You are unable to answer any document request, the reason for Your inability to answer shall be separately stated in detail for each document request.

14. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Federal Rule of Civil Procedure 23(e).

## V. REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Your transactional-level data (in machine-readable format such as *.csv, *.txt or other native flat file format) for all sales of Standalone Storage Devices and/or Computers (including sales to an affiliated entity) anywhere in the world during the Structured Data Time Period, including:

(a) date of transaction, including date of order, date of invoice, and date of shipment;

(b) product type (e.g., bare HDDs, external/portable HDDs, NAS drives, enterprise storage servers and arrays, desktop computers, portable computers);

(c) detailed product descriptions;

(d) customer purchase order number, contract number, invoice number, invoice line item number, shipment number, or other information that uniquely identifies each transaction;

(e) the quantity of product sold (including a unit of measure);

(f) unit price (i.e., the price paid by customer for each unit, including a unit of measure);

(g) total dollar sales amount of the transaction;

(h) detailed breakdown of all cost components per unit or transaction, including:

    i. the cost of raw materials, parts, or subsystems used in manufacture;

    ii. the acquisition cost of parts or subsystems used in the manufacture if obtained from a third party;

    iii. labor, manufacturing and general overhead;

    iv. any depreciation allocated to the product;

    v. licensing/royalty fees; and

    vi. any other fixed and variable costs of producing and distributing the product allocated to the transaction;

(i) transaction type, including original sale, rebate, return, exchange, credit, debit, surcharge, and discount; in the case of returns and exchanges, an indication of the original invoice number against which the return or exchange should be applied;

(j) any adjustments to those amounts and prices, including rebates, discounts, billbacks, credits, debits, returns, or other payments You made to Your customer, free or discounted goods or other financial incentives You made or provided to Your customer. If any of these items are not available at the transaction level, provide the most disaggregated level available and explanations on how such items can be allocated to transactions;

(k) the net price per unit and net total dollars paid by Your customer (after the application of any discounts or rebates);

(l) any field, method, or information that would allow one to link adjustments listed in (j) to the corresponding sales records;

(m) monetary components of the transaction beyond price, including sales tax, shipping charges, surcharges, or any other charges;

(n) the currency and exchange rates for the amounts and unit prices Your customer paid;

(o) product identifier, including product model number, product serial number, quick response ("QR") codes, Your unique identifying information for each product sold, Your customer's product code, product SKU or other unique identifying information for each product purchased, product descriptions, and any product categorizations (types or series) You use in the normal course of business;

(p) any field, method, or information sufficient to allow the product identifiers and the transaction data to be linked;

(q) identification of the customer to whom the Standalone Storage Devices or Computers were shipped, as well as the customer to whom such products were

    billed. Such identification includes:

     i. name, including any hierarchical name potentially used to group multiple customer names or customer numbers under a single umbrella;

     ii. any unique identification numbers;

     iii. geographic location (address, state, and country);

     iv. any data used to classify the customer facility, including distribution channels (e.g., distributor, retailer, consignment); and

     v. any field, method, or information that would allow one to link each customer to all of its transaction records;

(r) customer type (e.g., distributor, reseller, retailer, PC manufacturer);

(s) cost of goods sold for a transaction; and

(t) any other information associated with the transaction(s) tracked in the normal course of business in Your electronic database(s), including the legal entity making the sale.

**REQUEST NO. 2**

Documents reflecting, memorializing, constituting, concerning or referring to the relationship between prices for the Standalone Storage Devices or Computers and the costs of producing, manufacturing, marketing, selling, or distributing such products, including how prices respond to any cost changes during the Relevant Time Period.

**REQUEST NO. 3**

Documents reflecting, memorializing, constituting, concerning or referring to the policies, methods, formulas or factors used in determining, setting, adjusting, or quoting prices of Standalone Storage Devices or Computers to customers, including any rebates, discounts, off-invoice discounts, or other price concessions offered to customers.

**REQUEST NO. 4**

Documents including, but not limited to, any studies or analyses reflecting, memorializing,

constituting, concerning or referring to the impact or effect of changes of Your acquisition costs for HDDs on the prices of Standalone Storage Devices or Computers You sell to Your customers. Please include all Documents discussing the method or formula for instituting any increase in the prices You charge following or due to an increase in Your acquisition costs.

**REQUEST NO. 5**

Documents reflecting, memorializing, constituting, concerning or referring to "list," proposed, "street," or actual prices for Standalone Storage Devices and Computers.

**REQUEST NO. 6**

Documents that assess the competitive conditions at any level in the distribution channel for Standalone Storage Devices or Computers, including documents which discuss competitors, potential competitors, barriers to entry, market conditions, market shares, margins, profitability, availability of supply, the supply of and demand, input supply contracts/procurement methods, forecasts, pricing trends, cost conditions, or sales trends.

**REQUEST NO. 7**

Documents reflecting, memorializing, constituting, concerning or referring to internal transfer costs, pricing, or sales of Standalone Storage Devices and Computers between or among divisions or entities within Your corporate family.

**REQUEST NO. 8**

Documents sufficient to decipher and/or explain the information captured by product codes, bar codes, quick response ("QR") codes, model numbers, and part numbers for Standalone Storage Devices or Computers manufactured or sold by You, including product decoders, product keys, product dictionaries, product cross-reference guides, and/or product manuals.

**REQUEST NO. 9**

Documents sufficient to show why and how You labeled, marked, and/or branded Standalone Storage Devices or Computers manufactured or sold by You, for purposes of product tracking, construction, performance, quality, safety, and/or regulatory compliance.

9
Case No. 3:19-md-02918-MMC
SCHEDULE A

**REQUEST NO. 11**

Your aggregated monthly level data (in machine-readable format such as *.csv, *.txt or other native flat file format) for all purchases of HDDs (including purchases by an affiliated entity) by supplier by product type by business unit anywhere in the world during the Structured Data Time Period, including:

(a) month of purchase based on invoice date;

(b) product type (e.g., bare HDDs, internal HDDs, external portable HDDs, HDDs for data center/enterprise or HDD for consumer storage);

(c) supplier of the product purchased;

(d) type of the supplier (e.g., manufacturer, distributor);

(e) manufacturer of the product purchased;

(f) Your business unit that made the purchases;

(g) region of Your business unit that made the purchases (e.g., North America);

(h) country of Your business unit that made the purchases (e.g., U.S.);

(i) the quantity of product purchased, after accounting for rebate, return, exchange, credit, debit, surcharge, and discount, for a given month, product type, supplier, business unit (and country if a business unit has facilities that made purchases in different countries);

(j) unit of measure of the quantity of product purchased;

(k) total dollar purchase amount, after accounting for rebate, return, exchange, credit, debit, surcharge, and discount, for a given month, product type, supplier, business unit (and country if a business unit has facilities that made purchases in different countries); and

(l) the currency and exchange rates for the total dollar purchase amount.