UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC (KAW)<br><br>**ORDER GRANTING MOTION TO COMPEL IBM CORPORATION'S COMPLIANCE WITH SUBPOENA**<br><br>Re: Dkt. No. 422 |

The instant case concerns an alleged conspiracy by manufacturers of suspension assemblies. (End-User Plaintiffs Second Amended Compl. ("EUP SAC") ¶ 1, Dkt. No. 311.) Suspension assemblies are an indispensable component of computer hard disk drives ("HDDs"). (*Id.*) End-User Plaintiffs ("EUPs") allege that Defendants conspired to price fix and allocate market shares for suspension assemblies. (EURP SAC ¶ 2.) Defendants sold the suspension assemblies to HDD manufacturers, and EUPs purchased the HDDs (in the form of "Standalone Storage Devices," *i.e.* personal HDD storage devices, enterprise HDD storage systems, and computers) either directly from HDD manufacturers or from resellers. (EUP SAC ¶¶ 12, 219, 221). EUPs allege that Defendants' conspiracy harmed them because they paid higher prices for storage devices and computers, explaining that "when a firm's costs increase due to an overcharge . . . the firm will tend to pass-through the cost increase by raising its price." (EUP SAC ¶¶ 226, 232.)

On January 6, 2022, EUPs filed a motion to compel compliance with a subpoena as to third-party IBM Corporation ("IBM"). (EUP Mot. to Compel, Dkt. No. 422.) On February 4, 2022, IBM filed its opposition. (IBM Opp., Dkt. No. 443.) On February 11, 2022, EUPs filed their reply. (EUP Reply, Dkt. No. 457.)

Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for disposition

without a hearing, and VACATES the March 3, 2022 hearing.  Having considered the parties' filings and the relevant legal authorities, the Court GRANTS EUPs' motion to compel.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena.  "The scope of discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b)."  *Fujikura Ltd. v. Finisar Corp.*, Case No. 15-mc-80110-HRL (JSC), 2015 U.S. Dist. LEXIS 135871, at *8 (N.D. Cal. May 14, 2015).  Rule 26(b), in turn, allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

## II. DISCUSSION

Through the subpoena, EUPs seek various cost and sales data, product tracking methods, and other information regarding "Standalone Storage Devices," which are defined as "bare HDDs, external/portable HDDs, network attached storage (NAS) drives, and enterprise storage servers and arrays that contain Suspension Assemblies."  (EUP Mot. to Compel, Exh. A.)  IBM, in turn, does not dispute the relevance of the subpoena.  Instead, IBM argues that it does not have any responsive records.  (IBM Opp. at 5.)

Specifically, Richard Lang -- the Program Manager of IBM Records Management -- states that IBM retains records such as sales records, transaction data, or price data for ten years plus the current year.  (Lang Decl. ¶ 2, Dkt. No. 443-2.)  In 2002, IBM sold its HDD business to Hitachi, after which IBM stopped selling HDDs.  (Lang Decl. ¶ 3.)  Per IBM's retention policy, records related to IBM's sale to Hitachi would have been deleted in 2013.  (Lang Decl. ¶ 4.)  In 2005, IBM sold its personal computing ("PC") division to Lenovo, including both its computer product lines and optional devices for PCs.  (Lang Decl. ¶ 5.)  IBM's retention policy would have called for the deletion of  records related to IBM's sale to Lenovo in 2015.  (Lang Decl. ¶ 6.)  IBM continued to fulfill contractual obligations with specific customers that could not be transferred to Lenovo, but these obligations were satisfied prior to 2010.  (Lang Decl. ¶ 8.)  Thus, IBM contends that it stopped selling PCs, PC optional devices, and PC components prior to 2010, and that all sales data related to these products fall outside of IBM's retention period.  (Lang Decl. ¶ 9.)

1    IBM is correct that it cannot be compelled to produce documents that it does not possess.
2    (*See* IBM Opp. at 5.)  As EUPs point out, however, Mr. Lang does not state that IBM did, in fact,
3    delete its sales records relating to HDDs and PCs.  (EUP Reply at 1-2.)  There is no suggestion
4    that Mr. Lang or any other individual actually attempted to search for records responsive to the
5    subpoena, and that such records no longer exist.  IBM must therefore conduct a search for these
6    records.  If such records no longer exist, IBM shall confirm such to EUPs.  If they do still exist,
7    IBM must produce them.

8    Further, EUPs observe that IBM does not address other Standalone Storage Devices, such
9    as NAS drives and enterprise storage servers and arrays that contain suspension assemblies.  (EUP
10   Reply at 2.)  EUPs also assert that IBM has sold such products in the time period covered by the
11   subpoena based on using the search term "HDD" in IBM's publicly-available searchable database
12   of offering information.  (*Id.* at 2; Zinser Decl. ¶¶ 2-5, Exhs. A-C (IBM Hardware Announcements
13   of HDDs dated 2012, 2013, and 2018).)  Additionally, EUPs provide evidence that IBM has
14   purchased millions of HDDs, including in the last ten years.  (EUP Reply at 3-4.)  Thus, it would
15   appear that IBM would have component cost data and HDD procurement data for the last decade,
16   even under IBM's retention policy.  Such information must be produced.

17   In the alternative, IBM argues in a single paragraph that the subpoena's definition of
18   "Standalone Storage Devices" is vague and overbroad because it fails to identify specific products
19   that IBM sells.  (IBM Opp. at 5-6.)  IBM cites no authority in support of this proposition, and the
20   Court has not found any.  *But see Tech. Licensing Corp. v. Blackmagic Design PTY Ltd.*, No. 13-
21   cv-05184-SBA (MEJ), 2015 U.S. Dist. LEXIS 7419, at *11-13 (N.D. Cal. Jan. 22, 2015)
22   (rejecting the defendant's argument that the plaintiff had to identify the products using a specific
23   integrated circuit in the plaintiff's discovery requests).  As EUPs point out, "IBM has far more
24   knowledge about its own product line than EUPs."  (EUP Reply at 4.)  Requiring EUPs to identify
25   specific products when it may not have complete knowledge would impose an unfair requirement.

26   Finally, EUPs request that the Court hold IBM in contempt.  (Pl.'s Reply at 8.)  The Court
27   declines to do so, as it is granting EUPs' motion to compel.
28

### III. CONCLUSION

For the reasons stated above, the Court GRANTS EUPs' motion to compel IBM's compliance with the subpoena. IBM shall produce all responsive documents in its possession within **thirty days** of the date of this order.

IT IS SO ORDERED.

Dated: March 2, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4