# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
| This Document Relates to:<br><br>ALL CASES | **JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:      Hon. Maxine M. Chesney<br>Date:       May 20, 2022<br>Time:       10:30 a.m.<br>Courtroom: Via Videoconference |

Pursuant to the Court's Order dated January 21, 2022 entered in the above-captioned MDL matter (ECF No. 392), and the Standing Order for All Judges of the Northern District of California ("Standing Order"), the Parties hereby submit this Joint Case Management Statement. Below, the Parties only address those sections of the Standing Order that reflect new information not presented in the Parties' prior Joint Case Management Statements. The only ripe issues for the Court's attention are End-User Plaintiffs' and Reseller Plaintiffs' requests for certain adjustments to the case schedule, as set forth below.

## 1.    MOTION PRACTICE

Currently, no motions are pending before the district court or the Magistrate Judge.

### a.   Anticipated Motions

***Foreign Trade Antitrust Improvements Act.***

Defendants will file early summary judgment motions based on the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a ("FTAIA") and other laws limiting the extraterritorial reach of U.S. antitrust laws against Seagate and the End-User and Reseller Plaintiffs ("Class Plaintiffs"). Per the Court's order on January 21, 2022, Defendants' opening motions are currently due June 3, 2022, Plaintiffs' opposition is due August 17, 2022, and Defendants' reply is due October 7, 2022 (ECF No. 430).

***Class Certification.***

EUPs and Resellers will file motions to certify their actions as class actions pursuant to Federal Rule of Civil Procedure 23. Per the Court's order on January 21, 2022, class certification motions and expert reports in support of class certification are currently due on July 26, 2022. Defendants' class certification opposition and expert reports in opposition to class certification are currently due on September 23, 2022. Plaintiffs' class certification replies and expert rebuttal reports in reply to opposition to class certification are currently due on November 17, 2022.

***Summary Judgment.***

The respective parties may seek summary judgment after the close of discovery as to some or all claims that remain after the decisions on the motions listed above. The parties also anticipate filing other pretrial motions as necessary.

### 2.   DISCOVERY STATUS

Discovery is ongoing. On August 13, 2020, the Court referred all discovery disputes to Magistrate Judge Westmore (ECF No. 253). This Section only discusses new developments with respect to discovery.

### a.   Written and Document Discovery

#### i.   Party Discovery

All parties have substantially completed document productions.

1

#### ii.    Third-Party Discovery

2      Class Plaintiffs served third-party subpoenas requesting the production of documents on

3  37 third parties.  Defendants served identical subpoenas on 32 of the 37 companies served by Class

4  Plaintiffs.

5      To date, 29 out of those 37 third parties have produced some documents and/or data in

6  response to the subpoenas: Seagate, Western Digital, Ingram Micro, Arrow Electronics, Computer

7  Warehouse of North Carolina, Staples, Inc., Avnet, Inc., MA Laboratories, Inc., GHA

8  Technologies, Inc., Dell, P.C. Richard & Son, Synnex Corporation, Other World Computing, Inc.,

9  Microland Electronics Corporation, Newegg Inc., PC Connection, Inc., The ODP Corporation,

10  Target Corporation, Costco Wholesale Corporation, GameStop Corporation, Walmart Inc., Acer

11  America Corporation, Fujitsu America, Inc., HP Inc., Lenovo (United States) Inc., NetApp, Inc.,

12  Oracle Corporation, Microsoft Corporation, and IBM Corporation.  Some of the listed third parties

13  have yet to complete their productions and negotiations with the third parties to produce relevant

14  data are ongoing.

15

#### b.    Depositions

16      Plaintiffs have taken eight depositions of Defendants' current or former employees, and an

17  additional 16 depositions have been noticed by Plaintiffs and will be taken before the current

18  August 22, 2022 deadline for completion of fact discovery. (ECF No. 430).  Plaintiffs intend to

19  notice depositions of additional current and former Defendant employees.  Defendants have taken

20  the depositions of two named Reseller Plaintiffs.  Defendants intend to notice depositions of three

21  additional Reseller Plaintiffs.  On April 29, 2022, Defendants served notices of depositions of 19

22  named End-User Plaintiffs.  NHK Defendants have taken the deposition of one former Seagate

23  employee and have, or soon will, notice the depositions of seven additional current or former

24  Seagate employees.

25

### 3.    <u>SETTLEMENT AND ADR</u>

26      On April 8, 2022, this Court entered an order dismissing with prejudice the Seagate

27  Plaintiffs' claims against the TDK Defendants (ECF No. 475).

28

1    The Parties remain willing to discuss prospects for settlement as to the remaining cases but

2    agree that the cases are not appropriate for ADR at this time.

3    **4.    SCHEDULING AND TRIAL**

4    The Parties have been operating under the Court's scheduling deadlines as ordered on

5    January 21, 2022 and referenced above (ECF No. 430).  No trial date has been set. Class Plaintiffs

6    request that, in light of the delays in obtaining and processing third-party data and scheduling

7    depositions, this Court grant a 60-day extension of the deadlines for filing Class Certification and

8    FTAIA Summary Judgment Motions. Class Plaintiffs also request extensions of the deadline for

9    the Close of Fact Discovery, as set forth below. Seagate and Defendants do not agree to any

10   extensions of the current deadlines.

11   **a.    EUPs' Position**

12   EUPs have requested that the parties agree to adjustments to the deadlines for Defendants'

13   motion for summary judgment under the FTAIA (and related briefing), Class Plaintiffs' motions

14   for class certification (and related briefing), and the fact discovery cut-off.  The parties have been

15   unable to reach an agreement on this issue.

16   The COVID-19 pandemic has compressed the schedule to the point where a modest

17   extension of 60 days has become necessary for EUPs to complete the discovery pertinent to their

18   motions for class certification and opposition to Defendants' motion for summary judgment under

19   the FTAIA.

20   After Defendants substantially completed their document productions in December 2021,

21   Plaintiffs anticipated that they would commence taking the bulk of the depositions of Defendants'

22   witnesses in the first quarter of 2022 and TDK's four US-based former employees in March,

23   pursuant to subpoenas issued in January.  Defendants, however, declined to put their witnesses up

24   for deposition—in-person or remotely—in that time frame due to global pandemic conditions.  For

25   example, in March 2022, TDK deferred setting depositions of key corporate witnesses in May,

26   indicating that witness and counsel scheduling required those deposition be set "in or around July

27

28

1  2022."[1]  Similarly, as late as March 14, 2022, NHK Spring insisted that health and safety

2  conditions precluded their Asia-based witnesses from traveling for in-person or remote depositions

3  until July 19, 2022.[2]  While Plaintiffs prevailed upon Defendants to produce witnesses earlier than

4  these dates, as a result of the initial delays, depositions of Defendant witnesses did not commence

5  until April 28, 2022. Further, TDK asked Plaintiffs to withdraw their subpoenas to its former

6  employees and instead wait until May and June to take their depositions.  The delay in scheduling

7  in-person and/or remote depositions has compressed the scheduling such that the parties have now

8  scheduled, or are scheduling depositions of 21 witnesses, covering approximately 55 deposition

9  days through mid-August.  And, more depositions of Defendant witnesses still need to be

10  scheduled, including 30(b)(6) depositions of Defendants, additional 30(b)(1) depositions and

11  potential third-party depositions.  Finally, some depositions will likely be delayed due to COVID-

12  related issues.  For example, on May 5, 2022, TDK advised Plaintiffs that one of its witnesses

13  cannot travel to his deposition set for May 19 in Honolulu because he was unable to renew his visa

14  "due to consulate closures in Hong Kong relating to COVID-19 restrictions."

15  Further impacting the schedule, on April 29, 2022, Defendants noticed 19 depositions of

16  End-User Plaintiffs.  These EUPs completed their responses to written and document discovery in

17  2021, and these depositions could have been sought by Defendants many months ago.  EUPs

18  should not now be forced to double- or triple-track their own depositions on top of the delayed

19  depositions of Defendants' witnesses.  Finally, while EUPs have aggressively and expeditiously

20  pursued third party discovery—including successfully litigating motions to compel against Other

21  World Computing, Microsoft and IBM—they need additional time to complete that discovery, and

22  to perform the data processing and analysis needed to prepare their class certification motion and

23  related expert reports.  Multiple third-parties have not completed their productions (not all of the

24  29 entities who have made productions have completed them), and the Class Plaintiffs' experts'

25  processing and data-cleaning efforts, which must be completed prior to performing their analyses,

[1] Letter dated March 9, 2022 from M. Park-Chiu to Plaintiffs' Counsel.

[2] Letter dated March 14, 2022 from M. Hamer and C. Lee to Plaintiffs' Counsel.

are still ongoing. These are complicated and time-consuming processes that require additional time above and beyond what is provided for under the current class certification motion schedule. Fully-cleaned and processed third-party data is necessary for Class Plaintiffs' experts' damage models, which will accompany their class certification motions.

With the above deposition schedule, third-party discovery, and the other motion-related work described above, EUPs submit that there simply is not enough time to complete fact discovery by August 22, 2022.  In addition, the current schedule contemplates that Plaintiffs will be able to conduct some fact discovery following the filing of Defendants' FTAIA summary judgement motions.  EUPs' proposed schedule, set out below, continues to allow time for that discovery to occur.  At this juncture in the case, when both sides are working towards completing their discovery, it makes sense to ensure that all relevant information is in the parties' possession when their filings are due.  For all of the above reasons, EUPs propose the following revised schedule:

| Event | New Date | Current Date |
|---|---|---|
| Joint Case Management Statement due | n/a | Fri 5/13/2022 |
| Further Case Management Conference | n/a | Fri 5/20/2022, at 10:30am PT |
| Defendants' FTAIA Summary Judgment Due | Tues 8/2/2022 | Fri 6/3/2022 |
| Class Cert Motions And Expert Reports In Support Of Class Cert | Tue 9/27/2022 | Tue 7/26/2022 |
| Plaintiffs' FTAIA Response to Defendants' Summary Judgment Brief due | Fri 10/14/2022 | Wed 8/17/2022 |
| Close of Fact Discovery | Fri 10/21/2022 | Mon 8/22/2022 |
| Class Cert Opposition & Expert Reports In Opposition To Class Cert | Tue 11/22/2022 | Fri 9/23/2022 |
| Defendants' FTAIA Reply Due | Wed 12/7/2022 | Fri 10/7/2022 |
| Class Cert Replies & Expert Rebuttal Reports in Reply to Opposition to Class Cert | Tues 1/31/2023 | Thu 11/17/2022 |
| Case Management Conference Regarding Remainder of Case Scheduling | n/a | Fri 12/9/2022, at 10:30 am PT |

**b.     Reseller Plaintiffs' Position**

Reseller Plaintiffs agree with End-User Plaintiffs' proposed schedule, with respect to the FTAIA Summary Judgment and Class Certification Motion briefing and with the reasoning set forth above for those extensions.  However, Reseller Plaintiffs believe that the deadline for the Close of Fact Discovery should be moved 30 days, to September 22, 2022.

**c.     Seagate's Position**

Seagate believes that the current deadlines for FTAIA summary judgment briefing and the close of fact discovery should remain in place.

Seagate takes no position on the Class Plaintiff-specific issues raised herein.

**d.     Defendants' Position**

Defendants oppose the extensions requested by EUPs and Resellers and agree with Plaintiff Seagate that the current discovery and motion deadlines should remain in place.

Little has changed since the parties last negotiated and stipulated to extensions of time to account for the COVID-19-related delays described in EUPs' position statement.  In late January 2022, EUPs knew that the worldwide omicron surge would hinder deponents and their counsel from traveling abroad to attend remote or in-person depositions during the first quarter of 2022.[3] Yet four party depositions went forward in March and April, and the parties are now taking multiple depositions each week.  Both Defendant groups believe that the necessary depositions can be completed within the current schedule−including any Defendant 30(b)(1) or 30(b)(6) depositions, as well as depositions of class representatives.

Despite the selected quotes cited by EUPs, both Defendant groups have offered requested foreign witnesses outside of their home countries and within the current discovery deadline, in adherence to the stipulated Deposition Protocol [ECF No. 287].  Defendants also have offered to make certain foreign witnesses available via remote depositions, which has become the norm and the preferred means of avoiding deposition delays over the past two years.  Plaintiffs continue to

---

[3] For some Defendant witnesses, a remote deposition would require traveling to another Asian country that allows such procedures.

Case No. 19-md-02918-MMC
JOINT CASE MANAGEMENT STATEMENT

1   decline to hold the depositions remotely, knowing very well that by doing so all parties and their

2   witnesses will be required to engage in extensive travel (regardless of location) and that any

3   individual deposition may be subject to last-minute delays due to travel, quarantines, or other

4   health and safety issues.

5        Further, EUPs point to no specific discovery that is necessary in order for them to oppose

6   FTAIA or file their opening motion for class certification.  Indeed, at a May 2021 hearing

7   concerning the parties' cross-motions for scheduling orders, this Court noted that FTAIA was a

8   heavily law-based analysis and that discovery did not need to be completed in order for the parties

9   to brief the issue.  To suggest that EUPs need to finish all fact discovery in order to respond entirely

10  defeats the purpose of allowing the parties to brief an *early* FTAIA summary judgment motion in

11  the first instance.  In fact, the parties' first stipulated briefing schedule [ECF No. 313] contemplated

12  FTAIA being briefed just two months after substantial completion of document productions; there

13  is no reason why that same briefing should now be used to justify extensions of all discovery

14  deadlines.  Nor do EUPs point to discovery essential to filing their opening motion for class

15  certification that cannot be obtained by the current filing date. Indeed, EUPs have had all relevant

16  parties' substantially completed data and document productions for six months, and now have 29

17  third-party productions in hand with over two months remaining before their motion is due. They

18  cite no support for needing the remaining third-party data in order to mount their case.

19       For these reasons, Defendants oppose the requested two-month extensions of time.

20

21

22

23

24

25

26

27

28

Case No. 19-md-02918-MMC
JOINT CASE MANAGEMENT STATEMENT

1   Dated:  May 13, 2022

2   Respectfully submitted,

3   /s/ Victoria Sims                                    /s/ Christopher T. Micheletti
    Victoria Sims                                        Christopher T. Micheletti
4   **CUNEO GILBERT & LADUCA, LLP**      **ZELLE LLP**
    4725 Wisconsin Avenue, NW, Suite 200     555 12th Street, Suite 1230
5   Washington, DC 20016                       Oakland, CA 94607
    Telephone:  (202) 789-3960                 Telephone:  (415) 693-0700
6   Facsimile:  (202) 789-1813                 Facsimile:  (415) 693-0770
7   vicky@cuneolaw.com                         cmicheletti@zelle.com

8   /s/ Shawn M. Raiter                                  /s/ Aaron M. Sheanin
    Shawn M. Raiter                            Aaron M. Sheanin
9   **LARSON • KING, LLP**               **ROBINS KAPLAN LLP**
    30 East Seventh Street, Suite 2800        2006 Kala Bagai Way, Suite 22
10  Saint Paul, MN 55101                       Berkeley, CA 94704
    Telephone:  (651) 312-6518                 Telephone:  (650) 784-4040
11  Facsimile:  (651) 789-4818                 Facsimile:  (650) 784-4041
    sraiter@larsonking.com                     asheanin@robinskaplan.com
12
13  ***Interim Co-Lead Class Counsel for the***    ***Interim Co-Lead Class Counsel for the End-***
    ***Reseller Plaintiffs***                       ***User Plaintiffs***
14
15  /s/ Mark H. Hamer                                    /s/ Craig Y. Lee
    Mark H. Hamer                              Craig Y. Lee
16  **BAKER MCKENZIE LLP**              **HUNTON ANDREWS KURTH LLP**
    815 Connecticut Ave., NW                   2200 Pennsylvania Ave., NW
17  Washington, DC 20006                       Washington, D.C. 20005
    Telephone:  (202) 452-7077                 Telephone:  (202) 419-2114
18  mark.hamer@bakermckenzie.com               craiglee@huntonak.com

19  ***Counsel for Defendants NHK Spring***         ***Counsel for Defendants NHK Spring Co.,***
    ***Co., Ltd., NHK International***               ***Ltd., NHK International Corporation, NHK***
20  ***Corporation, NHK Spring (Thailand)***        ***Spring (Thailand) Co., Ltd., NAT Peripheral***
    ***Co., Ltd., NAT Peripheral (Dong Guan)***     ***(Dong Guan) Co., Ltd. and NAT Peripheral***
21  ***Co., Ltd., and NAT Peripheral (H.K.)***      ***(H.K.) Co., Ltd.***
    ***Co., Ltd.***
22

23

24

25

26

27

28

1

/s/ J. Clayton Everett, Jr.

2    J. Clayton Everett, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**

3    1111 Pennsylvania Ave., NW
Washington, DC 20004

4    Telephone:   (202) 739-5860
clay.everett@morganlewis.com

5
***Counsel for Defendants TDK***

6    ***Corporation, Hutchinson Technology***
***Inc., Headway Technologies, Inc.,***

7    ***Magnecomp Precision Technology***
***Public Co., Ltd., and SAE Magnetics***

8    ***(H.K.) Ltd.***

/s/ Kenneth R. O'Rourke

Kenneth R. O'Rourke
**WILSON SONSINI GOODRICH & ROSATI**

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone:  (415) 947-2160
korourke@wsgr.com

***Counsel for Plaintiffs Seagate Technology***
***LLC, Seagate Technology (Thailand) Ltd.,***
***Seagate Singapore International Headquarters***
***Pte. Ltd., and Seagate Technology***
***International***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1

## ATTORNEY ATTESTATION

2        I, Neaha P. Raol, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern

3    District of California, that the concurrence to the filing of this document has been obtained from

4    each signatory hereto.

5                                        */s/  Neaha P. Raol*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 19-md-02918-MMC
                                                JOINT CASE MANAGEMENT STATEMENT