UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC   (KAW)<br><br>**ORDER DENYING MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE; TERMINATING MOTION TO FILE EXHIBITS; GUIDANCE ON PROPOSED DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 520, 521, 532 |

On July 29, 2022, Plaintiffs filed an administrative motion to file under seal portions of a proposed discovery letter. (Dkt. No. 520.) The proposed discovery letter concerns the depositions of Hiroyuki Tamura and Hitoshi Hashimoto, who were high-level NHK sales directors who have been indicted by the Department of Justice on criminal antitrust charges. The sealed portions concerned information designated by Defendant TDK as "confidential" and "highly confidential." That same day, Defendant NHK filed a motion for leave to file exhibits to the discovery letter, as the proposed exhibits are not permitted by the undersigned's standing order. (Dkt. No. 521.) The exhibits are: (1) a 2-page letter from Mr. Tamura's individual counsel, and (2) a 3-page letter from Mr. Hashimoto's individual counsel. On August 2, 2022, Plaintiffs filed a corrected administrative motion to file under seal portions of the proposed discovery letter. (Dkt. No. 532.)

First, the Court has reviewed the proposed discovery letter. As an initial matter, the Court notes that the discovery letter does not comply with Civil Local Rule 3-4(2), which requires that all text -- including footnotes -- be in 12 point type or larger. The Court will terminate the discovery letter if all text is not in 12 point type or larger.

Further, the Court observes that the dispute appears to be governed by the Deposition Protocol, which states:

> Defendants' current or former employees who are produced for a deposition by notice and who (a) are not protected from criminal prosecution by the terms of an agreement with the U.S. Department of Justice; (b) are outside the United States; (c) would be required to appear in the United States, at a U.S. embassy, U.S. consulate, or other /location under the control of the U.S. government for the deposition and (d) who intend to assert their rights under the Fifth Amendment shall not be required to travel to any location at which they may be placed in jeopardy of, or subject to, arrest. Such locations include but are not limited to any location under control of the United States government or any location at which a witness could be subject to being detained or arrested by local authorities and/or extradited to the United States. For those witnesses, the Parties and the witness shall agree on a mutually convenient country for the deposition . . . .

(Dkt. No. 285 ¶ V(E).)

Here, Mr. Tamura and Mr. Hashimoto are both located in Japan and intend to assert their Fifth Amendment rights. Thus, it appears that Mr. Tamura and Mr. Hashimoto would need to agree to a mutually convenient country for the deposition. At the same time, it is not apparent to the Court that there is no country in the world that would be mutually convenient to the parties. The parties and counsel for Mr. Tamura and Mr. Hashimoto should meet and confer as to whether a mutually convenient country exists; the Court expects the meet and confer to be conducted in good faith, in person or by videoconference. If the parties are truly unable to identify a country, the parties may file a discovery letter that explains how the Court can order Mr. Tamura and Mr. Hashimoto to travel to another country under the Deposition Protocol if they do not agree. The discovery letter should also identify at least three countries, with specific information as to why that country would or would not be appropriate. Without such information, the Court is not in a position to simply "suggest" a country for the parties, as Plaintiffs appear to propose.

Second, the Court DENIES Plaintiffs' motions to file under seal without prejudice. Per the Civil Local Rules, "[w]ithin 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" that states the applicable legal standard and the reasons for keeping a document under seal, including the legitimate interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. (Civil L.R. 79-5(c)(1), (f)(3).) Defendant TDK has not filed the required declaration. Accordingly, the Court denies the motions to file under seal. The parties may file a renewed motion to file under

1  seal should they still need to file a discovery letter after meeting and conferring as above.

2  Third, the Court TERMINATES the motion to file the exhibits to the proposed discovery
3  letter as moot.  The Court notes, however, that while Plaintiffs oppose on the ground that
4  Defendant NHK could have stated individual counsel's objections in the letter, the Court would
5  have found that individual counsel should have the opportunity to separately present their
6  positions.

7  IT IS SO ORDERED.

8  Dated: August 12, 2022

9  _____
   KANDIS A. WESTMORE
10  United States Magistrate Judge