# Exhibit B



September 2, 2022

<u>BY EMAIL</u>

Christopher T. Micheletti
Zelle LLP
555 12th Street - Suite 1230
Oakland, CA 94607

Victoria Sims
Cuneo Gilbert & LaDuca LLP
4725 Wisconsin Avenue, N.W.
Suite 200
Washington, D.C. 20016

Kenneth O'Rourke
Wilson Sonsini Goodrich & Rosati P.C.
One Market Plaza
Spear Street Tower, Suite 3300
San Francisco, CA 94105

William V. Reiss
Robins Kaplan LLP
1325 Avenue of the Americas - Suite 2601
New York, NY 20019

Shawn Raiter
Larson King LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Greg Deis**
Partner
T: +1 312 701 8035
F: +1 312 276 8471
GDeis@mayerbrown.com

Dear Counsel:

      We write on behalf of Mr. Hashimoto in response to Plaintiffs' letter of August 29, 2022, which purported to identify six countries as potential destinations for Mr. Hashimoto's deposition. Plaintiffs' letter represents that three of these countries—Brunei, Laos, and the Maldives—"(i) do not have extradition treaties, (ii) do not have active antitrust enforcement, and (iii) have not extradited anyone to the United States for antitrust offenses." Plaintiffs' letter further states that three additional countries—India, Malaysia, and Singapore—"(i) do not have criminal antitrust statutes and (ii) have not extradited anyone to the United States for antitrust offenses."

      As an initial matter, we disagree that the factors identified in Plaintiffs' letter are the only pertinent considerations in selecting a site for Mr. Hashimoto's deposition, or that the factors themselves are appropriate considerations. For example, the absence of an extradition treaty does

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

not negate the possibility of arrest and extradition pursuant to, among other things, an Interpol red notice. In addition, Plaintiffs provide no basis for their implication that Mr. Hashimoto should be willing to travel to a country with a documented history of extraditions if the extraditions were not necessarily to the United States or were not related to antitrust offenses. We also disagree, as further described below, with Plaintiffs' apparent definitions of certain terms within the factors they identify—including, for example, the definition of "active" antitrust enforcement—or, at least, we disagree with Plaintiffs' application of those terms to the countries identified.

Nonetheless, we have researched the countries Plaintiffs propose and found that for the reasons stated below, a deposition in any of these countries would present a risk to Mr. Hashimoto of arrest and/or extradition.

Category One:

- **Brunei**. Contrary to Plaintiffs' representation, Brunei does have active antitrust enforcement,[1] and its antitrust law includes criminal sanctions.[2] The recent enactment of Brunei's antitrust law and concomitant lack of any lengthy record of enforcement only increases the risk to Mr. Hashimoto. In addition, Brunei has multiple extradition processes that could be used to extradite individuals, particularly foreign nationals such as Mr. Hashimoto. Further, Brunei is not a party to the Hague Evidence Convention and the legality of taking a United States civil deposition in Brunei is unclear.

- **Laos**. Similarly, Laos has active antitrust enforcement,[3] and its antitrust law includes criminal sanctions.[4] Moreover, Laos previously has extradited individuals to other countries.[5] Finally, Laos likewise is not a party to the Hague Evidence Convention, so the legality of any deposition there is unclear.

---

[1] See https://globalcompetitionreview.com/article/fledgling-brunei-enforcer-explores-first-bid-rigging-case.

[2] See https://www.freshfields.com/49fad8/globalassets/our-thinking/campaigns/antitrust-in-asia/06304_pg_act_asia-guide_aw_new.pdf at 42 (Brunei law passed in 2015 and confirming that the law includes criminal sanctions against individuals).

[3] See https://www.dfdl.com/resources/legal-and-tax-updates/lao-pdr-lays-foundation-for-its-competition-regime/.

[4] See https://www.freshfields.com/49fad8/globalassets/our-thinking/campaigns/antitrust-in-asia/06304_pg_act_asia-guide_aw_new.pdf at 42 (confirming that the law includes criminal sanctions against individuals).

[5] See, e.g., https://fox11online.com/news/local/man-extradited-from-laos-sentenced-for-green-bay-sexual-assault; https://www.reuters.com/article/us-china-mekong-murder/laos-extradites-suspect-to-china-in-mekong-massacre-case-idUSBRE8490M320120510.

- **Maldives**. Maldivian law enforcement has a documented history of assisting the United States with criminal extraditions.[6] In one relevant incident, the individual "was expelled . . . in response to an Interpol red notice" prior to his arrest by U.S. officials at the Malé airport.[7] Following the extradition, it was reported that the U.S. State Department has a "close relationship" with the Maldivian police superintendent.[8] In addition, the Maldives recently passed a competition act.[9] To complicate matters further, there are no direct flights between Japan and the Maldives, thus subjecting Mr. Hashimoto to greater potential risk.

Category Two:

- **India**. As addressed in prior briefing to the court in this matter, at least one Japanese citizen has been arrested in India and subjected to lengthy proceedings regarding potential extradition to the United States to stand trial for alleged antitrust violations.[10] Accordingly, it is unreasonable for Plaintiffs to request that Mr. Hashimoto risk exposure to similar proceedings.

- **Malaysia**. Malaysia and the United States have an extradition treaty which expressly contemplates extradition for antitrust violations: "The Malaysian delegation also stated that extradition would be possible for such high priority offenses as drug trafficking, terrorism, money laundering, tax fraud or tax evasion, crimes against environmental protection laws, and *any antitrust violations* which would be punishable in both Contracting States by one year of imprisonment."[11] Pursuant to Malaysia law, Mr. Hashimoto could be at risk of extradition if he is deemed to have obstructed an investigation.[12]

---

[6] See https://www.businessinsider.com/notorious-russian-hacker-kidnapped-by-us-was-nabbed-in-the-maldives-2015-3.

[7] See https://maldivesindependent.com/politics/russians-arrest-in-maldives-lawful-rules-us-court-120768.

[8] See https://www.businessinsider.com/notorious-russian-hacker-kidnapped-by-us-was-nabbed-in-the-maldives-2015-3.

[9] See https://presidency.gov.mv/Press/Article/23615; https://www.ctlstrategies.com/latest/competition-act/.

[10] See Dalip Singh, *Japanese held*, THE TELEGRAPH (Dec. 2, 2021), *available at* https://www.telegraphindia.com/india/japaneseheld/cid/849227.

[11] See https://www.congress.gov/congressional-report/104th-congress/executive-report/30/1 at Art. II (emphasis added).

[12] See https://www.freshfields.com/49fad8/globalassets/our-thinking/campaigns/antitrust-in-asia/06304_pg_act_asia-guide_aw_new.pdf.

September 2, 2022
Page 4

- **Singapore**. Singapore has a bilateral extradition treaty with the United States providing for extradition based on economic offenses such as fraud or "obtaining money . . . unlawfully."[13] As Plaintiffs are aware, claims at issue in this matter involve allegations of fraudulent acts.[14] Further, Singapore recently passed a new extradition law "which makes an offence extraditable if it attracts a maximum punishment of at least two years."[15] This new law was enacted specifically to strengthen Singapore's "ability to combat crime through international cooperation" and better "facilitate extradition where justified."[16] Moreover, Singapore already has a documented history of extraditing individuals[17] and making deals with countries to effectuate future extraditions.[18]

Finally, we disagree that Mr. Hashimoto, who is not a party to this litigation, is under any obligation to identify a suitable country for his deposition. Notwithstanding that, we have thus far been unable to identify any country to which Mr. Hashimoto could safely travel for a deposition without fear of arrest and/or extradition.

Sincerely,

*/s/ Greg Deis*

Greg Deis
Partner

---

[13] See https://sso.agc.gov.sg/SL/EA1968-OR1?ProvIds=S13_1-#S13_1-.

[14] E.g. End-User Second Am. Compl. at 97-98.

[15] See https://www.straitstimes.com/singapore/politics/parliament-passes-amendments-to-singapores-extradition-laws.

[16] *Id.*

[17] See https://www.straitstimes.com/singapore/man-acquitted-by-nsw-court-after-being-extradited-from-singapore.

[18] See https://mlexmarketinsight.com/news/insight/extradition-deal-with-singapore-brings-indonesian-national-id-scandal-fugitive-closer-to-anti-graft.