1

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

2

3

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC |
| | MDL No. 2918 |
| | **JOINT LETTER BRIEF REGARDING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS REDACTED OR BEING WITHHELD BY NHK ON THE GROUNDS OF  PRIVILEGE** |
| **This Document Relates to:** | |
| *Seagate Technology LLC, et al. v. Headway Technologies, Inc., et al.*, Case No. 3:20-cv-01217-MMC; All Reseller and End-User Actions | Judge:     Hon. Magistrate Judge Kandis A. Westmore |
| | Courtroom:   7, 19th Floor |

7

8

9

10

11

12

13

14

15

Plaintiffs[1] move to compel NHK[2] to produce documents listed on its privilege log that are

16

redacted or being withheld from production. Plaintiffs seek production of the claimed privilege

17

documents on the grounds that NHK's log fails to substantiate the privilege for the challenged

18

entries, including by failing to identify an attorney involved in the communication, among other

19

deficiencies. NHK believes that each of the challenged privilege log entries are compliant with the

20

Federal Rules and that production of these documents is not warranted. Plaintiffs and NHK are at

21

an impasse. The parties have met and conferred through correspondence and telephonically since

22

May 2022, culminating in a videoconference call on September 7, 2022, during which they reached

23

impasse on the issues raised herein. The parties have complied with Section 9 of the Northern

24

District's Guidelines for Professional Conduct.

25

[1] "Plaintiffs" herein comprise End-User Plaintiffs, Reseller Plaintiffs, and Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International.

26

[2] "NHK" includes NHK Spring Co., Ltd.; NHK International Corporation; NHK Spring (Thailand) Co., Ltd.; NAT Peripheral (Dong Guan) Co., Ltd.; and NAT Peripheral (H.K.) Co., Ltd.

27

28

Dated: September 14, 2022

Respectfully submitted,

_/s/ William V. Reiss_
William V. Reiss (*pro hac vice*)
**ROBINS KAPLAN LLP**
1325 Avenue of Americas, Suite 2601
New York, NY 10019
Telephone:   (212) 980-7400
Facsimile:   (212) 980-7499
wreiss@robinskaplan.com

_/s/ Christopher T. Micheletti_
Christopher T. Micheletti
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone:   (415) 693-0700
Facsimile:   (415) 693-0770
cmicheletti@zellelaw.com

***Interim Co-Lead Class Counsel for the End-
User Plaintiffs***

_/s/ Kenneth R. O'Rourke_
**WILSON SONSINI GOODRICH &
ROSATI**
Professional Corporation
Kenneth R. O'Rourke, SBN 120144
Jeff VanHooreweghe, SBN 313371
Mikaela E. Evans-Aziz, SBN 339283
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:   (415) 947-2000
Facsimile:   (415) 947-2099
Email: korourke@wsgr.com
Email: jvanhooreweghe@wsgr.com
Email: mevansaziz@wsgr.com

***Counsel for Plaintiffs Seagate Technology
LLC, Seagate Technology (Thailand), Ltd.,
Seagate Singapore International
Headquarters Pte. Ltd., and Seagate
Technology International***

_/s/  Mark H. Hamer_
Mark H. Hamer, SBN 156997
Mark G. Weiss (*pro hac vice*)
**BAKER MCKENZIE LLP**
815 Connecticut Ave., NW
Washington, DC 20006
Telephone:   (202) 452-7077
Facsimile:   (202) 416-7177

_/s/ Victoria Sims_
Victoria Sims (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:   (202) 789-3960
Facsimile:   (202) 789-1813
vicky@cuneolaw.com

_/s/ Shawn M. Raiter_
Shawn M. Raiter (*pro hac vice*)
**LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Telephone:   (651) 312-6518
Facsimile:   (651) 789-4818
sraiter@larsonking.com

***Interim Co-Lead Class Counsel for the
Reseller Plaintiffs***

1  mark.hamer@bakermckenzie.com
   mark.weiss@bakermckenzie.com

2
    */s/ Craig Y. Lee*
3  **HUNTON ANDREWS KURTH LLP**
   Craig Y. Lee (*pro hac vice*)
4  Carter C. Simpson (*pro hac vice*)
   Christopher J. Dufek (*pro hac vice*)
5  2200 Pennsylvania Ave., NW
   Washington, D.C. 20037
6  Telephone:   (202) 955-1500
   Email: craiglee@huntonak.com
7  Email: csimpson@huntonak.com
   Email: cdufek@huntonak.com

8
   ***Counsel for Defendants NHK Spring Co., Ltd.,***
9  ***NHK International Corporation, NHK Spring***
   ***(Thailand) Co., Ltd., NAT Peripheral (Dong***
10 ***Guan) Co., Ltd., and NAT Peripheral (H.K.)***
   ***Co., Ltd.***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:19-md-02918-MMC

1

**Plaintiffs' Position**

**1. Introduction.** NHK has withheld from production, on the grounds of attorney-client privilege, thousands of documents for which it is unable to identify an attorney that was involved in the communication. For hundreds of these documents, the privilege "description" makes no reference to the involvement of "counsel" at all. Indeed, NHK has no in-house legal department, and virtually every document at issue here was prepared by non-attorney employees. NHK's vague privilege descriptions for most of these documents provide an independent basis for production. NHK has the burden of substantiating its privilege claims here and has failed to meet that burden.

**2. Factual Background**. NHK provided Plaintiffs with its most recent amended privilege log on August 19, 2022 ("NHK's Log"). NHK's Log was generated after Plaintiffs repeatedly challenged NHK's earlier logs for (1) failing to identify any attorney involved in the communication or that provided legal advice; (2) containing entries that do not refer to a request for legal advice, make only general references to "legal strategy," and do not identify attorneys involved in the communication; and (3) deficient privilege descriptions that are vague and make no reference to any involved attorney. *See* Plaintiffs' 3/2/22, 5/6/22, 5/9/22 and 8/2/22 letters. During this process, NHK produced certain withheld documents, revised some privilege log entries, and in its current log, attempted to identify attorneys involved in the challenged communications. *See* NHK's 3/18/22, 5/27/22, 6/8/22 letters; 8/8/22 email. NHK's Log contains 3,780 privilege log entries. For 3,011 entries, NHK cannot identify an involved attorney, and 49 entries list only a law firm involved in the communication. Of these 3,060 entries (the "Challenged Entries"), over 430 contain privilege descriptions that do not even generically refer to an involved "attorney" or "counsel." Exact copies of examples of the Challenged Entries (including family members) are listed in Exhibit 1 hereto. Family members listed in Ex. 1 with individual attorneys identified are not challenged.

NHK describes many of the Challenged Entries as "prepared by" or sent "between or among" "non-attorneys," "attorney representative/s" and "client/s." For example, NHKS-PRIV-00048 describes the claimed privileged communication as an email chain "between or among attorney representative/s and client/s requesting and providing legal advice regarding competition law." Ex. 1 at 1. NHK explained that an "attorney representative" is not an attorney; he/she is a member of NHK's "Corporate Social Responsibility" or "CSR" Department, which "is in charge of tasks that would often be handled or overseen by in-house counsel, such as contract review, contract negotiations, compliance, and training." NHK 3/18/22 letter. Because NHK's unlicensed CSR personnel are "*in charge of*" legal tasks such as contract review, contract negotiations, compliance, and training, it is not surprising that NHK is unable to identify attorneys involved in thousands of these written communications. Indeed, in the above description, as written, the attorney representative or the client appears to be "providing legal advice." While NHK asserts that "certain individuals within the [CSR] department at times seek and obtain advice from outside lawyers to assist with the handling of legal tasks," that bald assertion is not a substitute for identification of an involved attorney—particularly where the description makes no reference to an attorney or counsel. *See, e.g.,* Ex. 1 NHKS-PRIV-000055, '000199, '000419, '000527, '000579, '000702, '000758, NHKS-M-01728750.

Notably, Hiroyuki Tamura, who has been indicted by the U.S. Department of Justice and oversaw NHK's CSR department during a portion of the conspiracy, is the custodian for over 700 of the Challenged Entries. Mr. Hashimoto, another of NHK's indicted executives, is the custodian of over 580 of the Challenged Entries. Hundreds of these Tamura and Hashimoto documents relate to antitrust and compliance matters, the investigation of TDK's HTI acquisition, licensing, patent and

1
2

other matters that are at issue in Plaintiffs' complaints. *See* Dkt. No. 558 (EUP Third Amended Complaint), ¶¶ 8, 132, 160, 164, 173, 191, 282.

3
4
5
6
7
8

**3. Argument.**  The burden is on the party asserting the privilege to establish all the elements of the privilege. *United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002); *see also* Dkt. No. 218 at 8 (ESI protocol: "privilege log shall provide . . . information sufficient to establish the privilege(s)"). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Martin*, 278 F.3d at 999. The attorney-client privilege has eight elements: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (upholding privilege where, *inter alia*, "the log identified (a) the attorney and  client. . .". The Challenged Entries fail to satisfy these requirements.

9
10
11
12
13
14
15
16
17
18
19

***First***, Failure to identify attorneys who prepared documents or gave advice amounts to an incurable and "fatal deficienc[y] of [a] privilege log." *See Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, No. C 07–1359 PJH (JL), 2008 WL 5214330, at *1 (N.D. Cal. Dec. 12, 2008) (party ordered to produce documents for 800 log entries that "do not identify any attorney as involved in the advice or opinion"); *Largan Precision Co., Ltd. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 12643367, at *2 (N.D. Cal. Dec. 21, 2014) (requiring that privilege log "specif[y] the identity of the attorney's [sic] involved and represent[] that the communications were for legal advice"); *see also Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, No. 17 C 7576, 2019 WL 6258490, at *7 (N.D. Ill. Nov. 22, 2019) (reasoning that the "failure to identify 'the name and capacity' of the individuals who gave the advice" make it "impossible to assess [the] privilege claim."). NHK's failure to identify the attorney involved in the Challenged Entries waives the privilege and those documents should be produced. ***Second***, identification of only a law firm similarly fails to meet the foregoing requirements. *See id.* (identification of a law firm insufficient as the advice may have come from an individual at the firm to whom the attorney-client privilege does not extend); *see also Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 111 (S.D.N.Y. 2005) (rejecting argument that logs that "provide only the name of a law firm" may be adequate. Moreover, multiple law firms NHK has newly listed are not on NHK's "Attorneys Name List" that accompanied its log. *See* Ex. 1 (NHKS-M-02126465 – 466).

20
21
22
23
24
25
26
27

The need for NHK to identify an involved attorney whose legal advice is being conveyed or sought is particularly acute here, given (1) NHK's acknowledgement that its CSR Department executives, none of whom are attorneys, are "in charge of tasks that would often be handled or overseen by in-house counsel, such as contract review, contract negotiations, compliance, and training"; (2) the large number of descriptions that do not reference an attorney at all; and (3) the vague and general descriptions at issue. The attorney-client privilege does not apply when an *attorney* is providing "business advice." *Le v. Zuffa, LLC*, No. 2:15-CV-01045-RFB-PAL, 2017 WL 600083, at *2 (D. Nev. Feb. 13, 2017). Surely it does not apply when a non-attorney is the source of the business advice. And, simply labeling a document as consisting of "legal advice," as NHK has done in many log entries, is insufficient to allow a court to determine the validity of a privilege claim. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905-RMW, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) (vague or conclusory statements that a communication between non-legal employees "reflects" legal advice are insufficient); *Apple Inc. v. Samsung Elec. Co., Ltd.*, 306 F.R.D. 234, 239-40 (N.D. Cal. 2015) ("generic statements such as 'email reflecting legal advice

28

regarding licensing, prepared at the direction of counsel in anticipation of litigation'" insufficient). NHK is correct below that Mr. Kiriya's deposition is instructive. First, in the cited testimony, Mr. Kiriya never states that he obtains *attorney* legal advice through CSR. He never mentions the involvement of any attorney. Second, on a break during his deposition, Mr. Kiriya spoke with a non-attorney, CSR department member present at the deposition. Takao Kiriya Dep. (rough), Sept. 5, 2022, 58:18-59:13; Sept. 6, 2022, 4:6-10. When asked what he discussed with the CSR member, NHK counsel instructed the witness not to answer on the grounds that the CSR member was "performing a legal function [f]or NHK Spring in this litigation." *Id*. 59:16-24. NHK's instruction and treatment of the CSR *non-attorney* as a *de facto attorney* at this deposition speaks volumes.

NHK has claimed that family member documents accompanying certain Challenged Entries may substantiate their privilege claims, and indicated they would "identify those cases and include the specific attorney on a line-by-line basis." 8/8/22 NHK email. For all Challenged Entries with family members, however, no new attorney was added to NHK's Log. As such, these entries remain insufficient. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1088 (N.D. Cal. 2015) ("[A]ttachments which do not, by their content, fall within the realm of the [attorney-client] privilege cannot become privileged by merely attaching them to a communication with the attorney") (quotations omitted). NHK's further claim that a review of fact details reflected in redacted documents—most of which are in Japanese—may substantiate its privilege log fails for two reasons: (1) NHK must substantiate its claim in its log and not require Plaintiffs to ferret-out additional support in thousands of entries; and (2) the cited contents fail to substantiate its privilege claims. In sum, all Challenged Entries should be produced, or a sample thereof reviewed in camera.

### NHK's Position

**Introduction:** Plaintiffs' request to compel production of documents on NHK's privilege log (the "Log") should be denied because NHK's Log is compliant with all applicable rules.

**NHK's Log Meets (Indeed, Surpasses) All Requirements:** Federal Rule of Civil Procedure 26(b)(5) simply requires the withholding party to (1) "expressly make the claim of privilege" and (2) "describe the nature of the documents. . . [to] enable other parties to assess the claim."

NHK's Log meets this requirement and is thus presumptively valid. It identifies a detailed description of the privilege claimed, the subject matter of each privileged communication, and includes a list of 68 individual attorneys working for 26 different private law firms, all hired by NHK to provide legal advice over a 20-year period. *See* Exhibit 2 (NHK's attorney list).

NHK's legal department, known as the Corporate Social Responsibility Department ("CSR"), like many similar legal departments in Japanese companies, does not include licensed attorneys. NHK never contends that these CSR employees *create* privilege, only that their job duties include retaining and communicating with outside counsel and disseminating legal advice to other non-attorney employees. This is well-reflected in deposition testimony of NHK witnesses. *See* Takao Kiriya Dep. (rough), Sept. 7, 2022, 84:7-13 (testifying ███████████████████████████████████████████████████████████████). Further, NHK has produced the vast majority of communications from CSR members and only withheld or redacted a small number. Great care was taken to ensure that only legal advice was withheld or redacted.

In addition to detailed Log entries, ***70% of the entries on the Log are only redacted***, meaning Plaintiffs already have in hand the non-privileged responsive material. Seeing the redactions in context empowers Plaintiffs with an additional means to assess the privilege claims beyond relying on the Log itself. Some of the challenged entries are clearly privileged from the face of the unredacted text of the documents. For example: NHKS-M-02848142 (referencing a contract discussion with the "legal department" in unredacted text); NHKS-M-02846952 (asking "what is the attorney's opinion" in unredacted text); NHKS-M-02849327 (stating "here is what we

confirmed with the attorney" in unredacted text); NHKS-M-02784060 (confirming discussion of legal topic and that Seagate is also confirming with their legal department in unredacted text). Courts reject privilege challenges when they fail to "raise reasonable, good faith doubts about the propriety of redacted documents[.]" *Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, No. 16-cv-01702-BLF (SVK), 2018 U.S. Dist. LEXIS 88498, at *7 (N.D. Cal. May 24, 2018).

Plaintiffs' suggestion that the Log is concealing relevant information ignores that NHK was extremely discerning in asserting legal privilege. NHK has only redacted 0.34% and fully withheld only 0.15% of documents produced (2,648 and 1,130, respectively, out of 762,374 documents produced to date). NHK's Log identifies the "Privilege Topic" field to help Plaintiffs assess the legal subject matter of the entries (also identified in the "Description" field). Moreover, the privileged topics are all proper legal subjects where companies routinely seek legal advice. For example, over 40% of the entries on the Log relate to patent, IP, or licensing issues, and over 92% of the entries on the Log relate to at least one of these topics: patent, IP, licensing, labor, contract, employment, tax, and corporate counselling. See Ex. 4.

The Exhibit attached by Plaintiffs (Ex. 1) is a misleading, cherry-picked list of entries to support their narrative. For example, the first five entries on Plaintiffs' Exhibit 1 are the 56th, 478th, 494th, 495th, and 546th entries on NHK's Log, as produced. In contrast, NHK is attaching Exhibit 3 which reflects the first four actual pages of NHK's Log (NHK would be happy to produce the entire Log if requested by the Court), and Exhibit 4 tabulates and shows the overall percentage of the entries by their Privilege Topic.

Further, Plaintiffs' suggestion that the Log is a means of concealing communications of key witnesses is baseless. NHK has produced 75,375 custodial files from Mr. Tamura and 35,223 custodial files from Mr. Hashimoto, only withholding or redacting 1.45% for Mr. Tamura and 1.95% for Mr. Hashimoto. And, as Plaintiffs correctly point out, this makes sense, as Mr. Tamura worked in the CSR division and had duties related to obtaining, and conveying legal advice from outside counsel, and Mr. Hashimoto's job duties involved employment, tax, and patent issues.

**Entries Only Identifying a Law Firm, Not an Individual Lawyer Name, Are Proper:** For some entries involving the legal advice of external counsel, the Log identifies notes a law firm, but not an individual attorney when the specific attorney name was not identifiable from the face of the document. Plaintiffs have failed to explain why these entries are insufficient or why they need the specific attorney name to assess the privilege claim. A few examples of the relevant "Description" field demonstrates the adequacy of these entries. *See, e.g.*, entry for NHKS-M-02780402: "prepared by attorney reflecting legal advice regarding license agreement" and identifying ███████████, a private patent law firm, as the source of the privilege; entry for NHKS-PRIV-000003: "prepared by non-attorney memorializing the legal advice of counsel regarding potential patent infringement" and identifying ████████, a private IP law firm, as the source of the privilege. NHK also identifies attorneys at these firms in separate log entries as well as in the attorney name list.[1]

In fact, all but one of these law firm entries relates to patent counseling or licensing. NHK's attorney list identifies 16 specific patent attorneys and 8 law firms with patent expertise—all hired by NHK for the purpose of providing legal patent advice.

Plaintiffs cite *Exp.-Imp. Bank,* 232 F.R.D. at 111, for the proposition that entries identifying only a law firm name are insufficient, but the Court's objection there was that the entries lack sufficient descriptions. *Id.* ("typical entries" state only "Draft correspondence," "agenda," and "e-mail"). The Court's remedy to these "skeletal entries" was a "revised privilege log" with more "specificity." *Id.* Here, NHK has already provided detailed entries. Plaintiffs' baseless challenges should be rejected.

**Entries Reflecting Legal Advice Discussed Between Non-Lawyers Are Proper:** Plaintiffs argue that entries that do not identify an attorney are presumptively invalid, but this assertion is contrary

---

[1] Plaintiffs are correct that three law firm names were omitted from the attorney list. This is, at worst, an oversight. NHK would be happy to amend its attorney list and notes that this issue could have been identified during any of the Parties' many meet and confers, but never was.

to the overwhelming weight of legal authority in this District. *See, e.g., Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855 (N.D. Cal. 2019) (attorney-client privilege attaches to communications between non-attorney employees where "(1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue."); *AT&T Corp. v. Microsoft Corp.*, No. 02-cv-0164 MHP (JL), 2003 U.S. Dist. LEXIS 8710, at *3 (N.D. Cal. Apr. 18, 2003) ("Communications between non-lawyer employees about matters which the parties intend to seek legal advice are likewise cloaked by attorney-client privilege."); *Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-05535 EDL, 2011 U.S. Dist. LEXIS 30872, at *16-17 (N.D. Cal. Mar. 11, 2011) (same); *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (same).

Documents lacking an attorney can still be privileged when NHK employees in the legal compliance office of NHK receive legal advice from outside counsel and then disseminate it to lower-level employees to communicate and implement the advice. Similarly, emails and standard business documents may reflect legal advice of counsel without identifying the counsel's name.

These entries are presumptively valid. In *Washtenaw Cty. Emples. Ret. Sys. v. Walgreen Co.*, the Court held that log descriptions involving only non-attorneys are sufficient if they "indicate that the communications concern 'legal' matters, and *in camera* review is not suggested by anything other than Plaintiffs' speculation that the communications are of a business or non-legal nature." 2020 U.S. Dist. LEXIS 123756, at *14 (N.D. Ill. July 14, 2020).[2] Because "employees might receive legal advice from in-house counsel and then disseminate it among themselves. . . . exposing the advice to civil discovery is hardly in furtherance of the corporation's ability to have full and frank consultation with counsel." *Id.* at *12-13 (citing *Upjohn*, 449 U.S. at 392-93). If "non-employees were exchanging emails that 'circulat[ed]' or 'reflected' legal advice. . . internal dissemination of that information to other employees on a need-to-know basis does not render the communication a 'business' or 'financial' matter that is outside the privilege." *Id.* at *13-*14.

Plaintiffs' case law is inapposite. *Baxter Healthcare*, 2008 U.S. Dist. LEXIS 125550, at *6-7, orders production of documents on a log but only after a lengthy trail of deficient discovery behavior including missed deadlines, an order to "meet its discovery obligations," and a show cause hearing held for non-compliance. Further, Baxter's log included only "mere conclusory statements." *Id.* at *8. *Largan Precision*, 2014 U.S. Dist. LEXIS 176380, at *3, involves primarily the assertion of work product, not attorney client privilege, over documents being created well before " its recipient [could] reasonably anticipate litigation." There the documents, in addition to lacking an attorney, had "no conceivable claim to privilege." *Id.* at *6.

The situation here is not analogous. For Log entries without counsel listed, NHK has identified detailed assertions of how non-attorneys or attorney representatives (the CSR Department) communicate, memorialize, or request legal advice from outside counsel in the "Description" field. Each entry has a privileged subject matter that details the privileged topics such as the FTC's investigation of HTI, potential patent infringement, licensing, labor law, labor disputes, early retirement policies, labor unions, corporate law in particular countries, tax payments, and bankruptcy cases, among others. These are certainly not similar to the vague, generic, or conclusory entries rejected by Plaintiffs' case law.

Notably, over half of the entries on NHK's Log pertain to patent and IP issues, and this District has specifically found that communications about "patents" and related topics were privileged even when they were "communications between non-legal employees." *AT&T Corp.*, 2003 U.S. Dist. LEXIS 8710 at *3; *see also Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) (communications with Japanese benrishi (patent agents) and bengoshi (fully licensed attorneys) "accords such a privilege, which American courts should respect as a matter of comity.").

---

[2] The Opinion also underscores that Plaintiffs' requested relief—production of thousands of documents—is improper. In *Largan,* the Judge conducted a limited *in camera* review. *Id.* at *3.

Dated: September 14, 2022

Respectfully submitted,

   */s/ William V. Reiss*
William V. Reiss (*pro hac vice*)
**ROBINS KAPLAN LLP**
1325 Avenue of Americas, Suite 2601
New York, NY 10019
Telephone:   (212) 980-7400
Facsimile:    (212) 980-7499
wreiss@robinskaplan.com

   */s/ Christopher T. Micheletti*
Christopher T. Micheletti
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone:   (415) 693-0700
Facsimile:    (415) 693-0770
cmicheletti@zellelaw.com

*Interim Co-Lead Class Counsel for the End-User Plaintiffs*

   */s/ Kenneth R. O'Rourke*
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
Kenneth R. O'Rourke, SBN 120144
Jeff VanHooreweghe, SBN 313371
Mikaela E. Evans-Aziz, SBN 339283
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:   (415) 947-2000
Facsimile:    (415) 947-2099
Email: korourke@wsgr.com
Email: jvanhooreweghe@wsgr.com
Email: mevansaziz@wsgr.com

*Counsel for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand), Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International*

   */s/ Mark H. Hamer*
Mark H. Hamer, SBN 156997
Mark G. Weiss (*pro hac vice*)
**BAKER MCKENZIE LLP**
815 Connecticut Ave., NW
Washington, DC 20006
Telephone:   (202) 452-7077

   */s/ Victoria Sims*
Victoria Sims (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:   (202) 789-3960
Facsimile:    (202) 789-1813
vicky@cuneolaw.com

   */s/ Shawn M. Raiter*
Shawn M. Raiter (*pro hac vice*)
**LARSON • KING, LLP**
30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
Telephone:   (651) 312-6518
Facsimile:    (651) 789-4818
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for the Reseller Plaintiffs*

Facsimile:    (202) 416-7177
mark.hamer@bakermckenzie.com
mark.weiss@bakermckenzie.com

 _/s/  Craig Y. Lee_
**HUNTON ANDREWS KURTH LLP**
Craig Y. Lee (*pro hac vice*)
Carter C. Simpson (*pro hac vice*)
Christopher J. Dufek (*pro hac vice*)
2200 Pennsylvania Ave., NW
Washington, D.C. 20037
Telephone:    (202) 955-1500
Email: craiglee@huntonak.com
Email: csimpson@huntonak.com
Email: cdufek@huntonak.com

*Counsel for Defendants NHK Spring Co., Ltd.,*
*NHK International Corporation, NHK Spring*
*(Thailand) Co., Ltd., NAT Peripheral (Dong*
*Guan) Co., Ltd., and NAT Peripheral (H.K.)*
*Co., Ltd.*

## ATTORNEY ATTESTATION

I, Christopher T. Micheletti, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the

Northern District of California, that the concurrence to the filing of this document has been

obtained from each signatory hereto.

_Christopher T. Micheletti_
Christopher T. Micheletti