UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: HARD DISK DRIVE
SUSPENSION ASSEMBLIES
ANTITRUST LITIGATION

Case No. 19-md-02918-MMC   (KAW)

**ORDER REGARDING
DISCOVERY LETTER NO. 8**

Re: Dkt. No. 583

The instant antitrust and breach of contract case concerns an alleged conspiracy by manufacturers of suspension assemblies to price fix and allocate supply shares of suspension assemblies. (*See* Seagate Second Amended Compl. ("Seagate SAC") ¶ 1, Dkt. No. 352.) Pending before the Court is a discovery letter between Defendant TDK, Reseller Plaintiffs, and End-User Plaintiffs as to whether Defendant TDK must provide a 30(b)(6) witness. (Discovery Letter, Dkt. No. 583.) Defendant TDK seeks to designate various deposition testimony excerpts from its individual witnesses in lieu of a Rule 30(b)(6) witness.

The Court finds that a Rule 30(b)(6) witness is required. Courts in this district have explained that "[t]he testimony of an individual . . . is distinct from the testimony of an entity." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). This is because "'[a] deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.'" *Id.* (quoting *Sabre v. First Dominion Capital, LLC*, No. 01-0214, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001).) Further, "[a] party producing a Rule 30(b)(6) witness must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *Id.* at 486 (internal quotation omitted);

*Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019) ("A Rule 30(b)(6) witness is obligated to become educated to the extent possible about the identified topics . . . ."); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2016 WL 7425926 (N.D. Cal. Dec. 22, 2016) ("the entity has a duty to educate its designees about matters beyond his or her personal knowledge"). Thus, absent a demonstration that the Rule 30(b)(6) deposition would be "unreasonably duplicative or cumulative of the discovery or testimony already provided," a party is entitled to a Rule 30(b)(6) deposition.

Here, Defendant TDK has not demonstrated that a Rule 30(b)(6) deposition would be unreasonably duplicative or cumulative. Per the authority relied upon by Defendant TDK, a party who seeks to satisfy their Rule 30(b)(6) obligations by designating witness testimony must make its intent "clear enough so that the opposing counsel (and, if necessary, the Court) can evaluate whether the prior testimony is sufficiently on point to make a subsequent deposition superfluous." *Edwards*, 331 F.R.D. at 121. Here, the parties provide an exhibit of sample excerpts that Defendant TDK designated; the excerpts appear to lack context or specifics, and Plaintiffs identify other deposition testimony that pertain to the topics which were not designated. (Discovery Letter, Exh. A.) Additionally, Defendant TDK admits that it has designated deposition testimony that is incomplete and inconsistent, but argues that this is sufficient because Defendant TDK's "corporate knowledge is coincident with that of its relevant employees." (Discovery Letter at 2.) Yet a Rule 30(b)(6) witness would have an obligation to prepare by reviewing prior fact witness deposition testimony, documents, and exhibits, and may be able to take a position on areas where the individual fact witnesses may have differed or lacked some knowledge. Accordingly, the Court ORDERS Defendant TDK to provide a Rule 30(b)(6) witness.

IT IS SO ORDERED.

Dated: September 29, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge