1 | Victoria Sims
**CUNEO GILBERT & LADUCA, LLP**
2 | 4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
3 | Telephone: (202) 789-3960
Facsimile: (202) 789-1813
4 | vicky@cuneolaw.com

5 | Shawn M. Raiter
**LARSON • KING, LLP**
6 | 30 East Seventh Street, Suite 2800
Saint Paul, MN 55101
7 | Telephone: (651) 312-6518
Facsimile: (651) 789-4818
8 | sraiter@larsonking.com

9 | *Interim Co-Lead Class Counsel for Reseller Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: HARD DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
| This Document Relates to:<br>RESELLER ACTIONS | **[PROPOSED] ORDER GRANTING RESELLER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Place: Courtroom 7, 19th Floor<br>Judge: Honorable Maxine M. Chesney |

On _____, this Court heard argument on the Reseller Plaintiffs' motion for class certification. Having fully considered the parties' submissions and being fully advised in the matter, as set forth below and for the reasons there stated, this Court **GRANTS** Reseller Plaintiffs' motion for class certification. The Court is persuaded by the substantial evidence in the instant record that the factors required by Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3) are met in this case such that certification of the Reseller Plaintiffs' class is proper.

**Reseller Plaintiffs' Proposed Class**

Consistent with the evidence presented in support of Reseller Plaintiffs' motion, Reseller Plaintiffs moved to certify one class pursuant to Rule 23(b)(3):

> All persons or entities, in the Indirect Purchaser States,[1] except OEMs,[2] who, during the period from January 2003 through May 2016, purchased a Standalone Storage Device or Computer for resale which included as a component part one or more HDD suspension assemblies that were manufactured or sold by the Defendants, any current or former subsidiary of the Defendants, or any co-conspirator of the Defendants or indirectly purchased an HDD suspension assembly, for resale, that was manufactured or sold by the Defendants, any current or former subsidiary of the Defendants, or any co-conspirator of the Defendants.

---

[1] The "Indirect Purchaser States" are: California, Michigan, Minnesota, New York, and North Carolina.

[2] An Original Equipment Manufacturer ("OEM") is a company that manufactures products for sale to the mass market by its customers.

The proposed Class does not include the Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities or instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, the Court and persons who purchased HDD suspension assemblies directly or not for the purpose of resale.

**Rule 23(a) Requirements**:

Reseller Plaintiffs and the proposed Class satisfy Rule 23(a)'s prerequisites to certifying a class:

*Numerosity*: Pursuant to Federal Rule of Civil Procedure 23(a)(1), there are many thousands of members in the Class. The members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable.

*Common Questions of Law and Fact*: With respect to Reseller Plaintiffs' claims, there are questions of law and/or fact common to the Class as required by Federal Rule of Civil Procedure 23(a)(2), including, *inter alia*, the fact of the conspiracy, its duration, and the identity of the conspirators. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *see also In re Sugar Indus. Antitrust Litig.*, MDL No. 201, 1976 WL 1374, at *13 (N.D. Cal. May 21, 1976). Other common questions include whether the alleged conspiracy raised the prices of HDD suspension assemblies sold in the United States during the Class Period; Whether the conduct of the Defendants and their coconspirators caused injury to the business or property of Plaintiffs and the members of the Class and whether the overcharge to the Reseller Class may be measured using a common method.

The proposed Class therefore satisfies the commonality requirement of Federal Rules of Civil Procedure.

*Typicality*: The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is closely related to the commonality requirement of Federal Rule of Civil Procedure 23(a)(2). Because the Reseller Plaintiffs' claims and the claims of the Class members all arise from the same legal theories and from the same events and course of conduct, the Reseller Plaintiffs' claims are typical of the claims of the Class, thereby satisfying the typicality requirement.

*Adequacy*: Reseller Plaintiffs will (and have) adequately represented the interests of the Class. Plaintiffs and Class members share a common interest—to demonstrate Defendants' liability for engaging in the conspiracy, there is no antagonism and the suit is not collusive. Interim Co-Lead Class Counsel for Reseller Plaintiffs, Cuneo, Gilbert & LaDuca, LLP and Larson King, LLP are experienced and knowledgeable in the prosecution of antitrust and consumer protection class action litigation and have vigorously pursued this action. Consequently, the proposed class representatives and Interim Class Counsel satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

**Rule 23(b)(3) Requirements**:

In addition to satisfying the requirements of Federal Rule of Civil Procedure 23(a) – that is numerosity, commonality, typicality and adequacy – the proposed Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3). The Court determines that the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability, impact and damages.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given that this is an antitrust conspiracy case where common questions predominate, the proposed class meets the superiority requirement. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2013 WL 5429718, at *23 (N.D. Cal. June 20, 2013). Further each class member incurred overcharge damages as a result of defendants' conspiratorial conduct. It would waste judicial and litigant resources to force each class member to prove the nucleus of the alleged misconduct again and again in possibly thousands of separate trials. In addition, if the class action mechanism were not available, some class members might have claims that do not justify the high costs of complex litigation. *See Hanlon*, 150 F.3d at 1023 (individual claims would "not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs").

**Rule 23(g) Requirements**:

In addition to being experienced in antitrust and consumer protection law and complex class action litigation, Interim Class Counsel have performed a thorough investigation of the potential claims in this action and are prepared to allocate adequate resources towards the litigation of the present class action. Having considered the requirements set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Interim Class Counsel will fairly and adequately represent the Class.

**Class Counsel**:

The law firms of Cuneo, Gilbert & LaDuca, LLP and Larson King, LLP are hereby appointed Class Counsel for the Reseller Plaintiffs.

**Rule 23(c): Notice to the Class**

Class Counsel shall, within 30 days of entry of this Order, submit for the Court's consideration a class notice program and proposed forms of notice.

Accordingly, Reseller Plaintiffs' motion to certify the Reseller Class is GRANTED.

IT IS SO ORDERED.

Dated: _____

                                          Hon. Maxine M. Chesney
                                          United States District Judge