# EXHIBIT 39



# TRANSLATION CERTIFICATION

Date: May 13, 2020

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Japanese

To:

- English

The documents are designated as:
- 201802 Order by JFTC (2) (2)

Eugene Li, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Eugene Li

Global Solutions. Local Expertise.

[Enclosures]

Year 2018 (Measure) No. 5

Cease and Desist Order

NHK Spring Co., Ltd.
3-10 Fukuura, Kanazawa Ward, Yokohama City
Represented by: Takashi Kayamoto – President & CEO


Nat Peripheral (HK) Co., Ltd.
China Hong Kong City Tower 3, 9th floor, Suite 15B-17
33 Canton Road, Kowloon, Hong Kong Special Administrative Region,
People's Republic of China
Represented by: Kazuhiko Otake

The Japan Fair Trade Commission hereby issues this Cease and Desist Order to the above-listed parties, pursuant to the provisions of Article 7 Paragraph 2 of the Act on Prohibition of Private Monopolization and Maintenance of Fair Trade (hereinafter, Antimonopoly Act).
Furthermore, the terms used within these Directives and the explanation of this Order's motives include the terms listed in the "Terms" column in the Annex, which are defined as per the "Definitions" column therein.

Directives

1. The two companies consisting of NHK Spring Co., Ltd. (hereinafter, "NHK Spring") and Nat Peripheral (HK) Co., Ltd. (hereinafter, "NAT") (hereinafter jointly referenced as "the 2 NHK Spring Companies") must each resolve the following matters through their respective boards of directors:
(1) To confirm that the agreement executed jointly by the 2 NHK Spring Companies and the three companies listed in the Annex ("the 3 TDK Companies"; with the inclusion of the 2 NHK Spring Companies, hereinafter collectively referenced as "the 5 Companies") on or after April 2013 at the latest, by which the 5 Companies agreed to reciprocally collaborate to fix the selling prices of

STX0000625

suspensions for Japanese hard disk drive (hereinafter, "HDD") manufacturer-sellers, has been extinguished.

(2) To voluntarily resolve not to collaborate with other businesses (excluding NAT from NHK Spring and excluding NHK Spring from NAT; hereinafter the same applies) to jointly set the selling prices of suspensions for Japanese HDD manufacturer-sellers moving forward.

(3) To not exchange information about the selling prices of suspensions for Japanese HDD manufacturer-sellers moving forward.

2. The 2 NHK Spring Companies must each inform the 3 TDK Companies of the measures adopted based on Paragraph 1 and make these measures known to all Japanese HDD manufacturer-sellers as well as their own employees. They must obtain prior approval from the Japan Fair Trade Commission for the methods by which they issue these notifications and make the information known.

3. Neither of the 2 NHK Spring Companies may collaborate with other businesses to jointly set the selling prices of suspensions for Japanese HDD manufacturer-sellers moving forward.

4. Neither of the 2 NHK Spring Companies may collaborate with other businesses to exchange information about the selling prices of suspensions for Japanese HDD manufacturer-sellers moving forward.

5. NHK Spring must take the measures necessary for the companies involved in the suspension business to periodically train their officers and employees as well as for their legal staff to carry out periodic audits, regarding compliance with the Antimonopoly Act concerning their sales and marketing. The content of these measures must be sufficient to comply with the measures ordered in Paragraph 2, and must be approved in advance by the Japan Fair Trade Commission.

6. NHK Spring must promptly inform the Japan Fair Trade Commission of the measures it has adopted pursuant to Paragraphs 1, 2 and 5, while NAT must promptly inform the

STX0000626

Japan Fair Trade Commission of the measures it has adopted pursuant to Paragraphs 1 and 2.

Motives

Motive 1: Factual Background

1. Relevant factual background
 (1) Overview of the Addressees
 (a)(i) NHK Spring is the operator of a suspension manufacturing and sales business, with its head office listed in the title section above. In addition, it establishes business policies regarding the manufacture and sale of suspensions by its subsidiaries, and has its subsidiaries manufacture and sell suspensions based on these business policies.
 (ii) NAT is a subsidiary of NHK Spring, with its head office listed in the title section above, and operates a suspension manufacturing and sales business in accordance with the business policies set by NHK Spring. NAT sells suspensions to HDD manufacturer-sellers as directed by NHK Spring.
 NAT was founded by NHK Spring and by SAE Magnetics (HK) Ltd. (listed in subsection b(ii) below; hereinafter, "SAE"), which held 81% and 19% stakes in the company, respectively. NHK Spring received NAT's voting rights from SAE on April 10, 2015 and held all of NAT's voting rights thereafter.
 (b)(i) TDK Co., Ltd. (hereinafter, "TDK"), which is listed in the "Businesses Other Than Addressees" table attached and has its main office located at the site listed in the "Address of Main Office" column of said table, is the operator of an HDD head business (i.e. a business that has established business policies regarding the manufacture and sale of head gimbal assemblies (hereinafter, "HGAs") and suspensions by its subsidiaries, and which has its subsidiaries manufacture and sell HGAs and suspensions in accordance with said business policies).
 (ii) SAE, which is listed in the "Businesses Other Than Addressees" table attached and has its main office located at the site listed in the "Address of Main Office" column of said table, is a subsidiary of TDK, and is the operator of a business that manufactures and sells HGAs and suspensions in accordance with the business policies established by TDK.
 (iii) Magnecomp Precision Technology Public Company Limited (hereinafter, "MPT"), which is listed in the "Businesses Other Than Addressees" table attached and has its

3

main office located at the site listed in the "Address of Main Office" column of said table, is the operator of a business that manufactures and sells suspensions. Around November 2007, MPT became a subsidiary of TDK due to TDK acquiring a majority of its voting rights; MPT thus manufactures and sells suspensions in accordance with the business policies established by TDK.

(iv) While TDK was operating the HDD head business of a magnetic head and sensor business company that was one of its business divisions (called the "Head Business Group" prior to March 2015), it had the representatives of SAE and MPT serve concurrently as the managers of this company's HGA division and suspension division, respectively.

(2) Overview of the Japanese HDD Manufacturer-sellers

(a) From around April 2013 to around May 2016, Toshiba Corporation (hereinafter, "Toshiba") was the only HDD manufacturer-seller in Japan.

(b) Toshiba determined the specifications of the suspensions used for its HDDs, negotiated directly with suspension manufacturer-sellers and determined the prices when procuring the suspensions, instructed SAE to purchase the suspensions at that price and had them manufacture the HGAs. Toshiba then purchased the HGAs and manufactured and sold the HDDs.

(c) Prior to March 2009, Toshiba procured all the suspensions used in its HDDs from overseas suspension manufacturer-sellers (meaning businesses other than NAT, SAE, and MPT). SAE started procuring suspensions from SAE in April 2009, NHK Spring in October 2009, MPT in November 2009, and NAT in April 2011.

(d) Toshiba negotiated with NHK Spring for the suspensions manufactured by the 2 NHK Spring Companies and negotiated with MPT for the suspensions manufactured by SAE and MPT, then set the prices mentioned in subsection 2(b) above.

(e) From April 2013 to May 2016, the volume of suspensions procured by Toshiba from the 2 NHK Spring Companies, SAE and MPT accounted for the majority of Toshiba's total procurement volume.

2. Existence of an agreement

(1)(a) TDK had a long-standing collaborative relationship with NHK Spring, in which

4

SAE purchased suspensions from NHK Spring and invested capital in NAT, and so on. TDK made a plan to acquire MPT's voting rights around August 2007, which created a situation in which it was expected to compete with the 2 NHK Spring Companies in the area of suspension sales.

(b) The 2 NHK Spring Companies and TDK held multiple meetings with sales managers between August 31, 2007 and January 28, 2009, collaborated in the area of suspension sales, and in order to secure the market share and profits of each of the 2 NHK Spring Companies and the 3 TDK Companies in competition with foreign suspension manufacturer-sellers, coordinated with each other and affirmed a mutual understanding that they would fix the selling price of suspensions.

(c) TDK informed SAE and MPT about the affirmed arrangement mentioned in subsection 1(b) above and instructed them to coordinate with the 2 NHK Spring Companies in the area of suspension sales.

(2) After affirming the arrangement mentioned in subsection 1(b) above, the 5 Companies collaborated in order to increase their market shares in the area of suspension sales to Japanese HDD manufacturer-sellers. Additionally, since April 2013 at the latest, they have been coordinating with each other and have agreed to fix selling prices in order to secure the market shares and profits of each of the 2 NHK Spring Companies and the 3 TDK Companies regarding suspensions for Japanese HDD manufacturer-sellers, whilst sharing information on the selling prices of suspensions sold to HDD manufacturer-sellers and the market shares thereof.

3. Status of implementation

The 5 Companies have been taking the following actions to ensure that the agreement mentioned in section 2, subsection (2) above was put into practice:

(1) Confirming the quoted prices and selling prices presented when Japanese HDD manufacturer-sellers issued RFQs for suspensions for Japanese HDD manufacturer-sellers.

(2) Exchanging information on suspension demand forecasts and selling prices as well as the quoted prices presented when foreign HDD manufacturer-sellers issued RFQs; this information was shared in sales manager meetings held between the 2 NHK Spring Companies and MPT or other companies.

(3) Exchanging information on countermeasures against low-price sales by foreign suspension manufacturer-sellers.

4. Extinguishment of the agreement

On May 6, 2016, the 3 TDK Companies jointly submitted a report to the Japan Fair

STX0000629

Trade Commission using Form No. 1, pursuant to the provisions of Article 1, Paragraph 1 and Article 6, Paragraph 2 of the Rules on Reporting and Submission of Materials Regarding Immunity from or Reduction of Surcharges (Japan Fair Trade Commission Rule No.7, 2005), while also instructing the suspension sales managers of all the companies not to implement the agreement mentioned in section 2, subsection (2) above. The agreement has not been implemented since that date. Therefore, it is recognized that the agreement has in fact been extinguished since that date.

Motive 2: Application of this Order

Based on the factual background stated above, the 5 Companies jointly agreed to coordinate with each other to fix the selling prices of suspensions for Japanese HDD manufacturer-sellers; in so doing, they violated the public trust and substantially restricted competition in the area of suspension sales in Japan. This act corresponds to the improper trade restrictions prescribed in Article 2, Paragraph 6 of the Antimonopoly Act, and constitutes a violation of the provisions of Article 3 of the Antimonopoly Act.

Additionally, although the aforementioned violation is no longer extant, all of the 5 Companies fall under Article 7, Paragraph 2, Item 1 of the Antimonopoly Act and, in overall consideration of the various circumstances, such as the fact that the violations continued for a long period of time and the fact that the violations have not been voluntarily called off, it has been deemed to be of particular necessity to issue a Cease and Desist Order against the 2 NHK Spring Companies.

Therefore, the above Directives have been issued to the 2 NHK Spring Companies pursuant to the provisions of Article 7, Paragraph 2 of the Antimonopoly Act.

February 9, 2018

        Japan Fair Trade Commission

           Kazuyuki Sugimoto, Chairman.
           Takashi Yamamoto, Commissioner.
           Akiko Mimura, Commissioner.
           Reiko Aoki, Commissioner.
           Yoshiharu Ojima, Commissioner.

STX0000630

Annex

| Number | Term | Definition |
|---|---|---|
| 1 | Hard Disk Drive | A storage device that causes a "medium," which is a circular plate with a magnetic surface, to spin at high speed, and writes data magnetically onto the medium or reads data from the medium using a magnetic head (a component that reads/writes information) |
| 2 | Suspension | A precision leaf spring that supports a magnetic head |
| 3 | Head Gimbal Assembly | A component combining a magnetic head with a suspension |

STX0000631

Annex: Businesses Other Than Addressees

| Number | Business | Address of Main Office |
|---|---|---|
| 1 | TDK Co., Ltd. | 3-9-1 Shibaura, Minato Ward, Tokyo |
| 2 | SAE Magnetics (HK) Ltd. | SAE Technology Center<br>6 Science Park East Avenue<br>Hong Kong Science Park<br>Shatin, Hong Kong Special Administrative Region, People's Republic of China |
| 3 | Magnecomp Precision Technology Public Company Limited | 162 M.5 Phaholyothin Road<br>T. Lamsai A. Wangnoi<br>Ayutthaya, Thailand |

STX0000632

別添

平成30年（措）第5号

排 除 措 置 命 令 書

横浜市金沢区福浦三丁目10番地
　日本発條株式会社
　　同代表者　代表取締役　茅　本　隆　司

中華人民共和国香港特別行政区　クーロン　カントン
ロード33　チャイナホンコンシティー　タワー3
ナインスフロア　スイートナンバー15B－17
　ナット・ペリフェラル（ホンコン）・カンパニー・
　リミテッド
　　同代表者　大　竹　一　彦

　公正取引委員会は，上記の者らに対し，私的独占の禁止及び公正取引の確保に関する法律（以下「独占禁止法」という。）第7条第2項の規定に基づき，次のとおり命令する。
　なお，主文及び理由中の用語のうち，別紙「用語」欄に掲げるものの定義は，別紙「定義」欄に記載のとおりである。

主　　　文
1　日本発條株式会社（以下「日本発條」という。）及びナット・ペリフェラル（ホンコン）・カンパニー・リミテッド（以下「ＮＡＴ」という。）の2社（以下「日本発條2社」という。）は，それぞれ，次の事項を，取締役会において決議しなければならない。
(1)　我が国のハードディスクドライブ（以下「ＨＤＤ」という。）製造販売業者向けサスペンションについて，遅くとも平成25年4月頃以降，日本発條2社及び別表記載の3社（以下「ＴＤＫ3社」といい，日本発條2社と併せて「5社」という。）が共同して行っていた，相互

1

STX0000633

に協調し，販売価格を維持する旨の合意が消滅していることを確認すること。

(2)　今後，他の事業者（日本発條にあってはＮＡＴを，ＮＡＴにあっては日本発條を除く。以下同じ。）と共同して，我が国のＨＤＤ製造販売業者向けサスペンションの販売価格を決定せず，自主的に決めること。

(3)　今後，他の事業者と，我が国のＨＤＤ製造販売業者向けサスペンションの販売価格に関して情報交換を行わないこと。

2　日本発條２社は，それぞれ，前項に基づいて採った措置を，ＴＤＫ３社に通知するとともに，我が国のＨＤＤ製造販売業者に通知し，かつ，自社の従業員に周知徹底しなければならない。これらの通知及び周知徹底の方法については，あらかじめ，公正取引委員会の承認を受けなければならない。

3　日本発條２社は，今後，それぞれ，他の事業者と共同して，我が国のＨＤＤ製造販売業者向けサスペンションの販売価格を決定してはならない。

4　日本発條２社は，今後，それぞれ，他の事業者と，我が国のＨＤＤ製造販売業者向けサスペンションの販売価格に関する情報交換を行ってはならない。

5　日本発條は，サスペンションの販売活動に関する独占禁止法の遵守について，サスペンションの営業に関わる自社の役員及び従業員に対する定期的な研修並びに法務担当者による定期的な監査を行うために必要な措置を講じなければならない。この措置の内容については，前２項で命じた措置が遵守されるために十分なものでなければならず，かつ，あらかじめ，公正取引委員会の承認を受けなければならない。

6　日本発條は第１項，第２項及び前項に基づいて採った措置を，ＮＡＴは第１項及び第２項に基づいて採った措置を，

STX0000634

それぞれ，速やかに公正取引委員会に報告しなければならない。

理　　　　由

第1　事実
 1　関連事実
  (1) 名宛人等の概要
   ア(ｱ) 日本発條は，肩書地に本店を置き，サスペンションの製造販売業を営む者である。また，子会社が行うサスペンションの製造販売についての事業方針を定め，当該事業方針に基づき子会社にサスペンションの製造販売を行わせている。
    (ｲ) ＮＡＴは，日本発條の子会社であり，肩書地に本店を置き，日本発條が定める事業方針に従って，サスペンションの製造販売業を営む者である。ＮＡＴは，日本発條の指示に基づき，ＨＤＤ製造販売業者に対してサスペンションを販売している。
     なお，ＮＡＴは，日本発條が８１パーセントを，後記イ(ｲ)のエスエーイー・マグネティクス（ホンコン）・リミテッド（以下「ＳＡＥ」という。）が１９パーセントを，それぞれ出資することにより設立されたところ，平成２７年４月１０日，日本発條がＳＡＥからＮＡＴの議決権を譲り受け，ＮＡＴの議決権の全てを保有することとなった。
   イ(ｱ) 名宛人以外の別表記載のＴＤＫ株式会社（以下「ＴＤＫ」という。）は，「本店の所在地」欄記載の地に本店を置き，ＨＤＤヘッド事業（自社の子会社が行うヘッドジンバルアセンブリ（以下「ＨＧＡ」という。）及びサスペンションの製造販売についての事業方針を定め，当該事業方針に基づき子会社にＨＧＡ及びサスペンションの製造販売を行わせる事業をいう。以下同じ。）を営む者である。
    (ｲ) 名宛人以外の別表記載のＳＡＥは，ＴＤＫの子会社であり，「本店の所在地」欄記載の地に本店を置き，ＴＤＫが定める事業方針に従って，ＨＧＡ及びサスペンションの製造販売業を営む者である。
    (ｳ) 名宛人以外の別表記載のマグネコンプ・プレシジョン・テクノロジー・パブリック・カンパニー・リミテッド（以下「ＭＰＴ」という。）は，

3

　　　　　「本店の所在地」欄記載の地に本店を置き，サスペンションの製造販売業を営む者である。ＭＰＴは，平成１９年１１月頃，ＴＤＫが議決権の大部分を取得したことによりＴＤＫの子会社となり，ＴＤＫが定める事業方針に従って，サスペンションの製造販売を行っている。

　　（ｴ）　ＴＤＫは，自社の事業部門である磁気ヘッド＆センサビジネスカンパニー（平成２７年３月以前にあってはヘッドビジネスグループをいう。）においてＨＤＤヘッド事業を営んでいたところ，ＳＡＥ及びＭＰＴの代表者を，それぞれ，同カンパニーのＨＧＡ部門及びサスペンション部門の責任者として兼務させていた。

　(2)　我が国のＨＤＤ製造販売業者の概要

　ア　平成２５年４月頃から平成２８年５月頃までの間，我が国のＨＤＤ製造販売業者は，株式会社東芝（以下「東芝」という。）のみであった。

　イ　東芝は，自社のＨＤＤに用いるサスペンションの仕様を定め，サスペンション製造販売業者との間で直接交渉を行って当該サスペンションを調達する際の価格を決定し，ＳＡＥに指示して当該サスペンションを当該価格で購入させてＨＧＡを製造させ，当該ＨＧＡを購入してＨＤＤの製造販売を行っていた。

　ウ　東芝は，平成２１年３月以前においては，国外のサスペンション製造販売業者（ＮＡＴ，ＳＡＥ及びＭＰＴ以外の者をいう。以下同じ。）から自社のＨＤＤに用いるサスペンションの全量を調達していたが，ＳＡＥからは平成２１年４月頃に，日本発條からは平成２１年１０月頃に，ＭＰＴからは平成２１年１１月頃に，ＮＡＴからは平成２３年４月頃に，それぞれ，サスペンションの調達を開始した。

　エ　東芝は，日本発條２社が製造するサスペンションについては日本発條と，ＳＡＥ及びＭＰＴが製造するサスペンションについてはＭＰＴと，それぞれ交渉し，前記イの価格を決定していた。

　オ　平成２５年４月頃から平成２８年５月頃までの間，東芝における日本発條２社，ＳＡＥ及びＭＰＴからのサスペンションの調達数量は，東芝の全調達数量の大部分を占めていた。

２　合意の存在等

　(1)ア　ＴＤＫは，かねてから，ＳＡＥが日本発條からサスペンションを購入し，

4

　　　また，ＳＡＥがＮＡＴに出資していたなど，日本発條と協力関係にあったところ，平成１９年８月頃，ＴＤＫがＭＰＴの議決権の取得を計画したことにより，サスペンションの販売分野において日本発條２社と競合することが見込まれる状況となった。
　イ　日本発條２社及びＴＤＫは，平成１９年８月３１日から平成２１年１月２８日までの間，営業責任者による会合を複数回にわたり開催し，サスペンションの販売分野において，共同して，国外のサスペンション製造販売業者に対抗し，日本発條２社とＴＤＫ３社がそれぞれの市場シェア及び利益を確保するため，相互に協調し，サスペンションの販売価格を維持する旨の認識を相互に確認した。
　ウ　ＴＤＫは，ＳＡＥ及びＭＰＴに対し，前記イの認識を伝達し，サスペンションの販売分野において日本発條２社と協調するよう指示した。
(2)　５社は，前記(1)イの確認を行った以降，我が国のＨＤＤ製造販売業者向けサスペンションの販売分野における市場シェアを拡大するために協力するとともに，ＨＤＤ製造販売業者に対するサスペンションの販売価格，市場シェア等について情報交換を行っていたところ，遅くとも平成２５年４月頃以降，我が国のＨＤＤ製造販売業者向けのサスペンションについて，日本発條２社とＴＤＫ３社がそれぞれの市場シェア及び利益を確保するため，相互に協調し，販売価格を維持する旨を合意していた。
3　実施状況
　５社は，前記2(2)の合意の実効を確保するため，次の行為を行っていた。
(1)　我が国のＨＤＤ製造販売業者向けのサスペンションについて我が国のＨＤＤ製造販売業者から見積依頼があった際に提示する見積価格及び販売価格の確認
(2)　日本発條２社とＭＰＴ等の間で開催した営業責任者の会合等におけるサスペンションの需要見通し，販売価格，国外のＨＤＤ製造販売業者から見積依頼があった際に提示する見積価格についての情報交換
(3)　国外のサスペンション製造販売業者による低価格販売への対抗策についての情報交換
4　合意の消滅
　ＴＤＫ３社は，平成２８年５月６日，課徴金の減免に係る報告及び資料の提

5

出に関する規則（平成１７年公正取引委員会規則第７号）第１条第１項及び第６条の２の規定に基づき，共同して，公正取引委員会に対して様式第１号による報告書を提出するとともに，各社のサスペンションの営業責任者等に対して前記２(2)の合意を実施しない旨の指示を行い，同日以降，同合意を実施していない。このため，同日以降，同合意は事実上消滅しているものと認められる。

第２　法令の適用

　　前記事実によれば，５社は，共同して，我が国のＨＤＤ製造販売業者向けサスペンションについて，相互に協調し，販売価格を維持する旨を合意することにより，公共の利益に反して，我が国におけるサスペンションの販売分野における競争を実質的に制限していたものであって，この行為は，独占禁止法第２条第６項に規定する不当な取引制限に該当し，独占禁止法第３条の規定に違反するものである。

　　また，前記の違反行為は既になくなっているが，５社は，いずれも，独占禁止法第７条第２項第１号に該当する者であり，日本発條２社については，長期にわたり違反行為を継続していたこと，違反行為が自主的に取りやめられたものではないこと等の諸事情を総合的に勘案すれば，特に排除措置を命ずる必要があると認められる。

　　よって，日本発條２社に対し，独占禁止法第７条第２項の規定に基づき，主文のとおり命令する。

　　平成３０年２月９日

　　　　　　　　　　　　　公　正　取　引　委　員　会

　　　　　　　　　　　　　　　　委員長　　杉　本　和　行

　　　　　　　　　　　　　　　　委　員　　山　本　和　史

　　　　　　　　　　　　　　　　委　員　　三　村　晶　子

　　　　　　　　　　　　　　　　委　員　　青　木　玲　子

　　　　　　　　　　　　　　　　委　員　　小　島　吉　晴

STX0000638

別紙

| 番号 | 用語 | 定義 |
|---|---|---|
| 1 | ハードディスクドライブ | 磁性面を持つ「メディア」と呼ばれる円盤を高速回転させ，磁気ヘッド（情報を読み書きする部品をいう。以下同じ。）によって磁気的にデータをメディアに書き込む又はメディアからデータを読み取る記録装置 |
| 2 | サスペンション | 磁気ヘッドを支える精密板ばね |
| 3 | ヘッドジンバルアセンブリ | 磁気ヘッドとサスペンションを組み合わせた部品 |

STX0000639

別表　名宛人以外の事業者

| 番号 | 事業者 | 本店の所在地 |
|---|---|---|
| 1 | ＴＤＫ株式会社 | 東京都港区芝浦三丁目９番１号 |
| 2 | エスエーイー・マグネティクス（ホンコン）・リミテッド | 中華人民共和国香港特別行政区　シャーティン　ホンコンサイエンスパーク　サイエンスパークイーストアベニュー６　エスエーイーテクノロジーセンター |
| 3 | マグネコンプ・プレシジョン・テクノロジー・パブリック・カンパニー・リミテッド | タイ王国　アユタヤ　ワンノーイアンプー　ラムサイタムボン　パホンヨーティンロード　ムー５　１６２ |

STX0000640