# EXHIBIT 42



**U.S. DEPARTMENT OF JUSTICE**
Antitrust Division

**MAKAN DELRAHIM**
Assistant Attorney General

RFK Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202)514-2401 / (202)616-2645 (Fax)

Gordon L. Lang, Esq.
Alycia A. Ziarno, Esq.
Nixon Peabody LLP
799 9th Street NW, Suite 500
Washington, DC 20001

Dear Mr. Lang and Ms. Ziarno:

This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and TDK Corporation ("TDK") and TDK subsidiaries Magnecomp Precision Technology Public Co. Ltd. ("MPT"), SAE Magnetics (H.K.) Ltd., SAE Magnetics (Dongguan) Ltd., SAE Technologies Development (Dongguan) Co., Ltd., SAE Components (ChangAn) Ltd., TDK Philippines Corporation, Acrathon Precision Technologies (HK) Limited, Acrathon Precision Technologies (Dongguan) Co., Ltd., Magnecomp Corporation, EntroComponent Solutions Singapore Pte. Ltd., ECS-MPT (US) Corporation, Headway Technologies, Inc., Hutchinson Technology Inc., Hutchinson Technology Operations (Thailand) Co., Ltd., Hutchinson Technology Asia Inc., Hutchinson Business Services Inc., Hutchinson Technology Computer Service (Dongguan) Co., Ltd., Hutchinson Technology Netherlands C.V., Hutchinson Technology Netherlands B.V., and Hutchinson Technology Japan Ltd. (collectively "Applicant"), in connection with price fixing, market allocation, and other conduct constituting a criminal violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the suspension assemblies industry in the United States and elsewhere ("Agreement"). Applicant does not include and this Agreement does not apply to any other subsidiary, joint venture, or affiliate of Applicant or any joint venture partner of Applicant.

This Agreement is conditional and depends upon Applicant (1) establishing that it is eligible for leniency as it represents in paragraph 1 of this Agreement, and (2) cooperating in the Antitrust Division's investigation as required by paragraph 2 of this Agreement. After Applicant establishes that it is eligible to receive leniency and provides the required cooperation, the Antitrust Division will notify Applicant in writing that it has been granted unconditional leniency. It is further agreed that disclosures made by counsel for Applicant in furtherance of the leniency application will not constitute a waiver of the attorney-client privilege or the protections of the work-product doctrine. Applicant represents that it is fully familiar with the Antitrust Division's Corporate Leniency Policy dated August 10, 1993 (attached), which is incorporated

TDKHDD001590043

by reference herein.[1]  The "date of this letter" as used herein means the date that the Antitrust Division executes this letter.

1.  **Eligibility:**  Applicant desires to report to the Antitrust Division price fixing, market allocation, and other conduct constituting a criminal violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the suspension assemblies industry in the United States and elsewhere ("the anticompetitive activity being reported").  Applicant represents to the Antitrust Division that it is eligible to receive leniency in that, in connection with the anticompetitive activity being reported, it:

(a)   took prompt and effective action to terminate its participation in the anticompetitive activity being reported upon discovery of the activity; and

(b)   did not coerce any other party to participate in the anticompetitive activity being reported and was not the leader in, or the originator of, the activity.

Applicant agrees that it bears the burden of proving its eligibility to receive leniency, including the accuracy of the representations made in this paragraph and that it fully understands the consequences that might result from a revocation of leniency as explained in paragraph 3 of this Agreement.  As used in this Agreement, discovery of the anticompetitive activity being reported means discovery by the authoritative representatives of Applicant for legal matters, either the board of directors or counsel representing Applicant.

2.  **Cooperation:**  Applicant agrees to provide truthful, full, continuing, and complete cooperation to the Antitrust Division in connection with the anticompetitive activity being reported, including, but not limited to, the following:

(a)   providing a full exposition of all facts known to Applicant relating to the anticompetitive activity being reported;

(b)   providing promptly, and without requirement of subpoena, all documents, information, or other materials in its possession, custody, or control, wherever located, not protected under the attorney-client privilege or work-product doctrine, requested by the Antitrust Division in connection with the anticompetitive activity being reported, to the extent not already produced;

(c)   using its best efforts to secure the truthful, full, continuing, and complete cooperation of the current directors, officers, and employees of Applicant (collectively, "covered employees"), and encouraging such persons

---

[1] For a further explanation of the Antitrust Division's Corporate Leniency Policy and how the Division interprets the policy, see Frequently Asked Questions About the Antitrust Division's Leniency Program and Model Leniency Letters (Jan. 26, 2017), https://www.justice.gov/atr/leniency-program.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                    TDKHDD001590044

voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

(d) facilitating the ability of covered employees to appear for such interviews or testimony in connection with the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Division;

(e) using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly, and truthfully to all questions asked in interviews and grand jury appearances and at trial;

(f) using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity; and

(g) making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution to any person or entity injured as a result of the anticompetitive activity being reported, in which Applicant was a participant. However, Applicant is not required to pay restitution to victims whose antitrust injuries are independent of, and not proximately caused by, any effect on (i) trade or commerce within the United States, (ii) import trade or commerce, or (iii) the export trade or commerce of a person engaged in such trade or commerce in the United States, which effect was proximately caused by the anticompetitive activity being reported.

Current directors, officers, and employees are defined for purposes of this Agreement as individuals who are directors, officers, or employees of Applicant as of the date of this letter.

3. **Corporate Leniency**: Subject to verification of Applicant's representations in paragraph 1 above, and subject to its truthful, full, continuing, and complete cooperation, as described in paragraph 2 above, the Antitrust Division agrees conditionally to accept Applicant into Part A of the Corporate Leniency Program, as explained in the attached Corporate Leniency Policy. Pursuant to that policy, the Antitrust Division agrees not to bring any criminal prosecution against Applicant for any act or offense it may have committed prior to the date of this letter in furtherance of the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of Applicant, the Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If at any time before Applicant is granted unconditional leniency the Antitrust Division determines that Applicant (1) contrary to its representations in paragraph 1 of this Agreement, is not eligible for leniency or (2) has not provided the cooperation required by paragraph 2 of this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of Applicant into the Corporate Leniency Program. Before the

- 3 -

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TDKHDD001590045

Antitrust Division makes a final determination to revoke Applicant's conditional leniency, the Division will notify counsel for Applicant in writing of the recommendation of Division staff to revoke the conditional acceptance of Applicant into the Corporate Leniency Program and will provide counsel an opportunity to meet with the Division regarding the potential revocation. Should the Antitrust Division revoke the conditional acceptance of Applicant into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against Applicant in connection with the anticompetitive activity being reported, without limitation. Should such a prosecution be initiated, the Antitrust Division may use against Applicant in any such prosecution any documents, statements, or other information provided to the Division at any time pursuant to this Agreement by Applicant or by any of its current or former directors, officers, or employees. Applicant understands that the Antitrust Division's Leniency Program is an exercise of the Division's prosecutorial discretion, and Applicant agrees that it may not, and will not, seek judicial review of any Division decision to revoke its conditional leniency unless and until it has been charged by indictment or information for engaging in the anticompetitive activity being reported.

4.   **Nonprosecution Protection For Covered Employees:**  Subject to verification of Applicant's representations in paragraph 1 above, and subject to Applicant's truthful, full, continuing, and complete cooperation as described in paragraph 2 above, the Antitrust Division agrees that covered employees who admit to the Division their knowledge of, or participation in, and provide truthful, full, continuing, and complete cooperation with the Division in its investigation of, the anticompetitive activity being reported shall not be prosecuted criminally by the Antitrust Division for any act or offense committed during their period of employment at Applicant prior to the date of this letter in furtherance of the anticompetitive activity being reported. The conditional leniency, immunity, or nonprosecution (hereinafter "conditional nonprosecution protection") granted in this paragraph does not apply to any conduct carried out on behalf of any subsidiary, joint venture, or affiliate of Applicant other than those named in the initial paragraph of this letter or any joint venture partner of Applicant. Such truthful, full, continuing, and complete cooperation shall include, but not be limited to:

(a)   producing in the United States all documents and records, including personal documents and records, and other materials, wherever located, not protected under the attorney-client privilege or work-product doctrine, requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported;

(b)   making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported;

(c)   responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503 *et seq.*);

- 4 -

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY   TDKHDD001590046

(d)   otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine, that he or she may have relevant to the anticompetitive activity being reported; and

(e)   when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503 *et seq.*), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of Applicant, the Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a covered employee fails to comply fully with his or her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any conditional nonprosecution protection granted to such individual under this Agreement may be revoked by the Antitrust Division. The Antitrust Division also reserves the right to revoke the conditional nonprosecution protection of this Agreement with respect to any covered employee who the Division determines caused Applicant to be ineligible for leniency under paragraph 1 of this Agreement, who continued to participate in the anticompetitive activity being reported after Applicant took action to terminate its participation in the activity and notified the individual to cease his or her participation in the activity, or who obstructed or attempted to obstruct an investigation of the anticompetitive activity being reported at any time, whether the obstruction occurred before or after the date of this letter. Absent exigent circumstances, before the Antitrust Division makes a final determination to revoke an individual's conditional nonprosecution protection, the Division will notify such individual (or his or her counsel, if represented) and Applicant's counsel in writing of the recommendation of Division staff to revoke the conditional nonprosecution protection granted to the individual under this Agreement and will provide an opportunity to meet with the Division regarding the potential revocation. Should any conditional nonprosecution protection granted to an individual under this Agreement be revoked, the Antitrust Division may thereafter prosecute such individual criminally in connection with the anticompetitive activity being reported, without limitation, and may use against such individual in such prosecution any documents, statements, or other information which was provided to the Division at any time pursuant to this Agreement by Applicant or by any of its current or former directors, officers, or employees, including such individual. Judicial review of any Antitrust Division decision to revoke any conditional nonprosecution protection granted to an individual under this Agreement is not available unless and until the individual has been charged by indictment or information for engaging in the anticompetitive activity being reported.



- 5 -

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                        TDKHDD001590047



6.     **Entire Agreement:**  This letter constitutes the entire agreement between the Antitrust Division and Applicant, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.  This Agreement cannot be modified except in writing, signed by the Antitrust Division and Applicant.

7.  **Authority And Capacity:**  The Antitrust Division and Applicant represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

- 6 -

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TDKHDD001590048

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely,

Date: 12/7/2017

Makan Delrahim
Assistent Attorney General
Antitrust Division

Date: 12 / 15 / 2017

Takakazu Momozuka
Chief Compliance Officer, General
Manager of Legal & Compliance HQ, and
General Manager of Legal Group of Legal
& Compliance HQ, Corporate Officer
TDK Corporation

Date: 12/18/2017

Gordon L. Lang
Counsel for Applicant

- 7 -

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY