# EXHIBIT 46

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: |
| | Judge: |
| v. | Violation: 15 U.S.C. § 1 |
| D-1: NHK SPRING CO., LTD., | Sherman Act Conspiracy |
| Defendant. | Maximum Fine: Greater of $100 million, twice the gross gain, or twice the gross loss (15 U.S.C. § 1; 18 U.S.C. § 3571(c) and (d)) |
| | Maximum Period of Probation: Five years |

_____ /

## RULE 11 PLEA AGREEMENT

The United States of America and NHK Spring Co., Ltd. (the "defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.     The defendant understands its rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by indictment;

    (c)    to plead not guilty to any criminal charge brought against it;

    (d)    to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)     to appeal its conviction if it is found guilty; and

(g)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.     The defendant knowingly and voluntarily waives:

(a)     the rights set out in Subparagraphs 1(b)-(e) above:

(b)     any right it might have as a corporation organized and existing under the laws of Japan to decline to accept service of the Summons in this case;

(c)     any right it might have as a corporation organized and existing under the laws of Japan to contest that the United States District Court for the Eastern District of Michigan has jurisdiction over it for purposes of this case;

(d)     the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional, or (2) the admitted conduct does not fall within the scope of such statute; and

(e)     the right to file any appeal or any collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court.  For purposes of the waiver of appeal or collateral attack of the sentence, the sentence imposed is deemed consistent with or below the recommended sentence in Paragraph 9 even if the sentence imposed includes a term of probation if it is otherwise consistent with or below the recommended sentence in Paragraph 9, unless the term of probation exceeds the length authorized by 18 U.S.C. § 3561(c).  This Plea Agreement

2

does not affect the rights or obligations of the United States as set forth in 18 U.S.C.

§ 3742(b)-(c).

Nothing in this paragraph will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Eastern District of Michigan. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by fixing prices for hard disk drive suspension assemblies ("HDD suspension assemblies") sold in the United States and elsewhere, from at least as early as May 2008 and continuing until at least April 2016, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.      The defendant will plead guilty to the criminal charge described in Paragraph 2 above, pursuant to the terms of this Plea Agreement, and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.      The United States and the defendant agree that, had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)      For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as May 2008 and continuing until at least April 2016.

(b)      During the relevant period, the defendant was a corporation organized and existing under the laws of Japan, with its principal place of business in Yokohama, Japan, and it employed more than 5,000 people. During the relevant period, the defendant was a

3

producer of HDD suspension assemblies and was engaged in the sale of HDD suspension assemblies in the United States and elsewhere. HDD suspension assemblies are components of hard disk drives, which are used to store information electronically and may be incorporated into computers or sold as stand-alone electronic storage devices. Hard disk drives use magnetic recording heads to read from and write onto rapidly spinning disks. HDD suspension assemblies hold the recording heads in close proximity to the disks and provide the electrical connection from the recording heads to the hard disk drives' circuitry.

(c)    During the relevant period, the defendant, through its officers and employees working in its hard disk drive division, including its high-level personnel, participated in a conspiracy with other persons and an entity (Company A) engaged in the production and sale of HDD suspension assemblies, the primary purpose of which was to fix the prices of HDD suspension assemblies sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through certain of those officers and employees, engaged in discussions and attended meetings with Company A, through Company A's employees and officers. During these discussions and meetings, the defendant and Company A reached agreements to refrain from competing on prices for, fix the prices of, and allocate their respective market shares for, HDD suspension assemblies to be sold in the United States and elsewhere. To effectuate these agreements, employees and officers of the defendant and Company A exchanged HDD suspension assemblies pricing information, including anticipated pricing quotes, in the United States and elsewhere. The defendant and Company A relied on their agreements not to compete and used the exchanged pricing information to inform their negotiations with U.S. and

4

foreign customers that purchased HDD suspension assemblies and produced hard disk drives for sale in, or delivery to, the United States and elsewhere.

(d)     During the relevant period, the defendant and its co-conspirators manufactured HDD suspension assemblies outside the United States and sold them in, or for delivery to, the United States.  During the relevant period, the defendant and its co-conspirators sold foreign-manufactured HDD suspension assemblies outside the United States for incorporation into products—namely, hard disk drives—that were sold in, or for delivery to, the United States.  During the relevant period, HDD suspension assemblies and certain hard disk drives incorporating affected HDD suspension assemblies traveled in, and substantially affected, interstate and import trade and commerce.  During the relevant period, the conspiracy involved and had a direct, substantial, and reasonably foreseeable effect on interstate and import trade and commerce, including in HDD suspension assemblies and certain hard disk drives incorporating affected HDD suspension assemblies.

(e)     Acts in furtherance of this conspiracy were carried out within the United States and the Eastern District of Michigan.  The conspiratorial meetings and discussions described above took place in the United States and elsewhere.  Communications made in furtherance of the conspiracy and memorializing the conspiratorial meetings and discussions were transmitted through and stored on servers located in this District and operated by NHK's U.S. subsidiary, which was headquartered in this District.

## ELEMENTS OF THE OFFENSE

5.      The elements of the charged offense are that:

(a)      the conspiracy described in the Information existed at or about the time alleged;

(b)      the defendant knowingly became a member of the conspiracy; and

(c)      the conspiracy described in the Information either substantially affected interstate and import trade and commerce in goods or services or occurred within the flow of interstate or import trade and commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.      The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)      $100 million (15 U.S.C. § 1);

(b)      twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)      twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.      In addition, the defendant understands that:

(a)      pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)      pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

6

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.      The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed.  The parties agree there is no *ex post facto* issue under the November 1, 2018 Guidelines Manual.  The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence.  The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $28,500,000, payable in full before the fifteenth (15th) day after the date of judgment, and no order of restitution ("the recommended sentence").

(a)     The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.  The parties agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.  The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(b)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c)     The parties agree that, in light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(d)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(e)     The defendant agrees to waive its right to the issuance of a Presentence Investigation Report pursuant to Fed. R. Crim. P. 32, and the defendant and the United States agree that the information contained in this Plea Agreement, together with the Information and the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendant, the crime charged in this

case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court, and the Probation Office if applicable, of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

11.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Subparagraph 11(b) below, will be rendered void.

(b)     If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)(2)(A)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the

9

guilty plea or this Plea Agreement or made in the course of plea discussions with an
attorney for the government will not be admissible against the defendant in any criminal
or civil proceeding, except as otherwise provided in Federal Rule of Evidence 410. In
addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this
subparagraph of this Plea Agreement, the statute of limitations period for any offense
referred to in Paragraph 14 of this Plea Agreement will be tolled for the period between
the date of signature of this Plea Agreement and the date the defendant withdrew its
guilty plea or for a period of sixty (60) days after the date of signature of this Plea
Agreement, whichever period is greater.

## DEFENDANT'S COOPERATION

12.     The defendant and its subsidiaries that are engaged in the production or sale of
HDD suspension assemblies, including but not limited to NHK International Corporation
(collectively "related entities"), will cooperate fully and truthfully with the United States in the
prosecution of this case, the current federal investigation of violations of federal antitrust and
related criminal laws involving the sale of HDD suspension assemblies, any federal investigation
resulting therefrom, and any litigation or other proceedings arising or resulting from any such
investigation to which the United States is a party (collectively "Federal Proceeding"). Federal
Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other
proceeding regarding obstruction of, the making of a false statement or declaration in, the
commission of perjury or subornation of perjury in, the commission of contempt in, or
conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing
cooperation of the defendant and its related entities will include but not be limited to:

(a)     producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, in the possession, custody, or control of the defendant and its related entities, that are requested by the United States in connection with any Federal Proceeding; and

(b)     using their best efforts to secure the full, truthful, and continuing cooperation of the current directors, officers, and employees of the defendant and its related entities as may be requested by the United States, but excluding the individual(s) listed in Attachment A filed under seal.  Such efforts will include, but not be limited to, making these persons available in the United States and at other mutually agreed-upon locations at the defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.  Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant or its related entities as of the date of signature of this Plea Agreement.

13.     The full, truthful, and continuing cooperation of the current directors, officers, and employees of the defendant and its related entities will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

11

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), or conspiracy to commit such offenses;

(d)     otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, participating in affirmative investigative techniques, including but not limited to making telephone calls, recording conversations, and introducing law enforcement officials to other individuals, with all such activity being conducted only at the express direction and under the supervision of attorneys and agents of the United States;

(f)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court

12

proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), and contempt (18 U.S.C. §§ 401-402);

(g)     not committing, participating in, or attempting to commit or participate in any additional antitrust crime in violation of Title 15, United States Code, or any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(h)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Subparagraph 15(c), the statute of limitations period for any Relevant Offense, as defined in Subparagraph 15(a), will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

This paragraph does not apply to the individual(s) listed in Attachment A filed under seal, regardless of their employment status, or to any former director, officer, or employee of the defendant or its related entities.

### GOVERNMENT'S AGREEMENT

14.     Subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 12 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust

conspiracy involving the sale of HDD suspension assemblies. The nonprosecution terms of this

paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a

false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt

(18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind;

(c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or

(d) any crime of violence.

     15.    The United States agrees to the following:

     (a)    Upon the Court's acceptance of the guilty plea called for by this Plea

Agreement and the imposition of the recommended sentence and subject to the

exceptions noted in Subparagraph 15(c), the United States agrees that it will not bring

criminal charges against any current director, officer, or employee of the defendant or its

related entities for any act or offense committed before the date of signature of this Plea

Agreement and while that person was acting as a director, officer, or employee of the

defendant or its related entities that was undertaken in furtherance of an antitrust

conspiracy involving the sale of HDD suspension assemblies (the "Relevant Offense"),

except that the protections granted in this paragraph do not apply to the individual(s)

listed in Attachment A filed under seal;

     (b)    Should the United States determine that any current director, officer, or

employee of the defendant or its related entities may have information relevant to any

Federal Proceeding, the United States may request that person's cooperation under the

terms of this Plea Agreement by written request delivered to counsel for the individual

(with a copy to the undersigned counsel for the defendant) or, if the individual is not

known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Subparagraph 15(b) fails to comply fully with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d)     Except as provided in Subparagraph 15(e), information provided by a person described in Subparagraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Subparagraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit

15

such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(g)     Documents provided under Subparagraphs 12(a) and 13(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related entities.

16.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

## REPRESENTATION BY COUNSEL

17.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation.  The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

18.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

16

or representations other than the representations contained in this Plea Agreement and Attachment A. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

19.    The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its related entities have failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 12 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its related entities for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

20.    The defendant understands and agrees that in any further prosecution of it or any of its related entities resulting from the release of the United States from its obligations under

17

this Plea Agreement because of the defendant's or any of its related entities' violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or their current or former directors, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities.  In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Federal Rule of Evidence 410.

## PUBLIC STATEMENTS BY THE DEFENDANT

21.     The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Information or Factual Basis section of this Plea Agreement.  Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 19-20 of this Plea Agreement.  The decision whether any public statement by any such person contradicting a fact contained in the Information or Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States.  If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Information or Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five (5) business days after notification.  The

defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Information and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Information or Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant. This paragraph does not affect the obligation of any person, who is providing cooperation pursuant to Paragraph 13 of this Plea Agreement, to respond fully and truthfully to all inquiries of the United States without falsely implicating any person or intentionally withholding information and to testify fully and truthfully as required by Paragraph 13 of this Plea Agreement.

## ENTIRETY OF AGREEMENT

22. This Plea Agreement and Attachment A constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23. The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

24. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.     A facsimile or PDF signature will be deemed an original signature for the purpose

of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

executing this Plea Agreement.

DATED: ___7/26/19___

BY: _____
      Toru Sugiyama
      Representative Director
      Executive Vice President
      NHK Spring Co., Ltd.

BY: _____
      CRAIG Y. LEE
      PETER P. TOMCZAK
      Baker & McKenzie LLP

      AKIRA INOUE
      Baker & McKenzie (Gaikokuho Joint Enterprise)

      Counsel for NHK Spring Co., Ltd.

JAMES J. FREDRICKS
Chief, Washington Criminal II
Antitrust Division
U.S. Department of Justice

BY: _____
      CHRISTINA J. BROWN
      MICHAEL T. KOENIG
      Trial Attorneys, Antitrust Division
      U.S. Department of Justice
      450 5th Street NW, Suite 11-300
      Washington, DC 20001
      Tel: (202) 598-8839
      christina.brown@usdoj.gov

20

25.     A facsimile or PDF signature will be deemed an original signature for the purpose

of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

executing this Plea Agreement.


DATED:  _____7/26/19_____


BY: _____
      Toru Sugiyama
      Representative Director
      Executive Vice President
      NHK Spring Co., Ltd.

JAMES J. FREDRICKS
Chief, Washington Criminal II
Antitrust Division
U.S. Department of Justice


BY: _____
      CRAIG Y. LEE
      PETER P. TOMCZAK
      Baker & McKenzie LLP

      AKIRA INOUE
      Baker & McKenzie (Gaikokuho Joint Enterprise)

      Counsel for NHK Spring Co., Ltd.

BY: _____
      CHRISTINA J. BROWN
      MICHAEL T. KOENIG
      Trial Attorneys, Antitrust Division
      U.S. Department of Justice
      450 5th Street NW, Suite 11-300
      Washington, DC 20001
      Tel: (202) 598-8839
      christina.brown@usdoj.gov


20

25.     A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _____7/26/19_____

BY: _____
    Toru Sugiyama
    Representative Director
    Executive Vice President
    NHK Spring Co., Ltd.

                                        JAMES J. FREDRICKS
                                        Chief, Washington Criminal II
                                        Antitrust Division
                                        U.S. Department of Justice

BY: _____
    CRAIG Y. LEE
    PETER P. TOMCZAK
    Baker & McKenzie LLP

    AKIRA INOUE
    Baker & McKenzie (Gaikokuho Joint Enterprise)

    Counsel for NHK Spring Co., Ltd.

BY: _____
    CHRISTINA J. BROWN
    MICHAEL T. KOENIG
    Trial Attorneys, Antitrust Division
    U.S. Department of Justice
    450 5th Street NW, Suite 11-300
    Washington, DC 20001
    Tel: (202) 598-8839
    christina.brown@usdoj.gov



**NHK SPRING CO., LTD.**
3-10, FUKUURA, KANAZAWA-KU,
YOKOHAMA, KANAGAWA, 236-0004 JAPAN
PHONE : (81)-45-786-7512      FAX : (81)-45-786-7598

<u>Corporate Resolution</u>

I, the undersigned, DO HEREBY CERTIFY, that the following is a complete, true, and correct copy of certain resolutions of the Board of Directors of NHK Spring Co., Ltd. (the "Corporation"), which resolutions were duly called at the meeting of the said Board, held in Yokohama, Japan, on the 24th day of July, 2019, a quorum being present, and are set forth in the minutes of said meeting; that I am the keeper of the Corporation Seal and of the minutes and records of this Corporation; and that the said resolutions have not been rescinded or modified:

**Whereas,** the Corporation's Board of Directors has monitored and been informed about developments in the criminal antitrust matter, including in the United States and with respect to dealings with the United States Department of Justice Antitrust Division;

**Whereas,** the Corporation's Board of Directors has found that it is in the best interest of the Corporation and its stockholders to enter into the Plea Agreement in the United States District Court, Eastern District of Michigan (the "Plea Agreement"), a copy of which was provided to the Corporation's Board of Directors for review. The Plea Agreement provides for, among other things, that the Corporation will plead guilty to a knowing violation of the US Sherman Antitrust Act and will pay a fine of USD 28.5 million; and

**Whereas,** the Corporation's Board of Directors has determined that it is in the best interest of the Corporation to authorize and cause Toru Sugiyama, Representative Director and Executive Vice President of the Corporation, to do any and all things and to take any and all actions to implement the terms of and enter a guilty plea as provided for in the Plea Agreement, including to appear in the United States District Court, Eastern District of Michigan on behalf of the Corporation to enter the guilty plea, to acknowledge in that court certain facts, and to execute and deliver documents, pleadings and agreements;

**NOW THEREFORE,** be it resolved that the Corporation's Board of Directors hereby authorizes and approves the Corporation's entry into the Plea Agreement;

**RESOLVED FURTHER,,** that the Corporation's Board of Directors hereby authorizes and appoints Toru Sugiyama to do any and all things and to take any and all actions to implement the terms of and enter a guilty plea as provided for in the Plea Agreement, including to appear in the United States District Court, Eastern District of Michigan, on behalf of the Corporation to enter the guilty plea, to acknowledge in that court certain facts, and to execute and deliver documents, pleadings and agreements;

**RESOLVED FURTHER,** that any and all documents and agreements executed on behalf of the Corporation, that any and all actions heretofore taken by any of the officers of the Corporation, in connection with the actions contemplated by the Plea Agreement and other actions approved in the foregoing resolutions, be and hereby are, ratified and approved.

IN WITNESS WHEREOF, we have executed this Corporate Resolution effective the 24th day of July, 2019.



CORPORATE SEAL

NHK Spring Co., Ltd.

_Zenichi Nojima_
==================================
Zenichi Nojima
Director, General Affairs Dept.

_T. Kayamoto_
==================================
Takashi Kayamoto
Representative Director and President & CEO