| | |
|---|---|
| 1 | Michelle Park Chiu (State Bar No. 248421) |
| 2 | **MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower |
| 3 | San Francisco, CA 94105<br>Telephone: (415) 442-1000 |
| 4 | Facsimile: (415) 442-1001<br>michelle.chiu@morganlewis.com |
| 5 | J. Clayton Everett, Jr. (*pro hac vice*) |
| 6 | **MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Ave., NW |
| 7 | Washington, DC 20004<br>Telephone: (202) 739-3000 |
| 8 | Facsimile: (202) 739-3001<br>clay.everett@morganlewis.com |
| 9 | *Counsel for Defendants TDK Corporation,* |
| 10 | *Magnecomp Precision Technology Public Co.*<br>*Ltd., Magnecomp Corporation, Hutchinson* |
| 11 | *Technology Inc., and SAE Magnetics (H.K.) Ltd.* |
| 12 | [Additional Moving Defendants and Counsel<br>Listed on Signature Page] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation | Case No. 3:19-md-02918-MMC<br><br>MDL No. 2918<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)**<br><br>The Hon. Maxine M. Chesney |
| THIS DOCUMENT RELATES TO<br><br>ALL ACTIONS | |

# INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants NHK Spring Co. Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd. (collectively "NHK Defendants"), and Defendants TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Hutchinson Technology Inc., and SAE Magnetics (H.K.) Ltd. (collectively "TDK Defendants") respectfully submit this Administrative Motion to Seal.

The materials sought to be sealed are portions of Defendants' Opposition to End User Plaintiffs' Motion for Class Certification ("Defendants' Opposition") and accompanying materials. These materials were designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by NHK and TDK Defendants pursuant to the Stipulated Protective Order (Dkt. No. 136). Defendants have redacted the corresponding information derived from these materials in the Defendants' Opposition and accompanying materials.

Sealing is sought for the material or documents identified in the chart below.

| Material / Document | Specific Portion(s) Defendants Seek to Keep Under Seal |
|---|---|
| Stiroh Rept. | • Grey highlighting in ¶¶ 21, 46, 74, 75, 76, 83, 94, 97, 98, 100, 105, 106, and 124.<br>• Entirety of Figures 1 and 8.<br>• Entirety of Exhibits 4, 6A, 6B, 7A, 7B, 8A, 8B, 9A, 9B, 10A, and 10B. |
| Everett Decl. Ex. 5 (Excerpt from Kaji Deposition Transcript) | • Kajii Tr. 207:1 to 208:10 |
| Everett Decl. Ex. 15 (NHKS-M-00000426) | • Entirety |

This motion is accompanied by the Declaration of Mark H. Hamer and in Support of Defendants' Administrative Motion to File Under Seal Pursuant to Civil Local Rule 79-5(c) ("Hamer Sealing Declaration"). *See* Civ. L. R. 79-5(c)(2) (stating that an administrative motion to seal must be accompanied by a declaration to provide evidentiary support where necessary). This motion is also accompanied by the Declaration of J. Clayton Everett, Jr. in Support of Defendants' Administrative Motion to File Under Seal Pursuant to Civil Local Rule 79-5(c) ("Everett Sealing Declaration"). *See id.*

Civil Local Rules 79–5(c)(1) and (f)(3) require that the designating party explain in a specific statement and/or declaration the applicable legal standard and the reasons for sealing a document, including "the legitimate private or public interests that warrant sealing," "the injury that will result of sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civ. L. R. 79-5(c)(1).

In the context of dispositive motions, materials may be sealed upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party has "compelling reasons" to seal information if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Gr., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The Court has "broad latitude . . . to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Material that "refer to confidential agreements is often a compelling reason justifying sealing if the agreements contain commercially sensitive information." *Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, No. 17-CV-03764, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017), adopted by, 2018 WL 3069296 (N.D. Cal. Feb. 27, 2018); *see also Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018).

Sealing has also been found warranted for "proprietary business, scientific, manufacturing, sales, or licensing information" under either a good cause or compelling reasons standard. *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-CV-04405, 2020 WL 1233881, at *2 (N.D. Cal. Mar. 13, 2020). Indeed, courts routinely seal business information of a confidential nature, particularly information pertaining to business strategy and decisions. *See Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17- CV-04405, 2022 WL 1131725, at *1 (N.D. Cal. Mar. 31, 2022) (sealing "confidential business information" that included "business strategies"); *Malig as Tr. for*

1  *Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *3 (N.D. Cal. Mar. 31, 2022) (sealing documents that contained "confidential proprietary business information, including detailed investment strategies, that if publicly released could be used to the investor's competitive disadvantage"); *Baird v. Blackrock Inst. Tr. Co., N.A.*, No. 17-CV-01892, 2020 WL 7389772, at *16 (N.D. Cal. Feb. 11, 2020) ("As the Court previously held, the information contains 'confidential business and financial information relating to the operations of BlackRock,' constituting a sufficiently compelling reason to seal.") (internal citation omitted). "Whether a reason is compelling is 'best left to the sound discretion of the trial court' but examples may include 'when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.'" *In re Myford Touch Consumer Litig.*, No. 13-CV-03072, 2018 WL 1027391, at *1 (N.D. Cal. Feb. 2, 2018) (*citing* Ctr. for Auto Safety, 809 F.3d at 1097).

NHK Defendants' requested relief here is necessary to protect NHK's confidential, nonpublic, and highly sensitive business information that NHK keeps closely guarded. Public disclosure of these documents would cause significant harm to NHK if not sealed. *See* Hamer Sealing Decl. The documents NHK Defendants seek to keep under seal contain information related to: (i) NHK's current business strategy; (ii) NHK's sale policies and practices, including specific prices and margins; (iii) forecasts related to specific customers; (iv) the process and manner of NHK's negotiations with its customers; (v) future technology and product portfolio considerations and their development and research; (vi) confidential agreements; and (vii) confidential employee information. *See id.*

Likewise, TDK Defendants' requested relief here is necessary to protect TDK's confidential, nonpublic, and highly sensitive business information that TDK keeps closely guarded. Public disclosure of these documents would cause significant harm to TDK if not sealed. *See* Everett Sealing Decl. ¶ 6. The materials that the TDK Defendants seek to keep under seal are exhibits in the Stiroh Declaration that contain confidential information relating to the sale of HDD Suspension Assemblies manufactured by the TDK Defendants and sold to HDD manufacturers (including information regarding confidential pricing terms for recent and current HDD

Suspension Assembly programs). *Id.* ¶¶ 7-10. The public disclosure of this non-public, competitively sensitive information could provide the TDK Defendants' competitors with an unfair advantage by providing them with insight into confidential business terms or could harm the ability of the TDK Defendants to negotiate with its customers. *Id.*

Defendants' requested relief is necessary to prevent competitive, economic, and business harm to Defendants. For the foregoing reasons and the reasons set forth in the Hamer Sealing Declaration and the Everett Sealing Declaration, filed concurrently herewith, Defendants respectfully request that the Court keep under seal the materials identified above.

1  Dated: December 23, 2022

2  Respectfully submitted,

3

4  */s/ Mark H. Hamer*                                    */s/ J. Clayton Everett, Jr.*
   Mark. H. Hamer (State Bar No. 156997)      J. Clayton Everett, Jr., (*pro hac vice*)
5  mark.hamer@bakermckenzie.com            clay.everett@morganlewis.com
   Mark G. Weiss (*pro hac vice*)                    **MORGAN, LEWIS & BOCKIUS LLP**
6  mark.weiss@bakermckenzie.com             1111 Pennsylvania Ave., N.W.
   **BAKER & McKENZIE LLP**                      Washington, D.C. 20004
7  815 Connecticut Ave., N.W.                          Telephone: (202) 739-3000
   Washington, D.C. 20006
8  Telephone: (202) 452-7077
                                                                        Michelle Park Chiu (State Bar No. 248421)
9  Catherine Y. Stillman (State Bar No. 242440)  michelle.chiu@morganlewis.com
   catherine.stillman@bakermckenzie.com     **MORGAN, LEWIS & BOCKIUS LLP**
10 **BAKER & McKENZIE LLP**                      One Market, Spear Street Tower
   452 Fifth Avenue                                           San Francisco, CA 94105
11 New York, New York 10018                       Telephone: (415) 442-1000
   Telephone: (212) 626-4218
12                                                                    *Counsel for Defendants TDK Corporation,*
   Craig Y. Lee (*pro hac vice*)                        *Hutchinson Technology Inc., Magnecomp*
13 craiglee@huntonak.com                            *Precision Technology Public Co., Ltd.,*
   Carter C. Simpson (*pro hac vice*)              *Magnecomp Corporation, and SAE*
14 csimpson@huntonak.com                        *Magnetics (H.K.) Ltd.*
   Christopher J. Dufek (*pro hac vice*)
15 cdufek@huntonak.com
   **HUNTON ANDREWS KURTH LLP**
16 2200 Pennsylvania Ave., N.W.
   Washington, D.C. 20037
17 Telephone: (202) 955-1500

18 *Counsel for Defendants NHK Spring Co.,*
   *Ltd., NHK International, NHK Spring*
19 *(Thailand) Co., Ltd., NAT Peripheral (Dong*
   *Guan) Co., Ltd. and NAT Peripheral (H.K.)*
20 *Co., Ltd.*

21

22

23

24

25

26

27

28

**ATTORNEY ATTESTATION**

I, J. Clayton Everett, Jr., hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

                                              */s/ J. Clayton Everett, Jr.*
                                                  J. Clayton Everett, Jr.

# CERTIFICATE OF SERVICE

I, J. Clayton Everett, Jr., hereby certify that on December 23, 2022, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Northern District of California by using the Court's CM/ECF System and served a copy of same upon all counsel of record via the Court's electronic filing system.

/s/ *J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.