**BAKER McKENZIE LLP**
Mark. H. Hamer (State Bar No. 156997)
mark.hamer@bakermckenzie.com
Mark G. Weiss (*Pro Hac Vice*)
mark.weiss@bakermckenzie.com
815 Connecticut Avenue, NW
Washington, D.C.  20006
Tel: (202) 452-7000
Fax: (202) 416-7177

*Counsel for Defendants NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No.  3:19-md-02918-MMC <br><br> MDL No. 2918 <br><br> **DECLARATION OF MARK H. HAMER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO RULE 79-5(c)** <br><br> Hon. Maxine M. Chesney |
| THIS DOCUMENT RELATES TO: <br><br> All Reseller Actions | |

Baker & McKenzie LLP
815 Connecticut Avenue NW
Washington, DC 20006
+1 202 452 7000

Case No. 3:19-md-02918-MMC
DECL. ISO DEFS.' ADMIN. MOT. TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(c)

I, Mark H. Hamer declare as follows:

1. I am a partner at Baker & McKenzie LLP, Counsel for Defendants NHK Spring Co., Ltd.; NHK International Corporation; NHK Spring (Thailand) Co., Ltd.; NAT Peripheral (Dong Guan) Co., Ltd.; and NAT Peripheral (H.K.) Co., Ltd. (collectively the "NHK Defendants" or "NHK"). I am an attorney duly admitted to practice in the State of California and before this Court.

2. Pursuant to Civil Local Rule 79-5(c), I hereby submit this Declaration in Support of NHK Defendants' Administrative Motion to File Under Seal ("Hamer Sealing Decl."). I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

## INTRODUCTION

3. On January 30, 2020, the Court approved a "Stipulated Protective Order" in this matter. Dkt. No. 136. Section 12.3 of the Protective Order requires that "[a] Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5." Protected Material includes material that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the definitions provided in the Protective Order. *Id.* at § 2.14.

4. On December 23, 2022, TDK filed Defendants' Opposition to End-User Plaintiffs' Motion for Class Certification ("Defendants' Opposition"). Pursuant to the Stipulated Protective Order and Civil Local Rules 7-11 and 79-5(c), Defendants respectfully move for administrative relief to file under seal portions of Defendants' Opposition and accompanying materials. These materials were designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by NHK or TDK Defendants.

5. NHK submits this Declaration in order to keep under seal portions of the Expert Report of Lauren J. Stiroh, Ph.D. in Support of Defendants' Opposition ("Stiroh Rept.").

Baker & McKenzie LLP
815 Connecticut Avenue NW
Washington, DC 20006
+1 202 452 7000

1

Case No. 3:19-md-02918-MMC
DECL. ISO DEFS.' ADMIN. MOT. TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(c)

| Material / Document | Specific Portion(s) NHK Seeks to Keep Under Seal | Justification for Sealing |
|---|---|---|
| Stiroh Report | Grey highlighting in ¶¶ 21, 46, 74, 75, 76, 83, 94, 97, 98, 100, 105, 106, 124 and the entirety of Exhibits 4, 6A, 6B, 7A, 7B, 8A, 8B, 9A, 9B, 10A, 10B | Stiroh Report based on voluminous NHK transactional sales data. Discussed in further detail below. S*ee infra* ¶6 (discussing Stiroh Report). |
| Ex. 5: Kajii Tr. 207:15-208:15, Vol. II, Sept. 9, 2022 | Kajii Tr. 207:1 to 208:10 | Testimony reflecting confidential customer/supplier relationship, internal strategic approach to business opportunities, and confidential discussion of competitive business practices. |
| Ex. 15: NHKS-M-00000426 | Seal entire document | Email reflecting competitively sensitive information, prospective strategy, potential strategic financial decision-making and large capital projects, future decision-making regarding layoffs (implicating Japanese privacy concerns), and other cost-saving measures. |

6. TDK filed the Stiroh Rept. with redactions of several pages. Sealing of the information identified above is necessary given the level of detail and the specificity in the expert report. Such information is extremely competitively sensitive and making it public would likely harm NHK's business by placing it at a competitive disadvantage. Dr. Stiroh's conclusions were derived from NHK's proprietary and confidential pricing and cost information that would otherwise not be subject to public view or disclosure. NHK confidential data was used to reach nearly all of the conclusions in the expert report. This information can be used by NHK's competitors and customers to gain an unfair advantage by enabling them derive current pricing practices NHK uses to this day. Dr. Stiroh's regression analysis uses nearly two decades of NHK's confidential transactional data (including fairly recent sales data) to calculate but-for prices. These results, derived from transactional sales data, empower competitors and customers to derive unfair competitive advantages by learning NHK's confidential internal methods and practices regarding pricing, capacity, utilization, and product development. NHK customers can also use the data and information to gain a competitive advantage during negotiations. NHK would suffer serious injury if the data, or any summary, compilation, or analysis thereof, is permitted to be disclosed.

7. Public disclosure of these materials would cause NHK economic harm by (i)

Baker & McKenzie LLP
815 Connecticut Avenue NW
Washington, DC 20006
+1 202 452 7000

2

Case No. 3:19-md-02918-MMC
DECL. ISO DEFS.' ADMIN. MOT. TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(c)

providing NHK's competitors and potential competitors with an improper business advantage by disclosing to them NHK's business strategy; (ii) providing NHK's customers a competitive advantage in future pricing negotiations; and (iii) permitting customers, competitors, or other parties' insight into NHK's trade secret information, including, but not limited to, sales, pricing, and costs.

8.  NHK's requested relief here is necessary and narrowly tailored to protect NHK confidential, non-public, and highly sensitive business information that NHK keeps closely guarded. NHK's proposed relief is necessary to prevent economic and business harm to NHK, and to protect sensitive, employee information.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Washington, D.C. on December 23, 2022.

*/s/ Mark H. Hamer*
Mark H. Hamer

Baker & McKenzie LLP
815 Connecticut Avenue NW
Washington, DC 20006
+1 202 452 7000

3

Case No. 3:19-md-02918-MMC
DECL. ISO DEFS.' ADMIN. MOT. TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(c)