Michelle Park Chiu (State Bar No. 248421)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
michelle.chiu@morganlewis.com

J. Clayton Everett, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
clay.everett@morganlewis.com

*Counsel for Defendants TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Magnecomp Corporation, Hutchinson Technology Inc., and SAE Magnetics (H.K.) Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation | Case No. 3:19-md-02918-MMC<br><br>MDL No. 2918<br><br>**DECLARATION OF J. CLAYTON EVERETT, JR. IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)**<br><br>The Hon. Maxine M. Chesney |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

I, J. Clayton Everett, Jr. declare as follows:

1. I am a member in good standing of the bar of the District of Columbia and am currently a partner at the law firm Morgan, Lewis & Bockius LLP. I am counsel for TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Magnecomp Corporation, Hutchinson Technology Inc., and SAE Magnetics (H.K.) Ltd. ("TDK Defendants") in the *In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation*. I have been admitted *pro hac vice* in this action.

2. I submit this declaration in support of Defendants' Administrative Motion to File Under Seal Pursuant to Local Rule 79-5(c), filed on December 23, 2022.

3. The facts set forth in this declaration are based on information and belief of the TDK Defendants' policies and practices relating to their treatment of confidential information, materials provided to me and reviewed by me, and/or conversations with other knowledgeable employees of the TDK Defendants. If called upon as a witness in this action, I could and would testify from the information and belief that I have acquired from sources with factual foundation.

4. I am informed and believe that as a matter of practice and policy, the TDK Defendants and their employees treat as confidential, *inter alia*, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public commercial agreements with customers, suppliers, and other third parties; (iv) internal analyses of market conditions, business strategies, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive materials that, if publicly disclosed, would potentially enable the TDK Defendants' competitors to undermine the TDK Defendants' competitive positions in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of the TDK Defendants in negotiations or other business affairs, or otherwise prejudice the TDK Defendants' business interests and/or TDK employees' personal privacy interests.

5. I am informed and believe that the TDK Defendants do not publicly disclose internal documents, data, or information of this nature except when so required or permitted by

1

CASE NO. 3:19-MD-02918-MMC
DECLARATION OF J. CLAYTON EVERETT, JR. IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION
TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)

1    law or contract. I am also informed and believe that to prevent inadvertent revelation of
2    confidential information to the public, the TDK Defendants prohibit employees from accessing
3    information beyond what is necessary to perform their duties, limit access to certain internal
4    systems, and permit access to documents on a need-to-know basis. I am further informed and
5    believe that the TDK Defendants require employees to keep non-public business information
6    confidential and shared only within the company unless expressly permitted to do otherwise.

7          6.     For the reasons stated below, I am informed and believe that certain information
8    provisionally filed under seal by Defendants in support of their oppositions to Plaintiffs' motions
9    for class certification are confidential and highly sensitive, and if publicly disclosed, would
10   significantly prejudice the TDK Defendants' competitive position by harming the TDK
11   Defendants' relationship with business partners, putting the TDK Defendants at unfair
12   disadvantages in current or future business negotiations, or providing the TDK Defendants'
13   competitors the ability to gain an unfair advantage by gaining an understanding of internal TDK
14   strategies and business practices on pricing and other competitively sensitive issues.

15         7.     Exhibit 4 is a chart submitted with the expert report of Lauren J. Stiroh, Ph.D.
16   ("Stiroh Report") containing confidential information relating to the sale of HDD Suspension
17   Assemblies manufactured by the TDK Defendants and sold to HDD manufacturers between April
18   2001 and December 2019. The chart contains total quantity, total sales, minimum prices, and
19   maximum prices for the HDD Suspension Assembly programs in which TDK Defendants
20   participated. I am informed and believe that the public disclosure of this non-public,
21   competitively sensitive information would provide the TDK Defendants' competitors with an
22   unfair advantage by providing them with insight into confidential business terms (including
23   insight into confidential pricing terms for recent and current programs). Additionally, I am
24   informed and believe that public disclosure could harm the ability of the TDK Defendants to
25   negotiate with its customers.

26         8.     Exhibits 6A and 6B are charts submitted with the Stiroh Report containing
27   confidential information regarding overcharge estimates for the sale of HDD Suspension

28

2

CASE NO. 3:19-MD-02918-MMC
DECLARATION OF J. CLAYTON EVERETT, JR. IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION
TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)

1  Assemblies manufactured by the TDK Defendants and sold to HDD manufacturers during both
2  the alleged class period and benchmark period using Plaintiffs' experts' overcharge models.
3  The charts contain actual units sold, estimated percent overcharges, and calculated coefficients
4  for select HDD Suspension Assembly programs in which TDK Defendants participated. I am
5  informed and believe that the public disclosure of this non-public, competitively sensitive
6  information would provide the TDK Defendants' competitors with an unfair advantage by
7  providing them with insight into confidential business terms (including insight into confidential
8  pricing terms for recent and current programs). Additionally, I am informed and believe that
9  public disclosure could harm the ability of the TDK Defendants to negotiate with its customers.

10      9.      Exhibits 7A and 7B are charts submitted with the Stiroh Report containing
11  confidential information regarding the average monthly prices of HDD Suspension Assemblies
12  manufactured by TDK Defendants and sold to HDD manufacturers between April 2001 and
13  December 2019. I am informed and believe that the public disclosure of this non-public,
14  competitively sensitive information would provide the TDK Defendants' competitors with an
15  unfair advantage by providing them with insight into confidential business terms (including
16  insight into confidential pricing terms for recent and current programs). Additionally, I am
17  informed and believe that public disclosure could harm the ability of the TDK Defendants to
18  negotiate with its customers.

19      10.     Figure 8 is a chart submitted with the Stiroh Report containing confidential
20  information regarding the average monthly prices of HDD Suspension Assemblies manufactured
21  by TDK Defendants for select programs between January 2006 and December 2019. I am
22  informed and believe that the public disclosure of this non-public, competitively sensitive
23  information would provide the TDK Defendants' competitors with an unfair advantage by
24  providing them with insight into confidential business terms (including insight into confidential
25  pricing terms for recent and current programs). Additionally, I am informed and believe that
26  public disclosure could harm the ability of the TDK Defendants to negotiate with its customers.

3

CASE NO. 3:19-MD-02918-MMC
DECLARATION OF J. CLAYTON EVERETT, JR. IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION
TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)

1

2     I declare under penalty of perjury that the foregoing is true and correct. Executed on this

3 December 23, 2022 in Washington, D.C.

4

5                                             */s/ J. Clayton Everett, Jr.*
                                                 J. Clayton Everett, Jr.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4