Mark. H. Hamer (State Bar No. 156997)
mark.hamer@bakermckenzie.com
Mark G. Weiss (*pro hac vice*)
mark.weiss@bakermckenzie.com
**BAKER & McKENZIE LLP**
815 Connecticut Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 452-7077

Catherine Y. Stillman (State Bar No. 242440)
catherine.stillman@bakermckenzie.com
**BAKER & McKENZIE LLP**
452 Fifth Avenue
New York, New York 10018
Telephone: (212) 626-4218

*Counsel for Defendants NHK Spring Co., Ltd., NHK International, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.*

[*Additional Moving Defendants and Counsel Listed on Signature Page*]

J. Clayton Everett, Jr., (*pro hac vice*)
clay.everett@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 739-3000

Michelle Park Chiu (State Bar No. 248421)
michelle.chiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

*Counsel for Defendants TDK Corporation, Hutchinson Technology Inc., Magnecomp Precision Technology Public Co., Ltd., Magnecomp Corporation, and SAE Magnetics (H.K.) Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

RESELLER PLAINTIFFS' ACTION

Case No. 3:19-md-02918-MMC
MDL No. 2918

**DEFENDANTS' NOTICE OF MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS, PH.D, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION**

Date: TBD
Time: TBD
Crtrm: 7, 19th Floor
Before: The Hon. Maxine M. Chesney

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on a date to be determined by the Court this matter may be heard in Courtroom 7, located on the 19th Floor of this Court, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Maxine M. Chesney, Defendants TDK Corporation, SAE Magnetics (H.K.) Ltd., Hutchinson Technology, Inc., Magnecomp Precision Technology Public Co. Ltd. ("MPT") (collectively referred to as "TDK"), and NHK Spring Co. Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd. NAT Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd. (collectively referred to as "NHK") (jointly referred to as "Defendants") will and hereby do move for an Order pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny to exclude the testimony and expert report of Michael A. Williams in their entirety.

This motion is based upon this Notice of Motion and Motion, the accompany Memorandum of Points and Authorities, the attached Declaration of Mark H. Hamer and exhibits, the Proposed Order submitted herewith, any other records, pleadings, and papers filed in this action the Court may consider, and any oral argument that may be presented to the Court at the hearing on this motion.

DATED:  December 23, 2022

Respectfully submitted,

*/s/ Mark H. Hamer*
Mark H. Hamer

Mark. H. Hamer (State Bar No. 156997)
mark.hamer@bakermckenzie.com
Mark G. Weiss (*pro hac vice*)
mark.weiss@bakermckenzie.com
**BAKER & McKENZIE LLP**
815 Connecticut Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 452-7077

*/s/* J. Clayton Everett, Jr.

J. Clayton Everett, Jr., (*pro hac vice*)
clay.everett@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 739-3000

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

Catherine Y. Stillman (State Bar No. 242440)
catherine.stillman@bakermckenzie.com
**BAKER & McKENZIE LLP**
452 Fifth Avenue
New York, New York 10018
Telephone: (212) 626-4218
*Counsel for Defendants NHK Spring Co., Ltd., NHK International, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.*

Michelle Park Chiu (State Bar No. 248421)
michelle.chiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
*Counsel for Defendants TDK Corporation, Hutchinson Technology Inc., Magnecomp Precision Technology Public Co., Ltd., Magnecomp Corporation, and SAE Magnetics (H.K.) Ltd.*

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

**TABLE OF CONTENTS**

INTRODUCTION .......... 1

I. DR. WILLIAMS' DETERMINATION OF IMPACT .......... 2

A. Dr. Williams' Assumptions About the Purported Class .......... 2

B. Dr. Williams' Assumptions About the Alleged Conspiracy .......... 4

C. Dr. Williams' Methods of Calculating Injury and Damages .......... 4

D. Dr. Williams' Conclusions .......... 5

II. DR. WILLIAMS' OPINIONS ARE INADMISSIBLE UNDER RULE 702 AND *DAUBERT* BECAUSE THOSE OPINIONS ARE NOT BASED IN ECONOMIC PRINCIPLES, THE FACTUAL RECORD, OR REASON .......... 9

A. Dr. Williams Fails to Sufficiently Study or Understand the SA Market to Offer an Expert Opinion. .......... 9

B. Dr. Williams Does Not Take Sufficient Steps to Understand the Underlying Data He Relies On .......... 14

C. Dr. Williams' Methodology Ignores and Masks His Own Conclusions That Numerous Class Members Are Uninjured .......... 16

D. Dr. Williams' Does Not Offer a Damages Model Capable of Calculating Damages of Any Class Member .......... 18

E. Dr. Williams Adopts Biased Assumptions to Inflate and Maximize Reseller Class Damages Without Economic Justification .......... 21

CONCLUSION .......... 25

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Honda Motor Co., Inc. v. Allen*,
600 F. 3d 813 (9th Cir. 2020) .......... 7

*Bowerman v. Field Asset Servs., Inc.*,
39 F.4th 652 (9th Cir. 2022) .......... 8

*Cooper v. Brown*,
Nos. 98-CV-818-H, 92-CV-427-H, 2005 U.S. Dist. LEXIS 46232 (S.D. Cal. May 27, 2005) 510 F.3d 870 (9th Cir. 2007) .......... 1, 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) .......... *passim*

*Exeltis USA, Inc. v. First Databank, Inc.*,
No. 17-cv-04810-HSG, 2020 U.S. Dist. LEXIS 224983 (N.D. Cal. Nov. 30, 2020) .......... 21, 23

*Fahmy v. Jay Z*,
2:07-cv-05715-CAS 2015 U.S. Dist. LEXIS 129446, *12015 U.S. Dist. LEXIS 129446, at *2-3 (C.D. Cal. Sept. 24, 2015) .......... 9

*General Electric Co. v. Joiner*
522 U.S. 136, 146 (1997) .......... 7, 8

*GPNE Corp. v. Apple, Inc.*,
No. 12-CV-02885-LHK, 2014 U.S. Dist. LEXIS 53234 (N.D. Cal. Apr. 16, 2014) .......... 21

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
No. 2:18-cv-00923-SVW-RAO, 2019 U.S. Dist. LEXIS 110803 (C.D. Cal. July 1, 2019) .......... *passim*

*Grodzitsky v. Am. Honda Motor Co.*,
957 F.3d 979 (9th Cir. 2020) .......... 7

*Guidroz-Brault v. Missouri Pac. RR. Co.*,
254 F.3d 825 (9th Cir. 2001) .......... 24

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) .......... 1, 6, 7

*In re Live Nation Antitrust Litig.*,
863 F. Supp. 2d at 982 .......... 18, 25

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ........ 13

*Nationwide Transp. Fin. v. Cass Info. Sys.*,
523 F.3d 1051 (9th Cir. 2008) ........ 23

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ........ 8, 13, 21

*In re Packaged Seafood Prods. Antitrust Litig.*,
332 F.R.D. 308 (S.D. Cal. 2019) ........ 8

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994)513 U.S. 1190 (1995) ........ 7

*Persian Gulf Inc. v. BP W. Coast Prods. LLC*,
No. 15cv1749-JO-AGS, 2022 U.S. Dist. LEXIS 180134 (S.D. Cal. Sep. 30, 2022) ........ 15, 23, 24

*Salhotra v. Simpson Strong-Tie Co.*,
No. 19-cv-07901-TSH, 2022 U.S. Dist. LEXIS 38145 (N.D. Cal. Mar. 3, 2022) ........ 7

*Toomey v. Nextel Comm'cns., Inc.*,
No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793 (N.D. Cal. Sept. 24, 2004) (J. Chesney) ........ 6

*United States v. Hermanek*,
289 F.3d 1076 (9th Cir. 2002) ........ 18

*York v. Starbucks Corp.*,
No. CV 08-07919 GAF, 2011 U.S. Dist. LEXIS 1555682 (C.D. Cal., Nov. 23, 2011) ........ 14

**Other Authorities**

Federal Rule of Evidence 702 ........ *passim*

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

**STATEMENT OF ISSUE TO BE DECIDED**

Whether this Court should exclude the expert opinions of Dr. Michael A. Williams, Ph.D., including his expert report and testimony, as evidence in support of the Reseller Plaintiffs' motion for class certification, ECF No. 610 ("Resellers' Brief").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On October 11, 2022, Reseller Plaintiffs filed a motion to certify a proposed class action against Defendants on behalf of purchasers "for resale" of standalone storage devices or computers with hard disk drive ("HDD") suspension assemblies ("SAs") under state laws in 5 states by named class representatives IT Worx, Inx. ("IT Worx"), Now Micro, Inc. ("Now Micro"), Business Integrated Technical Systems, Inc. d/b/a Network One ("Network One"), Michael Medeiros ("Medeiros"), and Stephen Arvay ("Arvay"). Reseller Plaintiffs rely upon the expert testimony of Dr. Michael A. Williams to support their motion for class certification. ECF No. 611.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court has a "gatekeeping obligation" to ensure that expert opinions are "not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). This obligation "compels the Court to look beyond whether expert testimony can merely 'assist' the trier of fact, and confirm that the expert uses a reliable and scientifically valid method." *Cooper v. Brown*, Nos. 98-CV-818-H, 92-CV-427-H, 2005 U.S. Dist. LEXIS 46232, at *122 (S.D. Cal. May 27, 2005), *aff'd, Cooper v. Brown*, 510 F.3d 870, 943 (9th Cir. 2007) (quotation marks in original). Here, Dr. Williams' opinions are unreliable, founded upon incorrect assumptions and based on flawed methodologies that do not fit the facts of the case.

First, Dr. Williams seemingly lacks specialized knowledge of key dynamics of the very industry he was engaged by Reseller Plaintiffs to analyze. Where Reseller Plaintiffs rely upon Dr. Williams' expert opinion as the foundation for their motion for class certification, such a divergence from the factual record is improper.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Second, Dr. Williams' opinion is premised entirely upon the data-build of another expert.

Finally, Dr. Williams' damages model makes unreasonable and biased assumptions that inflate Reseller damages without proper economic support. In addition, he disregards critical data related to the relevant industry and omits certain variables in his damages model without providing any rationale rooted in record facts or basic economic theory.

Dr. Williams' expert opinion and testimony are unreliable. His opinions should be excluded as inadmissible under Federal Rule of Evidence 702 and *Daubert*.

## BACKGROUND

## I. DR. WILLIAMS' DETERMINATION OF IMPACT

### A. Dr. Williams' Assumptions About the Purported Class

At the outset,

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

[redacted]

The supply chain for SAs is unusually long, with many tiers of indirect purchasers. Some tiers involve installing SAs, and then installing in succession HSAs, HGAs and HDDs, through complex manufacturing processes, into new products. First, Defendants sell SAs to head gimbal assemblers ("HGAs") and head stack assemblers ("HSAs") in an initial manufacturing process into these drive sub-assemblies. Then these HGA and HSA manufacturers like SAE and affiliates of HDD manufacturers sell or transfer HGAs and HSAs to HDD manufacturers (e.g., Seagate, Western Digital, and Toshiba, and earlier in the class period, also HGST and Maxtor). Then HDD manufacturers sell HDDs to OEMs (like HP, Dell, Apple, and Samsung) for further complex manufacturing, integrating HDDs into different products like computers. Next, OEMs may sell to "Distributors" (e.g., Arrow, Avnet, and Ingram Micro). Distributors, OEMs or HDD manufacturers may then sell to "Retailers" (e.g., Amazon, Best Buy, Target, Staples, Walmart and Costco). Then, there sometimes are small "Value-Added Retailers" who offer services like repair or IT consulting and include HDDs as part of the services they provide to customers, as well custom computer builds (acting as OEMs) like Mr. Medeiros. The class representatives here are all Value-Added Retailers, yet seek to represent a multi-tier class of "all" who purchase "for resale" that apparently includes at least the Value-Added Retailer, Retailer, and Distributor tiers. The Reseller Plaintiffs' Third Amended Complaint ("TAC"), ECF No. 558, class definition also includes OEMs, but Resellers (and Dr. Williams) have now abandoned OEMs and no longer seek to include them in the proposed class.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**B.** [redacted]

[redacted]

**C. Dr. Williams' Methods of Calculating Injury and Damages**

First, Dr. Williams needs to show an overcharge. [redacted]

Next, he needs to show his overcharge passed through the supply chain to harm Resellers. [redacted]

---

[1] [redacted]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

[redacted]

Finally, he needs to propose a model for calculating damages. [redacted] However, Dr. Williams does not set forth a method to determine which class members were individually injured or the amount of that injury by class-member—nor is he able to.

[redacted]

**D. Dr. Williams' Conclusions**

[redacted]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

5

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

## LEGAL STANDARD

It is well established that an expert's opinion may only be considered if the expert is qualified and the opinion is reliable, based upon well-established criteria. Rule 702 of the Federal Rules of Evidence states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise **if**:
> (a) the expert's scientific, technical, or other specialized knowledge **will help the trier of fact to understand the evidence or to determine a fact in issue**;
> (b) the testimony is **based on sufficient facts** or data;
> (c) the testimony is the product of **reliable principles and methods**; and
> (d) the expert has **reliably applied the principles and methods to <u>the facts of the case</u>**.

FED. R. EVID. 702 (emphasis added); *see also Toomey v. Nextel Comm'cns., Inc.*, No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793, at *5 (N.D. Cal. Sept. 24, 2004) (J. Chesney) (acknowledging Rule 702 grants trial court with task of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand") (internal citation and quotations omitted).

A district court assumes a gatekeeping function to ensure that expert opinions—which are relied upon by the fact-finder to understand proffered evidence—are "not only relevant, but reliable." *Kumho Tire Co.*, 526 U.S. at 147 (citation omitted). In *Daubert*, the Supreme Court articulated the following non-exclusive factors for determining whether to admit expert

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

6

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

testimony: (1) whether a scientific technique "can be (and has been) tested," (2) "whether the theory or technique "has been subjected to peer review and publication," (3) "the known or potential rate of error" of a particular scientific technique," and (4) "general acceptance" in the relevant scientific community. 509 U.S. at 592-96; *see also Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984-85 (9th Cir. 2020) (holding that a district court should evaluate admissibility of expert testimony under the standards articulated by *Daubert* in evaluating expert testimony in support of class certification). In the context of class certification, "a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." *Am. Honda Motor Co., Inc. v. Allen*, 600 F. 3d 813, 815-16 (9th Cir. 2020).

Each factor's usefulness in assessing reliability will vary "in light of the particular facts and circumstances of the particular case." *Kumho Tire Co.*, 526 U.S. at 158. Although the *Daubert* Court stated that the "focus . . . must be solely on the principles and methodology, not on the conclusions they generate," 509 U.S. at 582, the Court later recognized in *General Electric Co. v. Joiner*, that "conclusions and methodology are not entirely distinct from one another." 522 U.S. 136, 146 (1997). Thus, "when an expert purports to apply principles and methods in accordance with professional standards, and yet reaches a conclusion that other experts in the field would not reach, the trial court may fairly suspect that the principles and methods have not been faithfully applied." FED. R. EVID. 702 Advis. Comm. Notes ¶ 8 on 2000 amendments (citing *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)). Moreover, the burden falls on the proponent of the expert to demonstrate reliability of his testimony. *Salhotra v. Simpson Strong-Tie Co.*, No. 19-cv-07901-TSH, 2022 U.S. Dist. LEXIS 38145, at *27 (N.D. Cal. Mar. 3, 2022) (citing *LustBby and Through Lust v. Merrell Dow Pharms*, 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.")).

To evaluate reliability, the district court is compelled to "confirm that the expert uses a reliable and scientifically valid method." *Cooper*, 2005 U.S. Dist. LEXIS 46232, at *122; *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994), *cert. denied*, 513 U.S. 1190 (1995). It follows that opinions with "too great an analytical gap between the data and the

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

opinion proffered" should be excluded. *GE*, 522 U.S. at 146.

Reseller Plaintiffs rely heavily on the Ninth Circuit's recent *Olean* decision, where a regression and pass-through analysis proffered by this same expert (Dr. Williams), and others, was accepted. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). It cannot protect Dr. Williams from exclusion here. There, unlike here, "defendant did not raise a *Daubert* challenge" "forfeit[ing]" admissibility challenges. *Id*. at 665. More importantly, the specifics of the packaged tuna market—dramatically different from the SA and HDD markets—were fundamental to the Court's decision. Tuna is a traditional commodity product; is not a subcomponent of other products; involves no complex manufacturing processes, no customized development, and experienced no technological developments over the class period; travels in a short and simple distribution chain; and involved the use of "price lists" by the tuna suppliers. *Id*. at 661, 670; *see also In re Packaged Seafood Prods. Antitrust Litig*., 332 F.R.D. 308, 322 (S.D. Cal. 2019) (citing evidence that packaged tuna included "standardized products" (tuna cans), "common costs" (the price of cans and tuna), the use of "price lists," and the fact that "tuna is a staple good[.]") Nor were the products purchased by class members ones in which tuna was a component (e.g., a restaurant meal including tuna casserole), but, instead, were indirect purchases of the product directly at issue (tuna). *Olean* does not stand for the proposition that every expert regression is admissible and supports common proof for certification. To the contrary, the Court was clear that decisions turn on a "case-by-case" assessment of the facts and opinions under the "rigorous" standard required. *Olean Wholesale*, 31 F.4th at 664, 669-70; *see also Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652, 663 (9th Cir. 2022) (citing *Olean* to deny class certification on predominance grounds). In particular, *Olean* reminded district courts to assess "factors that may undercut the model's reliability (such as unsupported assumptions, erroneous inputs, or nonsensical outputs such as false positives)." *Id*. at 683, 667 n.9. As discussed below, Williams' model here suffers from all these deficiencies.

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

## ARGUMENT

### II. DR. WILLIAMS' OPINIONS ARE INADMISSIBLE UNDER RULE 702 AND *DAUBERT* BECAUSE THOSE OPINIONS ARE NOT BASED IN ECONOMIC PRINCIPLES, THE FACTUAL RECORD, OR REASON

Dr. Williams' testimony and expert report fail to meet the standards of Rule 702 and *Daubert*. His expert opinion clashes directly with market realities that are undisputed in the factual record. Underlying his opinion are inaccurate characterizations of the putative class, an insufficient study of the relevant market regarding factors material to his analysis, as well as grossly incorrect assumptions related to Defendants and the alleged conspiracy. Meanwhile, his selected control variables disregard important factors that lead to falling prices over time. Dr. Williams' opinions, which are critical for Reseller Plaintiffs' motion for class certification, cannot accurately assess class-wide impact.

#### A. Dr. Williams Fails to Sufficiently Study or Understand the SA Market to Offer an Expert Opinion.

An expert must understand the relevant market that he seeks to analyze. *See Fahmy v. Jay Z*, 2:07-cv-05715-CAS (PJWx), 2015 U.S. Dist. LEXIS 129446, *12015 U.S. Dist. LEXIS 129446, at *2-3 (C.D. Cal. Sept. 24, 2015) (quoting *Kumho Tire Co.*, 526 U.S. at 15) (a district court judge must "ensur[e] that 'an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"); *see also* FED. R. EVID. 702 (Rule 702 requires that an expert witness must have sufficient expertise). Dr. Williams, however, is ignorant of core aspects of the SA industry (and related HDD industry) that are required to accurately understand and offer credible opinions about potential damages, overcharges, and impact. For dozens of material topics, Dr. Williams offers no opinion, lacks key knowledge, and in some cases, he just gets the facts flat wrong.

[redacted]

---

2 [redacted]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000



In the past, Dr. Williams has had his opinion excluded where his "methodology is also deficient for failing to consider these other [relevant] factors." *Grasshopper House, LLC v. Clean & Sober Media LLC*, No. 2:18-cv-00923-SVW-RAO, 2019 U.S. Dist. LEXIS 110803, at *43 (C.D. Cal. July 1, 2019). Other areas where Dr. Williams testified he had no knowledge abound. For example:

- 

4

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

10

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

•

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

11

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

• [redacted]

While some of Dr. Williams' omissions may be excusable, these omissions are a core feature of his opinions, not merely inconsequential glitches. The facts above are foundational market facts that expose how and why his assumptions are inaccurate and yield erroneous conclusions.

Incorrect assumptions lead to faulty and unreliable opinions. [redacted] But this assumption is simply incorrect and relies on a very selective reading of the deposition testimony. T[redacted] In fact, SAs are very customized high-tech products that are built to specification and unique to each suspension program, of which there are *hundreds*. They are not commodity-like, and are not interchangeable across programs. P[redacted]

[4] [redacted]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

15).

These are not minor omissions. D

Courts will not consider an expert's opinion where it "has scant basis in the record . . . [or where the expert's] study rests on unsupported assumptions and unsound extrapolation." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 807 (9th Cir. 1988); *see also Olean Wholesale*, 31 F.4th at 683; 667 n.9. Further, given Dr. Williams' scant review of record evidence, testimony, and the numerous topics on which he offers no opinion, "Dr. Williams's testimony is beyond the scope of his expertise, rests on faulty or incomplete methodology, and is inadmissible." *Grasshopper House, LLC v. Clean & Sober Media LLC*, No. 2:18-cv-00923-SVW-RAO, 2019 U.S. Dist. LEXIS 110803, at *44 (C.D. Cal. July 1, 2019).

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

**B. Dr. Williams Does Not Take Sufficient Steps to Understand the Underlying Data He Relies On**

In addition, Dr. Williams relies entirely on the data work of EUPs' expert and has no understanding of its structure, controls, or flaws. D [REDACTED] *see also York v. Starbucks Corp.*, No. CV 08-07919 GAF (PJWx), 2011 U.S. Dist. LEXIS 1555682, at *41 (C.D. Cal., Nov. 23, 2011) ("Case law plainly holds that an expert cannot adopt another's data without verifying its validity and reliability.").

[REDACTED]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Dr. Williams has previously been criticized by a Court for a "methodological flaw in framing his benchmark period [which] renders his analysis irrelevant to Plaintiffs' case." *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, No. 15cv1749-JO-AGS, 2022 U.S. Dist. LEXIS 180134, at *132 (S.D. Cal. Sep. 30, 2022) (excluding Dr. Williams' opinion because he included years of conspiratorial evidence in his benchmark period based on both the pleadings and the evidence rendering his opinion "fundamentally flawed and methodologically unsound"). While the error is different this time, like in *Grasshopper*, this methodological flaw renders his control variables irrelevant for much of the time period and data he relies on.

These errors go beyond a mere specification problem.

These errors are fatal

6

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1  and suggest that the methodology he employed is improper and unreliable.

2  **C.    Dr. Williams' Methodology Ignores and Masks His Own Conclusions That**
3  **Numerous Class Members Are Uninjured**

4

[text redacted]

16

[8] W

.

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

[redacted] These "inconsistent results …produced by the same methodology" are a sign of deficiencies in Dr. Williams' (and Dr. Netz's) models. *See United States v. Hermanek*, 289 F.3d 1076, 1097 (9th Cir. 2002) ("Inconsistent results may be an indicator of unreliability.").

Dr. Williams' approach is not supported by evidence or by the factual record. Nor is this the first time he has faced these problems. Dr. Williams has had his opinions excluded where a Court found that he "continued to defend his regression analysis as accurate despite the presence of possible confounding or independent factors that could have reduced the ultimate figures[.]" *Grasshopper House, LLC v. Clean & Sober Media LLC*, No. 2:18-cv-00923-SVW-RAO, 2019 U.S. Dist. LEXIS 110803, at *42 (C.D. Cal. July 1, 2019). His approach disguises the highly individualized nature of the data and the variation among reseller types. *See In re Live Nation Antitrust Litig.*, 863 F. Supp. 2d at 982 (granting motion to exclude expert where expert's analysis omitted consideration of certain major factors and impermissibly combined certain markets to achieve certain result).

### D. Dr. Williams' Does Not Offer a Damages Model Capable of Calculating Damages of Any Class Member

[redacted]

[redacted]

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

11

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

**HIGHLY CONFIDENTIAL**

[12]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

20

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

[redacted] He simply has not offered a reliable common method of damages calculation.

An expert's opinion is not reliable as common proof for class certification unless "each class member could have relied on [the model] to establish liability if he or she had brought an individual action." *Olean Wholesale*, 31 F.4th at 679-80 (quoting *Tyson Foods*, 577 U.S. at 455). In this case, ***no class member*** can use Williams' model to determine whether he or she is injured, let alone to calculate any damages. Just having a model that spits out numbers is not enough. A proffered expert must set forth "some discernable methodology, and may not be a black box into which data is fed at one end and from which an answer emerges at the other." *GPNE Corp. v. Apple, Inc.*, No. 12-CV-02885-LHK, 2014 U.S. Dist. LEXIS 53234, at *17-18 (N.D. Cal. Apr. 16, 2014) (internal citation and quotation marks omitted). [redacted] is Dr. Williams' black box. Because Dr. Williams' damages methodology is not a reliable, economic means of calculating damages, it must be excluded.

### E. Dr. Williams Adopts Biased Assumptions to Inflate and Maximize Reseller Class Damages Without Economic Justification

Dr. Williams made many suspect choices in constructing his model, all of which point in the same direction: inflating damages. Reseller Plaintiffs cannot establish the second requirement of Rule 702 because Dr. William's opinion testimony is not the product of reliable principles and methods. Rather, Dr. Williams adopts a damages methodology, and other assumptions, that are not based in sound economic support. [redacted]

[redacted]

---

“[redacted]

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████

    ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████      Reseller companies like Amazon, Ingram Micro, Wal-Mart or Best Buy,

which purchase and sell nationally, have stores and warehouses throughout the US.[14] ██████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

   ████████████████████████████████████████████

   ████████████████████████████████████████████

   ████████████████████████████████████████████

─────────────────────

[13] ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

[14] C ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

[redacted]

[redacted] Dr. Williams has previously been criticized for forming opinions with "no methodological justification grounded in econometrics." *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, No. 15cv1749-JO-AGS, 2022 U.S. Dist. LEXIS 180134, at *132 (S.D. Cal. Sep. 30, 2022). *See also Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law."); (internal citation and quotation marks omitted); *see also Exeltis USA, Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 U.S. Dist. LEXIS 224983, at *19 (N.D. Cal. Nov. 30, 2020) (stating same).

This is not the only assumption he makes on a legal, rather than economic basis. [redacted] But Dr. Williams has previously been criticized for offering an opinion based on the legal assumptions of counsel. In *Persian Gulf*, Dr. Williams selected his benchmark period because Plaintiffs were not able to claim damages as a result of the statute of limitations during a

15 [redacted]

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

particular time period. As the Court noted, "the statute of limitations may impact available damages, but it does not excuse an expert from following econometric principles." *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, No. 15cv1749-JO-AGS, 2022 U.S. Dist. LEXIS 180134, at *137-38 (S.D. Cal. Sep. 30, 2022). So too here.

As a matter of economics—his area of expertise—the question is whether the Resellers' pass-through rate shows that an overcharge was retained. A [redacted]

[redacted] Again, this unjustified assumption is used to maximize damages to the Reseller class without proper factual or economic support, and calls into question Dr. Williams' independence in choosing his methodology. *See Guidroz-Brault v. Missouri Pac. RR. Co.*, 254 F.3d 825, 830 (9th Cir. 2001) (upholding lower court's exclusion of expert testimony where there was "no factual basis for the assumption" upon which the expert bases his analysis).

[redacted]

---

[16] The TAC also includes OEMs (e.g., Microsoft, Dell, HP and Lenovo) as Reseller class members, but Resellers have now quietly abandoned OEMs without explanation by inserting "***except OEMs***" when describing the class definition. Resellers' Br. ECF No. 612 (emphasis added). [redacted]

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

These consistent non-conservative and unsupported assumptions and methodologies render his damages model unreliable, and it should be excluded. *See In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d at 973-74 ("The importance of accounting for the relevant 'major variables' has been recognized as particularly important in the context of antitrust litigation.").

**CONCLUSION**

For the foregoing reasons, Dr. Williams' opinions should be excluded in their entirety under Federal Rule of Evidence 702 and *Daubert*.

Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
+1 415 576 3000

25

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION

Dated: December 23, 2022

/s/ Mark H. Hamer

Mark. H. Hamer (State Bar No. 156997)
mark.hamer@bakermckenzie.com
Mark G. Weiss (*pro hac vice*)
mark.weiss@bakermckenzie.com
**BAKER & McKENZIE LLP**
815 Connecticut Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 452-7077

Catherine Y. Stillman (State Bar No. 242440)
catherine.stillman@bakermckenzie.com
**BAKER & McKENZIE LLP**
452 Fifth Avenue
New York, New York 10018
Telephone: (212) 626-4218

*Counsel for Defendants NHK Spring Co., Ltd., NHK International, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.*

Respectfully submitted,

/s/ J. Clayton Everett, Jr.

J. Clayton Everett, Jr., (*pro hac vice*)
clay.everett@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 739-3000

Michelle Park Chiu (State Bar No. 248421)
michelle.chiu@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

*Counsel for Defendants TDK Corporation, Hutchinson Technology Inc., Magnecomp Precision Technology Public Co., Ltd., Magnecomp Corporation, and SAE Magnetics (H.K.) Ltd.*

**ATTORNEY ATTESTATION**

I, Mark G. Weiss, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ Mark G. Weiss*
Mark G. Weiss

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**CERTIFICATE OF SERVICE**

I, Mark G. Weiss, hereby certify that on December 23, 2022, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Northern District of California by using the Court's CM/ECF System and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Mark G. Weiss*
Mark G. Weiss

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

28

Case No. 3:19-md-02918-MMC
DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MICHAEL A. WILLIAMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION