Jeremy Calsyn (State Bar No. 205062)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, DC 20037
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
jcalsyn@cgsh.com

*Counsel for Non-Party Western Digital Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | No. 19-md-02918-MMC |
| This Document Relates to:<br><br>*End-User and Reseller Plaintiffs v. Headway Technologies, Inc. et al.,*<br>Case No. 3:19-md-02918-MMC | **DECLARATION OF JEREMY CALSYN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO LOCAL RULE 79-5(F) [THIRD PARTIES]**<br><br>The Honorable Maxine M. Chesney |

I, Jeremy Calsyn, declare as follows:

1. I am an attorney admitted to practice before this Court and a partner of the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel for non-party Western Digital Corporation ("Western Digital") with respect to the above-captioned matter.

2. Pursuant to Civil Local Rule 79-5, non-party Western Digital hereby submits this Declaration in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Local Rule 79-5(f) [Third Parties] (ECF No. 781) (the "Motion to Seal").

3. Western Digital is not a party in this action. Western Digital produced documents and data in this matter in response to a subpoena served on it by the End-User and Reseller Plaintiffs.

4. With their Motion to Seal, Defendants filed an Expert Report of Lauren J. Stiroh, Ph.D. (the "Stiroh Report") containing summaries, descriptions, and analyses of data produced by Western Digital in response to the aforementioned subpoena. *See* Motion to Seal, Attachment 1 (ECF No. 781-1). Western Digital has designated its data "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (ECF No. 136).

5. Certain portions of the Stiroh Report sought to be sealed rely on Western Digital data and are sealable by the Court because the information contained therein is confidential, protectable as a trade secret, or otherwise entitled to protection under the law. In particular, the requested relief is necessary and narrowly tailored to protect the confidentiality of the information contained in Figure 9 and Footnote 167 of the Stiroh Report.

6. The information contained in Figure 9 and Footnote 167 of the Stiroh Report are summaries, descriptions, or analyses of Western Digital's confidential cost and sales information from U.S. and global sales of HDDs over a number of years. Western Digital does not publicly release sales and cost figures for HDDs separately from its other products or publicly provide sufficiently detailed sales or cost information to allow the calculation of pass-through rates to HDD purchasers.

7. The public disclosure of Western Digital's confidential manufacturing, cost, and sales

**DECLARATION OF JEREMY CALSYN (MDL NO. 2918 MMC)**

information, and analysis thereof—including to some of the other parties and third-parties in this action, who are competitors of Western Digital, such as Seagate Technologies, LLC—would allow such competitors to gain a competitive advantage in the marketplace and be harmful to Western Digital.  *See Cox v. Roadrunner Intermodal Servs., LLC*, No. 1:17-CV-01056-DAD-BAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) (finding a "compelling reason[]" to file a party's "revenue," "sales" and "other figures derived from such information" under seal because they constitute "sources of business information that might harm a litigant's competitive standing" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 29, 2022, in Washington, DC.

/s/ *Jeremy Calsyn*
Jeremy Calsyn