TROUTMAN PEPPER HAMILTON
SANDERS LLP
Kevin A. Crisp, Bar No. 261023
kevin.crisp@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Non-Party
Fujitsu America, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| In Re: Hard Drive Suspension Assemblies Antitrust Litigation<br><br>Reseller and End-User Actions | Case No. 19-md-02918-MMC<br><br>MDL No. 2918<br><br>**DECLARATION OF DANIEL BRAUN IN SUPPORT OF RESELLER PLAINTIFFS' AND END-USER PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F) (THIRD PARTY DATA)**<br><br>Judge: Hon. Maxine M. Chesney |

# DECLARATON OF DANIEL BRAUN

I, Daniel Braun, do hereby declare as follows:

1. I am Secretary for Fujitsu America, Inc. and Fujitsu North America, Inc. (collectively, "Fujitsu"). I submit this declaration based on personal knowledge of the information set forth herein, and if called upon, could and would testify completely as to the statements made herein.

2. This declaration is submitted under Civil L.R. 79-5(f) and in support of the Administrative Motion filed by NHK International Corporation, NHK Spring (Thailand) Col., Ltd., NAT Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd. (collectively "NHK Defendants"), and TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Hutchinson Technology Inc., and SAE Magnetics (H.K.) Ltd. (collectively "TDK Defendants") in the Reseller and End-User Actions captioned above To Consider Whether Another Party's Material Should Be Sealed Pursuant to Local Rule 79-5(f) (the "Motion") (Docket 781).

3. The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-CV-02435-MEJ, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (the presumption of public access to judicial documents in connection with dispositive motions "does not apply in the same way to non-dispositive motions").

4. The presumption of access to judicial records does not apply here because the documents at issue are non-party discovery materials attached to non-dispositive motions—and accordingly, "'[g]ood cause' is the proper standard." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard . . . ."); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause'

showing will suffice to seal documents produced in discovery. Fed. R. Civ. P. 26(c) (stating that if 'good cause' is shown in discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense').").

5. "Under the 'good cause' standard, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *see also Kamakana*, 447 F.3d at 1180 ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'") (citation omitted). A party shows good cause when, for example, public disclosure of the materials would put the party at a competitive disadvantage. *See, e.g., Oracle USA, Inc. v. SAP AG*, No. 07-cv-01658 PJH, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice").

6. Here, good cause exists because the redacted Fujitsu materials identified in the Motion contain non-party Fujitsu's confidential and proprietary business information. Thus, and as explained further below: (1) there is a legitimate interest in sealing, (2) non-party Fujitsu will be harmed if sealing is denied, and (3) no less restrictive alternative to sealing is sufficient.

7. Specifically, the Motion identifies Figure 9 and Exhibit 5 of the Defendants' Opposition to End User Plaintiffs' Motion for Class Certification as well as the corresponding information from these materials in the Netz Daubert Motion as information that Fujitsu designated either "Confidential" or "Highly Confidential" pursuant to the case's Stipulated Protective Order when producing documents or data in response to Plaintiffs' subpoena.

8. Both these identified redactions contain information from the Stiroh Report and should remain redacted and non-public. The redacted materials include Fujitsu's detailed hard

drive cost and pricing information that is not public as it is data regarding wholesale deals as opposed to public consumers, and Fujitsu employs reasonable efforts to maintain the data's confidentiality, including but not limited to, designating such information as confidential when subpoenaed, as was done here.

9. Public disclosure of the redacted materials would harm Fujitsu's commercial interests as competitors and clients could use it to unfairly compete and negotiate with Fujitsu. As such, the secrecy of the information has significant commercial value to Fujitsu.

10. As a third party, Fujitsu merely responded as appropriate to a subpoena in this case and has no control over whether the parties file its documents or information with the court. As these documents and information have now in fact been filed by the parties, Fujitsu has no alternative at all other than to ask the court to seal the redacted information. Finally, to the extent that Fujitsu can see the redactions, the redactions appear to be limited to the materials described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 30, 2022

_____
Daniel Braun

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DECLARATION OF DANIEL BURWELL IN SUPPORT OF RESELLER PLAINTIFFS' AND END-USER PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F) (THIRD PARTY DATA)** with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on December 30, 2022.

I certify that all participants in the case are registered CM/ECF users and that the service will be accomplished by the Court's CM/ECF system.

I declare under penalty of perjury of the laws of the United States of American that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on December 30, 2022, at Irvine, California.

_____
Janine Philips