Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
michael.devries@kirkland.com
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorney for Non-Party Oracle Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HARD DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 3:19-md-02918-MMC |
| This Document Relates to: <br><br> ALL ACTIONS | **DECLARATION OF MICHAEL W. DE VRIES IN SUPPORT OF NON-PARTY ORACLE CORPORATION'S STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F) [DKT. 781]** <br><br> Honorable Maxine M. Chesney |

I, Michael W. De Vries, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Kirkland & Ellis LLP, located at 555 South Flower Street, Los Angeles, CA 90071. I am counsel for the Non-Party Oracle Corporation ("Oracle") in this action. I make this declaration pursuant to Civil Local Rule 79-5(c) and (f) in support of Oracle's Statement in Response to Defendants NHK Spring Co. Ltd. ("NHK Spring"), NHK International ("NHKI"), NHK Spring (Thailand) Co., Ltd. ("NHK Thailand"), NAT Peripheral (Dong Guan) Co., Ltd. ("NAT Dong Guan") and NAT Peripheral (H.K.) Co., Ltd. ("NAT HK," and collectively the "NHK Defendants") and Defendants TDK Corporation, Hutchinson Technology Inc., Magnecomp Precision Technology Public Co., Ltd., Magnecomp Corporation, and SAE Magnetics (H.K.) Ltd. (collectively, the "TDK Defendants" and together, "Defendants") Administrative Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Civil Local Rule 79-5(f) (Dkt. No. 781) relating to (i) Defendants' Opposition to End User Plaintiffs' Motion for Class Certification ("Defendants' Opposition"), and (ii) Exhibit 1 in support of Defendants' Opposition. I have knowledge of the facts set forth herein, and if called to testify as a witness, could do so competently under oath.

2. I understand that Defendants' Opposition is not dispositive, and that non-dipositive filings and materials including Defendants' Opposition and the exhibits cited therein may be sealed so long as the designating party makes a "particularized showing" under the "good cause" standard of Rule 26(c). *See Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1222 (Fed. Cir. 2013) (applying Ninth Circuit law).

3. I have reviewed the identified excerpts of (i) Defendants' Opposition, and (ii) Exhibit 1 in support of Defendants' Opposition, and confirmed that certain aspects of Exhibit 1, relevant excerpts of which are attached hereto as Exhibit A, contain information that Oracle has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Protective Order (Dkt. 136). Specifically, based on my review of the information that has been redacted in yellow in Exhibit A hereto (consisting of excerpts of Exhibit 1 in support of Defendants' Opposition), there are compelling reasons to seal the following portions of the document for the following reasons:

| Location of Redacted Information | Basis for Request to File Under Seal |
|---|---|
| Exhibit 1 in support of Defendants' Opposition to End User Plaintiffs' Motion for Class Certification (Stiroh Report)<br><br>Proposed redactions covering Oracle's confidential information redacted in yellow at:<br><br>• Page 48, Figure 9<br>• Exhibit 5 | 79-5(c) and (f).<br><br>I understand that the information redacted in yellow in Exhibit A hereto (consisting of excerpts of Exhibit 1 in support of Defendants' Opposition) contains Oracle confidential business information, including coefficients purportedly based on Oracle's internal cost and pricing information as well as Oracle's internal sales data, and risks competitive harm to Oracle if publicly disclosed. There is no less restrictive alternative than making the redactions proposed by Oracle. |

4. I understand that the black-redacted material represents potentially confidential information of other parties, and non-parties, identified by Defendants, and is not addressed in this motion. Oracle takes no position on the confidentiality of other parties' information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 30, 2022, in San Clemente, CA.

Respectfully submitted,

/s/ *Michael W. De Vries*
Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
michael.devries@kirkland.com
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorney for Non-Party Oracle Corporation*