KENNETH R. O'ROURKE, SBN 120144
JEFF VANHOOREWEGHE, SBN 313371
MIKAELA E. EVANS-AZIZ, SBN 339283
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:    (415) 947-2000
Facsimile:     (415) 947-2099
Email: korourke@wsgr.com
           jvanhooreweghe@wsgr.com
           mevansaziz@wsgr.com

*Counsel for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION  This Document Relates to:  END-USER ACTIONS | Case Nos. 3:19-md-02918-MMC  MDL No. 2918  **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F) [SEAGATE PLAINTIFFS]**  Hon. Maxine M. Chesney |

I, JEFF VANHOOREWEGHE, declare as follows:

1. I am a partner with the firm Wilson Sonsini Goodrich & Rosati, P.C., counsel of record for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International. I am an attorney duly admitted to practice in the State of California and before this Court.

2. Pursuant to Civil Local Rule 75-9, Seagate[1] hereby submits this Declaration in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) [Seagate Plaintiffs] (ECF No. 780) ("Declaration").

3. On December 23, 2022, Defendants filed their Opposition to End User Plaintiffs' Motion for Class Certification (ECF No. 783 and 780-6) ("Opposition"). Defendants included information designated by Seagate as "Confidential" or "Highly Confidential" in their Opposition and in Exhibits 1, 3, 4, 6, and 7 of the Declaration of J. Clayton Everett (ECF Nos. 780-1 through 780-6). This information has been designated by Seagate as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order (ECF No. 136). The material was conditionally filed under seal in connection with Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) [Seagate Plaintiffs] (ECF No. 780) ("Motion to Seal").

4. The specific portions of Defendants' Opposition and related materials that Seagate seeks to keep under seal are the redacted/sealed material located at:

| Document | Specific Portion(s) Seagate Seeks to Keep Under Seal |
|---|---|
| Everett Decl., Ex. 1 (Expert Report of Lauren J. Stiroh) | • Redacted material in ¶ 19 (last sentence)<br>• Redacted material in ¶ 20 (the number figure listed before "programs" on the first and last lines)<br>• Redacted material in ¶ 24 (all but first sentence of paragraph) |

---

[1] "Seagate" herein comprises Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International.

| Document | Specific Portion(s) Seagate Seeks to Keep Under Seal |
|---|---|
| | • Redacted material in footnote 28 (parenthetical quoting Floeder Dep.)<br>• Redacted material in footnote 34 (entire footnote)<br>• Redacted material in footnote 78 (sentence starting with "Testimony" and ending with "level.")<br>• Redacted material in footnote 131 (parenthetical quoting Isom Dep.)<br>• Redacted material in footnote 142 (starting with "Product" and ending with "469.")<br>• Redacted material in footnote 167 (starting with "Seagate" and ending with "Data),")<br>• Figure 2 (entirety)<br>• Figure 8 (entirety)<br>• Figure 9 (Seagate rows) |
| Everett Decl., Ex. 3 (Excerpts of Sanders Depo. Transcript) | • Entirety |
| Everett Decl., Ex. 4 (Excerpts of Bell Depo. Transcript) | • Entirety |
| Everett Decl., Ex. 6 (Excerpts of Legendre Depo. Transcript) | • Entirety |
| Everett Decl., Ex. 7 (Excerpts of Ver Meer Depo. Transcript) | • Entirety |
| Defendants' Opposition | • Page 3, Lines 14-15 (from "Those" to "piece.")<br>• Page 3, Lines 19-20 (from "Prices" to "program.")<br>• Page 3, Line 22 to Page 4, Line 1 (from "Prices" to "years.")<br>• Page 3, footnote 2 (from "Seagate" to "custom.")<br>• Page 8, footnote 10 (from "explaining that" to "markings.") |

3

Case No. 3:19-md-02918-MMC

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIV. L.R. 79-5(F) [SEAGATE PLAINTIFFS]

5.      Civil Local Rules 79-5(c)(1) and (f)(3) require that the designating party explain in a specific statement and/or declaration the applicable legal standard and the reasons for sealing a document, including "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)

6.      In the context of dispositive motions, materials may be sealed upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  A party has "compelling reasons" to seal information if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

7.      That materials "refer to confidential agreements is often a compelling reason justifying sealing if the agreements contain commercially sensitive information." *Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017), *adopted by*, 2018 WL 3069296 (N.D. Cal. Feb. 27, 2018).  Sealing has also been found warranted for "proprietary business, scientific, manufacturing, sales, or licensing information" under either a good cause or compelling reasons standard. *Plexxikon Inc. v. Novartis Pharm. Corp.*, 2020 U.S. Dist. LEXIS 44014, at *5-6 (N.D. Cal. Mar. 13, 2020).

8.      Seagate's requested relief here is necessary and narrowly tailored to protect Seagate confidential, non-public, and highly sensitive business information that Seagate keeps closely guarded. The materials Seagate seeks to keep under seal contain sensitive business information, including: (i) Seagate's confidential sales, cost, and pricing information; (ii) information about Seagate's design and qualification processes; (iii) details about the terms of Seagate's confidential agreements with suppliers; (iv) Seagate's purchasing policies and practices, including prices and terms of purchase; (v) information about Seagate's confidential procurement strategy and the process and manner of Seagate's negotiations with its suppliers.

4

Case No. 3:19-md-02918-MMC

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS'  MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIV. L.R. 79-5(F) [SEAGATE PLAINTIFFS]

9.       Public disclosure of these materials would cause Seagate economic harm by (i) providing Seagate's suppliers with an improper business advantage by disclosing to them Seagate's procurement strategy and confidential details about Seagate's negotiations with other suppliers; and (ii) providing Seagate's competitors with confidential information including cost and sales information, information about Seagate's design and manufacturing practices, and information about Seagate's dealings with its suppliers.  Public disclosure of these materials would cause significant harm to Seagate if not sealed.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Berkeley, California on December 30, 2022.

Dated: December 30, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Jeff VanHooreweghe*
        Jeff VanHooreweghe

*Counsel for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand), Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International*

5

Case No. 3:19-md-02918-MMC

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIV. L.R. 79-5(F) [SEAGATE PLAINTIFFS]

**ATTORNEY ATTESTATION**

I, Kenneth R. O'Rourke, am the ECF User whose identification and password are being used to file the Declaration of Jeff VanHooreweghe in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) [Seagate Plaintiffs].  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Jeff VanHooreweghe concurred in this filing, and original signatures are maintained on file.

Dated: December 30, 2022                              By: */s/ Kenneth R. O'Rourke*
                                                                                      Kenneth R. O'Rourke

**CERTIFICATE OF SERVICE**

I, Kenneth R. O'Rourke, hereby certify that on December 30, 2022, I electronically filed the foregoing document entitled **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F) [SEAGATE PLAINTIFFS]** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Kenneth R. O'Rourke*
Kenneth R. O'Rourke
