KENNETH R. O'ROURKE, SBN 120144
JEFF VANHOOREWEGHE, SBN 313371
MIKAELA E. EVANS-AZIZ, SBN 339283
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:     (415) 947-2000
Facsimile:     (415) 947-2099
Email:  korourke@wsgr.com
            jvanhooreweghe@wsgr.com
            mevansaziz@wsgr.com

*Counsel for Plaintiffs Seagate Technology LLC,
Seagate Technology (Thailand) Ltd., Seagate
Singapore International Headquarters Pte. Ltd.,
and Seagate Technology International*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case Nos. 3:19-md-02918-MMC |
| | MDL No. 2918 |
| This Document Relates to: | |
| RESELLER ACTIONS | **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F)** |
| | Hon. Maxine M. Chesney |

I, JEFF VANHOOREWEGHE, declare as follows:

1. I am a partner with the firm Wilson Sonsini Goodrich & Rosati, P.C., counsel of record for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International.  I am an attorney duly admitted to practice in the State of California and before this Court.

2. Pursuant to Civil Local Rule 75-9, Seagate[1] hereby submits this Declaration in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) (ECF No. 797) ("Declaration").

3. On December 23, 2022, Defendants filed a Motion to Exclude the Expert Report and Testimony of Michael A. Williams, Ph.D. (ECF No. 790 and 797-7) ("Motion").  Defendants included information designated by Seagate as "Confidential" or "Highly Confidential" in the Motion and in Exhibits 2 through 7 of the Declaration of Mark H. Hamer (ECF Nos. 797-1 through 797-7).  This information has been designated by Seagate as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order (ECF No. 136).  The material was conditionally filed under seal in connection with Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) (ECF No. 797) ("Motion to Seal").

4. The specific portions of the Motion and related materials that Seagate seeks to keep under seal are the redacted/sealed material located at:

| Document | Specific Portion(s) Seagate Seeks to Keep Under Seal |
| --- | --- |
| Motion | <ul><li>Redacted material on page 9, line 25.5 (beginning immediately after "instead that") through the end of the page</li><li>Redacted material in FN 2 (on pages 9 and 10)</li><li>Redacted material on page 10, lines 1 through 3 (through the word "power")</li><li>FN 3 in its entirety (on page 10)</li><li>Redacted material on page 12, lines 17–22</li></ul> |

---

[1] "Seagate" herein comprises Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International.

| Document | Specific Portion(s) Seagate Seeks to Keep Under Seal |
|---|---|
| | • FNs 4 and 5 on page 12 in their entirety |
| Hamer Decl., Ex. 2 (Legendre Dep. Excerpts) | • Entirety |
| Hamer Decl., Ex. 3 (Isom May 4 Dep. Excerpts) | • Entirety |
| Hamer Decl., Ex. 4 (Floeder Dep. Excerpts) | • Entirety |
| Hamer Decl., Ex. 5 (Isom May 5 Dep. Excerpts) | • Entirety |
| Hamer Decl., Ex. 6 (Legendre Dep. Excerpts) | • Entirety |
| Hamer Decl., Ex. 7 (Sanders Dep. Excerpts) | • Entirety |

5.      Civil Local Rules 79-5(c)(1) and (f)(3) require that the designating party explain in a specific statement and/or declaration the applicable legal standard and the reasons for sealing a document, including "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)

6.      In the context of dispositive motions, materials may be sealed upon a showing that there are "compelling reasons" to seal the information.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  A party has "compelling reasons" to seal information if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

7.      Sealing has been found warranted for "proprietary business, scientific, manufacturing, sales, or licensing information" under either a good cause or compelling reasons standard. *Plexxikon Inc. v. Novartis Pharm. Corp.*, 2020 U.S. Dist. LEXIS 44014, at *5-6 (N.D. Cal. Mar. 13, 2020).

8.      Seagate's requested relief here is necessary and narrowly tailored to protect Seagate confidential, non-public, and highly sensitive business information that Seagate keeps closely guarded. The materials Seagate seeks to keep under seal contain sensitive business information, including: (i) details about the terms of Seagate's confidential agreements with suppliers; (ii) Seagate's purchasing policies and practices, including prices and terms of purchase; (iii) information about Seagate's confidential procurement strategy and the process and manner of Seagate's negotiations with its suppliers.

9.      Public disclosure of these materials would cause Seagate economic harm by (i) providing Seagate's suppliers with an improper business advantage by disclosing to them Seagate's procurement strategy and confidential details about Seagate's negotiations with other suppliers; and (ii) providing Seagate's competitors with confidential information about Seagate's procurement strategy and its dealings with suppliers.  Public disclosure of these materials would cause significant harm to Seagate if not sealed.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Berkeley, California on December 30, 2022.

Dated: December 30, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Jeff VanHooreweghe*
Jeff VanHooreweghe

*Counsel for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand), Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ATTORNEY ATTESTATION

I, Kenneth R. O'Rourke, am the ECF User whose identification and password are being used to file the Declaration of Jeff VanHooreweghe in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f). In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Jeff VanHooreweghe concurred in this filing, and original signatures are maintained on file.

Dated: December 30, 2022                    By: */s/ Kenneth R. O'Rourke*
                                                    Kenneth R. O'Rourke

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Kenneth R. O'Rourke, hereby certify that on December 30, 2022, I electronically filed the foregoing document entitled **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(F)** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Kenneth R. O'Rourke*
Kenneth R. O'Rourke

6   Case No. 3:19-md-02918-MMC

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS'  MOT. TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED PURSUANT TO CIV. L.R. 79-5(F)