1
2
3
4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13
14

| | |
|---|---|
| IN RE: HARD DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No.  19-md-02918-MMC |
| ———————————————————— | **ORDER DENYING MOTION [DOC. NO. 775] FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| This Document Relates to: | |
| ALL ACTIONS | |

15        Before the Court is the Motion, filed December 19, 2022, by Seagate Plaintiffs

16    ("Seagate") and Flextronics International USA, Inc. ("Flex") (collectively, "DAPs" (Direct

17    Action Plaintiffs)) "for Relief from Nondispositive Pretrial Order of Magistrate Judge."

18    Having read and considered the motion, the Court rules as follows.

19        On December 2, 2022, DAPs filed an "Emergency Motion for Clarification of

20    Protective Order and Expert Stipulation in Light of Upcoming December 6, 2022

21    Deposition."  That same date, the Court referred the matter to Magistrate Judge Kandis

22    A. Westmore, who, on December 5, 2022, issued her "Order Regarding Motion for

23    Clarification."  By the instant motion, DAPs seek relief from Magistrate Judge Westmore's

24    order to the extent she found that, under the terms of this Court's Order approving a

25    stipulation "Regarding Non-Discoverability of Certain Expert Materials and

26    Communications" (hereinafter, "Expert Stipulation"), Class Plaintiffs need not provide

27    DAPs with the "underlying backups" used by Class Plaintiffs' experts in forming the

28    //

United States District Court
Northern District of California

United States District Court
Northern District of California

1   opinions set forth in their reports,[1] but that, pursuant to Rule 26(b)(4)(E) of the Federal

2   Rules of Civil Procedure, DAPs could pay to obtain the material.

3        The instant dispute between DAPs and Class Plaintiffs pertains to the Expert

4   Stipulation's use of the ambiguous phrases "these actions" and "this case" (see Expert

5   Stipulation [Doc. No. 206] at 1:3-13), and, in particular, whether the parties to said

6   Stipulation intended the latter to have the same meaning as the former.

7        In context, the phrase "these actions" would appear to refer to all cases

8   comprising the multi-district litigation ("MDL") titled In re: Hard Disk Drive Suspension

9   Assemblies Antitrust Litigation, each party in each case then comprising said MDL having

10  signed the Expert Stipulation.[2]  As to "this case," DAPs, in essence, argue the phrase,

11  which is used in ¶ 3 of the Expert Stipulation, the section setting forth entitlement to

12  "underlying data," likewise refers to all actions comprising the above-referenced MDL.

13  Class Plaintiffs, by contrast, argue the rights and obligations identified in ¶ 3 are those

14  "between a plaintiff and defendants in a specific case" (see Class Pls.' Response at

15  10:16), and, consequently, inapplicable to entities that are not parties to such specific

16  case.

17       Magistrate Judge Westmore, in endeavoring to resolve the issues raised by the

18  phraseology chosen by the parties, accepted Class Plaintiffs' interpretation of "this case"

19  and further accepted Class Plaintiffs' argument that DAPs nonetheless could obtain the

20  backup material by paying Class Plaintiffs a pro rata share of Class Plaintiffs' expenses in

21  processing said material.

22       The Court finds Magistrate Judge Westmore's interpretation of "this case" cannot

23

24       [1] The reports, which were submitted in support of Class Plaintiffs' respective
25  motions for class certification, address "overcharges and pass-through rates."  (See
    DAPs' Mot. for Clarification, filed December 2, 2022, at 1:6; see also Class Pls.'
26  Response, filed December 5, 2022, at 3:21-22.)

27       [2] Although Flex was not a signatory to the Expert Stipulation, in that it had not filed
    its complaint as of the time the Stipulation was entered, it subsequently agreed to comply
28  with its terms.  (See Joint Status Report [Doc. No. 513] at 2:15, 17-18.)

be characterized as unreasonable, let alone "clearly erroneous or contrary to law."  See

28 U.S.C. § 636(b)(1)(A).  Although given such interpretation, it would appear that Rule

26(b)(4)(D) likewise is inapplicable, DAPs have not shown they have been prejudiced by

the application of such Rule, and, indeed, have benefitted from having been given an

opportunity to obtain relief thereunder.

Lastly, to the extent DAPs argue no defendant, in the event Magistrate Judge

Westmore's ruling stands, should have the ability to use the above-referenced backup

material against them, the Court declines to issue what at this time would be an advisory

opinion, in that no effort to make such use has yet to occur.

Accordingly, for the reasons stated above, the Motion for Relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2023

MAXINE M. CHESNEY
United States District Judge