IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><u>Seagate Technology, LLC, et al. v. Headway Technologies, Inc., et al</u>., Case No. 3:20-cv-01217 MMC, and<br><br>ALL CLASS ACTIONS | Case No. 19-md-02918-MMC<br><br>**ORDER DENYING SEAGATE PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY; AFFORDING SEAGATE PLAINTIFFS AND NHK DEFENDANTS LEAVE TO FILE SUPPLEMENTAL BRIEFS; CONTINUING HEARING ON NHK'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. NO. 534]; CONTINUING HEARING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. NO. 533]** |

Before the Court is Seagate Plaintiffs' Administrative Motion, filed December 14, 2022, "for Leave to File Sur-Reply in Response to NHK's Motion for Partial Summary Judgment." NHK Defendants have filed opposition thereto. Having read and considered the parties' respective written submissions, the Court agrees with NHK Defendants that the reply submitted in support of their motion for partial summary judgment responds to arguments made and evidence cited in Seagate Plaintiffs' opposition, as opposed to raising new legal argument and/or seeking summary judgment based on new evidence, and, accordingly, hereby DENIES Seagate Plaintiffs' Administrative Motion. Upon review of the parties' respective summary judgment briefing, however, the Court, as discussed below, finds its appropriate to afford the parties leave to brief a jurisdictional issue not addressed by the parties.

//

Seagate Plaintiffs allege that NHK Defendants and others entered into a conspiracy to fix the prices of suspension assemblies. (See Second Amended Complaint ("SAC") ¶ 1.) In their motion for partial summary judgment, NHK Defendants argue that Seagate Plaintiffs' antitrust claims are barred by the Foreign Trade Antitrust Improvements Act ("FTAIA"), under which the Sherman Act does "not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations," see 15 U.S.C. § 6a, subject to an exception where the "conduct significantly harms imports, domestic commerce, or American exports," see F. Hoffmann-La Roche Ltd. v. Empagran S.A., 542 U.S. 155, 158 (2004). In particular, NHK Defendants argue, the evidence establishes the "conduct" on which Seagate Plaintiffs' antitrust claims are based consists of foreign defendants' sales of suspension assemblies to Seagate Technology (Thailand), Ltd. ("Seagate Thailand'), a citizen of Thailand, i.e., that Seagate Plaintiffs' claims are based on trade in which no participant is a citizen of the United States.[1]

In opposing the motion, Seagate Plaintiffs argue the FTAIA is inapplicable. In particular, Seagate Plaintiffs assert that the "conduct" at issue consists of defendants' use of "U.S.-based sales managers" to negotiate, in the United States with Seagate Technology LLC ("Seagate LLC"), a citizen of the United States, the "pricing, volume, and other supply specifications" for suspension assemblies, and, at the conclusion of said negotiations, to agree on those terms, which agreed terms were then set forth in "Product Supply Agreements" (see Pls.' Opp. [Doc. No. 622-3] at 7; see also id. at 20:6-9 (arguing "the competitive process was rigged . . . [in] the United States")).

Even if the Court ultimately accepts Seagate Plaintiffs' argument that the relevant "conduct" is as described by Seagate Plaintiffs, it nonetheless is unclear that Seagate

---

[1] NHK Defendants acknowledge that Seagate Plaintiffs' claims are based in part on what NHK Defendants describe as a "handful of sales billed and shipped to Seagate entities in the United States" (see NHK Defs.' Mot. at 2:28), and, to that extent, NHK Defendants do not seek summary judgment.

LLC has standing to bring the antitrust claims asserted in the operative complaint, given NHK Defendants' undisputed evidence that the entity that signed the purchase orders and paid for defendants' suspension assemblies was Seagate Thailand, not Seagate LLC.  See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016 (holding, to demonstrate standing, plaintiff must show it "suffered an injury in fact"); see also, e.g., Kjessler v. Zaappaaz, Inc., 2019 WL 3017132, at *5-88 (S.D. Tex. 2019) (dismissing price-fixing claim, where "[p]laintiffs acknowledge[d] that none of them bought [the allegedly price-fixed product]," and, consequently, none "suffered a personal injury"); Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd., 2012 WL 3307486, at *1 (August 13, 2012) (adopting recommendation for dismissal of antitrust claims where plaintiffs had not purchased allegedly price-fixed product).

As standing is "a jurisdictional prerequisite to the consideration of any federal claim," see Gerlinger v. Amazon.com Inc., 526 F.3d 1253, 1255 (9th Cir. 2008), the Court finds it appropriate to afford the parties an opportunity to address at this time the question of whether Seagate LLC has standing to bring the antitrust claims alleged in the operative complaint.

Accordingly:

1. No later than January 20, 2023, Seagate Plaintiffs shall file any supplemental brief to address the jurisdictional issue identified above, said brief not to exceed seven pages in length, exclusive of exhibits,

2. No later than February 3, 2023, NHK Defendants shall file any responsive supplemental brief, not to exceed seven pages in length, exclusive of exhibits

3. No later than February 10, 2023, Seagate Plaintiffs shall file any reply, not to exceed four pages in length.

4. The hearing on NHK Defendants' motion for partial summary judgment is hereby CONTINUED to February 24, 2023, at 9:00 a.m.

Lastly, in the interest of judicial economy, the Court hereby CONTINUES to February 24, 2023, at 9:00 a.m., NHK Defendants and TDK Defendants' "Motion for

Partial Summary Judgment Regarding Foreign Commerce" (Doc. No. 533), whereby said defendants seek, as against Class Plaintiffs, summary judgment based on the FTAIA.

**IT IS SO ORDERED.**

Dated: January 6, 2023

MAXINE M. CHESNEY
United States District Judge