CROWELL & MORING LLP
Sima Namiri-Kalantari (SBN 293876)
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690
E-mail: snamiri@crowell.com

CROWELL & MORING LLP
Deborah Arbabi (SBN 167275)
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414
E-mail: darbabi@crowell.com

*Attorneys for Non-Party Arrow Electronics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE HARD DISK DRIVES SUSPENSION ASSEMBLIES ANTITRUST LITIGATION**<br><br>This Document Relates to:<br>All End-User Actions | Case No. 19-MD-02918-MMC<br><br>MDL No. 2918<br><br>**DECLARATION OF SIMA NAMIRI-KALANTARI IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL RULE 79-5(f) [THIRD PARTIES] [DKT. 781]**<br><br>Hon. Maxine M. Chesney |

I, Sima Namiri-Kalantari, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice in this District. I am a partner in the law firm of Crowell & Moring LLP and a counsel of record for non-party Arrow Electronics, Inc. ("Arrow") in the above-captioned action.

2. I have personal knowledge of the matters stated herein and if called upon, could competently testify thereto.

3. Pursuant to Local Rule 79-5(f), I submit this Declaration in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Local Rule 79-5(F) [Third Parties] (ECF No. 781) dated December 23, 2022.

4. Local Rule 79-5(c)(1) and (f)(3) requires a designating party to file a statement and/or declaration, which includes a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

5. Courts in the Ninth Circuit apply the lesser "good cause" standard to determine whether to seal documents attached to non-dispositive motions, rather than the more stringent "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The Court has "broad latitude . . . to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

6. The Supreme Court has acknowledged that sealing may be appropriate to prevent judicial records from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see, e.g., Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) (finding "the need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information.").

7. In response to a subpoena issued by End-User Plaintiffs, non-party Arrow produced highly confidential business information containing Arrow's detailed sales data and purchase data. This data was designated by Arrow as "Highly Confidential-Attorneys' Eyes Only" under the protective order entered in this action.

8. As part of Defendants' Opposition to Reseller Plaintiffs Motion for Class Certification and the Expert Report of Lauren J. Stiroh, Ph.D. dated December 22, 2022 ("Stiroh Report") and attached as Exhibit 1 to the Declaration of Mark Hamer (filed in support of Defendants' Opposition) the Defendants summarized and analyzed Arrow's data along with other non-party data sets.

9. Arrow seeks to seal a very limited portion of the Stiroh Report—specifically, Arrow's pass-through rate, total sales amount, and share of sales with price-cost ratio below 1 referenced in Figure 9, Figure 13, and Exhibit 5 of the Stiroh Report. More specifically, Arrow seeks to seal the material identified in the chart below.

| Material/Document | Document – Page # | Entirety or Redacted |
|---|---|---|
| Hamer Decl., Ex. 1, Expert Report of Lauren Stiroh | Figure 9 on page 48 | Redact Dr. Williams' and Dr. Netz's pass-through rates. |
| Hamer Decl., Ex. 1, Expert Report of Lauren Stiroh | Figure 13 on page 57 | Redact "Total Sales Amount" value. |
| Hamer Decl., Ex. 1, Expert Report of Lauren Stiroh | Exhibit 5 | Redact "Total Sales Amount" and "Share of Sales with Price-Cost Ratio Below 1" values. |

10. The information that Arrow seeks to seal was calculated based on the data each non-party produced in response to subpoenas in this action. Arrow's pass-through rates, total sales amount, and share of sales with price-cost ratio below 1, when compared to other non-parties' similar values—a group that also includes other distributors—may be used by Arrow's competitors to gain an unfair competitive advantage. For instance, making these values publicly available enables others to compare what portion of costs they pass through to customers relative to Arrow. Such information is extremely competitively sensitive and making it public would likely harm

1  Arrow's business by placing it at a competitive disadvantage. Arrow itself takes considerable steps
2  to keep this information confidential.
3      11.    Other courts in this district have recognized the competitive sensitivity of pass-
4  through analyses and have sealed non-parties' pass-through coefficients in past antitrust cases. *See,*
5  *e.g.*, *Sidibe v. Sutter Health*, 333 F.R.D. 463, 483 (N.D. Cal. 2019) (redacting two parties' pass-
6  through coefficients from expert analysis as confidential information).
7      12.    Arrow's request is narrowly tailored, as it requests that only six numbers be
8  maintained under seal. There is no less restrictive alternative to sealing this figure.
9      13.    Arrow thus requests that this Court maintain Arrow's competitively sensitive
10 information under seal.
11      I declare under penalty of perjury that the foregoing is true and correct to the best of my
12 knowledge.

14  DATED: January 12, 2023                **CROWELL & MORING LLP**

16                                          By: _____
                                                Sima Namiri-Kalantari
17                                              *Attorney for Non-Party Arrow Electronics, Inc.*