Carrie J. Richey, (Bar No. 270825)
Carrie.Richey@wbd-us.com
Scott D. Anderson (N.C. Bar No. 49044)
Scott.D.Anderson@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
201 California Street, Floor 17
San Francisco, CA 94111
Telephone: (415) 765-6240
Facsimile: (408) 703-5399

Attorneys for Non-Party
LENOVO (UNITED STATES) INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| END-USER and RESELLER PLAINTIFFS,<br><br>Plaintiff,<br><br>v.<br><br>NHK SPRING CO., LTD. et al.,<br><br>Defendant. | Case No.: 19-md-02918-MMC<br><br>**DECLARATION OF SCOTT D. ANDERSON RE: NON-PARTY LENOVO (UNITED STATES) INC.'S RESPONSE IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Scott D. Anderson, declare as follows under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1. I am an attorney with Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP represents non-party Lenovo (United States) Inc. ("Lenovo") with respect to this action.

2. This Declaration is submitted pursuant to Civil L.R. 79-5, by non-party Lenovo (United States) Inc. ("Lenovo") in Support of the Administrative Motions to Seal (ECF Nos. 781 and 795[1]) filed by Defendants in this action. For some of the confidential information that is the subject of the Administrative Motion to Seal, Lenovo is the "Designating Party," as the information was either (1) produced by Lenovo, and designated confidential, in response to a third-party subpoena served in this case, or (2) derivative of information produced by Lenovo, and designated confidential, in response to a subpoena served in this case. Through this Declaration, Lenovo requests that the Court administratively seal those portions of Plaintiffs' Declaration in Support of the Motion for Class Certification that contain information Lenovo designated as confidential.

**Legal Standard**

3. A motion to seal may be granted in either of two circumstances. First, when the information sought to be sealed is only tangentially related to the case. Or second, when the information is "more than tangentially related" to the case, but "compelling reasons" nonetheless exist for sealing. *See Salhotra v. Simpson Strong-Tie Company, Inc.*, No. 19-cv-07901-TSH, 2022 WL 625078, at *5 (N.D. Cal., Mar 3, 2022). The compelling reasons standard is met when a document contains "confidential sales data, competitor analysis, [or] internal business practices." *Id.* at *6.

4. As set forth in greater detail below, both of these circumstances exist, such that Lenovo's confidential information should be sealed.

---

[1] Relevant to Lenovo, the two Administrative Motions appear to relate to the same expert report and its analysis of information produced by Lenovo.

**Factual Background**

5.     Multiple subpoenas (the "Lenovo Subpoenas") were issued to Lenovo in this action. Those Lenovo Subpoenas were resolved through the production of certain data regarding Lenovo's sales. All of the data Lenovo produced was produced as CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order governing this action. I acted as counsel for Lenovo in responding to the Lenovo Subpoenas, managed the production of the data Lenovo produced, and personally marked the data pursuant to the Protective Order. In addition to the sales data, Lenovo executed a declaration (the "Lenovo Declaration") that described the sales data contained in Lenovo's document productions. The Lenovo Declaration was also marked as CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order.

6.     Lenovo seeks to seal permanently very limited information (the "Lenovo Confidential Information") on three pages of the December 22, 2022 Expert Report of Lauren J. Stiroh, Ph.D. (the "Stiroh Report"). First, Lenovo seeks to seal a few phrases which paraphrase or quote language in the Lenovo declaration about the factors that Lenovo considers when setting prices on a customer-by-customer basis. Second, Lenovo seeks to seal the Lenovo-related information in Figure 9 of the Stiroh Report. Third, Lenovo seeks to seal the Lenovo-related information in Exhibit 5 of the Stiroh Report

7.     According to the Stiroh Report, the Lenovo Confidential Information including Figure 9 and Exhibit 5 was derivative of the data produced by Lenovo in response to the Subpoenas, or derivative of information that other expert witnesses in this case derived from Lenovo's confidential sales data. Most of this information relates to the experts' efforts to calculate or apply a "price-cost ratio" or a "pass through rate" to quantify Lenovo's pricing decisions. Other information in Exhibit 5 of the Stiroh Report appears to aggregate the data produced by Lenovo to quantify the total value of sales of certain Lenovo products in certain years.

8.     Attached hereto as **Exhibit A** is a true and accurate copy of the document that Lenovo proposes be filed with the Court as the publicly accessible version of pages 28 and 48, and Exhibit 5 to the Stiroh Report. Lenovo's requested redactions are marked in red. All other

1  redactions to **Exhibit A** are redactions that Lenovo understands to have been made by Plaintiffs and/or other third parties unaffiliated with Lenovo. Lenovo takes no position regarding these other redactions.

9. The Lenovo Confidential Information redacted from Exhibit A constitutes or is derived from non-public and proprietary information possessed by Lenovo and produced in response to the Lenovo Subpoenas.

10. The Lenovo Confidential Information redacted from Exhibit A is non-public financial information regarding Lenovo's costs, prices, sales, sales strategies, and financial performance.

11. If disclosed, the Lenovo Confidential Information redacted from Exhibit A would give third parties access to sensitive information, which could then be used to gain an unfair advantage against Lenovo. For instance, if the redacted statements from page 28 of the Stiroh Report were disclosed to Lenovo's customers, those customers would gain confidential information regarding Lenovo's approach to discounting. If this information were publicly disclosed, it could disadvantage Lenovo in future negotiations with its customers when its customers could invoke information that Lenovo holds confidentially and would only be available to customers through review of filings in this litigation.

12. Disclosure of the Lenovo Confidential Information could also lead to competitive harm to Lenovo should its competitors attempt to use the information. The charts in the Stiroh report appear to provide a side-by-side comparison of behavior that Dr. Stiroh and other experts in this case have attributed to Lenovo and other companies in similar market positions. If Lenovo's competitors gained access to Lenovo's information, those competitors could attempt to use this information to predict how Lenovo will change prices in response to future changes in its costs. Lenovo's competitors could then set their own pricing strategy based on these predictions.

13. Lenovo has narrowly tailored its redactions so that only confidential and proprietary information that would provide an unfair advantage to third parties has been redacted.

14. No alternative to sealed filing exists. The documents that Lenovo seeks to redact were not filed by Lenovo, and Lenovo is without authority to instruct any party to this litigation regarding the contents of their filings.

**Discussion**

15. Lenovo's Confidential Information should be sealed because it is only tangentially related to this case. The Lenovo Confidential Information is only one category of information of dozens discussed in Plaintiffs' materials. To the best of Lenovo's knowledge, the litigants do not directly discuss any of the Lenovo Confidential Information in the body of any brief or memorandum. The public has little to no interest in gathering additional detail about how Lenovo's Confidential Information contributes to Plaintiff's motion for class certification or the merits of the case.

16. The materials are attached to motions related to class certification. This is a non-dispositive motion, and thus there is a lower assumption that the public will be interested in seeing the supporting materials filed by the litigants, and Lenovo is subject to a lower standard to justify sealing. *See Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at * (N.D. Cal., Apr. 19 2013).

17. Sealing is additionally appropriate for the Lenovo Confidential Information because it is the information of a non-litigant that was disclosed in response to subpoenas. Lenovo "did not voluntarily put [its data] at issue in this litigation." *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). "If the court required the information to be disclosed, it would chill investigations in the future where third party documents are essential." *Id.*

18. Even were the Lenovo Confidential Information more than tangentially related to the merits of the case, there would still be compelling reasons for sealing. The Lenovo Confidential Information constitutes "confidential sales data," which is frequently recognized by courts in the Northern District as a category of confidential information for which sealing is warranted. *E.g.*, *Asetek v. Danmark a/S v. CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 WL

12964641, at *2 (N.D. Cal. Oct. 19, 2015) (sealing calculations "derived from sales data" related to a litigant's products).

19. What is more, disclosure of the factors Lenovo considers in setting prices for customers, including the types of discounting programs established by Lenovo, would put Lenovo at a disadvantage in future negotiations of similar deals. The Ninth Circuit has held that this type of information often warrants sealed filing. *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (holding that district court abused its discretion in refusing to seal information related to "pricing terms, royalty rates, and guaranteed minimum payment terms").

20. The continued sealing of the Lenovo Confidential Information is therefore warranted.

Executed in Raleigh, North Carolina.

Date: January 12, 2023

By: */s/ Scott D. Anderson*
Scott D. Anderson

Carrie J. Richey, (Bar No. 270825)
Carrie.Richey@wbd-us.com
Scott D. Anderson (N.C. Bar No. 49044)
Scott.D.Anderson@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
201 California Street, Floor 17
San Francisco, CA 94111
Telephone: (415) 765-6240
Facsimile: (408) 703-5399

Attorneys for Non-Party
LENOVO (UNITED STATES) INC.

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the above-referenced signatory.

Date: January 12, 2023

*/s/ Carrie J. Richey*
Carrie J. Richey

Carrie J. Richey, (Bar No. 270825)
Carrie.Richey@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP