**KELLEY DRYE & WARREN LLP**
Victor Sandoval (State Bar No. 344461)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:   (213) 547-4900
Facsimile:   (213) 547-4901
vsandoval@kelleydrye.com

Attorneys for Non-Party
P.C. Richard & Son, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION, <br><br> This Document Relates to: <br><br> ALL END-USER ACTIONS <br><br> and <br><br> RESELLER ACTIONS | Case No. 19-MD-02918-MMC <br><br> MDL No. 2918 <br><br> **DECLARATION OF CATHY WINTER IN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Hon. Maxine M. Chesney |

CATHY WINTER, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am the Chief Financial Officer of non-party P.C. Richard & Son, Inc. ( "P.C. Richard"). Unless expressly stated otherwise, I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently with respect to those matters.

2. The End-User Plaintiffs and the Reseller Plaintiffs served a subpoena on P.C. Richard seeking documents relevant to this case. P.C. Richard produced documents in response to that subpoena. It designated those documents as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order (ECF 136) entered in this case.

3. Pursuant to Civil Local Rule 79-5, I make this declaration in response to the Defendants' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed Pursuant to Local Rule 79-5(f) (ECF 781, 786 and 795). I have reviewed these three motions. I am familiar with the contents of those motions as they relate to P.C. Richard.

4. I respectfully submit this declaration to show the compelling reasons and good cause necessary for sealing certain portions of Defendants' submissions that contain highly confidential information provided by P.C. Richard. P.C. Richard is a privately-held company. The information in question is closely guarded and not available to competitors. The unsealing and/or public filing of this information could cause considerable harm to P.C. Richard for the reasons discussed below.

5. I previously submitted a declaration (ECF 679) in response to the End-User Plaintiffs and the Reseller Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. (ECF 604 and 606).

**The Defendants' Motions**

6. Defendants have filed three administrative motions to consider whether another party's material should be sealed pursuant to the local rules.

7. In their motions, Defendants identify multiple portions of their expert's report and submissions on two pending motions that contain information derived from the confidential data that P.C. Richard produced in this matter.

8. Specifically, with respect to the Expert Report of Lauren J. Stiroh, Ph.D ("Stiroh Report") (ECF 782-2), Defendants identify the following portions of the Stiroh Report that contain information provided by P.C. Richard that has been designated as Highly Confidential under the terms of the Stipulated Protective Order and that has been redacted: paragraph 27 from "in [year]" to "in sales"; paragraph 62 from "that demonstrate" to the end of that paragraph; Figure 5 on page 27 in its entirety; footnote 101 on page 27 in its entirety; Figure 9 on page 48 in its entirety; Figure 13 on page 57 in its entirety; and Exhibit 5 in its entirety. See ECF 795 at 2-5.

9. With respect to their Motion to Exclude Declaration of Janet S. Netz ("Daubert Motion") (ECF 789), Defendants identify the following portion of the Daubert Motion that contains information provided by P.C. Richard that has been designated as confidential: page 18 at lines 21-23 from "P.C. Richard" to "change." See ECF 786 at 1.

10. With respect to their Opposition to End-User Plaintiffs' Motion for Class Certification ("Class Certification Opposition") (ECF 783), Defendants identify the following portions of the Class Certification Opposition that contain information provided by P.C. Richard that has been designated as confidential: page 11, line 24 to page 12, line 2, from "for PC" to "$[number]"; and page 12, lines 20-22, from "PC" to "change." See ECF 781 at 3:16-18.

**The Stiroh Report**

11. I have reviewed those portions of the Stiroh Report that concern P.C. Richard.

12. P.C. Richard respectfully submits that paragraph 27 from "in [year]" to "in sales" should remain sealed and not publicly-filed. This paragraph contains sensitive financial information concerning P.C. Richard that a competitor of P.C. Richard's could use to reverse-engineer certain projections of P.C. Richard's costs, pricing, and profits, and use that information to its advantage and to P.C. Richard's disadvantage in the market place. P.C. Richard is a privately-held company and its competitors otherwise would not have access to such information.

13. P.C. Richard respectfully submits that paragraph 62 from "that demonstrate" to the end of that paragraph should remain sealed and not publicly-filed. This paragraph contains sensitive financial information that a competitor of P.C. Richard could use to calculate P.C.

1   Richard's sales margins.  P.C. Richard is a privately-held company and its competitors otherwise

2   would not have access to such information.

3       14.    P.C. Richard respectfully submits that those portions of Figure 5 that concern P.C.

4   Richard should remain sealed and not publicly-filed.  This figure contains or references sensitive

5   financial information that a competitor of P.C. Richard could use to calculate P.C. Richard's sales

6   margins.  P.C. Richard is a privately-held company and its competitors otherwise would not have

7   access to such information.

8       15.    P.C. Richard respectfully submits that those portions of footnote 101 that concern

9   P.C. Richard should remain sealed and not publicly-filed.  This figure contains or references

10  sensitive financial information that a competitor of P.C. Richard could use to calculate P.C.

11  Richard's sales margins.  P.C. Richard is a privately-held company and its competitors otherwise

12  would not have access to such information.

13      16.    P.C. Richard respectfully submits that those portions of Figure 9 that concern P.C.

14  Richard should remain sealed and not publicly-filed.  This figure appears to contain P.C. Richard's

15  pass-through rate with respect to certain products that it markets and sells.  In my experience, a

16  competitor of P.C. Richard armed with its pass-through rate or pass-through coefficient could

17  reverse-engineer projections of P.C. Richard's costs, pricing, and profits, and use that information

18  to its advantage and to P.C. Richard's disadvantage in the market place.

19      17.    P.C. Richard respectfully submits that those portions of Figure 13 that concern P.C.

20  Richard should remain sealed and not publicly-filed.  Figure 13 appears to contain sensitive

21  financial information that a competitor of P.C. Richard could use to calculate P.C. Richard's sales

22  margins or pass-through rate with respect to certain products that it markets and sells.  P.C.

23  Richard is a privately-held company and its competitors otherwise would not have access to such

24  information.

25      18.    P.C. Richard respectfully submits that those portions of Exhibit 5 that concern P.C.

26  Richard should remain sealed and not publicly-filed.  Exhibit 5 appears to contain sensitive

27  financial information that a competitor of P.C. Richard could use to calculate P.C. Richard's sales

28

1  margins or pass-through rate with respect to certain products that it markets and sells.  P.C.

2  Richard is a privately-held company and its competitors otherwise would not have access to such

3  information.

4      19.    I note some initial confusion as to whether Defendants seek to seal the Stiroh

5  Report at pages 11-12.  See ECF 795 at 5:19-20.  I am advised that P.C. Richard's counsel

6  conferred with defense counsel on this point and confirmed that this reference to the Stiroh Report

7  in ECF 795 was in error and that Defendants intended to refer to the Class Certification

8  Opposition at pages 11-12, which I address below at paragraphs 22 through 24.

9  **The Daubert Motion**

10      20.    I have reviewed that portion of the Daubert Motion that concerns P.C. Richard.

11      21.    P.C. Richard respectfully submits that page 18, lines 21-23 from "PC Richard" to

12  "change" should remain sealed and not publicly-filed.  P.C. Richard respectfully submits that this

13  portion of the Daubert Motion contains sensitive financial information that a competitor of P.C.

14  Richard could use to calculate P.C. Richard's sales margins.  P.C. Richard is a privately-held

15  company and its competitors otherwise would not have access to such information.

16  **The Class Certification Opposition**

17      22.    I have reviewed those portions of the Class Certification Opposition that concern

18  P.C. Richard.

19      23.    P.C. Richard has no objection to the unsealing and/or public filing of the following

20  portion of the Class Certification Opposition:  page 11, line 24 to page 12, line 2 (from "For PC"

21  to "$[number])."

22      24.    However, P.C. Richard respectfully submits that page 12, lines 20-22 (from "PC"

23  to "change") should remain sealed and not publicly-filed.  This portion of the Class Certification

24  Opposition contains sensitive financial information that a competitor of P.C. Richard could use to

25  calculate P.C. Richard's sales margins.  P.C. Richard is a privately-held company and its

26  competitors otherwise would not have access to such information.

27

28

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of January, 2023.

_____
CATHY WINTER

## ATTESTATION

I, Victor Sandoval, am the ECF user whose ID and password are being used to file the above Declaration of Cathy Winter. In compliance with Local Rule 5-1(i)(3), I hereby attest that Cathy Winter has concurred in the aforementioned filings.

                                                /s/ Victor Sandoval
                                                  Victor Sandoval

## CERTIFICATE OF SERVICE

I, Victor Sandoval, certify that a true and correct copy of the above and foregoing document has been served on January 13, 2023 to all counsel of record in this action who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                              /s/ Victor Sandoval
                                                 Victor Sandoval