1  JEAN E. RICHMANN (SBN 323525)
   Email:   jean.richmann@alston.com
2  **ALSTON & BIRD LLP**
   560 Mission St., Suite 2100
3  San Francisco, CA 94105
   Telephone:   415-243-1000
4
   *Attorneys for Non-Party Dell Technologies, Inc.*
5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 | | Case No. 19-MD-02918-MMC MDL No. 2918 |
|---|---|
12 | | |
13 | IN RE HARD DISK DRIVES SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | **DECLARATION OF MALLORY BECK IN SUPPORT OF DELL TECHNOLOGIES, INC.'S STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTIES' MATERIAL SHOULD BE SEALED [DKT 786]** |
14 | | |
15 | This Document Relates to: All End-User Actions | |
16 | | |
17 | | Hon. Maxine M. Chesney |

- 1 -
DECLARATION OF MALLORY BECK IN SUPPORT OF DELL'S STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION
Case No. 19-MD-02918-MMC MDL No. 2918

I, Mallory Beck, hereby declare as follows:

1. I am currently employed by Dell Technologies Inc. ("Dell") in the Litigation Department. As part of my job duties, I assisted Dell in responding to the Reseller Plaintiffs' subpoena, including gathering the data to be produced and assessing its confidentiality.

2. I have personal knowledge of the matters stated herein and if called upon, could competently testify thereto.

3. Pursuant to Local Rule 79-5(f), I submit this Declaration in Support of Dell Technologies Inc.'s Statement in Response to End-User Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 786) dated December 23, 2022.

4. Specifically, Dell respectfully requests that the Court maintain under seal its highly confidential purchase and sales data on grounds that this information, if made public, would cause competitive harm to Dell, a third-party to this litigation.

5. Specifically, Dell respectfully requests that the court maintain under seal the following information:

> Page 18, lines 19-21 from "Dell" to "change", which purport to provide an example of Dell's sales price and cost information over time and the relationship between those numbers.

6. Local Rule 79-5(c)(1) and (f)(3) require a designating party to file a statement and/or declaration, which includes a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (1) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

7. Compelling reasons, namely that allowing Dell's (a non-party's) data to be made public may harm its competitive standing, justify continued sealing of Dell's competitively sensitive data. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016); *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016). The Court has "broad latitude . . . to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."

*Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2002).

8. The Supreme Court has acknowledged that sealing may be appropriate to prevent judicial records from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see, e.g., Philips v. Ford Motor Co.*, 2016 WL 7374214, at *4 (finding "the need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information.").

9. In response to subpoenas issued by the parties, non-party Dell produced highly confidential business information containing Dell's sales data and purchase data. This data was designated by Dell as "Highly Confidential" under the protective order entered in this action.

10. As part of Defendants' Daubert brief, it used Dell's sales data and cost information for particular products to make observations about pass-through.

11. Dell seeks to seal very limited portions of the Defendants' Daubert filing that is limited to the actual sales and cost information for Dell products.

12. The relationship between Dell's cost and price and Dell's pass-through rates are competitively sensitive information that may be used by Dell's competitors to gain an unfair competitive advantage by enabling others to compare what portion of costs they pass through to customers relative to Dell. Releasing these rates to the public could also cause harm to Dell in the eyes of consumers who may compare Dell's rate to a competitor's coefficient and erroneously conclude that a competitor passes less of its costs on to a consumer than does Dell. There are also specific numbers for pricing and cost that are set forth in Defendants' Daubert Opposition brief that are competitively sensitive.

13. Making such competitively sensitive information public would likely harm Dell's business by placing it at a competitive disadvantage. Dell takes considerable steps to keep this information confidential, including by limiting internal access to this information to certain specified business units and individuals.

14. Other courts in this district have recognized the competitive sensitivity of pass-through analyses and pricing information and have sealed non-parties' pass-through coefficients in past

antitrust cases. *See, e.g., Sidibe v. Sutter Health*, 333 F.R.D. 463, 483 (N.D. Cal. 2019) (redacting two parties' pass-through coefficients from expert analysis as confidential information); *see also MicroStrategy, Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 424 (E.D. Va. 2004) (finding that "volume discount price schedule" was a trade secret because it "was qualitatively different from a standard price list," not made available to customers, and used by company's sales force "to develop price quotes for customers").

15. Dell's request is narrowly tailored, as it seeks only to maintain under seal what amounts to a few lines of text and analysis of pricing and cost data produced by Dell.

16. Dell respectfully requests that this Court maintain Dell's competitively sensitive pricing, cost and pass-through information under seal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 13, 2023                                  Respectfully Submitted,

*Mallory Beck*
Mallory Beck
Dell Technologies, Inc.