| | |
|---|---|
| Christopher T. Micheletti<br>**ZELLE LLP**<br>555 12th Street, Suite 1230<br>Oakland, CA 94607<br>Telephone: (415) 693-0700<br>Facsimile: (415) 693-0770<br>cmicheletti@zellelaw.com | Victoria Sims (*pro hac vice*)<br>**CUNEO GILBERT & LADUCA, LLP**<br>4725 Wisconsin Avenue, NW, Suite 200<br>Washington, DC 20016<br>Telephone: (202) 789-3960<br>Facsimile: (202) 789-1813<br>vicky@cuneolaw.com |
| William V. Reiss (*pro hac vice*)<br>**ROBINS KAPLAN LLP**<br>1325 Avenue of the Americas, Suite 2601<br>New York, NY 10019<br>Telephone: (212) 980-7400<br>Facsimile: (212) 980-7499<br>wreiss@robinskaplan.com | Shawn M. Raiter (*pro hac vice*)<br>**LARSON • KING, LLP**<br>30 East Seventh Street, Suite 2800<br>Saint Paul, MN 55101<br>Telephone: (651) 312-6518<br>Facsimile: (651) 789-4818<br>sraiter@larsonking.com |
| *Interim Co-Lead Class Counsel for the End-User Plaintiffs* | *Interim Co-Lead Class Counsel for the Reseller Plaintiffs* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>**This Document Relates to:**<br><br>All END-USER AND RESELLER ACTIONS | Case No. 19-md-02918-MMC<br><br>MDL No. 2918<br><br>**CLASS PLAINTIFFS' ADMINISTRATIVE MOTION TO EXCEED APPLICABLE PAGE LIMITS ON REPLY BRIEFS ON CLASS PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION (CIVIL L. R. 7-11)**<br><br>Judge: Hon. Maxine M. Chesney |

Pursuant to Civil Local Rules 7-4 and 7-11, Class Plaintiffs[1] hereby move for administrative relief pertaining to the page length of Class Plaintiffs' reply briefs in support of their motions for class certification. This motion is accompanied by the Declaration of Christopher T. Micheletti in Support of Class Plaintiffs' Administrative Motion to Exceed Applicable Page Limits on Reply Briefs on Class Plaintiffs' Motions for Class Certification ("Declaration") and a proposed order. Civil L.R. 7-11(a).

Class Plaintiffs request that they each be permitted to file reply briefs of 25 pages in length instead of 15 pages as permitted by Civil Local Rule 7-4(b). Class Plaintiffs have received and reviewed Defendants' class certification opposition briefs, and all attached exhibits. Class Plaintiffs request that the Court grant this modest increase in page limits to enable them to adequately address Defendants' previously unasserted factual and legal arguments, as well as arguments regarding Class Plaintiffs' respective experts' opinions and analyses. Class Plaintiffs have requested that Defendants stipulate to this increase in page limits for Class Plaintiffs' replies, but Defendants have refused. See Declaration ¶ 3. As the moving party who bears the burden of proof on class certification, each of the Class Plaintiffs believe a modest enlargement of the default page limitation is warranted for several reasons.

End-User Plaintiffs ("EUPs") desire to address Defendants' newly-asserted factual arguments regarding EUPs' conspiracy allegations and the accompanying legal arguments as they relate to class certification. These arguments by Defendants comprise 4-5 pages. *See* Defendants' Opposition to End-User Plaintiffs' Motion for Class Certification (ECF No. 778-3) at 2, 4, 17-22. Second, Defendants devoted 10 pages of factual and legal arguments to the issue of pass-through and impact to EUPs with numerous cross-references to the expert reports submitted by EUPs and Defendants. *See id*. at 5-15. While EUPs submit that Defendants' arguments lack merit, they will likely need a comparable number of pages to address Defendants' arguments on this key issue. Third, Defendants challenge EUPs' direct overcharge analysis (*id*. at 16, 18), which will require additional pages to address. Finally, Defendants make additional arguments challenging EUPs'

---

[1] "Class Plaintiffs" herein comprise End-User Plaintiffs and Reseller Plaintiffs.

1 method of calculating damages (*id*. at 19), and challenge whether the proposed EUP class representatives satisfy typicality (*id*. at 22-25).  Again, EUPs contend that all these arguments lack merit, but given the extent of Defendants' factual and legal assertions, EUPs submit that a 25-page limit for their reply brief is warranted and will also enable them to assist the Court with a more fulsome record.

As for Reseller Plaintiffs, Defendants raise arguments in their Opposition to Resellers' Motion for Class Certification that are disproportionate in length to the arguments they respond to, Defendants include arguments based on their own expert report, which Plaintiffs just received, on Christmas Eve, and have not yet had a chance to address, and Defendants make a number of other arguments that Resellers will need to answer in their Reply, necessitating an extension beyond the 15 pages permitted under the Local Rules.  First, Defendants spend four and a half pages attacking Reseller Plaintiffs' adequacy and the typicality of their claims, though Resellers spend one page on both of these issues in their opening brief.  Defendants also spend 12.5 pages on the predominance issue, though Resellers' opening brief devotes half as much space to it.[2]  Second, Defendants make a number of arguments attacking Reseller Plaintiffs' expert's economic model, as it relates to class certification and putting forth their own expert's criticisms, which Reseller Plaintiffs have not yet had the opportunity to address.  Defendants received 25 pages to address Reseller's expert report as it relates to the Fed. R. Civ. P. 23 factors; Plaintiffs merely ask for the same thing, with respect to Defendants' expert report.  Defendants also make arguments regarding class membership, the characteristics of the Suspension Assembly industry, and Reseller Plaintiffs' business models and practices that Reseller Plaintiffs require adequate space to address, in addition to the other issues listed.

Defendants opposed Plaintiffs' prior request for extra pages, arguing that Plaintiffs did not ask for *enough* extra pages, and seeking to penalize Plaintiffs for being conservative and asking for as few extra pages as possible, for only one of their briefs in support of Class Certification.  ECF

---

[2] It should also be noted that Plaintiffs had to fit their Motion for Class Certification and Memorandum in Support into 25 pages, whereas Defendants were able to use 25 pages just for their Memorandum.

No. 590.  In fact, Plaintiffs would have preferred to be given extra pages for both of their briefs, but limited their request to the Reply briefs, in order to minimize the number of extra pages the Court would need to read.  Defendants sought to demonize Plaintiffs for doing so by speculating about the contents of their Reply briefs, *id.*, and then proceeded to raise in their Oppositions arguments far more voluminous than those to which they were responding.  Now Defendants have filed 50 pages' worth of Oppositions, and Plaintiffs merely seek an adequate number of pages to respond.  Class Plaintiffs recognize that the Court previously denied their request for 40 pages for their Replies (ECF No. 597), at a time when the Opening and Opposition briefs had not yet been filed and because Defendants had objected to Reply briefs that were longer than opening briefs.  Given the above points, Class Plaintiffs respectfully submit that there is good cause to grant Plaintiffs 25 pages for each of their Replies.  Notably, compared to the length of class certification reply briefs filed in numerous other indirect purchaser antitrust class cases in this district and others, Plaintiffs' request here is relatively modest.[3]

For all the foregoing reasons, Class Plaintiffs ask that the Court extend the page limits on Class Plaintiffs' reply briefs as requested herein.

Dated: January 20, 2023

Respectfully submitted,

  /s/ Christopher T. Micheletti
Christopher T. Micheletti
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone:   (415) 693-0700
Facsimile:    (415) 693-0770
cmicheletti@zellelaw.com

  /s/ William V. Reiss
William V. Reiss (*pro hac vice*)

  /s/ Victoria Sims
Victoria Sims (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:   (202) 789-3960
Facsimile:    (202) 789-1813
vicky@cuneolaw.com

  /s/ Shawn M. Raiter
Shawn M. Raiter (*pro hac vice*)

---

[3] *See, e.g.*, *In Re: Packaged Seafood Products Antitrust Litig.*, Case No. 15-MD-2670 DMS (MDD) (S.D. Cal.), ECF No. 1704-1 (End-Purchaser Plaintiffs filed 35-page reply brief); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. CV-07-5944-JST, MDL No. 1917 (N.D. Cal.), ECF No. 1654 (Indirect Purchaser Plaintiffs filed 44-page reply brief); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. C07-1827-SI, MDL No. 1827 (N.D. Cal.), ECF No. 1267 (Indirect Purchaser Plaintiffs filed 47-page reply brief); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, Case No. M:07-CV-1819-CW, MDL No. 1819 (N.D. Cal.), ECF No. 936 (Indirect Purchaser Plaintiffs filed 30-page reply brief).

| | | |
|---|---|---|
| 1 | **ROBINS KAPLAN LLP**<br>1325 Avenue of the Americas, Suite 2601<br>New York, NY 10019<br>Telephone:   (212) 980-7400<br>Facsimile:    (212) 980-7499<br>wreiss@robinskaplan.com<br><br>*Interim Co-Lead Class Counsel for the End-User Plaintiffs* | **LARSON • KING, LLP**<br>30 East Seventh Street, Suite 2800<br>Saint Paul, MN 55101<br>Telephone:   (651) 312-6518<br>Facsimile:    (651) 789-4818<br>sraiter@larsonking.com<br><br>*Interim Co-Lead Class Counsel for the Reseller Plaintiffs* |

**ATTORNEY ATTESTATION**

I, Christopher T. Micheletti, hereby attest, pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, I electronically filed the foregoing document entitled CLASS PLAINTIFFS' ADMINISRATIVE MOTION TO EXCEED APPLICABLE PAGE LIMITS ON REPLY BRIEFS ON CLASS PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION (CIVIL R. L. 7-11) with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Christopher T. Micheletti*
Christopher T. Micheletti