1  KENNETH R. O'ROURKE, SBN 120144
   JEFF VANHOOREWEGHE, SBN 313371
2  MIKAELA E. EVANS-AZIZ, SBN 339283
   **WILSON SONSINI GOODRICH & ROSATI**
3  Professional Corporation
   One Market Plaza
4  Spear Tower, Suite 3300
   San Francisco, CA 94105
5  Telephone:    (415) 947-2000
   Facsimile:    (415) 947-2099
6  Email: korourke@wsgr.com
7         jvanhooreweghe@wsgr.com
          mevansaziz@wsgr.com
8

9  *Counsel for Plaintiffs Seagate Technology LLC,*
   *Seagate Technology (Thailand) Ltd., Seagate*
10 *Singapore International Headquarters Pte. Ltd.,*
   *and Seagate Technology International*
11

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case Nos. 3:19-md-02918-MMC<br>3:20-cv-01217-MMC<br><br>MDL No. 2918 |
|---|---|
| This Document Relates to:<br><br>*Seagate Technology LLC et al. v. Headway Technologies, Inc. et al.*, Case No. 3:20-cv-01217-MMC | **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF SEAGATE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(c)**<br><br>Hon. Maxine M. Chesney |

I, JEFF VANHOOREWEGHE, declare as follows:

1. I am a partner with the firm Wilson Sonsini Goodrich & Rosati, P.C., counsel of record for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International ("Seagate Plaintiffs"). I am an attorney duly admitted to practice in the State of California and before this Court.

2. Pursuant to Civil Local Rule 79-5(c), I hereby submit this Declaration in support of Seagate Plaintiffs' Administrative Motion to File Under Seal. I have personal knowledge of the facts set forth below and, if called and sworn as a witness, I could and would testify competently thereto.

3. Pursuant to the Stipulated Protective Order and Civil Local Rules 7-11 and 79-5(c), Seagate Plaintiffs respectfully move for administrative relief to file under seal the gray highlighted portions of Seagate Plaintiffs' Response to the Court's January 6 Order Regarding Article III Standing ("Response") and accompanying materials that have designated "Confidential" or "Highly Confidential" by Seagate Plaintiffs pursuant to the Stipulated Protective Order (Dkt. 136).

4. The documents for which sealing is sought are:

| Material/Document | Specific Portion(s) Seagate Plaintiffs' Seek to Keep Under Seal |
|---|---|
| Seagate Plaintiffs' Response to the Court's January 6 Order Regarding Article III Standing | Highlighted material located at:<br>• Page 1, lines 19-27<br>• Page 2, lines 3-27<br>• Page 3, lines 13-18 (starting with "that" and ending with "control")<br>• Page 4, lines 10-20<br>• Page 5, line 3<br>• Page 5, lines 22-26<br>• Page 6, lines 5-8<br>• Page 7, 13-14 (starting after "when it" and ending with "Shay ¶¶17-22") |
| VanHooreweghe Decl. Ex. 9 (Floeder Deposition Excerpts) | • Entirety |
| Tangwongchai Decl. | • Entirety |
| Tangwongchai Decl. Ex. A (STX0221558) | • Entirety |
| Choi Decl. | • Entirety |

5. Civil Local Rule 79-5(c) and f(3) require that the designating party explain in a specific statement and/or declaration the applicable legal standard and the reasons for sealing a document, including the "legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).

6. In the context of dispositive motions, materials may be sealed upon a showing there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party has "compelling reasons" to seal information if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

7. That materials "refer to confidential agreements is often a compelling reason justifying sealing if the agreements contain commercially sensitive information." *Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017), adopted by 2018 WL 3069296 (N.D. Cal. Feb. 27, 2018). Sealing has also been found warranted for "proprietary business, scientific, manufacturing, sales, or licensing information" under either a good cause or compelling reasons standard. *Plexxikon Inc. v. Novartis Pharm. Corp.*, 2020 U.S. Dist. LEXIS 44014, at *5-6 (N.D. Cal. Mar. 13, 2020).

8. Seagate Plaintiffs' requested relief is necessary and narrowly tailored to protect Seagate confidential, non-public, and highly sensitive business information that Seagate keeps closely guarded. The materials Seagate seeks to keep under seal contain sensitive business information, including (i) Seagate's purchasing policies and practices, including as related to prices, payments, and terms of purchase; (ii) Seagate's development and implementation of new technology, including specific details about how Seagate interacted suppliers when implementing a new technology; (iii) Seagate's inventory management and product assembly policies and practices, including standard operating procedures and systems used; (iv) Seagate's communications with its suppliers; and (v) the role of Seagate's finance and treasury departments in Seagate's purchase of suspension assemblies.

9.     Public disclosure of these materials would cause Seagate economic harm by (i) providing Seagate's suppliers with an improper business advantage by disclosing to them Seagate's procurement strategy and confidential details about Seagate's negotiations with suppliers; and (ii) providing Seagate's competitors with specific information about Seagate's purchase process, inventory management, design and product development, and finance practices.  Public disclosure of this information would cause significant harm to Seagate if not sealed.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Truckee, California on January 20, 2023.

Dated: January 20, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ *Jeff VanHooreweghe*
           Jeff VanHooreweghe

*Counsel for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand), Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International*

**ATTORNEY ATTESTATION**

I, Kenneth R. O'Rourke, am the ECF User whose identification and password are being used to file the Declaration of Jeff VanHooreweghe in Support of Seagate Plaintiffs' Administrative Motion to File Under Seal Pursuant to Civil Local Rule 79-5(c). In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Jeff VanHooreweghe concurred in this filing, and original signatures are maintained on file.

Dated: January 20, 2023                    By: /s/ *Kenneth R. O'Rourke*
                                                Kenneth R. O'Rourke

# CERTIFICATE OF SERVICE

I, Kenneth R. O'Rourke, hereby certify that on January 20, 2023, I electronically filed the foregoing document entitled **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF SEAGATE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(c)** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Kenneth R. O' Rourke*
Kenneth R. O'Rourke