1  KENNETH R. O'ROURKE, SBN 120144
   JEFF VANHOOREWEGHE, SBN 313371
2  MIKAELA E. EVANS-AZIZ, SBN 339283
3  **WILSON SONSINI GOODRICH & ROSATI**
   Professional Corporation
4  One Market Plaza
   Spear Tower, Suite 3300
5  San Francisco, CA 94105
   Telephone:     (415) 947-2000
6  Facsimile:      (415) 947-2099
7  Email: korourke@wsgr.com
           jvanhooreweghe@wsgr.com
8          mevansaziz@wsgr.com

9  *Counsel for Plaintiffs Seagate Technology LLC,*
   *Seagate Technology (Thailand) Ltd., Seagate*
10 *Singapore International Headquarters Pte. Ltd.,*
   *and Seagate Technology International*
11

12

13

14

15                    **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17

18  IN RE: HARD DISK DRIVE SUSPENSION        Case Nos. 3:19-md-02918-MMC
    ASSEMBLIES ANTITRUST LITIGATION                     3:20-cv-01217-MMC
19
                                              MDL No. 2918
20  This Document Relates to:

21  *Seagate Technology LLC et al. v. Headway*    **DECLARATION OF JEFF**
    *Technologies, Inc. et al.*, Case No. 3:20-cv-   **VANHOOREWEGHE IN SUPPORT OF**
22  01217-MMC                                 **NHK DEFENDANTS' ADMINISTRATIVE**
                                              **MOTION TO CONSIDER WHETHER**
23                                            **ANOTHER PARTY'S MATERIAL**
                                              **SHOULD BE SEALED**
24
                                              Hon. Maxine M. Chesney
25

26

27

28

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

1    I, JEFF VANHOOREWEGHE, declare as follows:

2    1.    I am a partner with the firm Wilson Sonsini Goodrich & Rosati, P.C., counsel of

3 record for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate

4 Singapore International Headquarters Pte. Ltd., and Seagate Technology International ("Seagate").

5 I am an attorney duly admitted to practice in the State of California and before this Court.

6    2.    Pursuant to Civil Local Rule 79-5(f), Seagate hereby submits this Declaration in

7 support of NHK Defendants' Administrative Motion to Consider Whether Another Party's Material

8 Should Be Sealed (ECF No. 858) ("Declaration").

9    3.    On February 3, 2023, NHK Defendants filed a Response to Seagate's Submission on

10 Standing (ECF No. 857) ("NHK Opposition").  NHK Defendants included information designated by

11 Seagate as "Confidential" or "Highly Confidential" in their Response and in Exhibits B, C, D, E, F,

12 G, I, J, K, and L of the Declaration of Craig Y. Lee (ECF No. 857-1).  This information has been

13 designated by Seagate as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective

14 Order (ECF No. 136).  The material was conditionally filed under seal in connection with NHK

15 Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed

16 (ECF No. 858) ("Motion to Seal").

17    4.    Seagate submits this Declaration in order to keep under seal (i) portions of Exhibit E;

18 (ii) Exhibits C, D, F, G, I, and J in their entirety; and (iii) portions of the NHK Opposition citing,

19 quoting, or referring to such materials.

| Document | Specific Portion(s) Seagate Seeks to Keep Under Seal |
|---|---|
| NHK Opposition | • Redacted material on page 3, line 4 (beginning immediately after "<u>not</u> Seagate LLC" and after "Seagate Singapore")<br>• Redacted material on page 3, line 5 through the middle of line 7 (before "the HDD Suspensions.")<br>• Redacted material on page 4, line 17 through page 5, line 3<br>• Redacted material on page 5, line 5 (beginning immediately after "admits that") through line 12<br>• Redacted material on page 5, line 19 through line 20<br>• Redacted material on page 6, line 21.5 (beginning immediately after "legal conclusion that") through line 23.5 |

| | |
|---|---|
| | • Redacted material in FN 2 on page 3<br>• Redacted material in FN 3 on page 3<br>• Redacted material in FN 4 on page 4<br>• Redacted material in FN 12 on page 4<br>• Redacted material in FN 14 on page 5 |
| Lee Decl., Ex. C (Seagate corporate entities chart) | • Entirety |
| Lee Decl., Ex. D (Slide deck on direct purchasing) | • Entirety |
| Lee Decl., Ex. E (Tangwongchai Dep. Excerpt) | • Only pages 1-17 of the Exhibit |
| Lee Decl., Ex. F (Legendre Dep. Excerpt) | • Entirety |
| Lee Decl., Ex. G (Ver Meer Dep. Excerpt) | • Entirety |
| Lee Decl., Ex. I (Sanders Dep. Excerpt) | • Entirety |
| Lee Decl., Ex. J (Floeder 30(b)(6) Dep. Excerpt) | • Entirety |

5.     Civil Local Rule 79-5(c)(1) and (f)(3) require that the designating party explain in a specific statement and/or declaration the applicable legal standard and the reasons for sealing a document, including "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).

6.     In the context of dispositive motions, materials may be sealed upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party has "compelling reasons" to seal information if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

1       7.      That materials "refer to confidential agreements is often a compelling reason justifying

2   sealing if the agreements contain commercially sensitive information." *Lightning Box Games Pty,*

3   *Ltd. v. Plaor, Inc.*, 2017 WL 7310782, at \*4 (N.D. Cal. Dec. 29, 2017), adopted by, 2018 WL 3069296

4   (N.D. Cal. Feb. 27, 2018).  Sealing has also been found warranted for "proprietary business, scientific,

5   manufacturing, sales, or licensing information" under either a good cause or compelling reasons

6   standard.  *Plexxikon Inc. v. Novartis Pharm. Corp.*, 2020 U.S. Dist. LEXIS 44014, at \*5-6 (N.D. Cal.

7   Mar. 13, 2020).

8       8.      Seagate's requested relief here is necessary and narrowly tailored to protect Seagate

9   confidential, non-public, and highly sensitive business information that Seagate keeps closely guarded.

10   The materials Seagate seek to keep under seal contain sensitive business information, including: (i)

11   Seagate's corporate structure and the specific role/function of various Seagate entities/teams; (ii)

12   Seagate's purchasing policies and practices, including details about systems used by Seagate teams,

13   prices for mass produced and development suspension assemblies, and terms of purchase; (iii)

14   Seagate's confidential procurement strategy; (iv) Seagate's factory processes, including order

15   fulfillment as well as manufacturing locations and strategy; and (v) Seagate's design process and

16   specifics about Seagate's engineering team staffing, locations, job functions, areas of focus, and

17   interactions with other teams/entities within Seagate and with suppliers.

18       9.      Public disclosure of these materials would cause Seagate economic harm by (i)

19   providing Seagate's competitors with specific information about Seagate's procurement practices,

20   including Seagate's manufacturing processes, locations, and strategy; (ii) providing Seagate's

21   competitors and suppliers with specific information about its purchasing processes, the function of

22   specific teams in the order fulfillment process, and details about Seagate's internal systems and

23   operating procedures; (iii) providing Seagate's suppliers with an improper business advantage by

24   disclosing to them confidential details about Seagate's procurement strategy; and (iv) providing

25   Seagate's competitors with specific information about Seagate's design process and engineering.

26   Public disclosure of these documents would cause significant harm to Seagate if not sealed.

27       I declare under penalty of perjury that the foregoing is true and correct, and that this declaration

28   was executed in Berkeley, California on February 10, 2023.

Case No. 3:19-md-02918-MMC

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

1
2   Dated: February 10, 2023

3
4
5
6
7

By:   s/ Jeff VanHooreweghe
        Jeff VanHooreweghe

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Counsel for Plaintiffs Seagate Technology
LLC, Seagate Technology (Thailand), Ltd.,
Seagate Singapore International
Headquarters Pte. Ltd., and Seagate
Technology International*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTORNEY ATTESTATION**

I, Kenneth R. O'Rourke, am the ECF User whose identification and password are being used to file the Declaration of Jeff VanHooreweghe in Support of NHK Defendants' Administrative Motion To Consider Whether Another Party's Material Should Be Sealed.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Jeff VanHooreweghe concurred in this filing, and original signatures are maintained on file.

Dated: February 10, 2023                    By: *s/ Kenneth R. O'Rourke*
                                                  Kenneth R. O'Rourke

Case No. 3:19-md-02918-MMC

DECL. OF JEFF VANHOOREWEGHE ISO DEFENDANTS' MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

**CERTIFICATE OF SERVICE**

I, Kenneth R. O'Rourke, hereby certify that on February 10, 2023, I electronically filed the foregoing document entitled **DECLARATION OF JEFF VANHOOREWEGHE IN SUPPORT OF NHK DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

                                        *s/ Kenneth R. O' Rourke*
                                        Kenneth R. O'Rourke