| | |
|---|---|
| Christopher T. Micheletti | Victoria Sims |
| **ZELLE LLP** | **CUNEO GILBERT & LADUCA, LLP** |
| 555 12th Street, Suite 1230 | 4725 Wisconsin Avenue, NW, Suite 200 |
| Oakland, CA 94607 | Washington, DC 20016 |
| Telephone: (415) 693-0700 | Telephone: (202) 789-3960 |
| Facsimile: (415) 693-0770 | Facsimile: (202) 789-1813 |
| cmicheletti@zellelaw.com | vicky@cuneolaw.com |
| | |
| William V. Reiss | Shawn M. Raiter |
| **ROBINS KAPLAN LLP** | **LARSON • KING, LLP** |
| 1325 Avenue of the Americas, Suite 2601 | 30 East Seventh Street, Suite 2800 |
| New York, NY 10019 | Saint Paul, MN 55101 |
| Telephone: (212) 980-7400 | Telephone: (651) 312-6518 |
| Facsimile: (212) 980-7499 | Facsimile: (651) 789-4818 |
| wreiss@robinskaplan.com | sraiter@larsonking.com |

*Interim Co-Lead Class Counsel for the End-User Plaintiffs*

*Interim Co-Lead Class Counsel for the Reseller Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION | Case No. 19-md-02918-MMC<br><br>MDL No. 2918 |
| This Document Relates to:<br>ALL END-USER AND RESELLER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF ECF NO. 955 FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**<br><br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7, 19th Floor<br>Date: August 11, 2023<br>Time: 9:00 AM |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................. 1

II. STANDARD ..................................................................................................................... 2

III. ARGUMENT .................................................................................................................... 3

    A.  Defendants' Motion Does Not Present a Controlling Question of Law Nor Would Resolution of Defendants' Question Materially Advance the Termination of this Litigation. ............................................................................................................. 4

    B.  Defendants Fail to Show a Substantial Grounds for Difference of Opinion on a Controlling Question of Law ................................................................................ 9

IV. CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. ConAgra Foods, Inc.*,
No. 3:13-CV-01279-WHO, 2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) .............................. 7

*Animal Sci. Prods., Inc. v. China Minmetals Corp.*,
654 F.3d 462 (3d Cir. 2011) ................................................................................................ 9

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
No. 16-CV-00923-BLF, 2018 WL 2761855 (N.D. Cal. June 8, 2018) ................................ 11

*Bennett v. SimplexGrinnell LP*,
No. 11-cv-01854-JST, 2014 WL 4244045 (N.D. Cal. Aug. 25, 2014) ............................... 6, 7

*In re Capacitors Antitrust Litig. (No. III)*,
No. 17-md-02801-JD, 2018 WL 4558265 (N.D. Cal. Sept. 20, 2018) ................................ 10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 07-5944 SC, 2013 WL 567281 (N.D. Cal. Feb. 13, 2013) ............................................ 8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. C-07-5944-JST, 2016 WL 5725008 (N.D. Cal. Sept. 30, 2016) ......................... 9, 10, 11

*In re Cement Antitrust Litigation*,
673 F.2d 1020 (9th Cir. 1982) ......................................................................................... 2, 4

*City of Hope Nat. Medical Center v. Blue Cross of California*,
928 F.Supp. 1001 (C.D. Cal. 1996) .................................................................................. 10

*Coeur v. Depuy Inc.*,
No. C02-3962 TEH, 2004 WL 977179 (N.D. Cal. Apr. 5, 2004) .......................................... 3

*Consub Celaware, LLC v. Schahin Engenharia Limitada*,
476 F. Supp. 2d 305 (S.D.N.Y. 2007) ................................................................................. 9

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) .......................................................................................................... 10

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .................................................................................... 2, 9, 12

*Env't Prot. Info. Ctr. v. Pac. Lumber Co.*,
No. C 01-2821, 2004 WL 838160 (N.D. Cal. Apr. 19, 2004) ............................................. 12

*Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*,
No. 219CV02444ODWASX, 2020 WL 1676390 (C.D. Cal. Apr. 6, 2020) ........................... 5

*Heaton v. Social Finance, Inc.*,
  No. 14-cv-05191-TEH, 2016 WL 232433 (N.D. Cal. Jan. 20, 2016) ................................... 5, 8

*Hunt v. Bloom Energy Corp.*,
  No. 19-CV-02935-HSG, 2022 WL 1122835 (N.D. Cal. Apr. 14, 2022) ................................ 8

*J.B. v. G6 Hospitality, LLC*,
  No. 19-cv-7848-HSG, 2021 WL 6621068 (N.D. Cal. Dec. 16, 2021) ................................... 7

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ................................................................................................ 3

*Jud. Watch, Inc. v. Griswold*,
  No. 20-CV-02992-PAB-KMT, 2022 WL 3681986 (D. Colo. Aug. 25, 2022) ..................... 6

*In re LDK Solar Sec. Litig.*,
  584 F. Supp. 2d 1230 (N.D. Cal. 2008) ................................................................................ 2

*In re Lithium Ion Batteries Antitrust Litig.*,
  No. 13-MD-02420-YGR, 2017 WL 2021361 (May 12, 2017) ........................................... 10

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
  No. C 09-1967 CW, 2014 WL 12642228 (N.D. Cal. May 23, 2014) ................................... 6

*In re Optical Disk Drive Antitrust Litig.*,
  No. 10-md-2143-RS, 2017 WL 11513316 (N.D. Cal. Dec. 18, 2017) ............................... 10

*In re Related Asbestos Cases*,
  23 B.R. 523 (N.D. Cal. 1982) ............................................................................................... 8

*Lentini v. California Center for the Arts, Escondido*,
  370 F.3d 837 (9th Cir. 2004) ............................................................................................... 11

*Mateo v. The M/S Kiso*,
  805 Supp. 792 (N.D. Cal. 1992) ........................................................................................... 6

*Ridgeway v. Wal-Mart Stores, Inc.*,
  No. 08-CV-05221-SI, 2015 WL 4463923 (N.D. Cal. July 21, 2015) ................................... 7

*Rollins v. Dignity Health*,
  No. 13-cv-01450-TEH, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) ................................ 7

*Roy v. Cnty. of Los Angeles*,
  No. CV1209012ABFFMX, 2018 WL 3439168 (C.D. Cal. July 11, 2018) ........................... 5

*San Joaquin Valley Ins. Auth. v. Gallagher Benefit Servs., Inc.*,
  No. 1:17-cv- 00861-EPG, 2020 WL 3642561 (E.D. Cal. July 6, 2020) ............................... 7

*Scott v. Dime Sav. Bank of New York, FSB*,
  No. 88 CIV. 2298 (PKL), 1993 WL 350046 (S.D.N.Y. Sept. 7, 1993) ................................ 3

*Shurance v. Plan. Control Int'l, Inc.*,
  839 F.2d 1347 (9th Cir. 1988) ............................................................................................. 7

*Stiner v. Brookdale Senior Living, Inc.*,
  383 F. Supp. 3d 949 (N.D. Cal. 2019) ............................................................................... 12

*Tribble v. Surface Preparation Systems, Inc.*,
  No. 6:20-cv-00181-AA, 2021 WL 4593817 (D. Oregon Oct. 6, 2021) ................................ 10

*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991) ............................................................................................... 3

*United States v. Hui Hsiung,*
  778 F.3d 738 (9th Cir. 2015) ................................................................................... 9, 11, 12

*United States v. Rubber Co. v. Wright*,
  359 F.2d 784 (9th Cir. 1966) ............................................................................................. 12

*United States v. Adam Bros. Farming, Inc.*,
  369 F.Supp.2d 1180 (C.D. Cal. 2004) ............................................................................... 10

*United States v. Holloway*,
  142 Fed. Appx. 973 (9th Cir. 2005) ..................................................................................... 5

*United States v. NHK Spring Co.*,
  No. 2:19-cr-20503 (E.D. Mich. Sept.23, 2019), ECF No. 15 .............................................. 1

*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959) ........................................................................................... 4, 6

*Universal Trading & Inv. Co. v. Kiritchenko*,
  No. C99-3073 2007, WL 30589 (N.D. Cal. Jan. 3, 2007) .................................................. 11

*United States ex rel. A1 Procurement LLC v. Thermcor, Inc.*,
  173 F. Supp. 3d 320 (E.D. Va. 2016) ................................................................................ 10

*Valadez v. CSX Intermodal Terminals, Inc.*,
  No.15-cv-05433-EDL, 2019 WL 13146777 (N.D. Cal. Jun. 28, 2019) ................................ 4

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... *passim*

FTAIA, 15 U.S.C. § 6a ........................................................................................................ 1

## I. INTRODUCTION

Defendant NHK admitted it engaged in an unlawful conspiracy to fix prices of Suspension Assemblies ("SAs") sold into the U.S. when it entered a criminal guilty plea.[1] Defendant TDK admitted the same when it sought amnesty from the DOJ. In doing so, Defendants admitted to criminal price-fixing that "involved . . . import trade and commerce" and that such conduct "had a direct, substantial, and reasonably foreseeable effect on interstate and import trade and commerce."[2] Yet, Defendants[3] brazenly filed a motion for summary judgment seeking to dismiss the majority of End-User Plaintiff and Reseller Plaintiffs' (together, "IPPs") claims under, *inter alia*, the Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6a. *See* Defendants' Motion for Partial Summary Judgment Regarding Foreign Commerce (ECF No. 533) ("SJ Motion").

In its May 22, 2023 Order, ECF No. 955 ("SJ Order"), the Court carefully considered and rejected Defendants' arguments and denied their SJ Motion in full. With respect to the FTAIA, the Court found "defendants have not shown they are entitled to summary judgment on the issue of the applicability of the FTAIA" because "a triable issue of fact exists as to whether IPPs' claims involve[d] . . . import trade or import commerce." SJ Order at 8-9.

Unhappy with the Court's decision, Defendants seek a second bite at the apple in the form of a motion for certification of interlocutory review under 28 U.S.C. § 1292(b). *See* Defendants' Motion for Certification of ECF No. 955 for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 964) ("Motion"). Defendants' mere disagreement with the Court's decision,

---

[1] Indeed, in connection with NHK's criminal sentencing, it entered into an agreement with the U.S. Department of Justice ("DOJ") "that, in light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include an order of restitution." *See* Declaration of William V. Reiss ("Reiss Decl.") Ex. 1 (DOJ Sentencing Memorandum at 8).

[2] *See* Rule 11 Plea Agreement, *United States v. NHK Spring Co.*, No. 2:19-cr-20503 (E.D. Mich. Sept.23, 2019), ECF No. 15 at ¶4(d), attached at Reiss Decl. Ex. 2.

[3] "Defendants" include collectively, NHK Spring Co., Ltd., NHK International Corp., NAT Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd., NHK Spring (Thailand) Co., Ltd., TDK Corporation, Hutchinson Technology Inc., Magnecomp Precision Technology Public Co., Ltd., Magnecomp Corporation, and SAE Magnetics (H.K.) Ltd.

however, is not a basis for interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The Ninth Circuit has made clear that "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982). Defendants' Motion does not present such an "exceptional case" because Defendants fail to present a "controlling question of law" on an issue that would "materially advance the ultimate termination of the litigation" as is required by 28 U.S.C. § 1292(b). Rather, the resolution of Defendants' question, even if the Ninth Circuit were to decide it in Defendants' favor, would not eliminate any of IPPs' claims nor would it reduce their damages or any of the transactions at issue in this litigation. To the contrary, the immediate appeal sought by Defendants would result in substantial additional delay in a case that has been pending for more than ***four years*** where fact discovery is completed, class certification is fully briefed, and the parties already engaged in significant expert discovery.[4]

Additionally, Defendants' Motion fails because the question they seek to certify is not one "as to which there is substantial ground for difference of opinion." Indeed, the Ninth Circuit has spoken on the question and every district court in this Circuit that has confronted the issue has ruled the same way as this Court. For all these reasons, the Court should deny Defendants' Motion.

**II. STANDARD**

A district court may certify an order for interlocutory appeal under 28 U.S.C. §1292(b) where the questions presented by the order involve: (1) "a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) where an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Notably, "[e]ven if these three requirements are satisfied, a district court still has discretion in deciding whether or not to grant a party's motion for certification." *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008).

"A claim that the district court's opinion was incorrect does not, standing alone, support a

---

[4] Defendants have indicated that if the Ninth Circuit were to hear their appeal, they would seek a stay of all proceedings in the class cases. Motion at 3, n.1.

finding of a substantial ground for a difference of opinion." *Coeur v. Depuy Inc.*, No. C02-3962 TEH, 2004 WL 977179, at *1 (N.D. Cal. Apr. 5, 2004) (quoting *Scott v. Dime Sav. Bank of New York, FSB,* No. 88 CIV. 2298 (PKL), 1993 WL 350046, at *1 (S.D.N.Y. Sept. 7, 1993)). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991)). Accordingly, Section 1292(b) certifications are only to be used in "rare circumstances" and, even when used, "the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." *Id.*

### III. ARGUMENT

Defendants have asked this Court to certify the following question for interlocutory appeal: "[W]hether purchases billed and shipped to a foreign direct purchaser can fall within the 'import trade or import commerce' exclusion of the FTAIA, where goods containing the purchased products were later imported into the United States by a downstream purchaser." Motion at 3. Defendants misleadingly assert that "[a]n immediate appeal will materially advance the ultimate termination of this litigation, as it could eliminate the vast majority of IPPs' claims." *Id.* This is patently false. Even if the Ninth Circuit were to reverse this Court and determine that the import commerce exclusion does not apply, a triable issue of fact will remain as to whether the FTAIA bars IPPs' claims. This is so because IPPs are free to present evidence at trial that they satisfied the domestic effects exception to the FTAIA. In short, regardless of the outcome of any appeal, each of IPPs' claims will remain in the case; and all potential damages will remain available—including damages stemming from the same transactions underlying the same claims that Defendants seek to appeal.

Further, Defendants have failed to meet their heavy burden of demonstrating a substantial ground for difference of opinion where the Ninth Circuit has spoken on the issue and the Court's decision is consistent with every decision in this Circuit that addressed the question. As such, Defendants' Motion should be summarily denied.

### A. Defendants' Motion Does Not Present a Controlling Question of Law Nor Would Resolution of Defendants' Question Materially Advance the Termination of this Litigation.

The Court should deny Defendants' motion because the question presented by Defendants is neither a controlling question of law, nor would resolution of the question materially advance the termination of this litigation.

In order to establish a "controlling question of law" for purposes of § 1292(b), a party seeking certification must show that resolution on appeal would end the case, or at a minimum could "materially affect the eventual outcome of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026; *see also United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit.").

A "controlling question of law" may only be found in those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation,* 673 F.2d at 1026. Accordingly, it makes sense for the "controlling question of law" requirement to be considered alongside the third requirement: "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Valadez v. CSX Intermodal Terminals, Inc.*, No.15-cv-05433-EDL, 2019 WL 13146777, at *3 (N.D. Cal. Jun. 28, 2019) ("This factor is closely related to the question of whether an issue of law is controlling in that the [district court] should consider the effect of a reversal … on the management of the case."). Neither of these requirements are met by the question Defendants propose to certify. To the contrary, interlocutory appeal here would result in substantial additional delay and have no beneficial impact on the litigation.

Defendants concede that the FTAIA does not bar any of IPPs' claims if IPPs satisfy *either* the import commerce exclusion *or* the domestic effects exception. Motion at 7 ("IPPs' claims may be saved only if 'the import trade/import commerce exclusion *or* the domestic effects exception applies.'"(quoting SJ Order at 7) (emphasis added)); *see also* SJ Order at 7 ("Accordingly, under the FTAIA, IPPs' claims are barred in the absence of a showing that *either*

the import trade/import commerce exclusion or the domestic effects exception applies . . .");(emphasis added)). In its SJ Order, the Court expressly held that "a triable issue of fact exists as to whether IPPs' claims involv[e]. . . import trade or import commerce . . ." SJ Order at 9. "In light of this finding," the Court declined to "address [] defendants' argument that IPPs cannot establish the applicability of the domestic effects exception." *Id*. at 9, n.6 (emphasis added).

In electing not to address, at summary judgment, Defendants' argument that the domestic effects exception is inapplicable, the Court rejected it and left IPPs free to raise both the import commerce exclusion and the domestic effects exception at trial. *See*, *e.g., United States v. Holloway*, 142 Fed. Appx. 973, 974 (9th Cir. 2005) (by not addressing an argument in an opinion it is "implicitly rejected as meritless"); *Roy v. Cnty. of Los Angeles*, No. CV1209012ABFFMX, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) ("The Court's refusal to discuss an argument constitutes an implicit rejection of those arguments."). Critically, the question Defendants seek to certify is limited to this Court's findings with respect to the import commerce exclusion. Even if the Ninth Circuit were to reverse the Court on this holding, IPPs would still be entitled to proceed to trial on all of their claims in full because the FTAIA poses no bar where IPPs can prove that "***either*** the import trade/import commerce exclusion or the domestic effects exception applies . . ." Motion at 7 (emphasis added).

It is well settled that certification is inappropriate where, as here, "[e]ven if the Ninth Circuit on interlocutory appeal were to find for Defendants on the [certified] issue," no claims would be resolved. *Heaton v. Social Finance, Inc.*, No. 14-cv-05191-TEH, 2016 WL 232433, at *4 (N.D. Cal. Jan. 20, 2016) (concluding that "Defendants have not met the burden of showing that the issue is controlling" where a "Ninth Circuit finding in favor of Defendants on this legal question would not, as Defendants contend, necessarily be dispositive"); *see also Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, No. 219CV02444ODWASX, 2020 WL 1676390, at *2-*3 (C.D. Cal. Apr. 6, 2020) (denying certification and holding "it would be premature to determine that a reversal of this Court's ruling would be appropriate" on question of whether wireless carrier exemption applied to defendant where court had not ruled on threshold issue of

1  whether defendant was a wireless carrier); *In re NCAA Student-Athlete Name & Likeness*

2  *Licensing Litig.*, No. C 09-1967 CW, 2014 WL 12642228, at *2 (N.D. Cal. May 23, 2014)

3  (concluding the question was not controlling because even if the Court of Appeals supported the

4  NCAA's position, the ruling would not dispose of any of the claims in the antitrust action).[5]

5        For similar reasons, Defendants have failed to meet their burden of demonstrating that

6  immediate appellate review of the question presented will materially advance the termination of

7  this litigation. In determining whether this factor is met, the Court "should consider the effect of

8  the reversal by the Ninth Circuit on the management of the case." *See Mateo v. The M/S Kiso*, 805

9  Supp. 792, 800 (N.D. Cal. 1992). In this case, expert discovery, motion practice and trial would

10  need to take into account all potential outcomes of the FTAIA analysis regardless of how the

11  Ninth Circuit were to rule on the question presented by Defendants.[6] Conversely, an immediate

12  appeal on this issue could take years to resolve[7] and Defendants have indicated that if the Ninth

---

[5] In the unlikely event that the Ninth Circuit were to accept Defendants' appeal and conclude the import exception does not apply to IPPs' claims as a matter of law, the most it could do is remand to this Court the question of whether IPPs have satisfied the domestic effects exception. Any subsequent holding by this Court on the domestic effects exception would invariably lead to a second appeal on whether the FTAIA applies to IPPs' claims, resulting in further protracted delay and piecemeal appeals. *See United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959) ("[I]n passing this legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals"); *Jud. Watch, Inc. v. Griswold,* No. 20-CV-02992-PAB-KMT, 2022 WL 3681986, at *5 (D. Colo. Aug. 25, 2022) (denying certification where "[e]ven if the Tenth Circuit agrees with the [defendant] that the individual plaintiffs have not alleged a sufficiently concrete injury for Article III standing, the case would not be dismissed. Instead, the Tenth Circuit would remand the case to this Court to consider [plaintiff's] organizational standing.").

[6] It bears noting that fact discovery in this action has closed and the parties have completed expert discovery in connection with IPPs' motions for class certification. In short, the parties have already completed most of the work leading up to trial. When evaluating whether a § 1292(b) appeal would materially advance the litigation, a court should examine the state of the proceedings and how long the case has been pending. *See, e.g.*, *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2014 WL 4244045, at *3 (N.D. Cal. Aug. 25, 2014) ("[T]hat this action has been pending for more than three years . . . weighs significantly against interlocutory review.").

[7] According to the Ninth Circuit's website, in a civil appeal, oral argument is generally conducted approximately 6-12 months from the notice of appeal date, and approximately 4 months from completion of briefing. Most cases are ultimately decided by the Ninth Circuit within 3 months to a year following oral argument. *See* Ninth Circuit website FAQs 17-18 at https://www.ca9.uscourts.gov/general/faq/.

Circuit grants interlocutory review, they intend to seek a stay of this action. Motion at 3. Courts analyzing similar fact patterns have appropriately denied motions for certification. *See*, *e.g.*, *Shurance v. Plan. Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (holding "interlocutory appeal of this motion would not materially advance the ultimate termination of the litigation" when such appeal "might well have the effect of delaying the resolution of this litigation" (internal quotation and citation omitted)); *Allen v. ConAgra Foods, Inc.,* No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (where class certification was set for hearing, appeal would not materially advance the litigation); *Ridgeway v. Wal-Mart Stores, Inc.,* No. 08-CV-05221-SI, 2015 WL 4463923, at *3 (N.D. Cal. July 21, 2015) (where action had already been pending for years, there was no showing that an interlocutory appeal would "materially advance the ultimate termination of the litigation); *Bennett v. SimplexGrinnell LP*, No. 11-CV-01854-JST, 2014 WL 4244045, at *3 (N.D. Cal. Aug. 25, 2014) (whether or not the appeal would impact other litigants, it would not materially advance the litigation that had already been pending three years before the court).

Defendants, without any factual basis, speculate that a decision from the Ninth Circuit would expedite settlement negotiations. Motion at 13.[8] Such speculation is unfounded given that a decision from the Ninth Circuit would not eliminate any portion of IPPs' claims, damages or the transactions at issue in these class actions. Indeed, Defendants themselves previously insisted on an early FTAIA ruling to move the case forward, saying that such an order would "allow for the efficient and early determination" of the scope of the IPPs' claims and emphasizing that an early

---

[8] The decisions Defendants cite in support of this proposition are wholly inapposite. *See J.B. v. G6 Hospitality, LLC*, No. 19-cv-7848-HSG, 2021 WL 6621068, at *4, *2 (N.D. Cal. Dec. 16, 2021) (silent as to effect on settlement, but instead granting certification of ruling on the pleadings where, unlike here, moving party sought certification at the "outset, before time and resources are invested," and reversal of the ruling in question would "dramatically shape the scope of this action, possibly eliminating months or even years the parties might spend litigating Plaintiff's claim according to the wrong legal standard" (internal quotations omitted))*; San Joaquin Valley Ins. Auth. v. Gallagher Benefit Servs., Inc.*, No. 1:17-cv- 00861-EPG, 2020 WL 3642561, at *2 (E.D. Cal. July 6, 2020) (granting certification where, unlike here, a ruling in defendants' favor "may negate the bulk – or perhaps all – of the damages"); *Rollins v. Dignity Health*, No. 13-cv-01450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) (granting certification where, unlike here, "if the Court of Appeals were to reverse this Court's determination, the litigation would take a decidedly different path").

1  FTAIA ruling in another case had "facilitated numerous early settlements."⁹ ECF No. 280 at 7
2  n.4; No. 290 at 1. But now, dissatisfied with the Court's Order, Defendants argue that settlement
3  would be promoted in a world where, even if successful on appeal, Defendants' FTAIA challenge
4  would be unresolved at summary judgment. IPPs could not settle this case with Defendants
5  previously with such uncertainty, and Defendants offer no new reason why a detour to the Court
6  of Appeals will produce a different result. In any event, Defendants' unilateral proclamation that
7  granting an appeal will promote settlement does not support certification. *See*, *e.g.*, *Hunt v. Bloom*
8  *Energy Corp.*, No. 19-CV-02935-HSG, 2022 WL 1122835 (N.D. Cal. Apr. 14, 2022) ("[Movant]
9  may of course litigate—or settle—their case as they see fit. But the Court does not find their
10 unwillingness to settle before an appeal a relevant basis to justify an interlocutory appeal under §
11 1292(b)"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC, 2013 WL 567281
12 (N.D. Cal. Feb. 13, 2013) ("Defendants' argument that an altered settlement posture counsels
13 granting the appeal is unconvincing, since appeal would almost always modify parties' settlement
14 postures in any given case."); *In re Related Asbestos Cases*, 23 B.R. 523, 533 (N.D. Cal. 1982)
15 (denying certification and concluding that requested stay would be "disruptive of settlement
16 proceedings").

17        Finally, Defendants' suggestion that certification is warranted here because cases where
18 certification is granted are often large MDL cases rings hollow. Motion at 13. Even if this were
19 true, it says nothing about the question of whether Defendants request for the "exceptional"
20 remedy of interlocutory review is merited ***here***.¹⁰ For the reasons set forth herein, the answer is a
21 resounding "no."

---

⁹ Defendants' claim that an early decision on the FTAIA, or any decision on the FTAIA for that matter, would promote settlement is belied by statements recently made at the May 26, 2023 Case Management Conference where, in response to the Court's question whether the parties were ready to discuss settlement, all the parties agreed that a decision on class certification would be a "watershed event" and would be "key and instrumental in trying to move forward." Transcript of Remote Proceedings Further Case Management Conference, (May 26, 2023), attached as Exhibit 3 to Reiss Decl. at 7:12-9:2.

¹⁰ Indeed, the lone case Defendants cite for this proposition expressly denied defendant's motion for certification on facts similar to those here. *Heaton,* 2016 WL 232433; *see supra* at 5.

### B. Defendants Fail to Show a Substantial Grounds for Difference of Opinion on a Controlling Question of Law

The Court should also deny Defendants' Motion because Defendants fail to demonstrate that there is a "substantial ground for difference of opinion" as to any controlling question of law. *See* 28 U.S.C. § 1292(b). The "substantial ground for a difference of opinion must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Celaware, LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). Critically, substantial grounds for disagreement under 28 U.S.C. § 1292(b) do not exist where the Ninth Circuit has "spoken on the point." *Couch*, 611 F.3d at 633.

Here, the Ninth Circuit has directly spoken on the question Defendants seek to certify. Specifically, in *United States v. Hui Hsiung*, the Ninth Circuit recognized that the "import commerce" exclusion applies when "'conduct is directed at a U.S. import market,' even if the defendants did not engage in importation of products into the United States." 778 F.3d 738, 758, n.8. (9th Cir. 2015) (quoting *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 471 n.11 (3d Cir. 2011)); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-JST, 2016 WL 5725008, *4 (N.D. Cal. Sept. 30, 2016) ("*CRTs*") ("[T]he Ninth Circuit has clarified that for trade to qualify as 'import commerce,' it is not necessary that a conspirator itself have physically imported the price-fixed good itself directly into the United States. It is sufficient that a conspiring defendant negotiated to set the price of a good that was imported into the United States, even if that good was . . . ***imported by someone else***" (internal citations omitted) (emphasis added)).

While *Hsiung* declined to define the "outer bounds" of "conduct [] directed at a U.S. import market," it held that the import exclusion applied when the defendant "negotiated with United States companies in the United States" to sell the price-fixed product "for incorporation into retail technology sold to consumers in the United States." 778 F.3d at 755, n.8, 756.

Following *Hsiung*, no district court in the Ninth Circuit has interpreted the import commerce exclusion as limited to instances where defendants directly imported the price-fixed product into the U.S. To the contrary, every district court in this Circuit confronting the issue has

9
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION
OF ECF NO. 955
No. 3:19-md-02918-MMC

held that the import commerce exception may apply to circumstances where defendants sell price-fixed goods abroad and products incorporating those price-fixed goods are subsequently sold into the U.S. by a downstream purchaser.[11] Given these facts, Defendants cannot meet their heavy burden of demonstrating "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation and citation omitted); *see also United States v. Adam Bros. Farming, Inc.*, 369 F.Supp.2d 1180, 1184 (C.D. Cal. 2004) (quoting *City of Hope Nat. Medical Center v. Blue Cross of California*, 928 F.Supp. 1001, 1004 (C.D.Cal. 1996)) ("'[G]iven the virtual unanimity within the Ninth Circuit whose rulings this Court is bound to follow' the Court concludes that there are no substantial grounds for differences of opinion on this issue."); *see also Tribble v. Surface Preparation Systems, Inc.*, No. 6:20-cv-00181-AA, 2021 WL 4593817, at *2 (D. Oregon Oct. 6, 2021) (denying motion for certification where court's decision was "consistent" with Ninth Circuit precedent); *United States ex rel. A1 Procurement LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 324 (E.D. Va. 2016) ("[A] disagreement with one circuit and a petition for writ of certiorari that deals with a different, albeit related, question are not enough to meet the high standard for a substantial ground for difference of opinion, especially when the [relevant Court of Appeals] has already commented on the issue").

---

[11] *See In re Capacitors Antitrust Litig. (No. III)*, No. 17-md-02801-JD, 2018 WL 4558265, at *5 (N.D. Cal. Sept. 20, 2018) ("*Capacitors III*") (denying summary judgment and finding import exclusion may be satisfied where defendant sold price-fixed component abroad and plaintiff purchased finished product containing price-fixed component in the U.S.); *In re Optical Disk Drive Antitrust Litig.*, No. 10-md-2143-RS, 2017 WL 11513316, at *4 (N.D. Cal. Dec. 18, 2017) ("*ODD*") (denying summary judgment and finding import exclusion applied "despite the complicated global manufacturing supply chain" where plaintiffs proffered evidence that defendants' anticompetitive conduct was directed at import commerce); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR, 2017 WL 2021361, at *4 (May 12, 2017) (finding, at pleading stage, where plaintiff alleged its "affiliates" purchased price-fixed components for "purpose of manufacturing goods for their U.S. customers" and defendants "knew or should have known that a substantial portion of the products they sold to affiliates would be manufactured into goods sold to U.S. consumers," plaintiff "alleged a plausible basis for import trade or commerce" (internal quotation and citation omitted)); *CRTs*, 2016 WL 5725008, at *4 (denying summary judgment and concluding "it is not necessary that a conspirator itself have physically imported the price-fixed good itself directly into the United States . . . . It is sufficient that the [plaintiffs] imported finished products containing price-fixed CRTs").

In a well-reasoned opinion, this Court examined the relevant case law and correctly concluded that courts in the Ninth Circuit "have found the import trade or commerce exclusion can be established without a showing that the defendants themselves shipped price-fixed goods into the United States." SJ Order at 7. The Court then applied the facts to the law and determined that in light of the evidence offered by IPPs[12], "a triable issue of fact exists as to whether IPPs' claims involv[e] . . . import trade or import commerce." *Id.* at 8-9.

Defendants attempt to manufacture a "substantial ground for difference of opinion" on the import commerce exclusion question by positing that "[m]ultiple federal circuits have arrived at differing views as to what the import commerce exception encompasses." Motion at 8.[13] Even if true, this is irrelevant since the Ninth Circuit has unequivocally held that the defendant does not need to be the importer for the import exclusion to apply. *Hui Hsiung*, 778 F.3d at 756 (observing that the fact that "[the defendant] was not an 'importer' misses the point"). Defendants' motion cites to the same case law they relied upon in their SJ Motion. *Compare* Motion at 8-9 with SJ

---

[12] The Court found that IPPs offered the following relevant evidence: (i) Defendants used employees based in the U.S. to negotiate prices of SAs in the United States; (ii) during pricing negotiations, Defendants required HDD manufactures to disclose the names of their customers, which included large customers located in the U.S.; and (iii) Defendants were aware of the identities of U.S. customers that ultimately purchased products in the U.S. containing Defendants' price-fixed SAs. *Id.*

[13] Defendants filed a similar motion to certify in the Seagate action. Motion to Certify ECF No. 953 for Interlocutory Appeal under 28 U.S.C. § 1292(b) (ECF No. 963), Case No. 3:20-cv-01217-MMC. However, in that motion, Defendants made a separate argument, unique to Seagate, that the Court committed error by finding that the import exclusion extended to transactions beyond instances in which the direct purchaser of price-fixed components sold products containing those components into the U.S. *Id.* at 11-12. Because Defendants do not make that argument here, it is waived. *See, e.g., Universal Trading & Inv. Co. v. Kiritchenko*, No. C99-3073 MMCDEL, 2007 WL 30589, at *1, n.4 (N.D. Cal. Jan. 3, 2007) (Chesney, J.) (citing *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 843 n. 6 (9th Cir. 2004)) (refusing to "consider the new arguments set forth in plaintiff's reply").

In any event, Defendants have not adduced facts demonstrating that none of the products purchased by IPPs were sold into the U.S. by entities that purchased directly from Defendants. And any such argument, even if it were appropriate and supported by the facts, is directed at the Court's application of the facts to the law and is therefore inappropriate for interlocutory appeal. *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2018 WL 2761855, at *2 (N.D. Cal. June 8, 2018) (certification inappropriate where challenge limited to district court's application of the law to the facts).

1  Motion at 16-19, 23. In rejecting Defendants' interpretation of import commerce at summary
2  judgment, this Court correctly focused on law within the Ninth Circuit. SJ Order at 7-8.

3        Defendants devote the bulk of their argument to quibbling with this Court's SJ Order as
4  well as other district court opinions in this Circuit that correctly interpreted *Hsiung* to apply the
5  import commerce exception to foreign transactions of price-fixed products between defendants
6  and downstream purchasers where a product containing the price-fixed product was ultimately
7  sold in the U.S. Motion at 9-11. But it is black letter law that "[a] party's strong disagreement
8  with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch*,
9  611 F.3d at 633 (9th Cir. 2020) (internal quotations omitted); *Stiner v. Brookdale Senior Living,*
10 *Inc.*, 383 F. Supp. 3d 949, 958 (N.D. Cal. 2019) (repeating arguments made in denied motion to
11 dismiss does not create a "substantial grounds for difference of opinion," but "simply reflects its
12 'strong disagreement' with the Court's holding"); *Env't Prot. Info. Ctr. v. Pac. Lumber Co.*, No.
13 C 01-2821, 2004 WL 838160, at *4 (N.D. Cal. Apr. 19, 2004) (holding that disagreement with the
14 court "is not tantamount to a disagreement among the courts").

15       Finally, Defendants assert that interlocutory appeal is warranted because the question
16 presented by Defendants is complex and one of first impression. Motion at 11. But, as discussed
17 at length both *supra* herein and in the Court's SJ Order, this issue is not one of first impression.
18 Indeed, the Ninth Circuit and at least three district courts from this Circuit have addressed this
19 very question and concluded, like the Court here, that import commerce is not limited to sales
20 between Defendants and U.S. purchasers. *Supra* at 8-9; SJ Order at 7-9. Notwithstanding
21 Defendants' belief that the facts warranted a different conclusion, Section 1292(b) was simply not
22 intended to "provide review of difficult rulings in hard cases." *United States v. Rubber Co. v.*
23 *Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *Env't Prot. Info. Ctr*, 2004 WL 838160, at *4 ("[T]he
24 fact that the court's decisions were neither easy nor obvious is not sufficient reason to certify an
25 immediate interlocutory appeal.").

26   **IV. CONCLUSION**
27       For the foregoing reasons, IPPs respectfully request that the Court deny Defendants'

Motion.

Dated: July 10, 2023

| | |
|---|---|
| */s/William V. Reiss*<br>William V. Reiss (admitted *pro hac vice*)<br>**ROBINS KAPLAN LLP**<br>1325 Avenue of the Americas, Suite 2601<br>New York, NY 10019<br>Telephone: (212) 980-7400<br>Facsimile: (212) 980-7499<br>wreiss@robinskaplan.com | */s/Victoria Sims*<br>Victoria Sims (admitted *pro hac vice*)<br>**CUNEO GILBERT & LaDUCA LLP**<br>4725 Wisconsin Avenue NW, Suite 200<br>Washington, DC 20016<br>Telephone: (202) 789-9360<br>Facsimile: (202) 789-1813<br>vicky@cuneolaw.com |
| */s/Christopher T. Micheletti*<br>Christopher T. Micheletti (SBN 136446)<br>**ZELLE LLP**<br>555 12th Street, Suite 1230<br>Oakland, CA 94607<br>Telephone: (415) 693-0700<br>Facsimile: (415) 693-0770<br>cmicheletti@zellelaw.com | */s/Shawn Raiter*<br>Shawn Raiter (admitted *pro hac vice*)<br>**LARSON KING LLP**<br>30 E. 7th Street, Suite 2800<br>St. Paul, MN 55101<br>Telephone: (651) 312-6500<br>Facsimile: (651) 789-4818<br>sraiter@larsonking.com |
| *Interim Co-Lead Class Counsel for End-User Plaintiffs* | *Interim Co-Lead Class Counsel for Reseller Plaintiffs* |

## ATTORNEY ATTESTATION

I, William V. Reiss, hereby attest, pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, that the concurrence to the filing of this document has been obtained from each signatory hereto.

/s/ William V. Reiss
William V. Reiss

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing document entitled INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF ECF NO. 955 FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ William V. Reiss*
William V. Reiss