IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>_____<br><br>This Document Relates to:<br><u>Seagate Technology, LLC, et al. v. Headway Technologies, Inc., et al</u>., Case No. 3:20-cv-01217 MMC | Case No.  19-md-02918-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEAGATE PLAINTIFFS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL** |

Before the Court is Seagate Plaintiffs'[1] "Motion to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b)," filed December 15, 2023.  NHK Defendants[2] have filed opposition, to which Seagate Plaintiffs have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[3]

## BACKGROUND

In the above-titled action, Seagate Plaintiffs allege that NHK Defendants and others, from 2003 to 2016, engaged in a conspiracy to fix the prices of suspension assemblies ("SAs"), a component contained in hard disk drives ("HDDs").  According to Seagate Plaintiffs, the conspiracy caused them to pay prices for SAs that were higher than they would have paid in a competitive market.

---

[1] Seagate Plaintiffs are Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International.

[2] NHK Defendants are NHK Spring Co., Ltd., NHK International Corp., NAT Peripheral (Dong Guan) Co., Ltd., NAT Peripheral (H.K.) Co., Ltd., and NHK Spring (Thailand) Co., Ltd.

[3] On February 1, 2024, the Court took the matter under submission.

By order filed May 15, 2023, the Court issued its Order Granting in Part and Denying in Part NHK Defendants' Motion for Partial Summary Judgment ("May 15 Order").  Specifically, with regard to the direct purchases of SAs at issue in NHK Defendant's motion, the Court found the only plaintiffs that made such purchases were Seagate Technology (Thailand) Ltd. ("Seagate Thailand") and Seagate Singapore International Headquarters Pte. Ltd. ("Seagate Singapore"), and, "where products containing those SAs were then shipped to the United States" (see May 15 Order at 12:23-26), found NHK Defendants had not shown Seagate Plaintiffs' claims predicated thereon were barred by the Foreign Trade Antitrust Improvements Act ("FTAIA").[4]  In particular, the Court rejected NHK Defendants' argument that the "import trade or commerce exclusion" set forth in the FTAIA, see 15 U.S.C. § 6a, is inapplicable in the absence of a showing that the defendant is the importer, and, in light thereof, did not reach NHK Defendants' additional argument that the domestic "effect[s]" exception set forth in the FTAIA, see id., on which Seagate Plaintiffs also relied, is inapplicable.

On June 9, 2023, NHK Defendants filed a "Motion for Certification of ECF No. 953 for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)," whereby NHK Defendants sought leave to appeal the May 15 Order.  On July 28, 2023, at the hearing on said motion to certify, NHK Defendants orally moved for reconsideration of the Court's finding that NHK Defendants had failed to show the import trade or commerce exclusion is inapplicable, after which the Court granted NHK Defendants leave to seek reconsideration and deemed NHK Defendants' motion to certify withdrawn without prejudice.

Thereafter, following completion of briefing on NHK's oral motion for reconsideration, the Court, by order filed November 17, 2023 ("November 17 Order"),

---

[4] As to antitrust claims predicated on direct purchases by Seagate Thailand and Seagate Singapore, "where products containing those SAs did not enter the United States" (see id. at 14:23-25), the Court, in the May 15 Order, found NHK Defendants were entitled to summary judgment, a finding not the subject of the instant motion.

2

granted NHK Defendants' Motion for Partial Summary Judgment.  In particular, with respect to the import trade or commerce exclusion, the Court, on reconsideration, found said exclusion does not apply unless the defendant is the importer, and, with respect to the domestic effects exception, found any domestic effect that occurred as a result of the alleged worldwide conspiracy to fix the price of SAs did not give rise to the injuries assertedly sustained by Seagate Thailand and Seagate Singapore.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292, a district court may certify for interlocutory appeal an order where (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to such question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  See 28 U.S.C. § 1292(b).

## DISCUSSION

Seagate Plaintiffs seek an order certifying for interlocutory appeal the Court's May 15 Order and November 17 Order, specifically, (1) the question of whether Seagate Thailand, when it purchased SAs, was acting as the agent of a domestic Seagate entity, Seagate Technology LLC ("Seagate LLC"), a question addressed in the May 15 Order, and (2) the question of whether the FTAIA bars the antitrust claims asserted on behalf of Seagate Thailand and Seagate Singapore, which question was addressed in both Orders.

**A. Agency**

In its May 15 Order, the Court found Seagate Plaintiffs had failed to submit evidence sufficient to support a finding that Seagate Thailand, when purchasing SAs, had acted as an agent for Seagate LLC.  NHK Defendants argue that, in so ruling, the Court did not resolve a question of law and, consequently, certification is not appropriate.

A question does not "satisf[y] the jurisdictional requirements" of § 1292(b) unless the question is "one of law [and] not fact."  See ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union, 22 F.4th 1125, 1129-30, 1132 (9th Cir. 2022) (holding issue as to

whether plaintiff was "primary" or "secondary" employer, "under the circumstances of [the] case," was "a question of fact").

Here, the Court's finding that Seagate Thailand was not an agent of Seagate LLC does not involve a disputed question of law, as, in making such finding, the Court's determination was based on whether the evidence offered by Seagate Plaintiffs was, under established agency law, sufficient to support a finding by the trier of fact that the asserted agency relationship existed. (See March 15 Order at 5:16-8:21.)

Accordingly, the question of whether Seagate Thailand acted an agent of Seagate LLC will not be certified for interlocutory appeal.

**B. Applicability of FTAIA**

As noted, the Court, in its May 15 Order, found that, for purposes of the import trade or commerce exclusion, the defendant did not need to be the importer, whereas, in its November 17 Order, the Court, on reconsideration, found the defendant must be the importer. Additionally, in the November 17 Order, the Court found the domestic effects exception was inapplicable because the injuries assertedly sustained by Seagate Thailand and Seagate Singapore did not arise from the claimed domestic effect, namely, a loss of competition caused by negotiations, occurring in the United States between Seagate LLC and the alleged conspirators, to set the prices Seagate Thailand and Seagate Singapore were to pay for SAs when later making such purchases in foreign countries. As set forth below, the Court finds certification of the May 15 Order and the November 17 Order is appropriate as to such findings.

**1. Controlling Question of Law**

Contrary to NHK Defendants' argument, the Court's findings as to the applicability of the FTAIA address questions of law, not questions of fact. Although the Court's Orders identify the facts proffered by the parties relevant to resolution of the FTAIA's applicability, such as the identity of the entities that sent products containing SAs to the United States and the location where NHK Defendants and others negotiated the prices Seagate Thailand and Seagate Singapore would pay for SAs, the Court's rulings were

not based on evidentiary deficiencies, but, rather, on the legal determination that a defendant, for purposes of the import trade or commerce exclusion, must be the importer, and that any domestic effect caused by a domestic negotiation of prices does not give rise to injuries asserted by foreign affiliates that later purchase at the negotiated prices.

The Court also finds the above-referenced questions of law regarding application of the FTAIA are controlling. A question is "controlling" for purposes of § 1292(b) where its resolution "could materially affect the outcome of the litigation in the district court," see In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981), and, here, given the Court's rulings, Seagate Plaintiffs' antitrust claims have been substantially narrowed.[5]

**2.  Difference of Opinion**

Next, the Court finds a substantial ground for difference of opinion exists as to the FTAIA's applicability.

First, with respect to the import trade or commerce exclusion, courts have disagreed as to whether a defendant or co-conspirator must be the entity sending the goods into the United States. Compare Motorola Mobility LLC v AU Optronics Corp., 775 F.3d 816, 818 (7th Cir. 2015) (holding exclusion does not apply where plaintiffs, rather than defendants, "import[ ] [price-fixed goods] into the United States") and In TFT-LCD (Flat Panel) Antitrust Litig., 2010 WL 2610641, at *4-6 (N.D. Cal. June 28, 2010) (holding plaintiff failed to show exclusion applied, where "foreign-purchased products" were sent to United States "by [plaintiff's] affiliates"), with Animal Science Products, Inc. v. China Minmetals Corp., 654 F.3d 462, 470 (3rd Cir. 2011) (rejecting argument that exclusion "requires that the defendants function as the physical importers of goods") and In re Optical Disk Drive Antitrust Litig., 2017 WL 11513316, at *4 (N.D. Cal. December 18, 2017) (finding exclusion applied where "[plaintiffs] and their subsidiaries, and not

---

[5] The parties agree that the granting of NHK Defendants' Motion for Partial Summary Judgment has the effect of barring 99% of Seagate Plaintiffs' antitrust claims. (See NHK Defs.' Mot. for Partial Summ. J. at 6:4-5; Seagate Pls.' Mot. to Certify for Interloc. Appeal at 2:6-7, 18:21-23.)

5

[d]efendants, imported [goods with price-fixed components] into the United States").

Likewise, with respect to the domestic effects exception, where a domestic company and a defendant negotiate the price a foreign affiliate will pay for a product, courts have disagreed as to whether those domestic negotiations cause a domestic effect that gives rise to the foreign entity's injuries. Compare Sun Microsystems Inc. v. Hynix Semiconductor Inc., 534 F. Supp. 2d 1101, 1115 (N.D. Cal. 2007) (holding, where alleged domestic effect was contract negotiations in United States to set price foreign entities would pay for price-fixed goods, foreign entities' injuries from subsequent purchases were not "proximately caused by the negotiation of the contract") and Motorola Mobility, Inc. v. AU Optronics Corp., 2014 WL 258154, at *9 (N.D. Ill. January 23, 2014) (rejecting argument "domestic approval" of price domestic entity agreed its foreign affiliates would pay for defendants' goods gives rise to claim based on overcharges paid by foreign affiliates; finding foreign affiliates' claims "resulted from the overall price-fixing conspiracy itself"), with In re TFT-LCD (Flat Panel) Antitrust Litig., 781 F. Supp. 2d 955, 962 (N.D. Cal. 2011) (holding foreign plaintiffs sufficiently stated antitrust claims not barred by FTAIA, based on allegations "domestic effect" was "setting of global price" negotiated in United States by defendants and plaintiffs' domestic affiliate) and In re Lithium Ion Batteries Antitrust Litig., 2017 WL 2021361, at *4-5 (N.D. Cal. May 12, 2017) (holding, with respect to foreign plaintiffs' antitrust claims, plaintiffs alleged sufficient facts to support "direct effects" exception based on allegation that, in United States, domestic entity negotiated prices its foreign affiliates would pay to defendants).

### 3. Ultimate Termination of Litigation

Lastly, the Court finds an interlocutory appeal may materially advance the ultimate termination of the litigation. As noted, the Court's rulings as to the applicability of the FTAIA have, as a practical matter, resolved Seagate Plaintiffs' antitrust claims. Under such circumstances, an affirmance on interlocutory appeal would materially advance the termination of the litigation. See Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (holding, where resolution of interlocutory appeal in favor of

defendants "may" resolve all claims against one defendant and one category of claims against other defendants, "[t]hat [was] sufficient to advance materially the litigation"); Securities & Exchange Comm'n v. Mercury Interactive, LLC, 2011 WL 1335733, at *3 (N.D. Cal. April 7, 2011) (finding, where defendants sought to appeal denial of motion to dismiss one claim, "immediate appeal would materially advance the ultimate termination of the litigation," where "bulk of the damages sought against [d]efendants" arose from said claim).[6]

## CONCLUSION

For the reasons stated above, Seagate Plaintiff's motion to certify the May 15 Order and the November 17 Order is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks to certify the Court's findings regarding agency, the motion is DENIED.

2. To the extent the motions seek to certify the Court's findings as to the applicability of the FTAIA, the motion is GRANTED.

**IT IS SO ORDERED.**

Dated: April 22, 2024

MAXINE M. CHESNEY
United States District Judge

---

[6] In their motion, Seagate Plaintiffs assert certification is appropriate to avoid a scenario in which NHK Defendants "walk away scot-free from liability to the only direct victim to sue for an antitrust violation that NHK pled guilty to committing." (See Seagate Pls.' Mot. at 2:8-10 (emphasis omitted).) The Court finds certification is not appropriate on such grounds, and also notes that claims against NHK Defendants brought by indirect purchasers on behalf of various putative classes, as well an individual claim brought by a large indirect purchaser, remain pending in this district; additionally, Seagate Plaintiffs have filed a civil action in a Japanese court.