IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>Seagate Technology, LLC, et al. v. Headway Technologies, Inc., et al., Case No. 3:20-cv-01217 MMC | Case No. 19-md-02918-MMC<br><br>**ORDER RE: LETTER BRIEFS CHALLENGING NHK DEFENDANTS' CONFIDENTIALITY DESIGNATIONS** |

Before the Court is Seagate Plaintiff's "Letter Brief Regarding Challenges to NHK Defendants' Confidentiality Designations" (Doc. No. 1169) and NHK Defendants' "Letter Brief Regarding Confidentiality Designations" (Doc. No. 1171). Having read and considered the parties' respective written submissions, the Court rules as follows.

Under the terms of the Stipulated Protective Order, filed January 27, 2020, a party may designate documents disclosed in discovery as confidential. (See Doc. No. 135 ¶¶ 2.2, 2.4; Doc. No. 175.). For "information in documentary form" other than transcripts, the designating party shall designate "each page that contains protected material," whereas, for transcripts, the designating party shall "identify the specific portions of testimony as to which protection is sought." (See Doc. No. 135 ¶ 5.2.) Where another party challenges a designation, and the challenge cannot be resolved without court intervention, the parties shall file, as here, simultaneous letter briefs setting forth their respective positions. (See Doc. No. 135 ¶ 6.3.) In such "challenge proceeding," the "burden of persuasion" is on the designating party. (See id.)

//

Seagate Plaintiffs challenge NHK Defendants' designations of 92 documents, which documents are identified in Appendix A to Seagate Plaintiffs' letter brief.  At this time, however, Seagate Plaintiffs seek a ruling as to 15 of those documents, which documents are identified in Appendix B to said letter brief.[1]  For their part, NHK Defendants have identified 14 documents (see Lee Decl. [Doc. No. 283-2 Exs. 6-19]), which the Court understands to be documents as to which NHK Defendants seek a ruling at this time, 6 of which are duplicative of those identified in Seagate Plaintiffs' Appendix B.  Under such circumstances, the Court sets forth below its ruling as to the above-referenced 24 documents, followed by directions to the parties as to manner of resolving the remaining challenges.

The Stipulated Protective Order defines "confidential" information to consist of "(a) trade secrets, (b) propriety business information the disclosure of which could adversely affect a party's or non-party's commercial interests, or (c) information subject to privacy protection under federal, state, local, or any applicable foreign law." See Stipulated Protective Order ¶ 2.2.  As NHK Defendants do not contend any challenged designation is based on trade secrets or material subject to privacy protection under any law, the issue before the Court is whether, as to each of the 24 documents addressed below, the challenged designations contain "proprietary business information the disclosure of which could adversely affect [NHK Defendants'] commercial interests." See id.[2]  The Court next turns to that issue.

---

[1] Seagate Plaintiffs state that, upon the Court's resolution of the some of the challenges, they expect the parties will be able to resolve the outstanding challenges without the need for further court review.

[2] The Court finds unpersuasive NHK Defendants' argument that all of the above-referenced challenges are untimely on the asserted ground that they should have been made in 2022, when Seagate Plaintiffs challenged the designations of other documents.  The Stipulated Protective Order provides that a challenge to a designation may be made "at any time," and, subject to an exception on which NHK Defendants do not rely, "a [p]arty does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed."  (See Stipulated Protective Order ¶ 6.1.)

**1. Exhibit 1 (NHKS-M-00020260-61/NHKS-M-00020260-61_EN)**[3]

Exhibit 1, a written report, does not contain confidential material. Although some portions of the document refer to information that might have been confidential at some time prior to its inclusion in the subject report, no part was confidential at the time the report was written, as the report states it is a summary of information conveyed between an NHK employee and employees of one of NHK's competitors, which entity is alleged by Seagate to be a co-conspirator.

**2. Exhibit 2 (NHKS-M-00004003/NHKS-M-00004003_EN)**

For the reasons stated above with respect to Exhibit 1, this challenged document, an email and an attachment thereto, is not confidential.

**3. Exhibit 3 (NHKI-M-00071289-90)**

Exhibit 3, a chain of three emails, does not contain confidential information. The latter two of the three emails make reference to possible travel plans, meeting dates, and other non-confidential matter; for the reasons stated above with respect to Exhibit 1, the earliest of the three emails is not confidential.

**4. Exhibit 4 (NHKI-M-00673903)**

Exhibit 4, a one-sentence email, does not contain confidential material, as the one sentence does no more that state when the writer expects NHK employees will next meet with employees of a competitor.

**5. Exhibit 5 (NHKS-M-00011737-38/NHKS-M-00011737-38_EN)**

For the reasons stated above with respect to Exhibit 1, this challenged document, an email, is not confidential.

**6. Exhibit 6 (NHKS-M-00008248-49/NHKS-M-00008248-49_EN)**

Exhibit 6, an email chain, is in part confidential, in that the second page contains some confidential material, e.g., the majority of the first paragraph, and, consequently,

---

[3] Each of the 24 documents discussed in the instant order is attached as a numbered Exhibit to the Declaration of Jeff VanHooreweghe. (See Doc. No. 1169-1.)

the page itself is properly designated confidential. For the reasons stated above with respect to Exhibit 1, however, the first page is not confidential.

**7. Exhibit 7 (NHKI-M-00124489-90/NHKI-M-00124489-90_EN)**

Exhibit 7, an email, is not confidential, as it contains only a discussion of public information, such as what occurred at a meeting of shareholders, or general, non-specific comments about the industry in which NHK competes.

**8. Exhibit 8 (NHKS-M-017118753)**

For the reasons stated above with respect to Exhibit 1, this challenged document, an email, is not confidential.

**9. Exhibit 9 (NHKI-M-00032110-19)**

Exhibit 9, which appears to consist of slides shown at a meeting, is confidential, and, indeed, is similar in character to information designated confidential by Seagate Plaintiffs that the Court has found properly sealable. (See, e.g., Order, filed September 8, 2022 (finding Lee Decl. Ex 1, pages 104:18-105:12, Lee Decl. Ex. 2, and Lee Decl. Ex. 3, pages 55, 64-67, confidential).)

**10. Exhibit 10 (NHKS-M-00001574)**

For the reasons stated above with respect to Exhibit 1, this challenged document, consisting of what appears to be a summary of a meeting, is not confidential.

**11. Exhibit 11 (NHKI-M-00031608)**

Exhibit 11, an email sent by an employee of Seagate Technology to an employee of NHK and a reply thereto, is not confidential. The reply contains no confidential information, and, to the extent the email from Seagate Technology contains information concerning said entity's ordering processes and/or business needs, Seagate Plaintiffs have not designated it.

**12. Exhibit 12 (NHKI-M-00022655-58)**

Exhibit 12, consisting of an email from an NHK entity's landlord to an NHK employee and emails between NHK employees discussing a potential response, is in part confidential, in that the second and third pages include internal discussion about NHK's

long-term goals.  The first and fourth pages, however, contain no confidential information.

**13.  Exhibit 13 (NHKI-M-00002822-25)**

Exhibit 13, an email string, is confidential.  In particular, each page contains details as to NHK's pricing and its negotiation tactics.

**14.  Exhibit 14 (Deposition of Tetsuya Fujiwara – Pages 222:22-224:2)[4]**

Exhibit 14, comprising challenged deposition excerpts, is not confidential, as the excerpts pertain to the witness's understanding[5] of the use Seagate planned to make of products it ordered from NHK, and Seagate Plaintiffs do not contend such testimony discloses any information Seagate Plaintiffs wish to designate confidential.[6]

**15.  Exhibit 15 (Yusuke Deposition, Pages 105:14-106:6)**

For the reasons stated above with respect to Exhibit 9, these challenged deposition excerpts are confidential.  (See, e.g., Order, filed November 22, 2022 (finding Floeder Decl. ¶¶ 15-16, 33, and 35 confidential).)

**16.  Exhibit 16 (NHKI-M-00032079-82)**

Exhibit 16, an email chain, is in part confidential.  Specifically, the second, third and fourth pages contain confidential information concerning NHK's manufacturing processes and pricing.  For the reasons stated above with respect to Exhibit 1, however, the first page is not confidential.

**17.  Exhibit 18 (NHKS-M-00001567-75/NHKS-M-00001567-71_EN)**

Exhibit 18, an email chain and attachments, is in part confidential.  Specifically, the third page contains confidential pricing information.  The other eight pages, however, are

---

[4] Although Exhibit 14 consists of a number of pages of excerpts from the referenced deposition, the Court understands Seagate Plaintiffs are seeking a ruling only as to pages 222:22 through 224:2.  (See Seagate Pls.' Letter Brief, Appx. A at 3.)

[5] The witness worked as a manager for a plant operated by NHK.  (See Ex. 14 at 220:25-221:12.)

[6] The Court previously found the subject excerpts were properly filed under seal, as the Court, at that time, understood Seagate Plaintiffs had provided the information to NHK in confidence.

n/a

not confidential. Specifically, five of them (NHKS-M-00001568, 1572-75) are not confidential for the reasons stated above with respect to Exhibit 1, and two of them (NHKS-M-00001567, 1570) consist of requests for information without disclosing any information that can be considered confidential.[7]

**18. Exhibit 55 (NHKI-M-00091563-1602)**

Exhibit 55, which appears to consist of slides shown at a meeting, is in part confidential for the reasons stated above with respect to Exhibit 9 (NKHI-M-00091569-70) or because the slides disclose at least in part the manufacturing processes used or planned to be used by NHK (NHKI-M-00091575-76, 1579-94, 1600-01). The remaining slides, however, do not contain confidential material, or, to the extent they could be understood to include material confidential to Seagate Plaintiffs, Seagate Plaintiffs have not designated them.

**19. Exhibit 56 (NHKI-M-00000123-49)**

For the reasons stated above with respect to Exhibit 9 and the pages of Exhibit 55 that have been found confidential, this challenged document, which appears to consist of slides shown at a meeting, is confidential.[8]

**20. Exhibit 60 (NHKS-M-00020411-13)**

For the reasons stated above with respect to Exhibit 13, this challenged document, a letter, is confidential.

**21. Exhibit 63 (NNKS-M-02738169-97)**

For the reasons stated above with respect to Exhibit 56, this challenged document, which appears to consist of slides shown at a meeting, is confidential.

**22. Exhibit 80 (NHKI-M-00651307-32)**

For the reasons stated above with respect to Exhibit 56, this challenged document, which appears to consist of slides shown at a meeting, is confidential.

---

[7] One page (NHKS-M-00001571) is blank.
[8] Several pages (NHKI-M-00000139-149) are blank.

**23. Exhibit 91 (NHKS-M-02412052/NHKS-M-02412052_EN)**

Exhibit 91, an email, discloses information that a customer of NHK provided to NHK in confidence. On the record provided, the Court declines to find the information in the email is not confidential, as there is no indication the customer, who is not a party to the instant case, has been provided notice that Seagate Plaintiffs seek an order finding the information is not confidential.

**24. Exhibit 92 (NHKS-M-02412053)**

Exhibit 92, an attachment to the email identified as Exhibit 91, summarizes the meeting in which the NHK customer made the above-referenced confidential disclosures to NHK. For the reasons stated above with respect to Exhibit 91, the Court, on the record provided, declines to find the document does not contain confidential material.

## CONCLUSION

The Court's findings as to the propriety of NHK Defendants' confidentiality designations regarding 24 of the challenged documents are set forth above.

To the extent Appendix A to Seagate Plaintiffs' letter brief lists other documents as to which a challenge remains, the Court defers ruling to afford the parties, in light of the findings made in the instant Order, a further opportunity to resolve the challenges to those documents. Accordingly, the parties are hereby DIRECTED to meet and confer, no later than May 2, 2025, to attempt to resolve those disputes, and to file, no later than May 14, 2025, a joint status report identifying what challenged designations, if any, remain.[9] As of May 14, 2025, the Court will take under submission any remaining challenges.

**IT IS SO ORDERED.**

Dated: March 31, 2025

MAXINE M. CHESNEY
United States District Judge

---

[9] The parties need not resubmit any of the documents identified in Appendix A, as all said documents have been filed. (See Doc. No. 1170.)

7